Matthew A. Steward (#7637)
Keith M. Woodwell (#7353)
Katherine E. Pepin (#16925)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tele./Fax: (801) 322-2516
mas@clydesnow.com
kmw@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendants Mark Machlis,
Green Ivy Realty, Inc., Lady Mira
Blue Machlis, and 13 Investments, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON, ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST;<br><br>Plaintiffs<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; | **DEFENDANTS MARK MACHLIS, GREEN IVY REALTY, INC., LADY MIRA BLUE MACHLIS, AND 13 INVESTMENTS, LLC'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00162<br><br>Judge David Barlow |

| | |
|---|---|
| MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC;<br><br>    Defendants. | |

Pursuant to DUCivR 7-1 and Fed. R. Civ. P. 12, Defendants Mark Machlis, Green Ivy Realty, Inc., Lady Mira Blue Machlis, and 13 Investments, LLC (collectively, the "**Machlis Defendants**") submit this Partial Motion to Dismiss the First Amended Complaint (ECF No. 4) (hereinafter, the "**FAC**") filed by Plaintiffs John Weber, Gayle Weber, Club Fitness, Inc., Peter Ross Weber, Yolanda Altagracia Cosme de Weber, Compostela Limited, LLC, David Elton, Alyce Weber, James Blaisdell, Bryson Ockey, Kristine Ockey, Claudia Griffin, Eric Stamm, and the Betty L. Griffin 1999 Revocable Trust (collectively "**Plaintiffs**").

## RELIEF SOUGHT AND GROUNDS

In the FAC, Plaintiffs have asserted fifteen causes of action against the Machlis Defendants.[1] In this Partial Motion to Dismiss the First Amended Complaint (this "**Motion**"), the

---

[1] These causes of action include: (1) violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 (first cause of action); (2) sale of unregistered securities (second cause of action); (3) control person liability under the Securities Exchange Act (third cause of action); (4) state securities law fraud (fourth cause of action); (5) state securities law violation for sale by unlicensed broker or investment adviser (fifth cause of action); (6) materially aiding state law

Machlis Defendants seek dismissal of three of these causes of action: (1) the fourth cause of action for state law securities fraud; (2) the fifth cause of action for state law securities violation for sale by unlicensed broker or investment advisor; and (3) the sixth cause of action for materially aiding state law securities fraud.

Plaintiffs' claims against the Machlis Defendants relate to the sale of tenancy in common ("**TIC**") interests in commercial properties at multiple locations across the country, including Pine Bluff, Arkansas; Draper, Utah; Lehi, Utah; and Crockett, Texas. Plaintiffs allege that the Machlis Defendants conspired with numerous other codefendants, including Colliers International and Millcreek Commercial Properties, to fraudulently market these TIC interests to Plaintiffs as ideal investments as part of a larger fraudulent investment scheme.

The Machlis Defendants vehemently and categorically deny the allegations asserted against them in the FAC. However, even assuming for the limited purpose of this Motion that these factual allegations are true—which the Machlis Defendants and this Court are required to do—the FAC still fails to assert a claim upon which relief may be granted against the Machlis Defendants for the fourth, fifth, and sixth causes of action.

Plaintiffs' fourth, fifth, and sixth causes of action arise under the Utah Uniform Securities Act, which only applies to transactions that involve the offer, sale, or purchase of a security. Fatal to Plaintiffs' claims, TIC interests are expressly excluded from the definition of a "security"

---

securities fraud (sixth cause of action); (7) common law fraud (seventh cause of action); (8) negligent misrepresentation (eighth cause of action); (9) breach of fiduciary duty (ninth cause of action); (10) concealment and/or fraudulent nondisclosure (tenth cause of action); (11) conspiracy to engage in tortious conduct (twelfth cause of action); (12) aiding and abetting tortious conduct (thirteenth cause of action); (13) violations of 18 U.S.C. § 1962(c) against Mark Machlis and Green Ivy Realty, Inc. (sixteenth cause of action); (14) violations of 18 U.S.C. § 1962(d) (seventeenth cause of action); and (15) unjust enrichment (eighteenth cause of action).

under the Utah Uniform Securities Act. Therefore, the fourth, fifth, and sixth causes of action should be dismissed.

## ARGUMENT

### I. LEGAL STANDARD

When deciding a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, a court "accept[s] as true all well-pleaded factual allegations … and view[s] these allegations in the light most favorable to the plaintiff."[2] A complaint "cannot rely on labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'"[3] "Rather, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[4]

### II. PLAINTIFFS FOURTH AND FIFTH CAUSES OF ACTION ARISING UNDER STATE SECURITIES LAW FAIL AS A MATTER OF LAW

Plaintiffs fourth cause of action for state law securities fraud and fifth cause of action for state law securities violation for sale by an unlicensed broker or investment advisor fail because TIC interests are expressly exempted from the definition of a "security" under the Utah Uniform Securities Act (the "**UUSA**"). Section 61-1-1 of the UUSA, the statutory provision cited by Plaintiffs in the fourth cause of action,[5] states:

> It is unlawful for any person, **in connection with the offer, sale, or purchase of a <u>security</u>**, directly or indirectly to:
>
> (1) employ any device, scheme, or artifice to defraud;
> (2) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made,

---

[2] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).
[3] *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[4] *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).
[5] *See* FAC, ECF No. 4., ¶¶ 615–26.

