Matthew A. Steward (#7637)
Keith M. Woodwell (#7353)
Katherine E. Pepin (#16925)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tele./Fax: (801) 322-2516
mas@clydesnow.com
kmw@clydesnow.com
kep@clydesnow.com

*Attorneys for Defendants Mark Machlis,
Green Ivy Realty, Inc., 13 Investments, LLC,
and Lady Mira Blue Machlis*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON, ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST;<br><br>    Plaintiffs<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; | **DEFENDANTS MARK MACHLIS, GREEN IVY REALTY, INC., 13 INVESTMENTS, LLC AND LADY MIRA BLUE MACHLIS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br>Case No. 2:25-cv-00162<br><br><br>Judge David Barlow |

| | |
|---|---|
| MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC; | |
| Defendants. | |

Defendants Mark Machlis, Green Ivy Realty, Inc. ("**Green Ivy Realty**"), 13 Investments, LLC ("**13 Investments**"), and Lady Mira Blue Machlis ("**Mira Machlis**") (collectively, the "**Answering Defendants**"), by and through the undersigned counsel, hereby submit this answer to the First Amended Complaint (the "**Complaint**") filed by Plaintiffs in the above-captioned case.

## INTRODUCTION[1]

The section entitled "Introduction" before the first numbered paragraph in the Complaint constitutes introductory material to which no response is required. To the extent a response is required, the Answering Defendants deny.

---

[1] The Answering Defendants utilize the captions and headings drafted by Plaintiffs in the Amended Complaint for purposes of organization and clarity only, and expressly deny any allegations contained in any caption or heading from the Amended Complaint and referenced herein.

## PARTIES

### Defendants

1.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and, on that basis, deny.

2.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and, on that basis, deny.

3.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and, on that basis, deny.

4.    Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and, on that basis, deny.

5.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and, on that basis, deny.

6.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and, on that basis, deny.

7.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and, on that basis, deny.

8.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and, on that basis, deny.

9.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and, on that basis, deny.

10.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and, on that basis, deny.

11.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and, on that basis, deny.

12.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and, on that basis, deny.

13.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and, on that basis, deny.

14.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 and, on that basis, deny.

15.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 and, on that basis, deny.

16.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 and, on that basis, deny.

17.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and, on that basis, deny.

18.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 and, on that basis, deny.

19.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and, on that basis, deny.

20.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and, on that basis, deny.

4900-7151-2399, v. 1

21.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and, on that basis, deny.

22.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and, on that basis, deny.

23.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and, on that basis, deny.

24.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and, on that basis, deny.

25.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and, on that basis, deny.

26.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and, on that basis, deny.

27.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and, on that basis, deny.

28.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and, on that basis, deny.

29.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and, on that basis, deny.

30.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and, on that basis, deny.

31.      The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and, on that basis, deny.

32.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and, on that basis, deny.

33.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and, on that basis, deny.

34.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and, on that basis, deny.

35.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and, on that basis, deny.

36.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and, on that basis, deny.

37.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and, on that basis, deny.

38.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and, on that basis, deny.

39.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and, on that basis, deny.

40.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and, on that basis, deny.

41.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and, on that basis, deny.

42.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and, on that basis, deny.

4900-7151-2399, v. 1

43.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and, on that basis, deny.

44.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and, on that basis, deny.

45.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and, on that basis, deny.

46.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and, on that basis, deny.

47.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and, on that basis, deny.

48.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and, on that basis, deny.

49.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and, on that basis, deny.

50.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and, on that basis, deny.

51.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and, on that basis, deny.

52.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and, on that basis, deny.

53.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and, on that basis, deny.

4900-7151-2399, v. 1

54.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and, on that basis, deny.

55.    Mark Machlis, Green Ivy Realty, and Mira Machlis deny that Mark Machlis is the sole owner of Green Ivy Realty but admit the remaining allegations in paragraph 55. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and, on the basis, denies.

56.    13 Investments and Mark Machlis deny that Mark Machlis is the president and sole owner of 13 Investments LLC but admit the remaining allegations in paragraph 56. Mira Machlis and Green Ivy Realty lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and, on that basis, deny.

57.    Admitted.

58.    Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis denies. Mira Machlis, Green Ivy Realty, and 13 Investments lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and, on that basis, deny.

59.    Admitted.

60.    Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and, on the basis, denies.

61.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and, on that basis, deny.

62.     Paragraph 62 creates the defined term of the "Colliers/Long Parties," a non-assertion to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny to the extent that their inclusion within the term the "Colliers/Long Parties" is meant to indicate that they are agents, representatives, partners, or employees of, or have any legal, business, or personal relationship to, the other defendants included within the defined term the "Colliers/Long Parties." 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and, on the basis, denies.

63.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and, on that basis, deny.

64.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and, on that basis, deny.

65.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and, on that basis, deny.

66.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and, on that basis, deny.

67.     Mark Machlis, Green Ivy Realty, and Mira Machlis deny that they used the ADP-Millcreek 2 name in any acquisition or marketing of the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 and, on that basis, deny.

68.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and, on that basis, deny.

69.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and, on that basis, deny.

70.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and, on that basis, deny.

71.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 and, on that basis, deny.

72.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 and, on that basis, deny.

73.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 and, on that basis, deny.

74.     Mark Machlis admits that Mary Street managed the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 74 and, on that basis, deny.

75.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 and, on that basis, deny.

76.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and, on that basis, deny.

77.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 and, on that basis, deny.

78.     Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and, on that basis, deny.

79.     Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 and, on that basis, deny.

**<u>Plaintiffs</u>**

80.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 and, on that basis, deny.

81.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 and, on that basis, deny.

82.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 and, on that basis, deny.

83.     Paragraph 83 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 and, on that basis, deny.

84.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and, on that basis, deny.

85.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and, on that basis, deny.

86.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 and, on that basis, deny.

87.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and, on that basis, deny.

88.     Paragraph 88 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 and, on that basis, deny.

89.     Mark Machlis admits the allegations in paragraph 89. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 and, on that basis, deny.

90.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and, on that basis, deny.

91.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 and, on that basis, deny.

92.     Paragraph 92 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and, on that basis, deny.

93.     Paragraph 93 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 and, on that basis, deny.

**JURISDICTION**

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

95.    Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

96.    Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

97.    Paragraph 97 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

**THE COLLIERS/LONG TIC PROGRAM**

**Overview of the Colliers/Long TIC Program**

98.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 and, on that basis, deny.

99.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 and, on that basis, deny.

100.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they contracted with developers to make renovations, improvements, construction, and equipment purchases for the buildings at all properties in the Colliers/Long TIC Program. 13 Investments admits that it contracted with developers to make renovations, improvements, construction and equipment purchases for the Lehi Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 100 and, on that basis, deny.

101.    The Answering Defendants admit that Millcreek represented that they had already secured for each property a paying tenant with sufficient revenue to service their long-term leases. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 101 and, on that basis, deny.

13

102.    Mark Machlis admits the allegations in paragraph 102. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 and, on that basis, deny.

103.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 and, on that basis, deny.

104.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 and, on that basis, deny.

105.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 and, on that basis, deny.

106.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 and, on that basis, deny.

107.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 and, on that basis, deny.

108.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 and, on that basis, deny.

109.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 and, on that basis, deny.

110.    The Answering Defendants admit that HSH, HSMG, Constantin, Smith, and their affiliates and subsidiaries are not currently named as defendants in this lawsuit. The remainder of paragraph 110 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and, on that basis, deny.

14

111.    The Answering Defendants admit that the HSH Parties are not currently parties in this action. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 111 and, on that basis, deny.

112.    Mark Machlis admits that the HSH Parties or their affiliates entered long-term leases to operate the Romeoville, Pine Bluff, and Blytheville properties. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 112 and, on that basis, deny.

113.    Mark Machlis admits that the HSH Parties or their affiliates entered long-term leases to operate the Pine Bluff Property as a surgical ambulatory regional center. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 113 and, on that basis, deny.

114.    Mark Machlis admits the allegations in paragraph 114. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and, on that basis, deny.

115.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and, on that basis, deny.

116.    Mark Machlis denies the allegations in paragraph 116. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 and, on that basis, deny.

117.    Paragraph 117 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and, on that basis, deny.

4900-7151-2399, v. 1

118.    The Answering Defendants admit that the Neuragenex Parties are not currently parties in this action. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 118 and, on that basis, deny.

119.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 and, on that basis, deny.

120.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 and, on that basis, deny.

121.    Paragraph 121 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 and, on that basis, deny.

122.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 and, on that basis, deny.

123.    The Answering Defendants admit that the Pulse Healthcare Parties are not currently parties to this action. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 123 and, on that basis, deny.

124.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 and, on that basis, deny.

125.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 and, on that basis, deny.

126.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 and, on that basis, deny.

127.     Mark Machlis admits that the Colliers/Long Parties represented that the rent payments from the Pine Bluff leases were backed by two mechanisms to protect investors from potential losses. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and, on that basis, deny.

128.     Mark Machlis admits as to the Pine Bluff property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 128 and, on that basis, deny.

129.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and, on that basis, deny.

130.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 and, on that basis, deny.

131.     Mark Machlis denies the allegations in paragraph 131. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 and, on that basis, deny.

132.     Mark Machlis admits the allegations in paragraph 132. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 and, on that basis, deny.

133.     Paragraph 133 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 and, on that basis, deny.

**The Colliers/Long Parties Jointly Target Retirement Investors**

134.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 and, on that basis, deny.

135.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 and, on that basis, deny.

136.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 and, on that basis, deny.

137.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 and, on that basis, deny.

138.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 and, on that basis, deny.

139.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139 and, on that basis, deny.

140.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140 and, on that basis, deny.

141.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141 and, on that basis, deny.

142.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142 and, on that basis, deny.

143.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143 and, on that basis, deny.

144.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144 and, on that basis, deny.

145.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145 and, on that basis, deny.

146.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146 and, on that basis, deny.

147.     Mark Machlis admits the allegations in paragraph 147. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147 and, on that basis, deny.

