Stuart H. Schultz, #02886
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
sschultz@strongandhanni.com
*Attorneys for Defendants CAMS Realty, LLC and Mary Street*

---

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRAVIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST; <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATION GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, llc; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENVER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; | **DEFENDANTS MARY STREET AND CAMS REALTY, LLC'S ANSWER TO FIRSTAMENDED COMPLAINT** <br><br> Case No.: 2:25-CV-00162-DBB <br><br><br> Judge David Barlow |

| THOMAS SMITH; LEW CRAMER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ADP-MILLCREEK2, LLC; ADP-MILLCREEK3, LLC;<br><br>Defendants. | |

Defendants Mary Street ("Street") and CAMS Realty, LLC ("CAMS") (collectively referred to as "Answering Defendants") answer Plaintiffs First Amended Complaint ("FAC") as set forth below. In answering the allegations of the FAC, these Defendants answer the allegations made against them. They do not attempt to nor are they answering allegations directed to any other defendant.

## RESPONSE TO INTRODUCTION

The Introduction to the FAC is a lengthy narrative spanning over four pages alleging various facts regarding the development, marketing and sale of Tenant in Common ("TIC") interests in property. Neither of the Answering Defendants is named in the Introduction. Answering Defendants did not develop, market, or sell any TIC interests and deny allegations in the Introduction that might suggest that they did as well as any other allegations related to such allegations in the Introduction.

## FIRST DEFENSE

Plaintiffs' FAC fails to state a claim upon which relief may be granted against Answering Defendants.

## **SECOND DEFENSE**

Answering the allegations in the FAC, Answering Defendants admit, deny, and allege as follows:

1.  Allege they are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations and therefore deny the same (hereinafter "Deny for lack of knowledge."

2.  Deny for lack of knowledge.

3.  Deny for lack of knowledge.

4.  Deny for lack of knowledge.

5.  Deny for lack of knowledge.

6.  Deny for lack of knowledge.

7.  Deny for lack of knowledge.

8.  Deny for lack of knowledge.

9.  Deny for lack of knowledge.

10. Deny for lack of knowledge.

11. Deny for lack of knowledge.

12. Deny for lack of knowledge.

13. Deny for lack of knowledge.

14. Deny for lack of knowledge.

15. Deny for lack of knowledge.

16. Deny for lack of knowledge.

17. Deny for lack of knowledge.

18. Deny for lack of knowledge.

19. Deny for lack of knowledge.

20. Deny for lack of knowledge.

21. Deny for lack of knowledge.

22. Deny for lack of knowledge.

23. Deny for lack of knowledge.

24. Deny for lack of knowledge.

25. Deny for lack of knowledge.

26. Deny for lack of knowledge.

27. Deny for lack of knowledge.

28. Deny for lack of knowledge.

29. Deny for lack of knowledge.

30. Deny for lack of knowledge.

31. Deny for lack of knowledge.

32. Deny for lack of knowledge.

33. Deny for lack of knowledge.

34. Deny for lack of knowledge.

35. Deny for lack of knowledge.

36. Deny for lack of knowledge.

37. Deny for lack of knowledge.

38. Deny for lack of knowledge.

39. Deny for lack of knowledge.

40. Deny for lack of knowledge.

41. Deny for lack of knowledge.

42. Deny for lack of knowledge.

43. Deny for lack of knowledge.

44. Deny for lack of knowledge.

45. Deny for lack of knowledge.

46. Deny for lack of knowledge.

47. Admit, on information and belief.

48. Deny for lack of knowledge.

49. Deny for lack of knowledge.

50. Deny for lack of knowledge.

51. Deny for lack of knowledge.

52. Deny for lack of knowledge.

53. Deny for lack of knowledge.

54. Deny for lack of knowledge.

55. Deny for lack of knowledge.

56. Deny for lack of knowledge.

57. Deny for lack of knowledge.

58. Deny for lack of knowledge.

59. Deny for lack of knowledge.

60. Deny for lack of knowledge.

61. Deny as to these Answering Defendants and deny the remainder for lack of knowledge.

62. Answering Defendants note that Plaintiffs have designated certain persons as "Colliers/Long Parties" in the FAC. Otherwise, deny for lack of knowledge.

63. Deny for lack of knowledge.

64. Deny for lack of knowledge.

65. Deny for lack of knowledge.

66. Deny for lack of knowledge.

67. Deny for lack of knowledge.

68. Deny for lack of knowledge.

69. Deny for lack of knowledge.

70. Deny for lack of knowledge.

71. Deny for lack of knowledge.

72. Deny for lack of knowledge.

73. Deny for lack of knowledge.

74. Admit that Mary Street is an individual residing in Utah. Deny the remainder.

75. Admit the first sentence. Admit that Street is the managing member of CAMS and that Street was CAMS' representative and agent and deny the remainder for lack of knowledge.

