THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; et al., | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ALTERNATIVE SERVICE ROBERT LEVENSON |
| Plaintiffs, | |
| v. | |
| COLLIERS INTERNATIONAL GROUP, INC.; et al., | Case No. 2:25-cv-00162-DB-DBP |
| | District Judge David Barlow |
| Defendants. | |
| | Chief Magistrate Judge Dustin B. Pead |

Plaintiffs move the court for an order permitting alternative service of Defendant Robert Levenson.[1] The court will deny the motion as set forth herein.

Under the Federal Rules the court may allow service as permitted by Utah Law. *See* Fed. R. Civ. P. 4(e)(1). Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[2]

"A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the

---

[1] ECF No. 57.

[2] Utah R. Civ. P. 4(d)(5)(A).

projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...."[3]

This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[4]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought.... [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[5]

Here Plaintiffs provide the following in support of their motion. They have "attempted to serve Defendant Robert Levenson personally and as the registered agent of Defendant Blackacre 1031 Exchange Services, but the attempt was not successful."[6] A private investigator was hired to locate a potential service address, but the address had a house that was vacant. Thus, email service is warranted.

The court is not persuaded that Plaintiffs' motion meets the applicable standards. There is no affidavit or declaration offered by Plaintiffs setting forth the efforts made to identify, locate, and serve the party. Or much detail offered regarding why the circumstances make it impracticable to serve Mr. Levenson. Rather, Plaintiffs presume reasonable efforts have been made without making the required showings.

---

[3] *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.*, 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004)).

[4] *Id.*

[5] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950).

[6] Motion at 3.

Accordingly, Plaintiffs' Motion for alternative service as to Defendant Robert Levenson is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 1 August 2025.

_____
Dustin B. Pead
United States Magistrate Judge