Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST;<br><br>*Plaintiffs,*<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; | **MOTION FOR ADDITIONAL TIME TO SERVE AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00162<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC;<br><br>    *Defendants.* | |

By and through undersigned counsel and pursuant to Fed R. Civ. P. 4(m), Plaintiffs respectfully move the Court to extend the time to serve their Amended Complaint by 60 days on those Defendants not yet served.

**RELIEF REQUESTED AND GROUNDS FOR RELIEF**

Plaintiffs request the Court extend, by 60 days, the time for them to serve their Amended Complaint on the following Defendants: Colliers International Group, Inc.; Millcreek Commercial Properties LLC; Millrock Investment Fund 1 Management, LLC; Thomas Smith; Lew Cramer; Jerald Adam Long; KGL Real Estate Development, PLLC; KGL Advisors, LLC; Steve Caton; SARC Draper, LLC; ADP-Millcreek 2, LLC; ADP-

Millcreek 3, LLC; Matthew Hawkins; Gil Borok; David Josker; Smart Cove; Long Holdings; Robert M. Levenson; and Blackacre 1031 Exchange Services.

Under Fed. R. Civ. P. 4(m), a plaintiff must serve their complaint on the defendants within 90 days. If not, upon a showing of good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A defendant "avoiding or evading service of process may constitute 'good cause,' requiring a mandatory extension of time in which to serve. *Hendry v. Schneider,* 116 F.3d 446, 449 (10th Cir.1997)." *Salazar v. City of Albuquerque,* 278 F.R.D. 623, 627 (D.N.M. 2011).

Even if good cause is not shown, the court may still in its discretion grant a "permissive extension" after considering factors such as whether plaintiff has made a good-faith attempt to serve, whether the defendant has actual notice of the claims, and whether a defendant can show actual prejudice caused by the delay in service. *McClellan v. Bd. of Cnty. Comm'rs of Tulsa Cnty.,* 261 F.R.D. 595, 604–05 (N.D. Okla. 2009).

The Amended Complaint was filed on March 4, 2025 (ECF No. 4). In anticipation of the first 90-day deadline on June 2, 2025, and after successfully serving numerous Defendants, Plaintiffs filed the Motion for Additional Time to Serve Amended Complaint on the remaining Defendants (ECF No. 33), which was granted with the new deadline falling on August 1, 2025. *See* ECF No. 35. Since this time, through diligent continued efforts, Plaintiffs have served Defendants Colliers International Holdings (USA), Inc. Brent Smith, GTR Holdings LLC, and Millrock Investment Fund 1, however, despite

these diligent efforts they have been unable to serve some Defendants and seek an additional 60-day extension to serve the remaining Defendants, until September 30, 2025.

Good cause exists to extend the time for Plaintiffs to serve remaining Defendants. Since the filing of the Amended Complaint, Plaintiffs have made and are making diligent efforts to serve all Defendants, detailed herein.  Declaration of Andrew G. Deiss and exhibits thereto, attached.  Additionally, for most of the yet-unserved Defendants, it is highly likely that they have actual notice of the claims against them in this action, and highly unlikely that they would be prejudiced by an extension of time to serve them. Plaintiffs have continued to make diligent efforts to serve the remaining unserved Defendants, including by the following:

- Defendant Colliers International Group, Inc. is a parent company of Defendant Colliers International Intermountain, LLC.  Previously, Plaintiffs contacted Colliers International Intermountain, LLC's counsel requesting a waiver of service with respect to this Defendants' parent companies, but Defendant's counsel declined to accept or waive service for the parent companies. Plaintiffs successfully served the other parent company, Colliers International Holdings (USA) Inc., and engaged a process server to serve Colliers International Group, Inc., a Canada corporation.  Declaration of Andrew G. Deiss, ¶¶ 7-12.  On August 1, 2025, shortly before the filing of this motion, Plaintiff's counsel was contacted

by counsel for Colliers International Group, Inc. indicating that they had been served and requesting an extension of time to file their response to Plaintiffs' Amended Complaint. *Id.* ¶¶ 8-9. For the avoidance of doubt and because Plaintiffs do not currently have proof of service, Plaintiffs request that the Court extend the time to serve Colliers International Group, Inc. *Id.*

- Defendants Lew Cramer, Matthew Hawkins, Gil Borok, and David Josker are executives of the Colliers companies that are Defendants in this case. As with the parent companies, Colliers International Intermountain, LLC's counsel declined to accept service on behalf of these Defendants. Mr. Cramer, Mr. Hawkins, Mr. Borok, and Mr. Josker likely have actual notice of the case, particularly because Colliers' USA-level parent company (Colliers International Holdings (USA), Inc.) has been successfully served and its international parent company, Colliers International Group Inc. likewise indicated that it has been served. These Defendants' semi-public status also complicates efforts at personal service due to difficulty in locating a home address or similar location and other personal information to serve them.
    - o Plaintiffs have learned that Mr. Cramer, a former resident of Utah, is likely residing in the United Kingdom currently. They have thus far been unable to ascertain Mr. Cramer's address for service in the United Kingdom but are engaged in diligent efforts to do so. *Id.* ¶¶ 17.

- As indicated in their last motion for an extension of time to serve, Plaintiffs engaged a process server in July, 2025, to personally serve Mr. Hawkins, believed to be a resident of Canada. The results of those attempts are not yet known. *Id.* ¶¶ 7-12.

