Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC., ET AL, <br><br> *Defendants.* | **MOTION TO EXTEND TIME FOR PLAINTIFFS TO FILE OPPOSITION TO DEFENDANT KEVIN G. LONG'S PARTIAL MOTION TO DISMISS** <br><br> Case No. 2:25-cv-00162 <br><br> District Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

### RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs request an extension of time to file their opposition to Defendant Kevin Long's pending partial Motion to Dismiss (ECF No. 45), based upon good cause and excusable neglect, as shown herein, until August 11, 2025 or three days after the Court's ruling on this Motion, whichever is later.  Counsel for Long have stated that they will not oppose this Motion.

## STATEMENT OF FACTS

1. Defendant Kevin Long filed his partial Motion to Dismiss on June 23, 2025. Under the rules, Plaintiffs' response was due July 21, 2025. *See* DUCivR 7-1(a)(4)(A)(iii).

2. On July 15, 2025, six days prior to the response due date, counsel for Plaintiffs requested a two-week extension, until August 4, 2025. Exhibit A, Email Communication and Attachments.

3. Long's counsel agreed to the extension in writing via email and asked Plaintiffs to circulate a draft stipulated motion to that effect. *Id.*

4. Plaintiffs circulated a draft stipulated motion on July 16, 2025. *Id.*

5. Long's counsel did not respond to the email that circulated a draft stipulated motion to Plaintiffs' counsels' knowledge.

6. Plaintiffs' counsel did not follow up with Long's counsel seeking approval of the stipulated motion draft, and the stipulated motion was not filed.

7. On August 1, 2025, three days prior to what they erroneously believed was the new due date, Plaintiffs' counsel reached out to Long's counsel requesting another week's extension, until August 11, 2025. Exhibit B, Declaration of Andrew G. Deiss, ¶ 3.

8. Long's counsel stated that their understanding was the due date was the same as it originally was by the Court's calendar: July 21, 2025. Therefore, they said,

Plaintiffs' response was overdue, and they were not in a position to join in a stipulated motion. *Id.* ¶¶ 4-5.

9.     However, Long's counsel stated, they would not oppose Plaintiffs' unilateral motion for an extension until August 11, 2025. *Id.* ¶¶ 6-7.

## ARGUMENT

**The Applicable Equitable "Excusable Neglect" Standard.**

Pursuant to Fed. R. Civ. P. 6(b)(1), the court may, for good cause, extend the time for an act to be done. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), if the request to extend the time is made after the time has expired, it must also be shown that "the party failed to act because of excusable neglect." Therefore, "[u]nder Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing if the party files a motion showing that the delay was the result of 'excusable neglect.'" *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024), *cert. denied,* 145 S. Ct. 771, 220 L. Ed. 2d 273 (2024).

The excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include […] the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993); *see also City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046*

*(10th Cir.1994)*; *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

The Supreme Court discussed excusable neglect as follows in *Pioneer*: "[T]he Rule grants a reprieve to out-of-time filings that were delayed by 'neglect.' The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*' Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. […] [B]y empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness[.]" *Id.*, 1495.

**The Circumstances Constitute Excusable Neglect, and Good Cause Exists for the Requested Extension.**

Here, both good cause and excusable neglect exist, and accordingly, Plaintiffs respectfully request that the Court grant the brief extension requested.

Good cause exists because the extension will allow Defendant Long's partial Motion to Dismiss to be decided on the merits instead of by default. Defendant Long's partial Motion to Dismiss seeks dismissal of Plaintiffs' second cause of action with respect to each and all Plaintiffs. The additional time will permit Plaintiffs to conduct the analysis and inquiry necessary to adequately respond. Plaintiffs have not delayed

in preparing their response during the relevant time frame, but simply request additional time.

Plaintiffs' counsel admittedly failed to obtain written approval of the draft stipulated motion that was circulated after obtaining consent to the extension. However, Plaintiffs did attempt to obtain a further extension on August 1, 2025, to which Defendants' counsel stated they would not stipulate but also would not oppose. However, this was excusable under the rule and under the equitable factors described in *Pioneer*, and so the requested extension is appropriate. *Id.*, 1495.

First, Plaintiffs have "acted in good faith." *Id.* They proactively sought both extensions in advance, the first one in advance of the July 21, 2025 deadline, and the second in advance of what they erroneously believed to be the August 4, 2025 deadline. Plaintiffs began preparing their response well before the July 21, 2025 deadline and so have not inappropriately delayed in their efforts to respond.

Second, the relatively small "length of the delay and its potential impact on judicial proceedings" weigh in Plaintiffs' favor. *Id.* The case is in its early stages; many Defendants have not yet entered their initial pleadings and some Defendants have not yet been served. A brief delay in responding to one Defendants' partial Motion to Dismiss (in total, three weeks past the original July 21, 2025 deadline) will not unduly impede the progress of this litigation.

Third, and for the same reasons, the factor weighing potential "danger of prejudice to [opposing parties]" weighs in Plaintiffs' favor. *Id.* Defendant Long's

counsel has indicated that they will not oppose the requested extension.  Exhibit B, Declaration of Andrew G. Deiss, ¶¶ 6-7.

Fourth and finally, "the reason for the delay, including whether it was within the reasonable control of the movant," weighs in favor of the requested extension. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993).  Plaintiffs' counsel, despite requesting and obtaining an extension and circulating a draft stipulated motion to that effect, did not follow up with Long's counsel, who had not responded either way to the circulated draft.  Here, "all relevant circumstances surrounding [the Plaintiffs'] omission" strongly support the conclusion that Plaintiffs' mistake was the excusable type which rule 6(b)(1)(B) specifically contemplates. *Id*.  Circumstances such as these are ones where "the courts [are] permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness[.]" *Id.*

Thus, while Plaintiffs did not timely file the stipulated motion for an extension, this was excusable under the rule, and there is good cause to grant the requested extension.

## **CONCLUSION**

For the foregoing reasons showing good cause and excusable neglect, Plaintiffs respectfully request that the Motion be granted and Plaintiffs have until August 11, 2025, or three days after the Court's ruling on this Motion, whichever is later, to file their response to Defendant Long's partial Motion to Dismiss.  A proposed Order granting this motion is filed herewith.

DATED this August 4, 2025.

                                  DEISS LAW PC

                                  By: */s/ Andrew G. Deiss*

                                  Andrew G. Deiss
                                  Corey D. Riley
                                  Andrew D. Miller
                                  *Attorneys for Plaintiffs*