Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
Deiss Law P.C.
10 West 100 South, Suite 700
Salt Lake City, UT  84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEBER, et, al, <br><br> Plaintiffs, <br><br> v. <br> COLLIERS INTERNATIONAL GROUP, INC., et, al, <br><br> Defendants. | **PLAINTIFFS' RESPONSE TO DEFENDANT KEVIN LONG'S PARTIAL MOTION TO DISMISS** <br><br> Case No. 2:25-cv-00162-DBB-DBP <br><br> Judge: David Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and DUCivR 7-1, Plaintiffs respond to Defendant Kevin Long's Motion to Dismiss Second Cause of Action (the Motion), Dkt. 45, as follows:

## INTRODUCTION

The statutes of repose and limitation do not bar the failure to register claims brought by Bryson Ockey, Kristine Ockey, Claudia Griffin, Eric Stam, and

1

The Betty L. Griffin 1999 Revocable Trust. To that end, Plaintiffs have filed concurrently herewith a motion to amend the complaint, adding allegations to clarify the approximate dates on which the Plaintiffs discovered they were defrauded. Under the doctrine of equitable tolling, these Plaintiffs claims were timely, because they have adequately detailed Defendants concealment of the fraudulent nature of the securities.

## RELEVANT FACTS

1. Defendant Kevin Long and others designed, marketed, and perpetuated a real estate investment program in which they sold fractional ownership of commercial real property ("tenant-in-common" or "TIC" interest) to the public. First Amended Complaint (FAC), Dkt. 4 ¶ 99.

2. The investment program offered the tax advantages of IRS Code Section 1031. That is, the Colliers/Long Parties marketed the program to people who were seeking to invest funds from the sale of another property. In principle, Section 1031 allows the person to invest the profits from one real property sale into second property without paying capital gains tax. FAC ¶ 172.

3. The Colliers/Long Parties marketed a portfolio of several commercial properties, with "dream tenants" locked into long-term leases, secured with bonds, insured by Lloyds of London. FAC ¶¶ 120, 306, 354. Kevin

    Long and others billed the program as a means to generate passive income without landlord responsibilities and taxes and maintenance paid for by the tenant. FAC ¶ 309. Over the term of the lease, the Colliers/Long Parties claimed an average return of 7.25% for the Lehi Property and approximately 6% for the Crockett Property. FAC ¶¶ 306, 309.

4. These and other statements of material fact were false, including that the tenant could not service the 20-year lease and there was no bond from Lloyds of London. FAC ¶¶ 296, 301.

5. Plaintiffs Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in November, 2022. FAC ¶ 376.e.

6. Plaintiffs Claudia Griffin and Eric Stamm, through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in December 2022. FAC ¶ 376.g.

7. Plaintiffs Claudia Griffin and Eric Stamm, through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property on November 21, 2022. FAC ¶ 376.f.

8. The foregoing TIC interests were not registered as securities by the filing of a registration statement, nor were they exempt under the 1933 Securities Act. FAC ¶ 170.

9. Following the sales of the foregoing TIC interests, Defendants Kevin Long, Mary Street and others concealed the fraudulent nature of the investment, by, among other things, assuring diligent representation to pursue rent and late fees from the tenants. FAC ¶ 476.

10. Defendants Kevin Long, Brent Smith, and Mary Street failed to timely disclose: tenant defaults, that others were lending money to tenants to cover rent payments, and that the investments were substantially overvalued. FAC ¶ 554. Defendants Kevin Long, Brent Smith, and Mary Street refused to provide bank statements and keys to access the properties. *Id.*

11. As a result of the Defendants deliberate concealment of the fraudulent enterprise, Plaintiffs Bryson and Kristine Ockey discovered they were defrauded on around May 17, 2024. Proposed Second Amended Complaint (SAC) ¶ 477.

12. As a result of the Defendants deliberate concealment of the fraudulent enterprise, Plaintiffs Claudia Griffin, Eric Stamm, and The Betty L. Griffin 1999 Revocable Trust discovered they were defrauded in around April 2024. SAC ¶ 478.

13. The initial Complaint was filed in this case on March 5, 2025. Dkt 1.

**ARGUMENT**

"A rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling [plaintiff] to relief under the theory of recovery." *Gray v. Oracle Corp.*, 2005 WL 3132344, *1 (D. Utah 2005) (citation and internal quotation marks omitted). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Id.* "In reviewing the sufficiency of a complaint, the issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his or her] claims." *Id.* Put another way, pleading requirements "do not require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citation omitted).

