Andrew G. Deiss (Utah Bar # 7184)
Corey D. Riley (Utah Bar # 16935)
Andrew D. Miller (Utah Bar # 19625)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Telephone: (801) 433-0226
deiss@deisslaw.com
criley@deisslaw.com
amiller@deisslaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JOHN WEBER; et, al; <br><br> Plaintiffs, <br><br> v. <br><br> COLLIERS INTERNATIONAL GROUP, INC. et, al, <br><br> Defendants. | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> Case No. 2:25-cv-00162 <br><br> Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

By and through undersigned counsel, Plaintiffs John Weber; Gayle Weber; Club Fitness, Inc.; Peter Ross Weber; Yolanda Altagracia Cosme De Weber; Compostela Limited, LLC; David Elton; Alyce Weber; James Blaisdell; Bryson Ockey; Kristine Ockey; Claudia Griffin; Eric Stamm; The Betty L. Griffin 1999 Revocable Trust (collectively, "Plaintiffs") hereby move the Court for leave to

file a Second Amended Complaint. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit A.

## RELIEF REQUESTED AND GROUNDS FOR RELIEF

Plaintiffs seek leave to file a Second Amended Complaint, a proposed form of which is attached hereto as Exhibit A. A redline showing the proposed changes is attached as Exhibit B. The grounds for relief are that Fed. R. Civ. P. 15(a)(2) provides that leave to amend should be freely given "when justice so requires." In this case, the proposed Second Amended Complaint adds additional factual detail supporting claims subject to heightened pleading standards. Good cause exists because the proposed Second Amended Complaint provides a more complete, accurate, and detailed statement of Plaintiffs' claims. Additionally, the Second Amended Complaint alleges additional facts showing that applicable statutes of limitations should be equitably tolled.  Exhibit B, Redline, ¶¶ 477-483, 504-508.  Therefore, the amendment would be proper to facilitate presentation of the claims on the merits without causing prejudice to the nonmoving parties.

## ARGUMENT

Fed. R. Civ. P. 15 (a)(2) allows amendment of pleading with leave of the Court and adds that "[t]he court should freely give leave when justice so requires." In the Tenth Circuit, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Prejudice to opposing parties is generally the most important factor in deciding whether to grant leave to amend, *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006), and courts will typically find prejudice "only when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment.'" *Bylin*, 568 F.3d at 1229 (quoting *Minter*, 451 F.3d at 1208). The standard for amendment is particularly liberal where the case is in its "infancy," and the parties have not conducted the Rule 26 (f) attorneys' planning meeting, proposed pretrial and trial deadlines, made initial disclosures, or propounded discovery. *See Property Solutions International, Inc. v. Yardi Systems, Inc.*, 2016 WL 1411357, at *2 (D. Utah 2016).

As set forth above, the proposed Second Amended Complaint will facilitate a determination of the Plaintiffs' claims on the merits. This case is still in the early stages, as Defendants are still being served, filing threshold motions, and preparing their responses to Plaintiffs' pleadings, and so will face no undue prejudice thereby.

Additionally, the amendments would not be futile. They provide additional factual detail showing that applicable statutes of limitations should be equitably tolled. Exhibit B, Redline, ¶¶ 477-483, 504-508. Because the amendments would not be futile, and no undue prejudice would result, "justice [] requires" leave for Plaintiffs to amend their operative pleading. Fed. R. Civ. P. 15 (a)(2).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs urge the Court to grant the Motion and allow leave to file the proposed Second Amended Complaint, a form of which is attached, both in clean and redline form.

RESPECTFULLY SUBMITTED this August 11, 2025.

Deiss Law, P.C.


*/s/ Corey D. Riley*
Andrew G. Deiss
Corey D. Riley
Andrew D. Miller
*Attorneys for Plaintiffs*