WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
ANDREW R. WELCH, #14028
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Andrew.Welch@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC,*
*Colliers International Holdings (USA), and Colliers International Group*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST; | **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S MOTION TO DISMISS** |
| Plaintiffs, | Civil No. 2:25-cv-00162 |
| V. | Judge David Barlow |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW | |

1

| HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC; ,  Defendants. | |

Defendants Colliers International Intermountain, LLC, Colliers International Holdings (USA), and Colliers International Group ("Colliers Defendants"), hereby move that the Court dismiss various claims contained in Plaintiffs' Amended Complaint. Colliers International Holdings and Colliers International Group move to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2).

Additionally, Colliers Defendants move to dismiss the Pine Bluff and Draper Plaintiffs' First and Third Causes of Action due to failure to comply with the statutes of limitations. Colliers Defendants also move to dismiss the Second cause of action as to all Plaintiffs for failure to comply with the statute of limitations. Colliers Defendants also move to dismiss the Fourth, Fifth, and Sixth causes of action brought under state law because Tenant in Common ("TIC") agreements are not "securities" under Utah law and Plaintiffs failed to sufficiently plead alternative state statutes. Colliers Defendants also alternatively move to dismiss portions of Plaintiffs' Fourth, Fifth, and Sixth causes of action for failure to state claim upon which relief can be granted under the various state statutes. Colliers Defendants also request that the Court similarly dismiss Plaintiffs' Eighth and Fourteenth Causes of Action for failure to meet the statute of limitations. In

2

addition, Colliers Defendants request that the Court dismiss Plaintiffs John and Gayle Weber's as well as Claudia Griffin's cause of action for elder abuse as they were not the purchasers of any property or securities. The Motion to dismiss is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Relevant Facts

The following facts are taken from Plaintiff's Amended Complaint and the Court's Docket:

1.      According to the Amended Complaint, "Colliers International Holding USA, Inc. ('Colliers USA') is a Delaware Corporation that is the majority member of Colliers International Mountain LLC." [Amended Complaint, ¶ 1].

2.      Additionally, Colliers International Group, Inc. is a Canadian Corporation with its principal place of business in Toronto and is an owner of Colliers International Mountain according to the Complaint. [Amended Complaint, ¶ 1].

3.      "Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased an 11.508% interest in the Pine Buff Property in about April 2020." [Amended Complaint, ¶ 376.a].

4.      John, Gayle, and Club Fitness are all located in Utah and are referred to as the Pine Bluff Plaintiffs in the Complaint. [Amended Complaint, ¶'s 80-83].

5.      "Plaintiffs Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited, LLC purchased a 2.515% interest in the Draper Property in about January 2021." [Amended Complaint, ¶ 376.b].

6.      Ross is John and Gayle's son. [Amended Complaint, ¶ 84].

7.      Compostella Limited, LLC is a Wyoming limited liability company, and Ross and Yolanda are its members. [Amended Complaint, ¶ 85].

8.      "David Elton and Alyce Weber purchased a 2.5354% interest in the Draper Property in or about November 2021." [Amended Complaint, ¶ 376.c].

9.      David and Alyce live in Washington. [Amended Complaint, ¶ 86].

10.     "James Blaisdell purchased a 2.963 interest in the Draper Property in or about January 2021." [Amended Complaint, ¶ 376.d].

11.     James is a resident of California. [Amended Complaint, ¶ 87].

12.     Collectively, the Amended Complaint refers to each plaintiff who bought a share in the Draper Property as the "Draper Plaintiffs." [Amended Complaint, ¶ 88].

13.     "Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022." [Amended Complaint, ¶ 376.e].

14.     "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property in about late 2022." [Amended Complaint, ¶376.f].

15.     "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in about late 2022." [Amended Complaint, ¶ 376.g].

16.     Claudia Griffin, Eric Stamm, and Betty L. Griffin 1999 Revocable Trust are all domiciled in Colorado. [Amended Complaint, ¶'s 90-91].