>     in the light of the circumstances under which they are made, not misleading; or
> (3) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.[6]

Similarly, Section 61-1-3 of the UUSA, the statutory provision cited by Plaintiffs in the fifth cause of action,[7] states "[i]t is unlawful for a person to transact business in this state as a broker-dealer or agent unless the person is licensed under this chapter."[8] The UUSA defines an "agent" as "an individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities."[9]

Lastly, Section 61-1-22 of the UUSA, the statutory provision cited by in the sixth cause of action,[10] states:

> Every person who directly or indirectly controls a seller or buyer **liable under Subsection (1)**, every partner, officer, or director of such a seller or buyer, every person occupying a similar status or performing similar functions, every employee of such a seller or buyer who materially aids in the sale or purchase, and every broker-dealer or agent who materially aids in the sale or purchase are also liable jointly and severally with and to the same extent as the seller or purchaser, unless the nonseller or nonpurchaser who is so liable sustains the burden of proof that the nonseller or nonpurchaser did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.[11]

By its own terms, Subsection (1) only applies to a person who offers, sells, or purchases "a security" in violation of the UUSA.[12]

---

[6] Utah Code Ann. § 61-1-1 (emphasis added).
[7] *See* FAC, ECF No. 4, ¶¶ 627–33.
[8] Utah Code Ann. § 61-1-3(1).
[9] *Id*. § 61-1-13(1)(b)(ii).
[10] *See* FAC, ECF No. 4, at ¶¶ 634–38.
[11] Utah Code Ann. § 61-1-22(4)(a) (emphasis added).
[12] *Id*. § 61-1-22(1)(a).

Therefore, to invoke the protections of Sections 61-1-1, 61-1-3, and 61-1-22 of the UUSA, the transaction at issue must involve purchase or sale of security.[13] TIC interests are expressly exempted from the definition of a "security" under the UUSA:

> "Security" does not include:
>
> [...]
>
> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or
>
> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[14]

Here, the FAC alleges that Plaintiffs were fraudulently induced to purchase TIC interests, or undivided and fractionalized interests, in the Colliers/Long TIC Properties, which were subject to a management agreement[15]:

   a. Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased a 11.508% interest in the Pine Bluff Property in about April 2020.

---

[13] Utah Code Ann. §§ 61-1-1; 61-1-3(1); 61-1-13(1)(b)(ii).
[14] *Id*. § 61-1-13(ee)(ii)(C)(II)–(III). In the 2005 General Session, the Utah Legislature passed Senate bill 64, which added this subsection and specifically exempted TIC interests from the definition of a "security" under the UUSA. *See* UTAH STATE LEGISLATURE, S.B. 64 Real Estate Transactions and Securities, S.B. 64 Enrolled, available at https://le.utah.gov/~2005/bills/static/SB0064.html.
[15] *See* FAC, ECF No. 4, ¶ 499–500.

      b. Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited purchased a 2.515% interest in the Draper Property in about January 2021.
      c. David Elton and Alyce Weber purchased a 2.5354% interest in the Draper Property in or about November 2021.
      d. James Blaisdell purchased a 2.963% interest in the Draper Property in or about January 2021.
      e. Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022.
      f. Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property in about late 2022.
      g. Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in about late 2022.[16]

Additionally, in the marketing materials attached to the FAC, Millcreek explained the TIC interest as "an undivided percentage of a single piece of property."[17]

Based on the foregoing, the TIC interests purchased by Plaintiffs are "undivided fractionalized long-term estate[s] in real property" that are expressly excluded from the definition of a security and do not fall under the protections provided in the UUSA.[18] Therefore, Plaintiffs fourth and fifth causes of action fail to state a claim upon which relief may be granted and should be dismissed.

### III. PLAINTIFFS' SIXTH CAUSE OF ACTION FAILS FOR LACK OF AN UNDERLYING TORT

Plaintiffs' sixth cause of action for materially aiding and abetting state law securities fraud fail because the primary fraud claims fail. A claim for materially aiding and abetting securities fraud "require[s], as one of [the] essential elements, an underlying tort."[19] "Therefore,

---

[16] *See* FAC, ECF No. 4, at ¶ 376.
[17] *Id.*, Exhibit 1 p.2, Exhibit 4 p.2.
[18] Utah Code Ann. § 61-1-1.
[19] *See Caroles v. Sabey*, 2003 UT App 339, ¶ 36, 79 P.3d 974.

to sufficiently plead their secondary fraud claim[], Plaintiffs were obligated to adequately plead the existence of such a tort."[20]

As previously argued in Section II, *supra*, Plaintiffs have failed to plead state law securities violations because TIC interests are exempted from the definition of a security under the UUSA. Therefore, Plaintiffs' secondary fraud claim for materially aiding and abetting state law securities fraud fails due to Plaintiffs' failure to adequately plead the primary violation.

## CONCLUSION

Based on the forgoing, the Machlis Defendants respectfully request that Plaintiffs' fourth, fifth, and sixth causes of action asserted against them in the FAC be dismissed for failure to state a claim upon which relief may be granted.

DATED: June 20, 2025.

CLYDE SNOW & SESSIONS

*/s/ Matthew A. Steward*
Matthew A. Steward
Keith M. Woodwell
Katherine E. Pepin

*Attorneys for Defendants Mark Machlis, Green Ivy Realty, Inc., Lady Mira Blue Machlis, and 13 Investments, LLC*

---

[20] *Id.*