148.     Mark Machlis admits the allegations in paragraph 148. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 and, on that basis, deny.

149.     Mark Machlis admits the allegations in paragraph 149. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149 and, on that basis, deny.

150.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150 and, on that basis, deny.

151.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151 and, on that basis, deny.

152.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152 and, on that basis, deny.

153.     Mark Machlis denies that he was a "close business associate" with Kevin Long, McDougal, Brent Smith, Strong, Taylor, or any other agents of Millcreek Commercial Properties and Colliers International. The Answering Defendants lack knowledge or information sufficient

to form a belief about the truth of the remaining allegations in paragraph 153 and, on that basis, deny.

154.    Mark Machlis denies the allegations in paragraph 154. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 154 and, on that basis, deny.

155.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 155 and, on that basis, deny.

156.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 156 and, on that basis, deny.

157.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 157 and, on that basis, deny.

158.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 158 and, on that basis, deny.

159.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 159 and, on that basis, deny.

160.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 and, on that basis, deny.

161.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 161 and, on that basis, deny.

162.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 and, on that basis, deny.

163.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 163 and, on that basis, deny.

164.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164 and, on that basis, deny.

165.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 165 and, on that basis, deny.

166.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166 and, on that basis, deny.

167.    Mark Machlis admits the allegations in paragraph 167. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 167 and, on that basis, deny.

168.    Mark Machlis admits that he is not registered with FINRA to sell securities. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 168 and, on that basis, deny.

169.    Mark Machlis admits that he is not licensed with the states of Texas or Arkansas to sell real estate. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 169 and, on that basis, deny.

170.    Mark Machlis admits the allegations in paragraph 170 as to the Pine Bluff, Draper, and Lehi Properties. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 170 and, on that basis, deny.

171.    Mark Machlis admits that Colliers and/or Millcreek marketed TIC interests to potential buyers who wished to take advantage of the IRS Section 1031 exchange program. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 171 and, on that basis, deny.

172.    Mark Machlis admits the allegations in paragraph 172. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172 and, on that basis, deny.

173.    Mark Machlis admits the allegations in paragraph 173. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173 and, on that basis, deny.

174.    Mark Machlis admits the allegations in paragraph 174. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 174 and, on that basis, deny.

175.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175 and, on that basis, deny.

176.    Mark Machlis admits the allegations in paragraph 176. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 and, on that basis, deny.

177.    Mark Machlis admits the allegations in paragraph 177. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 177 and, on that basis, deny.

178.    Mark Machlis admits that Millcreek and/or Colliers bundled long-term, triple net leases with the sale of TIC interests. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 178 and, on that basis, deny.

179.    Mark Machlis admits that Millcreek and/or Colliers offered TIC interest in properties that already had leases in place with tenants. The Answering Defendants lack

22

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 179 and, on that basis, deny.

180.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180 and, on that basis, deny.

181.    Mark Machlis admits the allegations in paragraph 181. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181 and, on that basis, deny.

182.    Mark Machlis admits the allegations in paragraph 182. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182 and, on that basis, deny.

183.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183 and, on that basis, deny.

184.    Mark Machlis admits that, starting by at least early 2020, Millcreek and/or Colliers began marketing the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 184 and, on that basis, deny.

185.    Mark Machlis admits that, starting by at least August 2020, Millcreek and/or Colliers began marketing the Draper Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 185 and, on that basis, deny.

186.    Mark Machlis admits that, starting by at least April 2022, Millcreek and/or Colliers began marketing the Lehi Property. The Answering Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 186 and, on that basis, deny.

187.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187 and, on that basis, deny.

188.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188 and, on that basis, deny.

189.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189 and, on that basis, deny.

190.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190 and, on that basis, deny.

191.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191 and, on that basis, deny.

192.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192 and, on that basis, deny.

193.    Mark Machlis admits that, according to marketing materials prepared by Millcreek and/or Colliers, the Properties were each under long-term lease to a single tenant. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 193 and, on that basis, deny.

194.    Mark Machlis admits that the lease at the Pine Bluff Property was backed by a corporate guarantor according to the relevant marketing materials. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 194 and, on that basis, deny.

195.    Mark Machlis admits that, at Pine Bluff, according to the relevant marketing materials, the lease was additionally under a bond from Lloyds of London. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 195 and, on that basis, deny.

196.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196 and, on that basis, deny.

197.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 and, on that basis, deny.

**The Colliers/Long TIC Program Sales Pitch**

198.    Mark Machlis admits he communicated with Bryson and Kristine Ockey, but denies he communicated with any other Plaintiff, or that he was a representative of Millcreek. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 198 and, on that basis, deny.

199.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199 and, on that basis, deny.

200.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200 and, on that basis, deny.

201.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201 and, on that basis, deny.

202.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202 and, on that basis, deny.

203.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 203 and, on that basis, deny.

204.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 204 and, on that basis, deny.

205.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205 and, on that basis, deny.

206.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206 and, on that basis, deny.

207.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207 and, on that basis, deny.

208.    Mark Machlis admits that Millcreek Commercial represented that the lease on its TIC property in Lehi was triple-net, meaning the tenant, not the owner, would be responsible for paying taxes, paying insurance, and maintaining the property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 208 and, on that basis, deny.

209.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209 and, on that basis, deny.

210.    Mark Machlis admits that Millcreek and/or Colliers stated the lease at Pine Bluff was "backed by strength" by HSMG, the guarantor on the lease. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 210 and, on that basis, deny.

211.    Mark Machlis admits that Millcreek and/or Colliers represented that HSMG was "a publicly traded medical service and device company." The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 211 and, on that basis, deny.

4900-7151-2399, v. 1

212.    Mark Machlis admits the allegations in paragraph 212. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212 and, on that basis, deny.

213.    Mark Machlis admits that Millcreek and/or Colliers represented that "Healthcare Solutions Holdings, Inc. (HSH), meets [their] pillars for success." The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 213 and, on that basis, deny.

214.    Mark Machlis admits the allegations in paragraph 214. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214 and, on that basis, deny.

215.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215 and, on that basis, deny.

216.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 216 and, on that basis, deny.

217.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217 and, on that basis, deny.

218.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218 and, on that basis, deny.

219.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 219 and, on that basis, deny.

220.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220 and, on that basis, deny.

221.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 221 and, on that basis, deny.

222.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222 and, on that basis, deny.

223.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 223 and, on that basis, deny.

224.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 224 and, on that basis, deny.

225.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225 and, on that basis, deny.

226.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 226 and, on that basis, deny.

227.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 227 and, on that basis, deny.

228.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228 and, on that basis, deny.

229.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229 and, on that basis, deny.

230.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 230 and, on that basis, deny.

231.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 231 and, on that basis, deny.

232.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 232 and, on that basis, deny.

233.    The Answering Defendants deny that they are representatives of the Colliers/Long TIC Program or that they communicated with Plaintiffs using Colliers email addresses. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 233 and, on that basis, deny.

234.    Mark Machlis admits the allegations in paragraph 234. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234 and, on that basis, deny.

235.    Mark Machlis admits the allegations in paragraph 235. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 235 and, on that basis, deny.

236.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236 and, on that basis, deny.

237.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237 and, on that basis, deny.

238.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 238 and, on that basis, deny.

**The Referrer Parties' Role in the Colliers/Long TIC Program**

239.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 239 and, on that basis, deny.

240.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 240 and, on that basis, deny.

241.    Mark Machlis admits that he would introduce individuals to a potential TIC investment through the Colliers/Long TIC Program and was informed that Kevin Long and Millcreek had great TIC investment opportunities that would be 1031-exchange compliant. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 241 and, on that basis, deny.

242.    Mark Machlis admits the allegations in paragraph 242. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 242 and, on that basis, deny.

243.    Mark Machlis admits the allegations in paragraph 243. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 243 and, on that basis, deny.

244.    Mark Machlis admits the allegations in paragraph 244. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 244 and, on that basis, deny.

245.    Mark Machlis admits the allegations in paragraph 245. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 245 and, on that basis, deny.

246.    Mark Machlis denies the allegations in paragraph 246. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 246 and, on that basis, deny.

247.    Mark Machlis denies the allegations in paragraph 247. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 247 and, on that basis, deny.

**The Developer Parties' Role in the Colliers/Long TIC Program**

248.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 248 and, on that basis, deny.

249.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 249 and, on that basis, deny.

250.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 250 and, on that basis, deny.

251.    Admitted.

252.    Admitted.

253.    Mark Machlis and 13 Investments admit that Mark Machlis is the manager and registered agent of 13 Investments, and that he is a part owner of 13 Investments. Mark Machlis and 13 Investments deny that Mark Machlis is the sole owner of 13 Investments. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 253 and, on that basis, deny.

254.    Paragraph 254 creates the defined term of the "Developer Parties," a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254 and, on the basis, deny.

255.    Mark Machlis and 13 Investments admit that 13 Investments entered into agreements with Millcreek to develop, renovate, purchase equipment, and/or acquire tenants for the Lehi Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 255 and, on that basis, deny.

256.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 256 and, on that basis, deny.

257.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257 and, on that basis, deny.

258.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258 and, on that basis, deny.

259.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259 and, on that basis, deny.

260.    Mark Machlis and 13 Investments admit the allegations in paragraph 260. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260 and, on that basis, deny.

261.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261 and, on that basis, deny.

**Mary Street and CAMS Realty's Role in the Colliers/Long TIC Program**

262.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262 and, on that basis, deny.

263.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263 and, on that basis, deny.

264.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264 and, on that basis, deny.

265.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265 and, on that basis, deny.

**The Previous TIC Owners' Roles in the Colliers/Long TIC Program**

266.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266 and, on that basis, deny.

267.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 267 and, on that basis, deny.

268.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 268 and, on that basis, deny.

269.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269 and, on that basis, deny.

270.    Mark Machlis denies the allegations in paragraph 270. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270 and, on that basis, deny.