76. Admit that Mountain West Commercial, LLC is a Utah limited liability company and deny the remainder for lack of knowledge.

77. Deny for lack of knowledge.

78. Deny for lack of knowledge.

79. Deny for lack of knowledge.

80. Deny for lack of knowledge.

81. Deny for lack of knowledge.

82. Deny for lack of knowledge.

83. Answering Defendants note that Plaintiffs have designated certain persons as Pine Bluff Plaintiffs in the FAC and otherwise deny for lack of knowledge.

84. Deny for lack of knowledge.

85. Deny for lack of knowledge.

86. Deny for lack of knowledge.

87. Deny for lack of knowledge.

88. Answering Defendants note that Plaintiffs have designated certain persons as Draper Plaintiffs in the FAC and otherwise deny for lack of knowledge.

89. Deny for lack of knowledge.

90. Deny for lack of knowledge.

91. Deny for lack of knowledge.

92. Answering Defendants note that Plaintiffs have designated certain persons as Lehi Plaintiffs in the FAC and otherwise deny for lack of knowledge.

93. Answering Defendants note that Plaintiffs have designated certain persons as Crockett Plaintiffs in the FAC and otherwise deny for lack of knowledge.

94. Deny for lack of knowledge.

95. Deny for lack of knowledge.

96. Deny for lack of knowledge.

97. Deny for lack of knowledge.

98. Deny for lack of knowledge.

99. Deny for lack of knowledge.

100.  Deny for lack of knowledge.

101.  Deny for lack of knowledge.

102.  Deny for lack of knowledge.

103.  Deny for lack of knowledge.

104.  Deny for lack of knowledge.

105.  Deny for lack of knowledge.

106.  Deny for lack of knowledge.

107.  Deny for lack of knowledge.

108.  Deny for lack of knowledge.

109.  Deny for lack of knowledge.

110.  Answering Defendants note that Plaintiffs have designated certain persons as "HSH Parties" in the FAC and otherwise deny for lack of knowledge.

111.  Deny for lack of knowledge.

112.  Deny for lack of knowledge.

113.  Deny for lack of knowledge.

114.  Deny for lack of knowledge.

115.  Deny for lack of knowledge.

116.  Deny for lack of knowledge.

117. Answering Defendants note that Plaintiffs have designated certain persons as "Neuragenex" or the "Neuragenex Parties" in the FAC and otherwise deny for lack of knowledge.

118. Deny for lack of knowledge.

119. Deny for lack of knowledge.

120. Deny for lack of knowledge.

121. Answering Defendants note that Plaintiffs have designated certain persons as "Pulse Healthcare" or the "Pulse Healthcare Parties" in the FAC and otherwise deny for lack of knowledge.

122. Deny for lack of knowledge.

123. Deny for lack of knowledge.

124. Deny for lack of knowledge.

125. Deny for lack of knowledge.

126. Deny for lack of knowledge.

127. Deny for lack of knowledge.

128. Deny for lack of knowledge.

129. Deny for lack of knowledge.

130. Deny for lack of knowledge.

131. Deny for lack of knowledge.

132. Deny for lack of knowledge.

133. Answering Defendants note that Plaintiffs have designated certain persons as "Advisors" in the FAC and otherwise deny for lack of knowledge.

134.   Deny for lack of knowledge.

135.   Admit, on information and belief.

136.   Deny for lack of knowledge.

137.   Admit that Street was at one time formerly an Associate Broker and Senior Vice President at CBC Advisors and deny that it had any relevance to Plaintiffs.

138.   Admit that Long, Fugal, Cramer, and Street, among others are in the photograph and deny the remainder for lack of knowledge.

139.   Deny for lack of knowledge.

140.   Deny for lack of knowledge.

141.   Deny for lack of knowledge.

142.   Deny for lack of knowledge.

143.   Deny for lack of knowledge.

144.    Deny for lack of knowledge.

145.   Deny for lack of knowledge.

146.   Deny for lack of knowledge.

147.   Deny for lack of knowledge.

148.   Deny for lack of knowledge.

149.   Deny for lack of knowledge.

150.   Deny for lack of knowledge.

151.   Deny for lack of knowledge.

152.   Deny for lack of knowledge.

153.   Deny for lack of knowledge.

154.  Deny for lack of knowledge.

155.  Deny for lack of knowledge.

156.  Deny for lack of knowledge.

157.  Deny for lack of knowledge.

158.  Deny for lack of knowledge.

159.  Deny for lack of knowledge.

160.  Deny for lack of knowledge.

161.  Deny for lack of knowledge.

162.  Admit that Street was an Associate Broker at Colliers International prior to May 2020 and had a title on a business card that stated executive vice president and otherwise deny for lack of knowledge.