- As indicated in their last motion for an extension of time to serve, Plaintiffs engaged a process server to serve Mr. Josker personally at Colliers' offices at 6324 Canoga Ave, Woodland Hills, CA 91367. *Id.* ¶¶ 13-15 and Exhibits B and C thereto. On July 26, 2025, at 4:53 PM, Plaintiffs attempted service at this address but received no answer at the door. *Id.* and Exhibit B thereto. Plaintiffs again tried service the next day around 7:44 PM and there was again no answer. *Id.* and Exhibit B thereto. On July 28, 2025, Plaintiffs attempted service again, this time at 9:11 AM, speaking with an individual who identified themselves as the front desk, who stated that Mr. Josker was employed there but not available at the time. *Id.* and Exhibit B thereto. On July 29, 2025, at 11:30 AM, Plaintiffs spoke with an individual who identified themselves as building security, who also stated that Mr. Josker was employed but not available at this time. *Id.* and Exhibit B thereto. Security representatives at the location of attempted service stated that he is only available by appointment and refused to accept service. *Id.* and Exhibit B thereto.

- o   As indicated in their last motion for an extension of time to serve, Plaintiffs have engaged a process server to serve Mr. Borok personally at Colliers' offices at 6324 Canoga Ave, Woodland Hills, CA 91367. *Id.* ¶¶ 13-15 and Exhibit C thereto.  On July 26, 2025, at 4:55 PM, Plaintiffs attempted service at this address but received no answer at the door. *Id.* and Exhibit C thereto.  Plaintiffs again tried service the next day around 7:43 PM and there was again no answer. *Id.* and Exhibit C thereto.  On July 28, 2025, Plaintiffs attempted service again, this time at 9:14 AM, this time speaking with an individual identifying themself as the front desk associate, but they stated that Mr. Borok was unknown to them. Reception at the front desk of the location of Mr. Borok's attempted service denied having any knowledge of him.  *Id.* and Exhibit C thereto.
- Kevin Long is the registered agent of Defendants KGL Advisors LLC, KGL Real Estate Development PLLC, and Millrock Investment Fund 1 Management LLC. He is also believed to be the agent and representative of Defendants ADP-Millcreek 2 LLC and ADP-Millcreek 3 LLC.  Kevin Long is also the registered agent for Millcreek Commercial Properties LLC.  Millcreek Commercial Properties has been named as a defendant in substantially related cases where its counsel has withdrawn.  In at least one such case, Millcreek's default has been entered. Existing counsel for Mr. Long indicated they would not assist in serving these

entities through Mr. Long as their registered agent/principal. Plaintiffs have made seven attempts to personally serve these Defendants through Mr. Long, most recently on July 23, 2025, and July 31, 2025, all unsuccessful. Declaration of Andrew G. Deiss, ¶¶ 18-21. On previous attempts the process server chose not to serve Mr. Long's wife at their residence despite finding her, and subsequently Plaintiffs specifically instructed the process server to serve her if possible. *Id.* Mr. Long as an individual Defendant has already been served in this action, and it therefore appears certain that he and these Defendant entities have actual notice of the Amended Complaint and the claims against them. The report from the process server indicates that it is likely Mr. Long is avoiding accepting service on behalf of these Defendants. Plaintiffs intend to file a motion requesting leave to serve these entities by alternative means and so request an extension of time to serve them.

- Defendant Robert Levenson is also the registered agent of Defendant Blackacre 1031 Exchange Services whom Plaintiffs have engaged a private investigator to locate but who has thus far been unsuccessful. *Id.* ¶ 23.

- Defendant Jerald Adam Long is also a principal of Defendant Long Holdings. On July 21, 2025, Plaintiffs engaged a private investigator at Salt Lake Investigations to perform address searches for these Defendants in order to serve them. The results of that investigation are still pending. Jerald Adam Long is Defendant

    Kevin Long's son, and it seems virtually impossible that he does not have actual notice of the claims against him in this action.

- Previously, Plaintiffs attempted to serve Defendant Thomas Smith through John Keiter, believed to be his prior counsel. Mr. Keiter did not accept service but directed Plaintiffs to other counsel believed to represent Mr. Smith, who likewise declined to accept service. *Id.* ¶ 21. Plaintiffs have since attempted personal service twice at Thomas Smith's residence, once on July 30, 2025, then again on July 31, 2025, but thus far the attempts have been unsuccessful. *Id.* ¶ 22. Defendant Thomas Smith is Defendant Brent Smith's father, who has been successfully served, and so it is highly likely that Thomas Smith has actual notice of the claims against him.

- Defendant Steve Caton is also the principal of Defendant SARC Draper, LLC. Plaintiffs contacted counsel believed to represent these Defendants, who indicated they did not and could not accept service. Plaintiffs contracted a private investigator on July 21, 2025, to locate potential addresses for service, which effort is still ongoing. *Id.* ¶ 16.

- Counsel for Defendant Smart Cove and Plaintiffs are in the process of ongoing discussions potentially leading to settlement. Plaintiffs have granted extensions for Defendants Spencer Taylor and Smart Cove to file their responses to Plaintiffs Amended Complaint, in part because of the progress of discussions, until

September 18, 2025. Because Plaintiffs are actively engaged in settlement discussions with counsel for these Defendants, it is certain that they have actual notice of the claims against them.

As set forth above, Plaintiffs have exercised diligence in serving Defendants and continue to do so. Further, it is highly likely that most or all of the remaining Defendants have actual knowledge of the claims against them in this action as described herein, and it is unlikely they will suffer prejudice from the requested extension. Good cause exists to extend the time for service to be made on remaining Defendants so that Plaintiff's claims against them can be adjudicated on the merits.

RESPECTFULLY SUBMITTED this August 1, August 1, 2025.

DEISS LAW, P.C.

*/s/ Andrew G. Deiss*
Andrew G. Deiss
Corey D. Riley
Andrew D. Miller
*Attorneys for Plaintiffs*