1. **The Lehi and Crockett Owners' Unregistered Securities Claims Are Timely Under the Doctrine of Equitable Tolling.**

The Court should deny the Motion, in part, because the unregistered securities claims brought by Plaintiffs Bryson Ockey, Kristine Ockey (the Ockeys), Claudia Griffin, Eric Stamm, and The Betty L. Griffin 1999 Revocable Trust (the Griffin/Stamm Family) are timely. Applying the doctrine of equitable

tolling, the claims were filed within one year of these Plaintiffs' discovery of the fraudulent scheme. Therefore, the claims are not time-barred.[1]

A one-year statute of limitations period applies to claims brought under Section 12(a)(1) of the Securities Act, which provides that "[n]o action shall be maintained to enforce any liability … unless brought within one year after the violation upon which it is based." 15 U.S.C. § 77m.

"[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (cleaned up). At the motion to dismiss stage, "plaintiffs' allegations, asserting affirmative conduct to conceal the fraud, are sufficient to invoke the doctrine of equitable tolling[.]" *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1042 (10th Cir. 1980). The FAC alleges sufficient facts to establish that equitable tolling is appropriate.

Here, the violations occurred on the dates when the unregistered securities (the TIC interests) were sold: November 15, 2022, for the Ockeys; and November 21, 2022 for the Griffin/Stamm Family. However, due to complex

---

[1] Based on the three-year statute of repose, Plaintiffs do not oppose dismissal of the second cause of action for unregistered securities violations brought by Plaintiffs John Weber, Gayle Weber, Club Fitness, Inc., Peter Ross Weber, Yolanda Alagracia Cosme de Weber, David Elton, Alyce Weber, and James Blaisdell.

nature of the security sold and the litany of misrepresentations, omissions, and concealment carried on by the Defendants, before and after the sale, the triggering date should be extended to the date on which the Ockeys and the Griffin/Stamm Family discovered they were defrauded: May 2024 for the Ockeys and April 2024 for the Griffin/Stamm Family.

The FAC details a complex scheme with dozens of contributors, including organizations such as Colliers International and Lloyds of London. At the outset, the scheme used the short (180) timeline required under IRS Code Section 1031 to reduce investors' ability to conduct due diligence before the sale. FAC ¶ 174. Defendants, including Kevin Long, marketed the investment as "safe, stable, and secure"—as well as "all gain, no-pain." FAC ¶ 224. Plaintiffs had little time to investigate and were given constant assurance about the quality of the investment, backed by the large, reputable companies. Moreover, Colliers/Long Parties were selling property investments all across the country, taking millions of dollars' worth of retirement savings. FAC ¶¶ 99, 529. The size and complexity of this scheme cannot be overstated.

From there, the Colliers/Long Defendants retained control of the properties. After the tenants defaulted on their lease payments, the Colliers/Long Defendants marketed the properties at an overinflated rent rate and property value, thereby concealing the overinflated amounts they were

selling to the TIC owners. FAC ¶ 475. By staying directly involved, the Colliers/Long Defendants perpetuated the fraudulent enterprise—maintaining control of the information passed on to dozens of TIC owners, including Plaintiffs. For example, between October 2023 and February 2024, Kevin Long sent emails to Crockett Owners with false representations about the financial stability of a tenant that went into bankruptcy shortly thereafter. FAC ¶ 549. Conduct like this continued from the date of the sale until Plaintiffs discovered the nature of the fraud in April and May of 2024. SAC ¶¶ 477-478.

As alleged, the scale of fraudulent activity is extraordinary for purposes of equitable tolling—and filing within one year of discovery meets the diligence requirement. The First Amended Complaint and proposed Second Amended Complaint are replete with allegations about the ways in which Defendants unlawfully concealed their fraudulent behavior. At this stage, that it is sufficient to apply the equitable tolling doctrine, which extends the triggering date for the statute of limitations until April and May of 2024 (less than one year before the March 3, 2025 filing date).

## CONCLUSION

The Motion should be denied with regard to the Ockeys and the Griffin/Stamm Family because they pursued this action in a diligent and timely

manner after discovery they were victims of a fraudulent scheme. It would be unjust to apply the one year statute of limitations in these circumstances.

RESPECTFULLY SUBMITTED this August 11, 2025

>*/s/ Corey D. Riley*
>Andrew G. Deiss
>Corey Riley
>Andrew D. Miller
>*Attorneys for Plaintiffs*