17.     According to paragraph 90 of the Amended Complaint, Claudia Griffin is 61 and Eric Stamm is 67 years of age. [Amended Complaint, ¶ 91].

18.     The Amended Complaint states that in July 2021 Ross Weber and David Elton visited the Draper Property, and it was apparent then that the promised renovations were behind schedule. [Amended Complaint, ¶ 396, 397].

19.    In October 2021, Draper Property owners were told that the already late renovations would be complete by mid-late December 2021. [Amended Complaint, ¶ 400].

20.    By September 2022, the HSH parties defaulted at the Pine Bluff Property. [[Amended Complaint, ¶ 405].

21.    Similarly, by October 2022, the HSH defaulted at the Draper Property. [Amended Complaint, ¶ 406].

22.    Plaintiff filed their first Complaint on March 4, 2025. [Dkt. 1].

## Legal Argument

## I.    The Court lacks personal jurisdiction over Colliers International Holdings and Colliers International Group, Inc.

Due process requires minimum contacts between the forum state and defendants before a court can exercise personal jurisdiction. *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985). For general jurisdiction, courts require that the defendant's affiliations with the forum state to be so continuous and systematic as to render them "essentially at home" in the state. *Old Republic Insurance Company v. Continental Motors, Inc.*, 877 F.3d 895 (2017). This can be established by where a corporation is domiciled or has its principal place of business. *Id.* Courts can also have specific jurisdiction where the defendant has directed activities toward the forum state so as to purposefully avail "itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *MFS Series Trust III ex rel. MFS Municipal High Income Fund v. Grainger*, 96 P.3d 927, 931 ¶ 10 (Utah 2004).

Neither Colliers International Holdings nor Colliers International Group are domiciled in or have their principal place of business in Utah, and Plaintiffs do not allege that they do. Nor do Plaintiffs allege that either of these entities directed activity towards the forum state of Utah.

Instead, Plaintiff has only alleged, that Colliers International Holdings is a majority member of Colliers International Mountain and that Colliers International Group controlled their activities. However, mere allegations of control person liability, without regard to minimum contacts, are insufficient to establish personal jurisdiction. *MFS Series Trust III* , 96 P.3d at 932-933 ¶ 20-21. Plaintiff has failed to plead minimum contacts with either entity. Colliers International Holdings and Colliers International Group are not proper defendants in this lawsuit and should be dismissed.

**II.    Plaintiffs have numerous claims for which they have failed to state a cause of action upon which relief can be granted.**

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC,* No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter" to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Allegations of merely a "possible" or "conceivable" claim are insufficient. *Iqbal,* 556 U.S. at 679–80 (quoting *Twombly,* 550 U.S. at 570); *see also Warnick v. Cooley,* 895 F.3d 746, 751 (10th Cir. 2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts." *Warnick,* 895 F.3d at 751  (internal quotations omitted) (quoting *Iqbal,* 556 U.S. at 678). Here, Plaintiffs First through Sixth, Eighth, Eleventh, and Fourteenth Causes of Action, as well as the cause of action for elder abuse fail to state legally cognizable claims upon which relief can be granted.

As set forth below, federal and many of the state (such as Arkansas, California, Colorado, Utah, and Wyoming) securities law claims were filed after the statute of limitations lapsed,[1] as did Plaintiffs causes of action for negligent misrepresentation and negligence[2]. Additionally, Plaintiffs failed to plead facts that would give rise to any securities claim under the various state laws they suggest could give rise to such claims.[3] Plaintiffs' cause of action related to elder abuse cannot be maintained because the investment interests were actually bought by separate legal entities, not "vulnerable adults."[4]

**III.    The Pine Bluff and Draper Plaintiffs' First and Third Causes of Action must be dismissed for failure to comply with the statute of limitations.**