**Background of Defendants' Previous Negligence, Schemes, Frauds, and Investigations**

271.    Mark Machlis denies the allegations in paragraph 271. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271 and, on that basis, deny.

272.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272 and, on that basis, deny.

273.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 273 and, on that basis, deny.

274.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 274 and, on that basis, deny.

275.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275 and, on that basis, deny.

276.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276 and, on that basis, deny.

277.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Joshua Constantin was found liable for fraud in his past investment scheme. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277 and, on that basis, denies.

278.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 278 and, on that basis, deny.

279.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Joshua Constantin was indefinitely barred by the SEC. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 279 and, on that basis, denies.

280.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 280 and, on that basis, deny.

281.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 281 and, on that basis, deny.

282.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 282 and, on that basis, deny.

283.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Landes Capital was found liable for having received ill-gotten funds for which Landes Capital did not provide legitimate services and to which Landes Capital did not have a

legitimate claim. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283 and, on that basis, denies.

284.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 284 and, on that basis, deny.

285.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Butera was named as a defendant in Case No. 3:06-cv-00938 in the United States District Court for the Middle District of Tennessee. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 285 and, on that basis, denies.

286.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 286 and, on that basis, deny.

287.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Butera was named as a defendant in Case No. 1:22-cv-22213-CMA in the United States District Court of the Southern District of Florida. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 287 and, on that basis, denies.

288.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288 and, on that basis, deny.

289.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Butera was named as a defendant in Case No. 5:20-cv-00826 in the Superior Court of the State of California County of Riverside. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 289 and, on that basis, denies.

290.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290 and, on that basis, deny.

291.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 291 and, on that basis, deny.

292.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that Justin Smith was alleged to have used Landes entities for fraudulent purposes. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292 and, on that basis, denies.

## MISREPRESENTATIONS AND OMISSIONS

### Misrepresentations and Omissions in the Marketing Materials

293.    Mark Machlis denies that he provided any Plaintiffs with written marketing materials. Mark Machlis affirmatively alleges that Millcreek sent marketing materials to Bryson and Kristine Ockey. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 293 and, on that basis, deny.

294.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 294 and, on that basis, deny.

295.    Paragraph 295 creates a defined term, a non-assertion to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 295 and, on that basis, deny.

296.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny the allegations in paragraph 296. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296 and, on that basis, deny.

297.    Mark Machlis denies the allegations in paragraph 297. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 297 and, on that basis, deny.

298.    Mark Machlis admits that he directed Bryson and Kristine Ockey to review materials and information provided on the Millcreek website but denies the remaining allegations in paragraph 298. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 298 and, on that basis, deny.

299.    Mark Machlis denies the allegations in paragraph 299. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 299 and, on that basis, deny.

_Misrepresentations in the Pine Bluff Property Marketing Materials_

300.    Mark Machlis admits that the representations stated in paragraph 300 were made to him by Millcreek and/or Colliers, and affirmatively alleges that these representations induced Mark Machlis to purchase a TIC interest in the Pine Bluff Property. Mark Machlis denies the remaining allegations in paragraph 300. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 300 and, on that basis, deny.

301.    Mark Machlis denies the allegations in paragraph 301. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 301 and, on that basis, deny.

302.    Paragraph 302 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 302 and, on that basis, denies.

*Misrepresentations in the Draper Property Marketing Materials*

303.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 303 and, on that basis, deny.

304.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 304 and, on that basis, deny.

305.    Paragraph 305 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 305 and, on that basis, denies.

*Misrepresentations in the Lehi Property Marketing Materials*

306.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they provided Marketing Materials related to the Lehi Property. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 306 and, on that basis, deny.

4900-7151-2399, v. 1

307.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 307 and, on that basis, denies.

308.    Paragraph 308 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 308 and, on that basis, denies.

*Misrepresentations in the Crockett Property Marketing Materials*

309.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they provided any Marketing Materials related to the Crockett Property to any individuals, including Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 309 and, on that basis, deny.

310.    Mark Machlis, Mira Machlis and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 310 and, on that basis, denies.

311.    Paragraph 311 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 311 and, on that basis, denies.

**Omissions of Material Fact To All Plaintiffs**

312.    Paragraph 312 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13

Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 312 and, on that basis, denies.

313.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 313 and, on that basis, denies.

314.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 314 and, on that basis, denies.

315.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 315 and, on that basis, denies.

316.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 316 and, on that basis, denies.

317.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 317 and, on that basis, denies.

318.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 318 and, on that basis, denies.

319.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 319 and, on that basis, denies.

320.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 320 and, on that basis, denies.

321.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 321 and, on that basis, denies.

322.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 322 and, on that basis, denies.

323.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 323 and, on that basis, denies.

324.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 324 and, on that basis, denies.

325.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 325 and, on that basis, denies.

326.    Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 326 and, on that basis, denies.

327.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 327 and, on that basis, denies.

328.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 328 and, on that basis, denies.

329.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 329 and, on that basis, denies.

330.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 330 and, on that basis, denies.

331.     Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 331 and, on that basis, denies.

332.     Paragraph 332 contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny. 13 Investments lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 332 and, on that basis, denies.

**Misrepresentations and Omissions Made to Induce John and Gayle Weber's Investment**

333.     The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 333 and, on that basis, deny.

42

334.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 334 and, on that basis, deny.

335.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 335 and, on that basis, deny.

336.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 336 and, on that basis, deny.

337.    Paragraph 337 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 337 and, on that basis, deny.

**Misrepresentations and Omissions Made to Induce Ross Weber and Yolanda Altagracia Cosme de Weber's Investment**

338.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 338 and, on that basis, deny.

339.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 339 and, on that basis, deny.

340.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 340 and, on that basis, deny.

341.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 341 and, on that basis, deny.

342.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 342 and, on that basis, deny.

343.    Paragraph 343 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 343 and, on that basis, deny.

344.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 344 and, on that basis, deny.

345.    Paragraph 345 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 345 and, on that basis, deny.

**Misrepresentations and Omissions Made to Induce James Blaisdell's Investment**

346.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 346 and, on that basis, deny.

347.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 347 and, on that basis, deny.

348.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 348 and, on that basis, deny.

349.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 349 and, on that basis, deny.

350.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 350 and, on that basis, deny.

351.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 351 and, on that basis, deny.

352.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 352 and, on that basis, deny.

353.    Paragraph 353 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 353 and, on that basis, deny.

354.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 354 and, on that basis, deny.

355.    The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 355 and, on that basis, deny.

356.    Paragraph 356 contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 356 and, on that basis, deny.

**Misrepresentations and Omissions Made to Induce David Elton and Alyce Weber's Investment**

357.    [Misnumbered as ¶ 284 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

358.    [Misnumbered as ¶ 285 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

359.    [Misnumbered as ¶ 286 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

360.    [Misnumbered as ¶ 287 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

361.    [Misnumbered as ¶ 288 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Misrepresentations and Omissions Made to Induce Bryson and Kristine Ockey's Investment**

362.    [Misnumbered as ¶ 289 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

363.    [Misnumbered as ¶ 290 in FAC]: Mark Machlis admits that he made the statements stated in subparagraphs (a), (b), (c), (d), (e), (f), and (g) and affirmatively alleges that, at the time these representations were made, he believed them to be true. Mark Machlis denies that he made the statements stated in subparagraph (h), and denies that any statements stated in this paragraph were material. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph this paragraph and, on that basis, deny.

364.    [Misnumbered as ¶ 291 in FAC]: Mark Machlis admits that he made the statements stated in subparagraphs (a), (d), and (f), and affirmatively alleges that, at the time these representations were made, he believed them to be true. Mark Machlis denies that he made the statements stated in subparagraphs (b), (c), and (e), and denies that any statements stated in this paragraph were material. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

365.    [Misnumbered as ¶ 292 in FAC]: Mira Machlis and Mark Machlis admit that Mira Machlis was present at a meeting between the Ockeys and Mark Machlis on about July 31, 2022, but deny the remaining allegations in this paragraph. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

366.    [Misnumbered as ¶ 293 in FAC]: Mira Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

367.    [Misnumbered as ¶ 294 in FAC]: Mark Machlis admits that he made the statements stated in subparagraphs (a) and (b), and affirmatively alleges that, at the time these representations were made, he believed them to be true. Mark Machlis denies that he made the statements stated in subparagraph (c), and denies that any statements stated in this paragraph were material. Mira Machlis denies making any of the statements stated in this paragraph. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

368.    [Misnumbered as ¶ 295 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

369.    [Misnumbered as ¶ 296 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

370.    [Misnumbered as ¶ 297 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Misrepresentations and Omissions Made to Induce Eric Stamm and Claudia Griffin's Investment**

371.    [Misnumbered as ¶ 298 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

372.    [Misnumbered as ¶ 299 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

373.    [Misnumbered as ¶ 300 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

374.    [Misnumbered as ¶ 301 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

375.    [Misnumbered as ¶ 302 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**PLAINTIFFS INVEST IN THE COLLIERS/LONG TIC PROGRAM**

376.    [Misnumbered as ¶ 357 in FAC]: Mark Machlis admits that the Ockeys invested in the Lehi Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

377.    [Misnumbered as ¶ 358 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

378.    [Misnumbered as ¶ 359 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

379.    [Misnumbered as ¶ 360 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

380.    [Misnumbered as ¶ 361 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

381.    [Misnumbered as ¶ 362 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

382.    [Misnumbered as ¶ 363 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

383.    [Misnumbered as ¶ 364 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Commissions**

384.    [Misnumbered as ¶ 365 in FAC]: Mark Machlis admits that commissions and similar compensation payments were made in the Ockeys' transaction. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

385.    [Misnumbered as ¶ 366 in FAC]: Mark Machlis denies as to Bryson and Kristine Ockey. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

386.    [Misnumbered as ¶ 367 in FAC]: Mark Machlis admits as to the Bryson and Kristine Ockey transaction. The Answering Defendants lack knowledge or information sufficient

to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

387.    [Misnumbered as ¶ 368 in FAC]: Mark Machlis admits as to the Bryson and Kristine Ockey transaction. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