163.  Admit.

164.  Admit.

165.  Admit.

166.  Answering Defendants state that paragraph 166 is vague and ambiguous as to the wording "In or about 2020," and therefore deny for lack of knowledge.

167.  Admit.

168.  Deny for lack of knowledge.

169.  Deny for lack of knowledge.

170.  Deny for lack of knowledge.

171.  Deny for lack of knowledge.

172. Paragraph 172 asserts legal conclusions which require no answer. To the extent an answer may be required, Answering Defendants allege that the law speaks for itself and deny any allegations inconsistent therewith.

173. Paragraph 173 asserts a legal conclusion which requires no answer. To the extent an answer may be required, Answering Defendants allege that the law speaks for itself and deny any allegation inconsistent therewith.

174. Paragraph 174 asserts a legal conclusion which requires no answer. To the extent an answer may be required, Answering Defendants allege that the law speaks for itself and deny any allegation inconsistent therewith.

175. Deny for lack of knowledge.

176. Deny for lack of knowledge.

177. Deny for lack of knowledge.

178. Deny for lack of knowledge.

179. Deny for lack of knowledge.

180. Deny for lack of knowledge.

181. Deny for lack of knowledge.

182. Deny for lack of knowledge.

183. Deny for lack of knowledge.

184. Deny for lack of knowledge.

185. Deny for lack of knowledge.

186. Deny for lack of knowledge.

187. Deny for lack of knowledge.

188.  Deny for lack of knowledge.

189.  Deny for lack of knowledge.

190.  Deny for lack of knowledge.

191.  Deny for lack of knowledge.

192.  Deny for lack of knowledge.

193.  Deny for lack of knowledge.

194.  Deny for lack of knowledge.

195.  Deny for lack of knowledge.

196.  Deny for lack of knowledge.

197.  Deny for lack of knowledge.

198.  Deny for lack of knowledge.

199.  Deny for lack of knowledge.

200.  Deny for lack of knowledge.

201.  Deny for lack of knowledge.

202.  Deny for lack of knowledge.

203.  Deny for lack of knowledge.

204.  Deny for lack of knowledge.

205.  Deny for lack of knowledge.

206.  Deny for lack of knowledge.

207.  Deny for lack of knowledge.

208.  Deny for lack of knowledge.

209.  Deny for lack of knowledge.

210. Deny for lack of knowledge.

211. Deny for lack of knowledge.

212. Deny for lack of knowledge.

213. Deny for lack of knowledge.

214. Deny for lack of knowledge.

215. Deny for lack of knowledge.

216. Deny for lack of knowledge.

217. Deny for lack of knowledge.

218. Deny for lack of knowledge.

219. Deny for lack of knowledge.

220. Deny for lack of knowledge.

221. Deny for lack of knowledge.

222. Deny for lack of knowledge.

223. Deny for lack of knowledge.

224. Deny for lack of knowledge.

225. Deny for lack of knowledge.

226. Deny for lack of knowledge.

227. Deny for lack of knowledge.

228. Deny for lack of knowledge.

229. Deny for lack of knowledge.

230. Deny for lack of knowledge.

231. Deny for lack of knowledge.

232.    Deny for lack of knowledge.

233.    Deny for lack of knowledge.

234.    Deny for lack of knowledge.

235.    Deny for lack of knowledge.

236.    Deny for lack of knowledge.

237.    Deny for lack of knowledge.

238.    Deny for lack of knowledge.

239.    Deny for lack of knowledge.

240.    Deny for lack of knowledge.

241.    Deny for lack of knowledge.

242.    Deny for lack of knowledge.

243.    Deny for lack of knowledge.

244.    Deny for lack of knowledge.

245.    Deny for lack of knowledge.

246.    Deny for lack of knowledge.

247.    Deny for lack of knowledge.

248.    Deny for lack of knowledge.

249.    Deny for lack of knowledge.

250.    Deny for lack of knowledge.

251.    Deny for lack of knowledge.

252.    Deny for lack of knowledge.

253.    Deny for lack of knowledge.

254.  Deny for lack of knowledge.

255.  Deny for lack of knowledge.

256.  Deny for lack of knowledge.

257.  Deny for lack of knowledge.

258.  Deny for lack of knowledge.

259.  Deny for lack of knowledge.

260.  Deny for lack of knowledge.

261.  Deny for lack of knowledge.

262.  Admit that CAMS Realty was the lease administrator on the identified properties, deny that Mary Street was the lease administrator, admit that neither Mary Street nor CAMS Realty was involved in the marketing, promotion, sale, advertising, or representations regarding the TIC sale and purchases and deny the remaining allegations for lack of knowledge.