Under 28 U.S.C.A. § 1658 (b), "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of:" (1) 2 years after discovery of the violation or (2) 5 years after the violation. *See Merk & Co., Inc. v. Reynolds*, 559 U.S. 633, 650 (2012). The statute begins to run "once the plaintiff did discover or a reasonably diligent plaintiff would have discover[ed] the facts constituting the violation—whichever comes first." *Id.* at 653. Inquiry notice triggers an investor's duty to exercise reasonable diligence and that the statute of limitations period begins to run once the investor, in the exercise of reasonable diligence, should have discovered the facts underlying the alleged fraud. *Sterlin v. Biomune Systems*, 154 F.3d 1191, 1201

---

[1] *See* infra Sections III and IV.

[2] *See* infra Section VII.

[3] *See* infra Sections V and VI.

[4] *See* infra Section VIII.

(10th Cir. 1998). The objective of a statute of limitations is to **encourage investors to file suit as soon as possible**. *Id.* at 1202 (emphasis added).

Here, the Pine Bluff and Draper plaintiffs failed to file within the statute of limitations. By their own admission, there were signs of something amiss as early as July 2021, when it became clear that promised renovations at the Draper Property were behind schedule. This event certainly triggered inquiry notice because Plaintiffs Ross Weber and David Elton specifically visited the property at this time. Moreover, the Plaintiffs should have known that fraud occurred no later than October 2022 at which point the HSH tenants defaulted on both the Pine Bluff and Draper properties. Any reasonable investor would have discovered an alleged securities fraud violation at this point in time, especially given that inquiry notice occurred over a year prior to the default.

October 2022 is the absolute latest for when the Draper and Pine Bluff Plaintiffs cause of action accrued. Yet, they did not file a complaint for two and a half years. As such their first and third causes of action must be dismissed for failure to comply with the statute of limitations.

**IV.    All Plaintiffs' Second Cause of Action, for violation of Section 12 of the Securities Act (selling an unregistered security), must be dismissed for failure to comply with the statute of limitations.**

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public. *See* 15 U.S.C. § 77m. (emphasis added). For purposes of the one-year period, most courts agree that the violation occurs when a prospective buyer actually purchases the securities. *See e.g., In re Biozoom, Inc. Sec. Litig.,* 93 F.Supp. 3d 801, 810 (N.D.

Ohio 2015); *Padillia v. Winger*, No. 2:11CV897DAK, 2012 WL 1379228 at * 5 (D. Utah Apr. 20, 2012); *In re Elec. Data Sys. Corp. "ERISA" Litig.,* 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004).

Plaintiffs filed their first Complaint on March 4, 2025 [Dkt. 1]. Yet, according to the Amended Complaint, Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased their interest Pine Buff Property in April 2020, nearly five years prior to the filing of this lawsuit. [Amended Complaint, ¶ 376.a]. Plaintiffs Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited, LLC purchased their TIC agreement in about January 2021, well over four years prior to the initial Complaint. [Amended Complaint, ¶ 376.b]. David Elton and Alyce Weber purchased their interest in November 2021, almost 3.5 years before the initial Complaint was filed. [Amended Complaint, ¶ 376.c]. James Blaisdell purchased his interest in January 2021. [Amended Complaint, ¶ 376.] Bryson and Kristine Ockey as well as Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased interests in "late 2022," well over two years prior to the filing of any complaint. [Amended Complaint, ¶ 376.e; ¶376.f].

Plaintiffs, each of them, failed to file their claim for sale of an unregistered security within the 1-year statute of limitation provided in Section 13 of the Securities Act. This claim, therefore, must be dismissed.

**V.      Plaintiffs' Fourth, Fifth, and Sixth Causes of Action fail because Utah state securities law exempts TIC agreements and Plaintiffs fail to sufficiently plead other state statutes.**

A.  TIC Agreements are not a securities under Utah law.

Under Utah law, TIC agreements are not securities. Under the Utah Uniform Security Act, "security" includes, notes, bonds, stocks, investment contracts, and other financial instruments.