388.    [Misnumbered as ¶ 369 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

389.    [Misnumbered as ¶ 370 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

390.    [Misnumbered as ¶ 371 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

391.    [Misnumbered as ¶ 372 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

392.    [Misnumbered as ¶ 373 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

393.    [Misnumbered as ¶ 374 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

394.    [Misnumbered as ¶ 375 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Plaintiffs' Final Ownership Percentages and Total Investments**

395.    [Misnumbered as ¶ 376 in FAC]: Mark Machlis admits that Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

396.    [Misnumbered as ¶ 377 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

397.    [Misnumbered as ¶ 378 in FAC]: Mark Machlis admits as to the Bryce and Kristine Ockey transaction. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

398.    [Misnumbered as ¶ 379 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

399.    [Misnumbered as ¶ 380 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

400.    [Misnumbered as ¶ 381 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

401.    [Misnumbered as ¶ 382 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

402.    [Misnumbered as ¶ 383 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

403.    [Misnumbered as ¶ 384 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

404.    [Misnumbered as ¶ 385 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

### THE FAILURE OF PLAINTIFFS' INVESTMENTS

**HSH Parties are Late Paying Rent at Pine Bluff and Draper**

405.    [Misnumbered as ¶ 386 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

406.    [Misnumbered as ¶ 387 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

407.    [Misnumbered as ¶ 388 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

408.    [Misnumbered as ¶ 389 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

409.    [Misnumbered as ¶ 390 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

410.    [Misnumbered as ¶ 391 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

411.    [Misnumbered as ¶ 392 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

412.    [Misnumbered as ¶ 393 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

413.    [Misnumbered as ¶ 394 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

414.    [Misnumbered as ¶ 395 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Capital Call at the Draper Property**

415.    [Misnumbered as ¶ 396 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

416.    [Misnumbered as ¶ 397 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

417.    [Misnumbered as ¶ 398 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

418.    [Misnumbered as ¶ 399 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

419.    [Misnumbered as ¶ 400 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

420.    [Misnumbered as ¶ 401 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

421.    [Misnumbered as ¶ 402 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

422.    [Misnumbered as ¶ 403 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

423.    [Misnumbered as ¶ 404 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they made any misrepresentations, omissions, or general deceptions to Ross Weber, Yolanda Altagracia Cosme de Weber, or James Blaisdell. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

**HSH Defaults and the Guarantee and Bond Fail at Pine Bluff and Draper**

424.    [Misnumbered as ¶ 405 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

425.    [Misnumbered as ¶ 406 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

426.    [Misnumbered as ¶ 407 in FAC]: Mark Machlis admits that Bryson and Kristine Ockey were told that their investment was to be hands-off. The Answering Defendants lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

427.    [Misnumbered as ¶ 408 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

428.    [Misnumbered as ¶ 409 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

429.    [Misnumbered as ¶ 410 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

430.    [Misnumbered as ¶ 411 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

431.    [Misnumbered as ¶ 412 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

432.    [Misnumbered as ¶ 413 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that the HSH-affiliated tenant named on the lease agreements were unregistered entities. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

433.    [Misnumbered as ¶ 414 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that the HSH Parties were shell companies with insufficient revenue or business operations and were unable to service their rent obligations under the lease. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

434.    [Misnumbered as ¶ 415 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

435.    [Misnumbered as ¶ 416 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

436.    [Misnumbered as ¶ 417 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

437.    [Misnumbered as ¶ 418 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

438.    [Misnumbered as ¶ 419 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that HSMG was a shell company with insufficient revenue or business activities and was unable to fulfill its obligations on the guarantee. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

439.    [Misnumbered as ¶ 420 in FAC]: Mark Machlis denies as to the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

440.    [Misnumbered as ¶ 421 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that no bond from Lloyd's of London had been issued backing the leases at the Pine Bluff and Draper Properties. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

441.    [Misnumbered as ¶ 422 in FAC]: Mark Machlis admits that, under a triple-net lease, the tenant typically pays for taxes, maintenance costs and insurance. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

442.    [Misnumbered as ¶ 423 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

443.    [Misnumbered as ¶ 424 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

444.    [Misnumbered as ¶ 425 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

445.    [Misnumbered as ¶ 426 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Plaintiffs Discovery the Pine Bluff and Draper Property Values and Lease Rates Were Overinflated**

446.    [Misnumbered as ¶ 427 in FAC]: Mark Machlis denies that the Pine Bluff Property was worth a fraction of what was represented to Bryson and Kristine Ockey. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

447.    [Misnumbered as ¶ 428 in FAC]: Mark Machlis admits that, in the marketing materials provided to him, the value of the Pine Bluff Property was represented to be $13 MM, but denies the remaining allegations. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

448.    [Misnumbered as ¶ 429 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

449.    [Misnumbered as ¶ 430 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

450.    [Misnumbered as ¶ 431 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

451.    [Misnumbered as ¶ 432 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

452.    [Misnumbered as ¶ 433 in FAC]: Mark Machlis admits that, in the marketing materials provided by Millcreek, the lease value at Pine Bluff was about $35/sq. ft. but denies the remaining allegations. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

453.    [Misnumbered as ¶ 434 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

454.    [Misnumbered as ¶ 435 in FAC]: Mark Machlis denies as to the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

455.    [Misnumbered as ¶ 436 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

456.    [Misnumbered as ¶ 437 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they knew or should have known that re-tenanting the Pine Bluff and Draper Properties with the same lease rate that the HSH parties had agreed to would be impossible. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

457.    [Misnumbered as ¶ 438 in FAC]: Mark Machlis denies as to the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

458.    [Misnumbered as ¶ 439 in FAC]: Mark Machlis denies as to the Pine Bluff Property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

459.    [Misnumbered as ¶ 440 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

460.    [Misnumbered as ¶ 441 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

461.    [Misnumbered as ¶ 442 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

462.    [Misnumbered as ¶ 443 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Discrepancies in the Titling and Other Purchase Documents at the Pine Bluff and Draper Properties**

463.    [Misnumbered as ¶ 444 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

464.    [Misnumbered as ¶ 445 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

465.    [Misnumbered as ¶ 446 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

466.    [Misnumbered as ¶ 447 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

467.    [Misnumbered as ¶ 448 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

468.    [Misnumbered as ¶ 449 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

469.    [Misnumbered as ¶ 450 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

470.    [Misnumbered as ¶ 451 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

471.    [Misnumbered as ¶ 452 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Neuragenex Defaults and the Guarantee Fails at the Lehi Property**

472.    [Misnumbered as ¶ 453 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

473.    [Misnumbered as ¶ 454 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

474.    [Misnumbered as ¶ 455 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

475.    [Misnumbered as ¶ 456 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

476.    [Misnumbered as ¶ 457 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

477.    [Misnumbered as ¶ 458 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

478.    [Misnumbered as ¶ 459 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

479.    [Misnumbered as ¶ 460 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

480.    [Misnumbered as ¶ 461 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

481.    [Misnumbered as ¶ 462 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

482.    [Misnumbered as ¶ 463 in FAC]: Mark Machlis admits as to the Bryson and Kristine Ockey transaction. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

483.    [Misnumbered as ¶ 464 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Plaintiffs Discovery the Lehi Property Values and Lease Rates Were Overinflated**

484.    [Misnumbered as ¶ 465 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

485.    [Misnumbered as ¶ 466 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they provided any Offering Memorandum related to the Lehi Property to Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

486.    [Misnumbered as ¶ 467 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

487.    [Misnumbered as ¶ 468 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

488.    [Misnumbered as ¶ 469 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

489.    [Misnumbered as ¶ 470 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

490.    [Misnumbered as ¶ 471 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

491.    [Misnumbered as ¶ 472 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

492.    [Misnumbered as ¶ 473 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

493.    [Misnumbered as ¶ 474 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

494.    [Misnumbered as ¶ 475 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

495.    [Misnumbered as ¶ 476 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Pulse Healthcare Defaults and the Guarantee Fails at the Crockett Property**

496.    [Misnumbered as ¶ 477 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

497.    [Misnumbered as ¶ 478 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they made any statements stated in this paragraph. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

498.    [Misnumbered as ¶ 479 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

499.    [Misnumbered as ¶ 480 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

500.    [Misnumbered as ¶ 481 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

501.    [Misnumbered as ¶ 482 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

502.    [Misnumbered as ¶ 483 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

503.    [Misnumbered as ¶ 484 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

504.    [Misnumbered as ¶ 485 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

505.    [Misnumbered as ¶ 486 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

506.    [Misnumbered as ¶ 487 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

507.    [Misnumbered as ¶ 488 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

508.    [Misnumbered as ¶ 489 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Plaintiffs Discover the Crockett Property Values and Lease Values Are Overinflated**

509.    [Misnumbered as ¶ 490 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

510.    [Misnumbered as ¶ 491 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they provided an Offering Memorandum for the Crockett Property to any individuals, including Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

511.    [Misnumbered as ¶ 492 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

512.    [Misnumbered as ¶ 493 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

513.    [Misnumbered as ¶ 494 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

514.    [Misnumbered as ¶ 495 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

515.    [Misnumbered as ¶ 496 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**MARY STREET'S ROLE IN THE FRAUDULENT ENTERPRISE**

516.    [Misnumbered as ¶ 497 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

517.    [Misnumbered as ¶ 498 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

518.    [Misnumbered as ¶ 499 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

519.    [Misnumbered as ¶ 500 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

520.    [Misnumbered as ¶ 501 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they had a long history of association with Mary Street. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

521.    [Misnumbered as ¶ 502 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

522.    [Misnumbered as ¶ 503 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

523.    [Misnumbered as ¶ 504 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that Mary Street took actions to serve their interests to the detriment of the new owners. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

524.    [Misnumbered as ¶ 505 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

525.    [Misnumbered as ¶ 506 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

526.    [Misnumbered as ¶ 507 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

527.    [Misnumbered as ¶ 508 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

528.    [Misnumbered as ¶ 509 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

529.    [Misnumbered as ¶ 510 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

530.    [Misnumbered as ¶ 511 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

531.    [Misnumbered as ¶ 512 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

532.    [Misnumbered as ¶ 513 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

533.     [Misnumbered as ¶ 514 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

534.     [Misnumbered as ¶ 515 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

535.     [Misnumbered as ¶ 516 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

536.     [Misnumbered as ¶ 517 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

537.     [Misnumbered as ¶ 518 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**THE PROPERTIES' LIKELY NON-COMPLIANCE WITH IRS REGULATIONS**

538.     [Misnumbered as ¶ 519 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

539.     [Misnumbered as ¶ 520 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

540.    [Misnumbered as ¶ 521 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

541.    [Misnumbered as ¶ 522 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

542.    [Misnumbered as ¶ 523 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

## RACKETEERING ACTIVITY

543.    [Misnumbered as ¶ 524 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that their conduct constitutes multiple forms of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1). The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

544.    [Misnumbered as ¶ 525 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they have engaged in racketeering activity. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph this paragraph and, on that basis, deny.