263.  Admit that Mary Street was and is a neutral, professional, trustworthy third-party who acted in the TIC owners' best interests, allege that multiple TIC owners have in fact confirmed the same, deny that she was personally the lease administrator, and deny the remainder for lack of knowledge.

264.   Deny.

265.  Deny.

266.  Deny for lack of knowledge.

267.  Deny for lack of knowledge.

268.  Deny for lack of knowledge.

269.   Deny for lack of knowledge.

270.   Deny for lack of knowledge.

271.   Deny for lack of knowledge.

272.   Deny for lack of knowledge.

273.   Deny for lack of knowledge.

274.   Deny for lack of knowledge.

275.   Deny for lack of knowledge.

276.   Deny for lack of knowledge.

277.   Deny for lack of knowledge.

278.   Deny for lack of knowledge.

279.   Deny for lack of knowledge.

280.   Deny for lack of knowledge.

281.   Deny for lack of knowledge.

282.   Deny for lack of knowledge.

283.   Deny for lack of knowledge.

284.   Deny for lack of knowledge.

285.   Deny for lack of knowledge.

286.   Deny for lack of knowledge.

287.   Deny for lack of knowledge.

288.   Deny for lack of knowledge.

289.   Deny for lack of knowledge.

290.   Deny for lack of knowledge.

291.  Deny for lack of knowledge.

292.  Deny for lack of knowledge.

293.  Deny for lack of knowledge.

294.  Deny for lack of knowledge.

295.  Deny for lack of knowledge.

296.  Deny for lack of knowledge.

297.  Deny for lack of knowledge.

298.  Deny for lack of knowledge.

299.  Deny for lack of knowledge.

300.  Deny for lack of knowledge.

301.  Deny for lack of knowledge.

302.  Deny for lack of knowledge.

303.  Deny for lack of knowledge.

304.  Deny for lack of knowledge.

305.  Deny for lack of knowledge.

306.  Deny for lack of knowledge.

307.  Deny for lack of knowledge.

308.  Deny for lack of knowledge.

309.  Deny for lack of knowledge.

310.  Deny for lack of knowledge.

311.  Deny for lack of knowledge.

312.  Deny for lack of knowledge.

313.  Deny for lack of knowledge.

314.  Deny for lack of knowledge.

315.  Deny for lack of knowledge.

316.  Deny for lack of knowledge.

317.  Deny for lack of knowledge.

318.  Deny for lack of knowledge.

319.  Deny for lack of knowledge.

320.  Deny for lack of knowledge.

321.  Deny for lack of knowledge.

322.  Deny for lack of knowledge.

323.  Deny for lack of knowledge.

324.  Deny for lack of knowledge.

325.  Deny for lack of knowledge.

326.  Deny for lack of knowledge.

327.  Deny for lack of knowledge.

328.  Deny for lack of knowledge.

329.  Deny for lack of knowledge.

330.  Deny for lack of knowledge.

331.  Deny for lack of knowledge.

332.  Deny for lack of knowledge.

333.  Deny for lack of knowledge.

334.  Deny for lack of knowledge.

335.   Deny for lack of knowledge.

336.   Deny for lack of knowledge.

337.   Deny for lack of knowledge.

338.   Deny for lack of knowledge.

339.   Deny for lack of knowledge.

340.   Deny for lack of knowledge.

341.   Deny for lack of knowledge.

342.   Deny for lack of knowledge.

343.   Deny for lack of knowledge.

344.   Deny for lack of knowledge.

345.   Deny for lack of knowledge.

346.   Deny for lack of knowledge.

347.   Deny for lack of knowledge.

348.   Deny for lack of knowledge.

349.   Deny for lack of knowledge.

350.   Deny for lack of knowledge.

351.   Deny for lack of knowledge.

352.   Deny for lack of knowledge.

353.   Deny for lack of knowledge.

354.   Deny for lack of knowledge.

355.   Deny for lack of knowledge.

356.   Deny for lack of knowledge.

284.[1] – 302. Deny for lack of knowledge.