However, the Utah legislature has specifically excluded the sale of certain assets of the definition of a "security", including:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:(Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.

Utah Code Ann. § 61-1-13(ee)(ii)(C). TIC agreements plainly fall under this latter category; therefore, Utah state securities statutes do not apply, and Plaintiffs have no state cause of action. *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

### B.   Plaintiffs fail to specify what other state law claims apply.

Rule 9(b) requires a Plaintiff making an allegation of fraud to state with particularity the circumstances giving rise to the fraud. To meet the requirements of Rule 9(b), a plaintiff must "indicate the state statutes under which they seek relief." *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991); *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025). This is particularly important because the relevant state's laws varies as to the pleading requirements for claims asserted against a defendant who is primarily liable for making the alleged misrepresentation, as compared to defendants who may be indirectly liable. *See Baston v. Rim San Antonio Acquisition, LLC*, 2016

10

WL 6901312 at *16 (S.D.N.Y. Nov. 22, 2016). Simply referencing only the state or chapter or article of the statute is not enough. *Id.*

Here, Plaintiffs do lay out their theory for liability of all Defendants under Utah law. However, they reference state statutes in only a footnote, stating "Applicable state law regarding securities fraud includes at least the following statutes: California, § 25401; Massachusetts, Mass. Gen. Laws Ch. 110A § 101; Delaware, DE Code § 73-201; Washington, RCW § 21.20.010; Arkansas, AR Code § 23-42-507; Wyoming, Wyo. Stat. § 17-4-501; Colorado, Colo. Rev. Stat. § 11-51-501; Utah, § 61-1-1."[Amended Complaint, p. 146, Fn. 1]. They do not explain the theories or requirements of each state claim. Such cursory and bare-bone pleadings cannot possibly meet the heightened requirements of Rule 9(b). Fed. R. Civ. P. 9(b).

**VI.    The various vaguely referenced state securities claims should also be dismissed for failure to state a cause of action upon which relief can be granted.**

A.    <u>Plaintiffs cannot maintain a cause of action for selling an unregistered security or sale by an unregistered broker under Arkansas law.</u>

The statute of limitations for selling an unregistered security or for sale of a security by an unlicensed broker in Arkansas is three years. A.C.A. § 23-42-106(g). The statute begins to run from the date of the sale. *Wells v. Hill*, 239 Ark. 979 (1965) (analyzing the statute of limitations under an earlier version of the statute). The Pine Bluff property is located in Arkansas which would be the only nexus for Arkansas law applying to this case. The only purchaser of an interest in the Pine Bluff Property was Club Fitness. Club Fitness purchased its interest in April of 2020, almost five years prior to this lawsuit and well after the statute of limitations lapsed.

B. <u>Plaintiffs failed to meet the statute of limitations for any California securities law violations.</u>

Actions brought for violation of Section 25110 (which prohibits the sale of unqualified securities) and for control person liability must be brought within two years of the violation or one year after discovery of the facts constituting the violation, whichever occurs first. *See* Cal.Corp.Code § 25507; *Bowden v. Robinson*, 67 Cal.App.3d 705 (1977). Similarly, actions brought for fraudulent sales of securities must be brought within 2 years of discovery of the facts given rise to a violation. Cal.Corp.Code § 25506. In California, inquiry notice can trigger the statute of limitations if no inquiry is made or if inquiry is made, when a reasonably diligent investor would have discovered they had been defrauded. *Deveny v. Entropin, Inc.,* 139 Cal.App.4th 408, 428 (Cal. Ct. App. 2006).

James Blaisdell is only California plaintiff in this case. He purchased a share in the Draper property in January 2021. As discussed above, the Draper Plaintiffs had inquiry notice as early as July 2021 and should have had actual notice as early as October 2022. As a result, James did not bring this case within the statute of limitations for any California state securities claims.