545.    [Misnumbered as ¶ 526 in FAC]: The Answering Defendants deny that they have engaged in racketeering activity. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

546.    [Misnumbered as ¶ 527 in FAC]: The Answering Defendants deny that they have engaged in racketeering activity. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

**Fraud-Related Acts**

*Schemes and Artifices to Defraud*

547.    [Misnumbered as ¶ 528 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they have devised or intended to devise one or more schemes or artifices to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

548.    [Misnumbered as ¶ 529 in FAC]: The Answering Defendants deny that they have defrauded Plaintiffs and others of millions of dollars' worth of retirement savings. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

549.    [Misnumbered as ¶ 530 in FAC]: Mark Machlis and Green Ivy Realty deny that they defrauded Plaintiffs into believing that their purchases of TIC interests through the Colliers/Long TIC Program would be 1031- eligible and they would incur no additional tax

liability from these transactions. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

550.    [Misnumbered as ¶ 531 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

*Wire-Fraud*

551.    [Misnumbered as ¶ 532 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

552.    [Misnumbered as ¶ 533 in FAC]: The Answering Defendants deny that they made any misrepresentations to Plaintiffs located outside the state of Utah in order to induce their investments necessarily used interstate wire communications. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

553.    [Misnumbered as ¶ 534 in FAC]: The Answering Defendants deny that they made any misrepresentations made to Plaintiffs located in Utah in order to induce their investments. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

554.    [Misnumbered as ¶ 535 in FAC]: Mark Machlis denies that he sent the Marketing Materials to all Plaintiffs. The Answering Defendants deny that they made fraudulent misrepresentations to Plaintiffs Bryson and Kristine Ockey via phone, text messages, and email in or around July 2022. The Answering Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

555.    [Misnumbered as ¶ 536 in FAC]: The Answering Defendants deny that they made any communications that were devised and executed in furtherance of any scheme or artifices to defraud. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

556.    [Misnumbered as ¶ 537 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

557.    [Misnumbered as ¶ 538 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they transmitted or caused to be transmitted any communications for the purpose of executing any scheme or artifice to defraud. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

*Bank Fraud*

558.    [Misnumbered as ¶ 539 in FAC]: The Answering Defendants deny that they engaged in any scheme or artifice to defraud, or that they obtained money and funds from Plaintiffs my means of false or fraudulent pretenses, representations, or promises. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

559.     [Misnumbered as ¶ 540 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

560.     [Misnumbered as ¶ 541 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

561.     [Misnumbered as ¶ 542 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

562.     [Misnumbered as ¶ 543 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

563.     [Misnumbered as ¶ 544 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they engaged in any scheme or artifice to obtain moneys and funds in the custody or control of a financial institution by means of false or fraudulent pretenses, representations, or promises. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

**Trafficking in Counterfeit Goods and Services**

564.     [Misnumbered as ¶ 545 in FAC]: Mark Machlis admits that he was told by Millcreek that his purchase of TIC interests were underwritten by a bond from "Lloyd's of London" or "Lloyds of London," which would pay for one year of rent in the event HSH

78

defaulted. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

565. [Misnumbered as ¶ 546 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

566. [Misnumbered as ¶ 547 in FAC]: Mark Machlis denies. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

567. [Misnumbered as ¶ 548 in FAC]: Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they traffic or trafficked in services, namely, selling TIC interests in commercial real estate, which are or were (ostensibly) underwritten by an insurance bond. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

568. [Misnumbered as ¶ 549 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

569. [Misnumbered as ¶ 550 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

570. [Misnumbered as ¶ 551 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

571.    [Misnumbered as ¶ 552 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

572.    [Misnumbered as ¶ 553 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they knowingly used a counterfeit mark. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

**Obstruction of Justice**

573.    [Misnumbered as ¶ 554 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

574.    [Misnumbered as ¶ 555 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

575.    [Misnumbered as ¶ 556 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

576.    [Misnumbered as ¶ 557 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Illegal Money Transmitting**

577.    [Misnumbered as ¶ 558 in FAC]: Mark Machlis admits. The remaining Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

578.    [Misnumbered as ¶ 559 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

579.    [Misnumbered as ¶ 560 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

580.    [Misnumbered as ¶ 561 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

581.    [Misnumbered as ¶ 562 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

582.    [Misnumbered as ¶ 563 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

583.    [Misnumbered as ¶ 564 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants

4900-7151-2399, v. 1

lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

584.     [Misnumbered as ¶ 565 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

585.     [Misnumbered as ¶ 566 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

586.     [Misnumbered as ¶ 567 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

587.     [Misnumbered as ¶ 568 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

**Interstate Transportation of Stolen Property**

588.     [Misnumbered as ¶ 569 in FAC]: Mark Machlis and Green Ivy Realty admit that Green Ivy Realty received commissions as compensation for services rendered in certain real estate transactions referenced in the FAC, which were disclosed, including in the relevant settlement statements. The Answering Defendants lack knowledge or information sufficient to

form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

589.    [Misnumbered as ¶ 570 in FAC]: Mark Machlis and Green Ivy Realty deny that commissions were obtained by fraud or that the commissions were not adequately disclosed. Mark Machlis and Green Ivy Realty also deny that they represented that no commissions would be paid out of the purchase price. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

590.    [Misnumbered as ¶ 571 in FAC]: Mark Machlis and Green Ivy Realty admit that Green Ivy Realty received more than $5,000 in commissions as compensation for services rendered in certain real estate transactions referenced in the FAC. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

591.    [Misnumbered as ¶ 572 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

592.    [Misnumbered as ¶ 573 in FAC]: The Answering Defendants deny that they have engaged in transactions of $5,000 or more of funds stolen, converted, or taken by fraud from Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

593.    [Misnumbered as ¶ 574 in FAC]: The Answering Defendants deny that they transferred $5,000 or more in interstate or foreign commerce knowing the same to have been

obtained by fraud. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

594.    [Misnumbered as ¶ 575 in FAC]: The Answering Defendants deny that they received $5,000 or more in interstate or foreign commerce knowing the same to have been obtained by fraud. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

**Money Laundering and Related Acts**

*Money Laundering*

595.    [Misnumbered as ¶ 576 in FAC]: The Answering Defendants deny that they have conducted or attempted to conduct various financial transactions involving funds derived from unlawful activities, including any racketeering activity. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

596.    [Misnumbered as ¶ 577 in FAC]: The Answering Defendants deny that they conducted or attempted to conduct any transactions knowing they involved the proceeds of some form of unlawful activity, or that they acted with the intent to promote the carrying on of any unlawful activity. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

597.    [Misnumbered as ¶ 578 in FAC]: The Answering Defendants deny that they conducted or attempted to conduct any transactions knowing that they involved the proceeds of unlawful activity, or that they designed any transactions to conceal or disguise the nature, location, source, ownership or control of the proceeds of any unlawful activity. The Answering

Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

598.    [Misnumbered as ¶ 579 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

599.    [Misnumbered as ¶ 580 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

_Transactions in Property Derived from Unlawful Activity_

600.    [Misnumbered as ¶ 581 in FAC]: The Answering Defendants deny that they knowingly engaged or attempted to engage in any monetary transactions in criminally derived property. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

601.    [Misnumbered as ¶ 582 in FAC]: Mark Machlis and 13 Investments deny that they knew that any sums transferred to them by Millcreek and/or its affiliated entities were criminally derived property, including the transaction identified in this paragraph. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

_Travel or Transportation in Aid of Racketeering_

602.    [Misnumbered as ¶ 583 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they have traveled in interstate or foreign commerce, or used the mail or other facilities

in interstate or foreign commerce, with intent to either distribute the proceeds of unlawful activity, or otherwise promote, manage, establish, or carry on any unlawful activity, or facilitate the same. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

603.    [Misnumbered as ¶ 584 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they have traveled in interstate or foreign commerce, or used the mail or other facilities in interstate or foreign commerce, with intent to either distribute the proceeds of unlawful activity, or otherwise promote, manage, establish, or carry on any unlawful activity, or facilitate the same. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

## FIRST CAUSE OF ACTION

**(Violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 Thereunder Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADPMillcreek 3, LLC; KGL Advisors, LLC)**

604.    [Misnumbered as ¶ 585 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

605.    [Misnumbered as ¶ 586 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they made any untrue statements of material fact or omitted material facts necessary to make the statements not misleading. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

606.    [Misnumbered as ¶ 587 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they made any material misrepresentations or omissions in connection with the offer to sell a security. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

607.    [Misnumbered as ¶ 588 in FAC]: The Answering Defendants deny that they made any material misrepresentations or omissions, and deny that the statements attributed to them in this paragraph, if any, were knowingly false. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations this paragraph and, on that basis, deny.