357.    Deny for lack of knowledge.

358.    Deny for lack of knowledge.

359.    Deny for lack of knowledge.

360.    Deny for lack of knowledge.

361.    Deny for lack of knowledge.

362.    Deny for lack of knowledge.

363.    Deny for lack of knowledge.

364.    Deny for lack of knowledge.

365.    Deny for lack of knowledge.

366.    Deny for lack of knowledge.

367.    Deny for lack of knowledge.

368.    Deny for lack of knowledge.

369.    Deny for lack of knowledge.

370.    Deny for lack of knowledge.

371.    Deny for lack of knowledge.

372.    Deny for lack of knowledge.

373.    Deny for lack of knowledge.

374.    Deny for lack of knowledge.

375.    Deny for lack of knowledge.

---

[1] The FAC's numbering changes to 284 after paragraph 356.

376.   Deny for lack of knowledge.

377.   Deny for lack of knowledge.

378.   Deny for lack of knowledge.

379.   Deny for lack of knowledge.

380.   Deny for lack of knowledge.

381.   Deny for lack of knowledge.

382.   Deny for lack of knowledge.

383.   Deny for lack of knowledge.

384.   Deny for lack of knowledge.

385.   Deny for lack of knowledge.

386.   Admit that HSMG was late paying rent as to Pine Bluff and Draper and deny the remainder for lack of knowledge.

387.   Admit that on December 20, 2021, Street emailed the owners of several properties regarding potential resolution of the rent payment issue, which email speaks for itself, and deny any allegations inconsistent therewith and deny the remainder for lack of knowledge.

388.   Deny for lack of knowledge.

389.   Deny for lack of knowledge.

390.   Deny for lack of knowledge.

391.   Deny for lack of knowledge.

392.   Deny for lack of knowledge.

393.   Deny for lack of knowledge.

394.  Deny for lack of knowledge.

395.  Deny for lack of knowledge.

396.  Deny for lack of knowledge.

397.  Deny for lack of knowledge.

398.  Deny for lack of knowledge.

399.  Deny for lack of knowledge.

400.  Deny for lack of knowledge.

401.  Deny for lack of knowledge.

402.  Deny for lack of knowledge.

403.  Deny for lack of knowledge.

404.  Deny for lack of knowledge.

405.  Admit that the tenant for Pine Bluff failed to pay rent in September 2022 and deny the remainder for lack of knowledge.

406.  Admit that as of October 2022, HSH was in default on the Draper and other properties and deny the remainder for lack of knowledge.

407.  Admit that CAMS Realty as lease administrator on various properties facilitated receipt of rent payments and distribution to the TIC owners and deny all remaining allegations.

408.  Admit that Mary Street acted diligently and in TIC owners' best interests, kept TIC owners informed of their interests, including rental and late fee payments and deny all remaining allegations.

409.  Allege that the lease documents speak for themselves and deny any allegation inconsistent therewith.

410. Deny for lack of knowledge.

411. Allege that the lease documents speak for themselves and deny any allegation inconsistent therewith.

412. Deny for lack of knowledge.

413. Deny for lack of knowledge.

414. Deny for lack of knowledge.

415. Deny for lack of knowledge.

416. Deny for lack of knowledge.

417. Deny for lack of knowledge.

418. Deny for lack of knowledge.

419. Deny for lack of knowledge.

420. Admit, on information and belief, but allege that a bond was issued by another company.

421. Deny for lack of knowledge.

422. The terms of a triple-net lease speak for themselves and deny any allegations inconsistent therewith.

423. Deny for lack of knowledge.

424. Admit that HSH entered bankruptcy in the United States Bankruptcy Court for the District of Delaware, case no. 23-11458-JTD, and denies the remainder for lack of knowledge.