C. <u>Plaintiffs cannot maintain a cause of action for selling an unregistered security or sale by an unregistered broker under Colorado law.</u>

Under Colorado law, claims for selling an unregistered security or for sale by an unregistered broker must be brought within 2 years of the sale. C.R.S.A. § 11-51-604(8). The only Plaintiffs with any connection to Colorado are Eric Stamm, Claudi Griffin, and the Betty L. Griffin Revocable Trust. The Trust made its purchase in "late 2022," nearly two and a half years before this suit was brought. These plaintiffs cannot maintain a securities action for either of these theories under Colorado law.

D.  <u>Plaintiffs failed to plead sufficient facts to maintain a Delaware securities claim of any kind.</u>

The Delaware Securities Act applies only when there is a "sufficient nexus" between Delaware and the securities transaction at issue. *FdG Logistics LLC v. A&R Logistics Holdings, Inc.*, 131 A.3d 842, 853-854 (Del. Ch. 2016). The Court of Chancery has routinely emphasized that the Act does not automatically apply to transactions involving Delaware corporations or those governed by Delaware law under a choice-of-law provision. *Id.*; *see also Vichi v. Koninklijke Philips Elecs. N.V.*, 2009 WL 4345724, at *19 (Del. Ch. Dec. 1, 2009); *Eurofins Panlabs, Inc. v. Ricerca Biosciences, LLC*, 2014 WL 2457515, at *18 (Del. Ch. May 30, 2014) (same).

Here, Plaintiffs have alleged no nexus to Delaware to trigger Delaware securities laws, beyond maybe the fact the Colliers International Mountain and Colliers International Holdings are incorporated there. Plaintiffs do not allege that any part of the negotiations, marketing, or completion of the sale of the TIC agreements occurred in Delaware. Under Delaware law, Plaintiffs' Amended Complaint is insufficient to state a cause of action for any securities violations.

E.  <u>Massachusetts law has zero application to this lawsuit.</u>

Plaintiffs plainly do not plead a single fact that would state a cause of action under Massachusetts law. Plaintiff do not allege any party is domiciled in Massachusetts or that any part of any transaction took place there. The only mention of Massachusetts is in footnote one on page 146 of the Amended Complaint, where Plaintiffs ostensibly attempt to plead a cause of action under the state's law. Any cause of action under Massachusetts law should be dismissed pursuant to Rule 12(b)(6).

F. <u>Plaintiffs failed to meet Utah's statute of limitations for selling an unregistered security or sale by an unlicensed broker.</u>

Any action for Utah securities law violations must be brought within 5 years of the violation or two years of the discovery of the violation. U.C.A. 1953 § 61-1-22 (7). As noted above, the Pine Bluff and Draper plaintiffs should have discovered any fraud by as early as October of 2022 but waited until March 2025 to bring this action. The statute of limitations has lapsed with regards to these plaintiffs.

G. <u>Plaintiffs failed to meet the statute of limitations for any Wyoming securities law violations.</u>

Under WY ST § 17-4-509(k)(i), the statute of limitations for a private right of action for both selling an unregistered security and for sale by an unlicensed broker is 1 year from when the violation occurs. Similarly, a claim for securities fraud must be brought within two years of discovery of the facts giving rise to a violation. WY ST § 17-4-509(k)(ii).

Not a single Plaintiff brought this lawsuit within 1 year of the purchase of their TIC agreement. The only Plaintiff with any alleged connection to Wyoming or any right to invoke Wyoming securities laws is Compostella Limited, LLC. As discussed above, Peter Ross Weber, who acted to purchase the securities through Compostella, had notice inquiry of fraud as early as July 2021 and should have discovered fraud by as early as October 2022. The Wyoming statute of limitations lapsed long before this case was brought in Mach of 2025, so the causes of action must be dismissed.