608.    [Misnumbered as ¶ 589 in FAC]: The Answering Defendants deny that they made any material misrepresentations or omissions, either through verbal or written correspondence with Plaintiffs or through the Marketing Materials. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

609.    [Misnumbered as ¶ 590 in FAC]: The Answering Defendants deny that they made any material misrepresentations or omissions. The Answering Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

610.    [Misnumbered as ¶ 591 in FAC]: The Answering Defendants deny that they made any material misrepresentations or omissions. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

611.    [Misnumbered as ¶ 592 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they made any misrepresentations or omissions to Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

612.    [Misnumbered as ¶ 593 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

613.    [Misnumbered as ¶ 594 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

614.    [Misnumbered as ¶ 595 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

615.    [Misnumbered as ¶ 596 in FAC]: Mark Machlis admits that he referred the Ockeys to the opportunity to invest in a TIC interest in the Lehi Property. The Answering Defendants deny that they participated, planned, furthered, or executed any of the other activities identified in this paragraph. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

616.    [Misnumbered as ¶ 597 in FAC]: The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

## SECOND CAUSE OF ACTION

***(Sale of Unregistered Securities Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Read Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Millrock Investment Fund 1, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Mark Machlis; Green Ivy Realty Inc; Lady Mira Blue Machlis; Steve Caton; SARC Draper, LLC; KGL Advisors, LLC)***

617.    [Misnumbered as ¶ 598 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

618.    [Misnumbered as ¶ 599 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

619.    [Misnumbered as ¶ 600 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments.  Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they marketed and sold the TIC interests. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

620.    [Misnumbered as ¶ 601 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they are liable to Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

621.    [Misnumbered as ¶ 602 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they are liable to Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

622.    [Misnumbered as ¶ 603 in FAC]: This Second Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Mark Machlis, Mira Machlis, and Green Ivy Realty deny that they are liable to Plaintiffs. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

## THIRD CAUSE OF ACTION

**(*Control Person Liability Under the Securities Exchange Act Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; KGL Advisors, LLC*)**

623.    [Misnumbered as ¶ 604 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they are liable under Chapter 2B of Title 15 of the United States Code, the Securities Exchange Act of 1934. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

624.    [Misnumbered as ¶ 605 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they controlled any "Liable Persons." The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

625.    [Misnumbered as ¶ 606 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they were officers, directors, agents, or other control people of entities that are identified as "Liable Persons." The Answering Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

626.     [Misnumbered as ¶ 607 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they had authority over any "Liable Persons" as employers, supervisors, or persons with the ability to affect the terms of any "Liable Person's" employment or livelihood. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

627.     [Misnumbered as ¶ 608 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they exercised any actual control over the Liable Persons. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

628.     [Misnumbered as ¶ 609 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that any Liable Persons willingly submitted to and complied with their instruction, direction, or authority. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

629.     [Misnumbered as ¶ 610 in FAC]: The Answering Defendants deny that they participated in the business operations of any Liable Persons. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

630.    [Misnumbered as ¶ 611 in FAC]: The Answering Defendants deny they had power over the specific transactions and activities at issue in the Complaint. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

631.    [Misnumbered as ¶ 612 in FAC]: The Answering Defendants deny that they did not act in good faith, and deny that their actions directly or indirectly induced the acts of any Liable Persons. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

632.    [Misnumbered as ¶ 613 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that they are jointly and severally liable with and to the same extent as the Liable Persons, and deny that Plaintiffs are therefore entitled to any judgment against the Answering Defendants. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

633.    [Misnumbered as ¶ 614 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny that Plaintiffs are entitled to any judgment or recovery against them. The Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny.

# FOURTH CAUSE OF ACTION

**(*State Law Securities Fraud Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; KGL Advisors, LLC*)**

634.    [Misnumbered as ¶ 615 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

635.    [Misnumbered as ¶ 616 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

636.    [Misnumbered as ¶ 617 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

637.    [Misnumbered as ¶ 618 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

638.    [Misnumbered as ¶ 619 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

639.    [Misnumbered as ¶ 620 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

640.    [Misnumbered as ¶ 621 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

641.    [Misnumbered as ¶ 622 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

642.    [Misnumbered as ¶ 623 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

643.    [Misnumbered as ¶ 624 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering

Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

644.    [Misnumbered as ¶ 625 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

645.    [Misnumbered as ¶ 626 in FAC]: This Fourth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

### FIFTH CAUSE OF ACTION

***(State Law Securities Violation/Sale by Unlicensed Broker or Investment Adviser Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Millrock Investment Fund 1, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Mark Machlis; Green Ivy Realty Inc; Lady Mira Blue Machlis; Steve Caton; SARC Draper, LLC; KGL Advisors, LLC )***

646.    [Misnumbered as ¶ 627 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

647.    [Misnumbered as ¶ 628 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

648.    [Misnumbered as ¶ 629 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

649.    [Misnumbered as ¶ 630 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

650.    [Misnumbered as ¶ 631 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

651.    [Misnumbered as ¶ 632 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

652.    [Misnumbered as ¶ 633 in FAC]: This Fifth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

4900-7151-2399, v. 1

## SIXTH CAUSE OF ACTION

***(Materially Aiding State-Law Securities Fraud Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; KGL Advisors, LLC )***

653.     [Misnumbered as ¶ 634 in FAC]: This Sixth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

654.     [Misnumbered as ¶ 635 in FAC]: This Sixth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

655.     [Misnumbered as ¶ 636 in FAC]: This Sixth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

656.     [Misnumbered as ¶ 637 in FAC]: This Sixth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

657.    [Misnumbered as ¶ 638 in FAC]: This Sixth Cause of Action is subject to Answering Defendants' contemporaneously filed Partial Motion to Dismiss. The Answering Defendants will answer this paragraph if required after the Court's decision on the Partial Motion to Dismiss.

## SEVENTH CAUSE OF ACTION

**(Common Law Fraud Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; Lady Mira Blue Machlis; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; KGL Advisors, LLC )**

658.    [Misnumbered as ¶ 639 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

659.    [Misnumbered as ¶ 640 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

660.    [Misnumbered as ¶ 641 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

661.    [Misnumbered as ¶ 642 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

662.    [Misnumbered as ¶ 643 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This

paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

663.     [Misnumbered as ¶ 644 in FAC]: This Seventh Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## EIGHTH CAUSE OF ACTION

**(Negligent Misrepresentation Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Group, Inc.; Colliers International Holdings (USA), Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; Lady Mira Blue Machlis; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; KGL Advisors, LLC )**

664.     [Misnumbered as ¶ 645 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

665.     [Misnumbered as ¶ 646 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

666.     [Misnumbered as ¶ 647 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

667.    [Misnumbered as ¶ 648 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

668.    [Misnumbered as ¶ 649 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

669.    [Misnumbered as ¶ 650 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

670.    [Misnumbered as ¶ 651 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

671.    [Misnumbered as ¶ 652 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

672.    [Misnumbered as ¶ 653 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

673.    [Misnumbered as ¶ 654 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

674.    [Misnumbered as ¶ 655 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

675.    [Misnumbered as ¶ 656 in FAC]: This Eighth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## NINTH CAUSE OF ACTION

**(*Breach of Fiduciary Duty Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty, Inc; Lady Mira Blue Machlis; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Robert M. Levenson; Blackacre 1031 Real Estate, LLC; KGL Advisors, LLC*)**

676.    [Misnumbered as ¶ 657 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

677.    [Misnumbered as ¶ 658 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

678.    [Misnumbered as ¶ 659 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

679.    [Misnumbered as ¶ 660 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

680.    [Misnumbered as ¶ 661 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

681.    [Misnumbered as ¶ 662 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

682.    [Misnumbered as ¶ 663 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

683.    [Misnumbered as ¶ 664 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

684.    [Misnumbered as ¶ 665 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

685.    [Misnumbered as ¶ 666 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

686.    [Misnumbered as ¶ 667 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

687.    [Misnumbered as ¶ 668 in FAC]: This Ninth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## TENTH CAUSE OF ACTION

***(Concealment/Fraudulent Nondisclosure Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty, Inc; Lady Mira Blue Machlis; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Robert M. Levenson; Blackacre 1031 Real Estate, LLC; KGL Advisors, LLC )***

688.    [Misnumbered as ¶ 669 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments.  This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

689.    [Misnumbered as ¶ 670 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

690.    [Misnumbered as ¶ 671 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny.

691.    [Misnumbered as ¶ 672 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny.

692.    [Misnumbered as ¶ 673 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

693.    [Misnumbered as ¶ 674 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

694.    [Misnumbered as ¶ 675 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. To the extent a response is required, the Answering Defendants deny.

695.    [Misnumbered as ¶ 676 in FAC]: This Tenth Cause of Action is not asserted against 13 Investments and, as such, no response is required from 13 Investments. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

4900-7151-2399, v. 1

## ELEVENTH CAUSE OF ACTION

***(Elder Abuse/Abuse of Vulnerable Adults By Plaintiffs John Weber, Gayle Weber, and Claudia Griffin Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Millrock Investment Fund 1, LLC; Blake McDougal; Spencer Taylor; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; KGL Advisors, LLC)***

696.    [Misnumbered as ¶ 677 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

697.    [Misnumbered as ¶ 678 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

698.    [Misnumbered as ¶ 679 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

699.    [Misnumbered as ¶ 680 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

700.    [Misnumbered as ¶ 681 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

701.    [Misnumbered as ¶ 682 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

702.    [Misnumbered as ¶ 683 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

703.    [Misnumbered as ¶ 684 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

704.    [Misnumbered as ¶ 685 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

705.    [Misnumbered as ¶ 686 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

706.    [Misnumbered as ¶ 687 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

707.    [Misnumbered as ¶ 688 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

4900-7151-2399, v. 1

708.    [Misnumbered as ¶ 689 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

709.    [Misnumbered as ¶ 690 in FAC]: This Eleventh Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

### TWELFTH CAUSE OF ACTION

**(*Conspiracy to Engage in Tortious Conduct Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; KGL Advisors, LLC*)**

710.    [Misnumbered as ¶ 691 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

711.    [Misnumbered as ¶ 692 in FAC]: Denied.