425. Deny for lack of knowledge.

426. Deny for lack of knowledge.

427. Deny for lack of knowledge.

428.   Deny for lack of knowledge.

429.   Deny for lack of knowledge.

430.   Deny for lack of knowledge.

431.   Deny for lack of knowledge.

432.   Deny for lack of knowledge.

433.   Deny for lack of knowledge.

434.   Deny for lack of knowledge.

435.   Deny for lack of knowledge.

436.   Deny for lack of knowledge.

437.   Deny for lack of knowledge.

438.   Deny for lack of knowledge.

439.   Deny for lack of knowledge.

440.   Deny for lack of knowledge.

441.   Deny for lack of knowledge.

442.   Deny for lack of knowledge.

443.   Deny for lack of knowledge.

444.   Deny for lack of knowledge.

445.   Deny for lack of knowledge.

446.   Deny for lack of knowledge.

447.   Deny for lack of knowledge.

448.   Deny for lack of knowledge.

449.   Deny for lack of knowledge.

450.   Deny for lack of knowledge.

451.   Deny for lack of knowledge.

452.   Deny for lack of knowledge.

453.   Admit.

454.   Admit that this was the information provided by Neuragenex.

455.   Allege that information provided by Street speaks for itself and deny any allegations inconsistent therewith.

456.   Deny for lack of knowledge.

457.   Deny for lack of knowledge.

458.   Deny for lack of knowledge.

459.   Admit.

460.   Deny for lack of knowledge.

461.   Deny for lack of knowledge.

462.   Deny for lack of knowledge.

463.   Deny for lack of knowledge.

464.   Deny for lack of knowledge.

465.   Deny for lack of knowledge.

466.   Deny for lack of knowledge.

467.   Deny for lack of knowledge.

468.   Deny for lack of knowledge.

469.   Deny for lack of knowledge.

470.   Deny for lack of knowledge.

471. Deny for lack of knowledge.

472. Deny for lack of knowledge.

473. Deny for lack of knowledge.

474. Deny for lack of knowledge.

475. Deny for lack of knowledge.

476. Deny for lack of knowledge.

477. Admit Pulse was late but deny Pulse failed to pay rent.

478. Deny for lack of knowledge.

479. Deny for lack of knowledge.

480. Allege that Long's email speaks for itself and deny any allegations inconsistent therewith.

481. Deny for lack of knowledge.

482. Deny that Street was property manager, allege that Long's email speaks for itself and deny any allegations inconsistent therewith.

483. Deny for lack of knowledge.

484. Allege that the court records speak for themselves and deny any allegations contrary thereto.

485. Allege that Long's email speaks for itself and deny any allegations inconsistent therewith, deny that Street administered the lease and allege that CAMS Realty was the Lease Administrator, and admit that neither Street nor CAMS Realty managed the property.

486. Deny for lack of knowledge.

487. Deny for lack of knowledge.

488. Deny for lack of knowledge.

489. Deny for lack of knowledge.

490. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

491. Deny for lack of knowledge.

492. Deny for lack of knowledge.

493. Deny for lack of knowledge.

494. Deny for lack of knowledge.

495. Deny for lack of knowledge.

496. Deny for lack of knowledge.

497. Admit that Street and CAMS had no contact with any Plaintiffs until after the Plaintiffs had closed the purchases of their TIC interests, deny that Street and CAMS were property managers, admit that CAMS was the Lease Administrator and deny all other allegations.

498. Deny for lack of knowledge.

499. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

500. Deny.

501. Deny.

502. Deny.

503. Deny.

504. Deny.

505.  Deny, except to admit, that upon the advice of the owners' counsel, keys were not provided because the tenant's right of possession had not been terminated.

506.  Deny.

507.  Admit that the contractually-agreed upon rate was charged due to tenant's default, and otherwise deny for lack of knowledge.