**VII.    Plaintiffs John Weber, Gayle Wber, Club Fitness, Peter Ross Weber, Yolanda Wever, Compostella Limited, LLC and James Blaisdell's Eighth and Fourteenth Causes of Action, for Negligent Misrepresentation and Negligence must be dismissed for failure to meet the statute of limitations.**

Under Utah Code Annotated § 78B-2-307(3), a cause of action for negligence has a statute of limitations of four years. *Muir v. Wasatch Front Waste & Recycling District*, 547 P.3d 863 (Utah Ct. App. 2024).  In Utah, the cause of action accrues once the event giving rise to injury occurs. *Rabo Agrifinance, Inc. v. Bliss*, 227 F.Supp.3d 1249, 1254 (D. Utah 2017). Here, any negligent misrepresentation by Colliers that induced Plaintiffs to the buy the TIC shares occurred prior to the sale, but the sale is where the actual damage occurs.  Thus the cause of action would accrue at the time of the sale. Each of the above Plaintiffs, as noted in Section IV, closed on their interest prior to or in January 2021. Thus the alleged negligence and/or negligent misrepresentation occurred more than four years prior to the filing of the initial complaint and the statute of limitations accordingly lapsed.

**VIII.    Plaintiffs John Weber, Gayle Weber, and Claudia Griffin cannot maintain their actions for elder abuse.**

Utah Code § 26B-6-213 explicitly limits the private right of action for elder abuse to vulnerable adults who suffer harm or financial loss due to exploitation. The Amended Complaint states that John and Gayle purchased their TIC "**through Club Fitness, Inc.,**" meaning Club Fitness Inc. is the owner of the TIC. [Amended Complaint, ¶ 376.a.] (emphasis added). Any loss or harm suffered as a result of purchasing the TIC belongs to Club Fitness, a corporation. And corporations do not have standing to bring a claim for elder abuse.

Similarly, Claudia Griffin was not the purchaser of the TIC. Instead the Betty L. Griffin Trust, a separate legal entity, is the owner of the TIC. For this reason alone, Claudia's claim for elder abuse should be dismissed. In addition, Claudia Griffin's age is unclear in the Amended Complaint. In paragraph 90, she is referred to as 61 but under the cause of action, she is alleged to be above 65. These contradictory pleadings are insufficient under Rule 9(b). While the Amended Complaint could, in theory, be a typo in paragraph 90 and Claudia could be 67 instead of 61, the Amended Complaint does not state her actual date of birth. This fact is critical because the sale took place over two and a half years before the action was brought. Even if Claudia was 67 on the date of the initial Complaint (though it is entirely unclear), she could have been below 65 and thus exempt from Utah's elder abuse statute on the date of the transaction. This failure to sufficiently plead Claudia's age is grounds for dismissal of her elder abuse claim as well.

## **Conclusion**

Significant portions of Plaintiffs' Amended Complaint fail to properly state a cause of action upon which relief can be granted. As such, for the foregoing reasons state above, Colliers Defendants respectfully request that the Court (1) dismiss Colliers International Holdings and Colliers International Group as defendants; (2) dismiss the Pine Bluff and Draper Plaintiffs' First and Third causes of action; (3) dismiss all Plaintiffs' Second cause of action; (4) dismiss all Plaintiffs' Fourth, Fifth, and Sixth causes of action for the reasons outlined in Section IV of this motion or, alternatively, dismiss Plaintiffs' various state law claims for the reasons outlined in Section V of the Complaint; (5) dismiss the Pine Bluff and Draper Plaintiffs' Eighth and Fourteenth causes of action for failure to comply with the statute of limitations; and (6) dismiss Plaintiffs John Weber, Gayle Weber, and Claudia Griffin's causes of action for elder abuse.

DATED:  September 15, 2025          **LEWIS BRISBOIS BISGAARD & SMITH** LLP


By:  */s/ Douglas C. Smith*
       William B. Helfand
       Douglas C. Smith
       Andrew R. Welch
       *Attorneys for Defendants Colliers*
       *International Intermountain, LLC,*
       *Colliers International Holdings (USA), and*
       *Colliers International Group*


## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S MOTION TO DISMISS** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.


/s/ Belle Wade


17