712.    [Misnumbered as ¶ 693 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

713.    [Misnumbered as ¶ 694 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

714.    [Misnumbered as ¶ 695 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

### THIRTEENTH CAUSE OF ACTION

***(Aiding and Abetting Tortious Conduct Against Colliers International Group, Inc.; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Kevin Long; Millcreek Commercial Properties, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, LLC; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Blake McDougal; Spencer Taylor; Spencer Strong; Brent Smith; Mark Machlis; Green Ivy Realty Inc; 13 Investments LLC; Lady Mira Blue Machlis; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; Mary Street; CAMS Realty, LLC; Mountain West Commercial, LLC; Steve Caton; SARC Draper, LLC; Robert M. Levenson; Blackacre 1031 Exchange Services, LLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; KGL Advisors, LLC)***

715.    [Misnumbered as ¶ 696 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

716.    [Misnumbered as ¶ 697 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

717.    [Misnumbered as ¶ 698 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

718.    [Misnumbered as ¶ 699 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

719.    [Misnumbered as ¶ 700 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## FOURTEENTH CAUSE OF ACTION

### (*Negligence against Colliers International Group, Inc; Colliers International Holdings (USA) Inc.; Colliers International Intermountain, LLC; Matthew Hawkins; Gil Borok; David Josker*)

720.    [Misnumbered as ¶ 701 in FAC]: This Fourteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

721.    [Misnumbered as ¶ 702 in FAC]: This Fourteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

722.    [Misnumbered as ¶ 703 in FAC]: This Fourteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

723.    [Misnumbered as ¶ 704 in FAC]: This Fourteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

724.    [Misnumbered as ¶ 705 in FAC]: This Fourteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

## FIFTEENTH CAUSE OF ACTION

### *(Violations of 18 U.S.C. § 1962(a) by All Plaintiffs Against Defendants Kevin Long; Spencer Taylor; Brent Smith; and Jerald Adam Long)*

725.    [Misnumbered as ¶ 706 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants deny.

726.    [Misnumbered as ¶ 707 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

727.    [Misnumbered as ¶ 708 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

728.    [Misnumbered as ¶ 709 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

729.    [Misnumbered as ¶ 710 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

730.    [Misnumbered as ¶ 711 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

731.    [Misnumbered as ¶ 712 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

732.    [Misnumbered as ¶ 713 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

733.    [Misnumbered as ¶ 714 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

734.    [Misnumbered as ¶ 715 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a

response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

735.    [Misnumbered as ¶ 716 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

736.    [Misnumbered as ¶ 717 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

737.    [Misnumbered as ¶ 718 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

738.    [Misnumbered as ¶ 719 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

739.    [Misnumbered as ¶ 720 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

4900-7151-2399, v. 1

740.    [Misnumbered as ¶ 721 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

741.    [Misnumbered as ¶ 722 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

742.    [Misnumbered as ¶ 723 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

743.    [Misnumbered as ¶ 724 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

744.    [Misnumbered as ¶ 725 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

745.    [Misnumbered as ¶ 726 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a

response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

746.    [Misnumbered as ¶ 727 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

747.    [Misnumbered as ¶ 728 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny.

748.    [Misnumbered as ¶ 729 in FAC]: This Fifteenth Cause of Action has not been asserted against the Answering Defendants. As such, no response is required. To the extent a response is required, the Answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph this paragraph and, on that basis, deny.

## SIXTEENTH CAUSE OF ACTION

***(Violations of 18 U.S.C. § 1962(c) by All Plaintiffs Against Colliers International Intermountain, LLC; Colliers International Holdings (USA), Inc.; Colliers International Group, Inc.; Kevin Long; Jerald Adam Long; Brent Smith; Spencer Taylor; Spencer Strong; Blake McDougal; Mark Machlis; Robert Levenson; Mary Street; Steve Caton; Millcreek Commercial Properties, LLC; KGL Advisors, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, L.L.C.; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Green Ivy Realty, Inc.; 13 Investments LLC; CAMS Realty, LLC; Mountain West Commercial, LLC; SARC Draper, LLC; ADP-Millcreek 2, LLC; and ADP-Millcreek 3, LLC)***

749.    [Misnumbered as ¶ 730 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. To the extent a response is required, the Answering Defendants deny.

750.    [Misnumbered as ¶ 731 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

751.    [Misnumbered as ¶ 732 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

752.    [Misnumbered as ¶ 733 in FAC]: This paragraph creates a defined term to which no response is required. This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. To the extent a response is required, the Answering Defendants deny.

753.    [Misnumbered as ¶ 734 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. To the extent a response is required, the Answering Defendants deny.

754.    [Misnumbered as ¶ 735 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. To the extent a response is required, the Answering Defendants deny.

755.    [Misnumbered as ¶ 736 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

756.    [Misnumbered as ¶ 737 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

757.    [Misnumbered as ¶ 738 in FAC]: This Sixteenth Cause of Action is not asserted against Mira Machlis and, as a result, no response is required from Mira Machlis. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## SEVENTEENTH CAUSE OF ACTION

***(Violations of 18 U.S.C. § 1962(d) by All Plaintiffs Against Colliers International Intermountain, LLC; Colliers International Holdings (USA), Inc.; Colliers International Group, Inc.; Kevin Long; Jerald Adam Long; Brent Smith; Spencer Taylor; Spencer Strong; Blake McDougal; Mark Machlis; Lady Blue Mira Machlis; Robert M. Levenson; Mary Street; Steve Caton; Thomas Smith; Millcreek Commercial Properties, LLC; KGL Advisors, LLC; KGL Real Estate Development, PLLC; Smart Cove, LLC; GTR Holdings, LLC; Long Holdings, L.L.C.; Millrock Investment Fund 1, LLC; Millrock Investment Fund 1 Management, LLC; Green Ivy Realty, Inc.; 13 Investments LLC; CAMS Realty, LLC; Mountain West Commercial, LLC; SARC Draper, LLC; ADP-Millcreek 2, LLC; and ADP-Millcreek 3, LLC)***

758.    [Misnumbered as ¶ 739 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

759.    [Misnumbered as ¶ 740 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

760.    [Misnumbered as ¶ 741 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

761.    [Misnumbered as ¶ 742 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

762.    [Misnumbered as ¶ 743 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

763.    [Misnumbered as ¶ 744 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## EIGHTEENTH CAUSE OF ACTION

### (*Unjust Enrichment of Defendants – All Defendants*)

764.    [Misnumbered as ¶ 745 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

765.    [Misnumbered as ¶ 746 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

766.    [Misnumbered as ¶ 747 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

4900-7151-2399, v. 1

767.     [Misnumbered as ¶ 748 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

768.     [Misnumbered as ¶ 749 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

769.     [Misnumbered as ¶ 750 in FAC]: This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Answering Defendants deny.

## PLAINTIFFS' PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response. To the extent a response is required, the Answering Defendants deny.

## <u>AFFIRMATIVE DEFENSES</u>

The Answering Defendants deny each and every allegation, title, heading, definition, count, claim, and prayer in the FAC that is not expressly admitted. The Answering Defendants also set forth the following affirmative defenses:

1.     Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.     Plaintiffs' fraud claims are barred, in whole or in part, because the Answering Defendants did not act with the requisite scienter, or with the intent to deceive, manipulate, or fraud.

4900-7151-2399, v. 1

3.    Plaintiffs' fraud claims are barred, in whole or in part, because all statements made by the Answering Defendants were true and accurate or constituted non-actionable opinion, puffery, or forward-looking statements protected under the PSLRA.

4.    Any forward-looking statements purportedly made by the Answering Defendants are protected by the PSLRA's safe harbor provisions and therefore are not actionable.

5.    Plaintiffs' fraud claims are barred, in whole or in part, because Plaintiffs did not reasonably rely or justifiably rely on any alleged misrepresentation or omission by the Answering Defendants. Any investment decisions were made independently of the Answer Defendants' conduct or statements.

6.    Plaintiffs' fraud claims are barred, in whole or in part, because the Answering Defendants did not make any false representation of material fact, nor did the Answering Defendants omit any information that the Answering Defendants had a duty to disclose.

7.    Plaintiffs' fraud claims are barred, in whole or in part, because any representations made by the Answering Defendants were true or substantially true at the time they were made, and do not give rise to a claim for fraud.

8.    Plaintiffs' fraud claims fail to meet the heightened pleading standard required under Rule 9(b) of the Federal Rules of Civil Procedure (or any equivalent and applicable state rule) or the PSLRA, which require fraud to pled with particularity, including the "who, what, when, where, and how."

9.    Plaintiffs' claims are barred, in whole or in part, because the Answering Defendants exercised reasonable care and due diligence, and acted in good faith in all dealings with Plaintiffs. Any representations purportedly made by the Answering Defendants were based on facts known at the time and made without intent to mislead or defraud.

10.    Plaintiffs' unregistered sale of securities claims are barred, in whole or in part, because the securities allegedly offered or sold were exempt from registration under applicable federal or state law.

11.    Plaintiffs' unregistered sale of securities claims are barred, in whole or in part, because Plaintiffs were sophisticated or accredited investors who had access to all material information about the investment, and therefore the policies underlying registration were not implicated.

12.    Plaintiffs' claims under state and federal securities laws are barred, in whole or in part, because the transactions at issue did not involve the offer or sale of a security.

13.    Plaintiffs' control person liability claims are barred, in whole or in part, because there is no primary violation of state or federal securities laws by any person or entity over whom the Answering Defendants allegedly exercised control.

14.    Plaintiffs' control person liability claims are barred, in whole or in part, because the Answering Defendants did not directly or indirectly control the persons or entities that allegedly committed the primary violation. Plaintiffs have not alleged and cannot establish that the Answering Defendants had actual power or influence over the specific conduct at issue.

15.    Plaintiffs' control person liability claims are barred, in whole or in part, because Plaintiffs have failed to plead or establish that the Answering Defendants culpably participated in the alleged primary violation.

16.    Plaintiffs' control person liability claims are barred, in whole or in part, because the Answering Defendants acted in good faith and did not induce, participate in, or have knowledge of any alleged securities law violation.