508.  Allege that the terms of any lease speak for themselves and deny any allegations inconsistent therewith.

509.  Allege that the terms of any lease speak for themselves and deny any allegations inconsistent therewith.

510.  Deny.

511.  Deny.

512.  Deny.

513.  Deny.

514.  Deny all claims against Answering Defendants and deny the remainder for lack of knowledge.

515.  Deny any "deflection," and as such, deny.

516.  Deny.

517.  Deny for lack of knowledge.

518.  Deny for lack of knowledge.

519.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

520.  Deny for lack of knowledge.

521.  Deny for lack of knowledge.

522.   Deny for lack of knowledge.

523.   Deny for lack of knowledge.

524.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

525.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

526.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

527.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

528.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

529.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

530.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

531.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

532.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

533.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

534.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

535.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

536.   Deny for lack of knowledge.

537.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

538.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

539.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

540.   Deny for lack of knowledge.

541.   Deny.

542.   Deny.

543.   Deny.

544.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

545.    Deny for lack of knowledge.

546.    Admit, on information and belief.

547.    Deny for lack of knowledge.

548.    Deny for lack of knowledge.

549.    Deny for lack of knowledge.

550.    Deny for lack of knowledge.

551.    Deny for lack of knowledge.

552.    Deny for lack of knowledge.

553.    Deny for lack of knowledge.

554.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

555.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

556.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

557.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

558.    Admit only those requirements as set forth in contract and deny all allegations inconsistent therewith.

559.    Paragraph 559 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

560.    Paragraph 560 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

561.    Paragraph 561 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

562.  Deny for lack of knowledge what a search of the NMLS database revealed.

563.  Paragraph 563 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

564.  Paragraph 564 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

565.  Paragraph 565 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

566.  Paragraph 566 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

567.  Deny.

568.  Deny.

569.  Deny for lack of knowledge.

570.  Deny for lack of knowledge.

571.  Deny for lack of knowledge.

572.  Deny for lack of knowledge.

573.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

574.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

575.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

576.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

577.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

578.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

579.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

580.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

581.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

582.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

583.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

584.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

585.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

586.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

587.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

588.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

589.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

590.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

591.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

592.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

593.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

594.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

595.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

596.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

597.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

598.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

599.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

600.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

601.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

602.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

603.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

604.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

605.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

606.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

607.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

608.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

609.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

610.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

611.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

612.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

613.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

614.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

615.  Paragraph 615 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

616.  Paragraph 616 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

617.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

618.  Deny for lack of knowledge.

619.  Deny for lack of knowledge.

620.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

621.  Paragraph 621 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

622.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

623.  Paragraph 623 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

624.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

625.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

626.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

627.  Paragraph 627 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

628.  Paragraph 628 asserts legal conclusions which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

629.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

630.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

631.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

632.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

633.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

634.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

635.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

636.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

637.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

638.  Deny as to Answering Defendants and deny the remainder for lack of knowledge.

639.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

640.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

641.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

642.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

643.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

644.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

645.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

646.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

647.    Paragraph 647 asserts legal allegations which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

648.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

649.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

650.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

651.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

652.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

653.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

654.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

655.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

656.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

657.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

658.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

659.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

660. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

661. Paragraph 661 asserts legal allegations which require no answer. To the extent an answer is required, Answering Defendants deny for lack of knowledge.

662. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

663. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

664. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

665. Allege that paragraph 665 is overly broad, vague and ambiguous as to persons, times, places, events, and contractual agreements and therefore deny for lack of knowledge.

666. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

667. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

668. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

669. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

670. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

671. Admit only those terms as set forth in written contracts and deny all allegations inconsistent therewith and deny the remainder for lack of knowledge.

672. Allege that paragraph 672 is overly broad, vague and ambiguous, lacks specificity as to persons, times, places, events, and contractual agreements and therefore deny these allegations and deny these Answering Defendants concealed or fraudulently failed to disclose.

673. Deny for lack of knowledge.

674. Deny for lack of knowledge.

675. Deny for lack of knowledge.

676. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

677. Deny for lack of knowledge.

678. Deny for lack of knowledge.

679. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

680. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

681. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

682. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

683. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

684. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

685. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

686. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

687. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

688. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

689. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

690. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

691. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

692. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

693. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

694. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

695. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

696. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

697. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

698.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

699.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

700.   Deny as to Answering Defendants and deny the remainder for lack of knowledge.

701.   Deny for lack of knowledge.

702.   Deny for lack of knowledge.

703.   Deny for lack of knowledge.

704.   Deny for lack of knowledge.

705.   Deny for lack of knowledge.

706.   Deny for lack of knowledge.

707.   Deny for lack of knowledge.

708.   Deny for lack of knowledge.

709.   Deny for lack of knowledge.

710.   Deny for lack of knowledge.

711.   Deny for lack of knowledge.

712.   Deny for lack of knowledge.

713.   Deny for lack of knowledge.

714.   Deny for lack of knowledge.

715.   Deny for lack of knowledge.

716.   Deny for lack of knowledge.

717.   Deny for lack of knowledge.

718.   Deny for lack of knowledge.

719.   Deny for lack of knowledge.

720. Deny for lack of knowledge.

721. Deny for lack of knowledge.

722. Deny for lack of knowledge.

723. Deny for lack of knowledge.

724. Deny for lack of knowledge.

725. Deny for lack of knowledge.

726. Deny for lack of knowledge.

727. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

728. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

729. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

730. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

731. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

732. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

733. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

734. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

735. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

736. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

737. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

738. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

739. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

740. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

741. Deny as to Answering Defendants and deny the remainder for lack of knowledge.

742.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

743.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

744.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

745.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

746.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

747.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

748.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

749.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

750.    Deny as to Answering Defendants and deny the remainder for lack of knowledge.

## THIRD DEFENSE

Answering Defendants deny all allegations not expressly admitted, including parts of the FAC's DEMAND FOR RELIEF.

## FOURTH DEFENSE

Answering Defendants deny all allegations purporting to assert that they were involved in any way in the marketing, promotion, sale or representations related to the marketing, promotion or sale of any TIC interests to plaintiffs and incorporates this denial into their answers to every specific paragraph asserting such allegations.

## FIFTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred for failure to plead with the particularity required under Rule 9(b), Fed. R. Civ. P., with respect to all fraud-based claims or claims based on misrepresentation.

## SIXTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims may be barred to the extent the evidence may show Plaintiffs' unclean hands, bad faith, wrongful conduct or failure to do equity.

## SEVENTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred to the extent the evidence may show a failure to mitigate damages.

## EIGHTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are without merit because Answering Defendants did not sell a security or real estate to Plaintiffs, did not make any representations to Plaintiffs, and Plaintiffs did not rely on any statement made by Answering Defendants in allegedly purchasing a security.

## NINTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims fail to meet the legal or factual standard for recovery of punitive damages under constitutional, statutory, or common law provisions.

## TENTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are or may be barred to the extent the evidence may show accord and satisfaction, estoppel, judicial

estoppel, judicial admission, release, consent, acquiescence, laches, ratification, offset, lack of consideration, and waiver.

## ELEVENTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that with respect to Plaintiffs' claims under Section 10(b) of the Securities and Exchange Act, recovery is limited to the percentage of responsibility of Answering Defendants, if any, (which responsibility is denied) pursuant to the Proportionate Liability provisions of 15 U.S.C. 78u-4(f).

## TWELFTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' damages are subject to and limited by the provisions of 15 U.S.C. 78u-4(e).

## THIRTEENTH DEFENSE

Answering Defendants reserve their right to seek their attorney fees pursuant to applicable Utah law, 28 U.S.C. § 1927, and/or the court's inherent power.

## FOURTEENTH DEFENSE

The alleged securities and the subject transactions, to the extent that they are deemed securities, are subject to exemptions from registration, whether self-executing or otherwise.

## FIFTEENTH DEFENSE

The alleged securities are not securities under federal or state law.

## SIXTEENTH DEFENSE

Plaintiffs' claims against CAMS are without merit because the alleged wrongful conduct was the conduct of others, including the conduct of Plaintiffs and their own fault.

## SEVENTEENTH DEFENSE

Plaintiffs have failed to satisfy the pleading and substantive requirements of the Private Securities Litigation Reform Act of 1995.

## EIGHTEENTH DEFENSE

Answering Defendants allege that they did not have the requisite scienter required for liability.

## NINTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to join one or more necessary and indispensable parties.

## TWENTIETH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-821 to the extent of any fault attributable to Plaintiffs or any of them.

## TWENTY-FIRST DEFENSE

As a separate and affirmative defense, Answering Defendants allege that any fault of Answering Defendants, which fault is expressly denied, may not exceed the percentage of fault attributable to Answering Defendants pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-821.

## TWENTY-SECOND DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, to the extent the evidence may show there are other persons or entities whose fault proximately caused Plaintiffs' alleged damages, and Answering Defendants

reserve the right to specifically identify any other persons or entities to whom fault may be allocated on any special verdict pursuant to Rule 9(l), Utah Rules of Civil Procedure, Utah Code Ann. §§ 78B-5-817 through 78B-5-821, and specifically Utah Code Ann. § 78B-5-821(4).

### TWENTY-THIRD DEFENSE

As a separate and affirmative defense, Answering Defendants allege that to the extent the facts discovered are applicable, Plaintiffs' claims are barred, in whole or in part, due to intervening and superseding causes.

### TWENTY-FOURTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, to the extent the economic loss doctrine is applicable.

### TWENTY-FIFTH DEFENSE

As a separate and affirmative defense, Answering Defendants allege Plaintiffs' claim for unjust enrichment are barred because of an express contract.

### TWENTY-SIXTH DEFENSE

Answering Defendants reserve the right to assert additional affirmative defenses which may become apparent through discovery and the litigation.

WHEREFORE, Answering Defendants having answered Plaintiffs FAC, pray that the same be dismissed, that Plaintiffs take nothing thereon, for Answering Defendants' costs, attorney fees, interest and such other and further relief to the court seems just and equitable.

DATED this 7th day of July 2025.

STRONG & HANNI

*/s/ Stuart H. Schultz*

_____

Stuart H. Schultz
*Attorney for Defendants Mary Street and CAMS*


## CERTIFICATE OF MAILING

I hereby certify that on this 7th day of July 2025, a true and correct copy of the foregoing

**DEFENDANTS MARY STREET AND CAMS REALTY, LLC'S ANSWER TO**

**FIRSTAMENDED COMPLAINT** was sent via the method listed below to the following:

| | |
|---|---|
| Andrew G. Deiss, #7184 | (  )  U.S. Mail, Postage Prepaid |
| Corey D. Riley, #16935 | (  )  Hand Delivery |
| Andrew D. Miller, #19625 | (  )  Overnight Mail |
| DEISS LAW PC | (  )  E-mail |
| 10 West 100 South, Suite 700 | (X)  E-filing Notification |
| Salt Lake City, UT 84101 | |
| deiss@deisslaw.com | |
| criley@deisslaw.com | |
| amiller@deisslaw.com | |
| *Attorneys for Plaintiffs* | |

*/s/ LaNae Holland*

_____

.