17.     Plaintiffs' materially aiding securities fraud claim is barred, in whole or in part, because Plaintiffs cannot establish that a primary violation of the securities laws occurred by the principal actor.

18.     Plaintiffs' materially aiding securities fraud claim is barred, in whole or in part, because the Answering Defendants did not materially aid in the alleged sale or fraud. Any involvement by the Answering Defendants was peripheral, ministerial, or unrelated to the allegedly unlawful sale of securities.

19.     Plaintiffs' materially aiding securities fraud claim is barred, in whole or in part, because the Answering Defendants did not know, and in the exercise of reasonable care could not have known, of the alleged fraudulent conduct or of the facts giving rise to liability.

20.     Plaintiffs' materially aiding securities fraud claim is barred, in whole or in part, because the Answering Defendants acted at all times in good faith, relying on reasonable due diligence, representations of others, or professional advice, and had no intent to assist in any unlawful activity.

21.     Plaintiffs lack standing to assert a materially aiding claim against the Answering Defendants because there is no legal or transactional privity, and the Answering Defendants had no direct connection to the Plaintiffs' investment decisions.

22.     Plaintiffs' negligent misrepresentation claim is barred, in whole or in part, because the Answering Defendants did not make any false or misleading misrepresentation of material fact. All representations purportedly made by the Answering Defendants were either accurate or statements or opinion or belief not actionable as misrepresentation.

23.     Plaintiffs' negligent misrepresentation claim is barred, in whole or in part, because the Answering Defendants did not owe Plaintiffs' a legal duty of care in making any alleged

representations. In the absence of a special relationship or duty to speak, the Answer Defendants cannot be liable for negligent misrepresentation.

24.    Plaintiffs' breach of fiduciary duty claim is barred, in whole or in part, because the Answering Defendants did not owe Plaintiffs a fiduciary duty.

25.    Plaintiffs' breach of fiduciary duty claim is barred, in whole or in part, because the Answering Defendants fulfilled all applicable duties of care, loyalty, and good faith.

26.    Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because the Answering Defendants had no legal or fiduciary duty to disclose the alleged facts to Plaintiffs.

27.    Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because any alleged omission was not material.

28.    Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because the Answering Defendants did not intend to deceive, mislead, or withhold any information for the purpose of inducing Plaintiffs' reliance.

29.    Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because Plaintiffs did not justifiably rely on any alleged nondisclosure. Plaintiffs had access to the relevant facts, or failed to exercise ordinary diligence to inquire, investigate, or verify the information.

30.    Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because any damages suffered by Plaintiffs were caused by Plaintiffs' own negligence, omissions, or lack of due diligence. Plaintiffs' failure to inquire or investigate precludes recovery.

4900-7151-2399, v. 1

31.     Plaintiffs' claim for concealment and/or fraudulent nondisclosure is barred, in whole or in part, because, to the extent the Answering Defendants made statements or disclosures, they were accurate, complete, and in good faith. The Answer Defendants did not conceal or withhold material facts.

32.     Plaintiffs claim for conspiracy to engage in tortious conduct is barred, in whole or in part, because the Answering Defendants did not enter into any agreement or understanding with any other party to commit a tortious or unlawful act.

33.     Plaintiffs claim for conspiracy to engage in tortious conduct fails for lack of an underlying tort.

34.     Plaintiffs claim for conspiracy to engage in tortious conduct is barred, in whole or in part, because the Answering Defendants did not commit any overt act in furtherance of the alleged conspiracy.

35.     Plaintiffs claim for conspiracy to engage in tortious conduct is barred, in whole or in part, because the Answering Defendants lacked knowledge of, and did not intend to participate in, any alleged tortious conduct.

36.     Plaintiffs claim for conspiracy to engage in tortious conduct is barred, in whole or in part, because any acts allegedly committed by the Answering Defendants were undertaken independently and not pursuant to any common scheme or plan.

37.     To the extent Plaintiffs' claim for conspiracy to engage in tortious conduct arises from alleged conduct between employees or agents of the same corporate entity, the intracorporate conspiracy doctrine bars such claims.

38.     Plaintiffs' claim for aiding and abetting tortious conduct claim is barred, in whole or in part, because the Answering Defendants did not know, and had no reason to know, of any alleged underlying tortious conduct.

39.     Plaintiffs' claim for aiding and abetting tortious conduct claim is barred, in whole or in part, because the Answering Defendants did not substantially assist or encourage any alleged tortious conduct.

40.     Plaintiffs' claim for aiding and abetting tortious conduct claim fails for failure of an underlying tort.

41.     Plaintiffs' claim for aiding and abetting tortious conduct claim is barred, in whole or in part, because all actions by the Answering Defendants were taken in good faith, in the ordinary course of business, and in compliance with applicable law.

42.     Plaintiffs' claim for aiding and abetting tortious conduct claim is barred, in whole or in part, because the Answering Defendants did not own Plaintiffs any legal duty that would support liability for aiding and abetting.

43.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because Plaintiff has not alleged and/or cannot establish a RICO "enterprise" that is distinct from the Answering Defendants or from the pattern of racketeering activity itself.

44.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because Plaintiffs cannot establish a "pattern" of racketeering activity as defined by the applicable statute.

45.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because the Answering Defendants did not commit any act that constitutes "racketeering activity" under the applicable statute.

4900-7151-2399, v. 1

46.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because the Answering Defendants lacked the requisite knowledge or intent to engage in, participate in, or further any pattern of racketeering activity.

47.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because the Answering Defendants did not conduct or participate, directly or indirectly, in the operation or management of the alleged enterprise.

48.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, to the extent it relies upon conduct that is actionable as fraud in the purchase or sale of securities.

49.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because Plaintiffs have not suffered any injury to their business or property by reason of the alleged RICO violation, as required under 18 U.S.C. § 1964(c).

50.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, to the extent the claim is based on predicate acts of fraud, because Plaintiff has failed to plead those acts with particularity.

51.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(c) are barred, in whole or in part, because the Answering Defendants actions were undertaken in good faith, in the ordinary course of legitimate business, and without any intent to facilitate criminal or racketeering conduct.

52.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(d) are barred, in whole or in part, because the Answering Defendants did not knowingly and willfully conspire with any individual or entity to violate any provision of 18 U.S.C. § 1962.

4900-7151-2399, v. 1

53.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(d) are barred, in whole or in part, because the Answering Defendants lacked knowledge of the alleged racketeering enterprise or of any agreement to engage in racketeering activity.

54.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(d) are barred, in whole or in part, because there is no viable underlying violation of § 1962(a), (b), or (c).

55.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(d) are barred, in whole or in part, because the Answering Defendants did not possess the specific intent to further or facilitate a RICO violation.

56.     Plaintiffs' claim for violations of 18 U.S.C. § 1962(d) are barred, in whole or in part, because any conduct by the Answering Defendants was lawful and undertaken independently, without any agreement or intent to further any racketeering activity or enterprise.

57.     Plaintiffs claim for unjust enrichment is barred, in whole or in part, because Plaintiffs did not confer any benefit directly or indirectly on the Answering Defendants. Any alleged benefit was incidental or conferred by a third party, and thus not actionable under a theory of unjust enrichment.

58.     Plaintiffs claim for unjust enrichment is barred, in whole or in part, because even if a benefit was conferred, the Answering Defendants' retention of the benefit was not unjust.

59.     Plaintiffs claim for unjust enrichment is barred, in whole or in part, because an express contract governs the subject matter of the alleged enrichment. Where a valid, enforceable agreement exists, a quasi-contract claim is not permitted.

60.     Plaintiffs claim for unjust enrichment is barred, in whole or in part, because Plaintiffs have not suffered any actual loss, detriment, or damage as a result of the alleged enrichment of the Answering Defendants.

61.    Plaintiffs' claims are barred, in whole or in part, because any alleged damages were not proximately caused by any act or omission of the Answering Defendants.

62.    Plaintiffs' claims are barred, in whole or in part, because any alleged losses sustained by Plaintiffs were not caused by the Answering Defendants' conduct, but rather by intervening or superseding events, market conditions, or Plaintiffs' own decisions. Plaintiffs have failed to adequately plead or prove loss causation.

63.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or repose.

64.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, or unclean hands due to Plaintiffs' own conduct or knowledge.

65.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification. Plaintiffs had knowledge of the relevant facts and either consented to, acquiesced in, or failed to object to the transaction at issue.

66.    Any damages suffered by Plaintiffs were caused, in whole or in part, by the action or omissions of Plaintiffs, other named defendants, or third parties over whom the Answer Defendants had no control or responsibility.

67.    Plaintiffs' claims fail, in whole or in part, because Plaintiffs have failed to mitigate their damages.

68.    Plaintiffs' claims, and any damages therefrom, are the result of Plaintiffs' own actions or inactions, conduct, or wrongdoing. Plaintiffs' claims are barred under the doctrines of unclean hands, fraud, estoppel, waiver, laches, acquiescence, and/or spoliation.

69.    Plaintiffs are barred from recovering attorneys' fees and costs associated with this lawsuit from the Answering Defendants.

70.     The defenses and affirmative defenses asserted herein are made upon information and belief, and the Answering Defendants reserve the right to amend their Answer to correct and add defenses as further information regarding Plaintiffs' claims become available through the course of discovery or otherwise.

## ANSWERING DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, the Answering Defendants respectfully pray for the following relief:

1.      Dismissal of all claims asserted against the Answering Defendants with prejudice;

2.      Awarding the Answering Defendants' their attorneys' fees and costs incurred in defending against the claims asserted by Plaintiffs; and

3.      For any and all such further relief as the Court deems just and equitable.

DATED:          June 20, 2025.

CLYDE SNOW & SESSIONS

*/s/ Matthew A. Steward*
Matthew A. Steward
Keith M. Woodwell
Katherine E. Pepin

*Attorneys for Defendants Mark Machlis, Green Ivy Realty, Inc., and Lady Mira Blue Machlis*