Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*Pro Hac Vice*)
adurone@berkowitzoliver.com
Timothy D. Wallner, (*Pro Hac Vice*)
twallner@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816)561-7007
Facsimile: (816) 561-1888

*Attorneys for Defendants Brent Smith, Thomas Smith, GTR Holdings,
and Millrock Investment Fund 1, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS; INC.; PETER ROSS WEBER; YOLANDA ATLAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; and THE BETTY L. GRIFFIN 1999 RECOVCABLE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERETIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS | **DEFENDANTS BRENT SMITH, THOMAS SMITH, GTR HOLDINGS, LLC, AND MILLROCK INVESTMENT FUND 1, LLC'S PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Case No. 2:25-cv-00162-DBB-DBP <br><br> Judge David Barlow |

| | |
|---|---|
| SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE; 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; and ADP-MILLCREEK 3, LLC, | |
| Defendants. | |

### TABLE OF CONTENTS

RELIEF SOUGHT AND GROUNDS FOR THE RELIEF ........................................................ 1

I.    INTRODUCTION .................................................................................................... 3

II.   ARGUMENT ........................................................................................................... 4

    A.    PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM FOR VIOLATION OF THE EXCHANGE ACT AGAINST THOMAS SMITH AND GTR HOLDINGS (FIRST AND THIRD CAUSES OF ACTION) ............ 5

        1.    Pleading Standards under Rule 9(b) and the PSLRA. ............................... 5

        2.    Plaintiffs Fail to Satisfy the Pleading Standards under Rule 9(b) and the PSLRA. ....................................................................................... 6

        3.    Plaintiffs Fail to Sufficiently Plead Any Untrue or Misleading Statements by Tom Smith or GTR Holdings. .............................................. 8

        4.    Plaintiffs' Third Cause of Action for Control Person Liability as to Thomas Smith and GTR Holdings Fails as a Matter of Law ..................... 9

    B.    PLAINTIFFS REMAINING CAUSES OF ACTION AGAINST TOM SMITH AND GTR HOLDINGS ARE NOT ADEQUATELY ALLEGED. ....... 10

        1.    Plaintiffs' Claim for Negligent Misrepresentation Against GTR Holdings Fails as a Matter of Law. ........................................................... 11

        2.    Plaintiffs' Remaining Claims for Tortious Conduct and the Aiding and Abetting of Such Conduct Fails as a Matter of Law as to Thomas Smith and GTR Holdings. ........................................................... 12

        3.    Plaintiffs Claim for Unjust Enrichment as to Thomas Smith and GTR Holdings Fails as a Matter of Law. ................................................... 13

    C.    PLAINTIFFS SECOND CAUSE OF ACTION AS TO THOMAS SMITH AND GTR HOLDINGS FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE FAILED TO COMPLY WITH SECTION 12(a)(1)'S TIMELINESS REQUIREMENT ...................................................................... 14

        1.    Plaintiffs' Concede that Claims for All Early 2020–21 Purchasers are Time-Barred and Must Be Dismissed ................................................. 16

        2.    Claims Related to the Later Purchased Interests Are Also Time-Barred ....................................................................................................... 16

D.    PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION
ARISING UNDER STATE SECURITIES LAW FAIL AS A MATTER
OF LAW. ........................................................................................................ 17

E.    PLAINTIFFS' SIXTH CAUSE OF ACTION ALSO FAILS FOR LACK
OF AN UNDERLYING TORT. ....................................................................... 20

III.    CONCLUSION................................................................................................................ 21

## <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*Adams v. Kinder-Morgan, Inc.*,
   340 F.3d 1083 (10th Cir. 2003) ........................................................................... 5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................. 4, 13

*Barnert v. Pulte Home Corp.*,
   2013 WL 12152406 (M.D. Fla. Sept. 5, 2013) ......................................................... 15

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 4

*Brown v. Earthboard Sports USA, Inc.*,
   481 F.3d 901 (6th Cir. 2007) ................................................................................... 14

*Brumbelow v. L. Offs. Of Bennett & Deloney, P.C.*,
   372 F.Supp.2d 615 (D. Utah 2005) .......................................................................... 13

*City of Austin Police Retirement System v. Kinross Gold Corp.*,
   957 F.Supp.2d 277 (S.D.N.Y. 2013) ........................................................................... 9

*City of Philadelphia v. Fleming Companies, Inc.*,
   264 F.3d 1245 (10th Cir. 2001) .................................................................................. 8

*City of Royal Oak Retirement System v. Juniper Networks, Inc.*,
   880 F.Supp.2d 1045 (N.D. Cal. 2012) ........................................................................ 9

*Combs v. SafeMoon LLC*,
   Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409 (D. Utah March 29, 2024)... 5, 8, 9, 10

*Corp. "ERISA" Litig.*,
   305 F.Supp. 2d 658 (E.D. Tex. 2004) ........................................................................ 15

*Eldredge v. Security National Mortg. Co.*,
   2012 WL 681786 (D. Utah Jan. 25, 2012) ................................................................. 11

*Fabian v. LeMahieu*,
   No. 19-cv-00054, 2019 WL 4918431 (N.D. Cal. Oct. 4, 2019) ............................... 17

*Hampton v. root9B Techs., Inc.*,
   897 F.3d 1291 (10th Cir. 2018) .................................................................................. 9

*Hess v. Johnston*,
  2007 UT App 213, 163 P.3d 747 ......................................................................................... 13

*Holland v. GEXA Corp.*,
  161 F.App'x 364 (5th Cir. 2005) ........................................................................................ 14

*IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*,
  No. 2:17-CV-00747-DN, 2018 WL 3429932 (D. Utah July 16, 2018) ...................................... 4

*In re Biozoom, Inc. Sec. Litig.*,
  93 F.Supp. 3d 801 (N.D. Ohio 2015)................................................................................... 15

*Jeffs v. Stubbs*,
  970 P.2d 1234 (Utah 1998)............................................................................................... 13

*Logan v. Bank of Am., N.A.*,
  2012 WL 5874364 (D. Utah Nov. 20, 2012) ........................................................................ 11

*Maher*,
  144 F.3d ........................................................................................................................ 10

*Mori v. Saito*,
  2013 WL 1736527 (S.D.N.Y. Apr. 9, 2013)......................................................................... 14

*Pullins v. Kimley*,
  2008 WL 85871 (S.D. Ohio Jan. 7, 2008) ........................................................................... 14

*Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings, LLC*,
  230 F.Supp. 3d 159 (S.D.N.Y. 2017)................................................................................... 14

*Sabey*,
  2003 UT App 339, 79 P.3d 974 ......................................................................................... 20

*Schwartz v. Celestial Seasonings, Inc.*,
  124 F.3d 1246 (10th Cir. 1997) ........................................................................................... 5

*Security Sys., Inc. v. Alder Holdings, LLC*,
  421 F.Supp.3d 1186 (D. Utah 2019)..................................................................................... 5

*Smallen v. The W. Union Co.*,
  950 F.3d 1297 (10th Cir. 2020) ........................................................................................... 7

*Stinson ex rel. U.S.v. Maynard*,
  341 Fed. App. 413 (10th Cir. 2009)..................................................................................... 12

*Story v. Seipel*,
  Case No. 2:22-cv-00486, 2024 WL 4436609 (Oct. 24, 2024)................................................. 12

*Sutton v. Utah State Sch. for Deaf & Blind*,
   173 F.3d 1226 (10th Cir. 1999) .................................................. 4

*TDC Lending LLC v. Priv. Cap. Grp.*,
   340 F.Supp.3d 1218 (D. Utah 2018) ................................... 6, 7, 8, 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ................................................................. 6

*Toombs v. Leone*,
   777 F.2d 465 (9th Cir. 1985) ................................................. 14

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................... 12

*Warnick v. Cooley*,
   895 F.3d 746 (10th Cir. 2018) ................................................. 4

## **Statutes**

15 U.S.C. § 77m ................................................................... 1, 15

15 U.S.C. § 78 .................................................................. 5, 6, 8

18 U.S.C. § 1962 ...................................................................... 2

Utah Code Ann. § 61-1-1 ................................................... 17, 18, 20

Utah Code Ann. § 61-1-22(4)(a) ............................................... 18

Utah Code Ann. § 61-1-3(1) ...................................................... 18

## **Rules**

Federal Rule of Civil Procedure 8(a)(2) ........................................ 4

Federal Rule of Civil Procedure 9(b) ................................... passim

Federal Rule of Civil Procedure Rule 12 .................................... 1, 4

## **Regulations**

17 C.F.R. § 240.10b-5 ............................................................. 6

## **Other Authorities**

S.B. 64 .............................................................................. 19

**RELIEF SOUGHT AND GROUNDS FOR THE RELIEF**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and DUCivR7-1, Defendant Brent Smith, Thomas Smith, Millrock Investment Fund 1 LLC ("Millrock"), and GTR Holdings, LLC ("GTR Holdings") (collectively, "Millrock Defendants") hereby submit this Partial Motion to Dismiss the Second Amended Complaint (Dkt. 147) (hereinafter, the "SAC") filed by Plaintiffs John Weber, Gayle Weber, Club Fitness, Inc., Peter Ross Weber, Yolanda Altagracia Cosme de Weber, Compostela Limited, LLC, David Elton, Alyce Weber, James Blaisdell, Bryson Ockey, Kristine Ockey, Claudia Griffin, Eric Stamm, and the Betty L. Griffin 1999 Revocable Trust (collectively "Plaintiffs"). The grounds for the requested relief on the federal causes of action are that: (i) with respect to the First Cause of Action as asserted against Thomas Smith and GTR Holdings for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, Plaintiffs fail to satisfy the heightened pleading requirements under both Civil Rule of Procedure Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the requirement to plead with particularity facts demonstrating Defendants Thomas Smith and GTR Holdings acted with the requisite state of mind, or "scienter"; and (ii) the Third Cause of Action for "control person liability" against Thomas Smith and GTR Holdings fails as a matter of law because the alleged primary violations fail for the reasons previously stated in subparagraph (i).

Plaintiffs' Second Cause of Action fails as a matter of law as to all Millrock Defendants because Plaintiffs fail to plead facts showing compliance with the time periods set forth in 15 U.S.C. § 77m, as part of a prima facie case under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act").

Plaintiffs' Fourth, Fifth, and Sixth Causes of Action arise under the Utah Uniform Securities Act, which only applies to transactions that involve the offer, sale or purchase of a

security. Fatal to these Causes of Action as to all Millrock Defendants, TIC interests are expressly excluded from the definition of a "security" under the Utah Uniform Securities Act. Therefore, the Fourth, Fifth, and Sixth Causes of Action should be dismissed.

Plaintiffs' Eighth Cause of Action against GTR Holdings fails because it is based on the same deficiently pled set of facts as their PLSRA and fraud claims.

The grounds for the requested relief as to additional claims against Defendants Thomas Smith and GTR Holdings are that Plaintiffs fail to satisfy the heightened pleading requirements under Rule 9(b) for: (i) pleading a conspiracy to engage in tortious conduct (Twelfth Cause of Action), (ii) aiding and abetting tortious conduct (Thirteenth Cause of Action), (iii) violation of 18 U.S.C. § 1962 (c) (Sixteenth Cause of Action as to only GTR Holdings), and (iv) violation of 18 U.S.C. § 1962(d) (Seventeenth Cause of Action), and (v) unjust enrichment (Eighteenth Cause of Action),

As set forth herein, Plaintiffs' Causes of Action must be dismissed as to the Millrock Defendants as follows:

First Cause of Action: As to Thomas Smith and GTR Holdings;

Second Cause of Action: As to all Millrock Defendants;

Third Cause of Action: As to Thomas Smith and GTR Holdings;

Fourth Cause of Action: As to All Millrock Defendants;

Fifth Cause of Action: As to all Millrock Defendants;

Sixth Cause of Action: As to All Millrock Defendants;

Eighth Cause of Action: As to GTR Holdings;

Twelfth Cause of Action: As to Thomas Smith and GTR Holdings;

Thirteen Cause of Action: As to Thomas Smith and GTR Holdings;

Sixteenth Cause of Action: As to GTR Holdings;

Seventeenth Cause of Action: As to Thomas Smith and GTR Holdings;

Eighteenth Cause of Action: As to Thomas Smith and GTR Holdings.

## I.    INTRODUCTION

This case arises from Plaintiffs' purchases of tenant-in-common ("TIC") interests in various commercial real properties. The commercial properties at issue in this case are located in Pine Bluff, Arkansas (the "Pine Bluff Property"); Draper, Utah (the "Draper Property"); Lehi, Utah (the "Lehi Property"); and Crockett, Texas (the "Crockett Property"). In this lawsuit, Plaintiffs characterize these real property interests as "securities" and assert several claims under federal securities laws, in addition to various state law claims. Consequently, where Plaintiffs' claims largely sound in fraud, and thus are governed by heightened pleading requirements, it is imperative that Plaintiffs plead their claims with particularity to allow Millrock Defendants (and other Defendants) to understand and have notice of what exactly is asserted against them (and each Defendant), so Defendants can respond to the SAC specifically and efficiently rather than being forced to give general "denials."

Plaintiffs' SAC, however, largely constitutes a "group pleading" that impermissibly groups Brent Smith, Thomas Smith, Millrock, and GTR Holdings together, and with varying mixes of other Defendants, without distinguishing the basis for their individual alleged culpability. Moreover, to the extent any allegations are asserted specifically against any Millrock Defendant, they fail to explain how the alleged misrepresentations are false or assert facts from which "scienter" can be inferred. The SAC's causes of action against the Millrock Defendants also constitute threadbare recitals of the elements of each claim, supported by mere conclusory statements.

Thus, the facts set forth in support of those causes of action do not qualify as well-pleaded

allegations. The transactions at issue in the SAC do not, as a matter of Utah state law, involve a "security," which is fatal to Plaintiffs' state law securities-based causes of action. Finally, the SAC is defective as to the remaining state law claims and should be dismissed.

## II.    ARGUMENT

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be well-pleaded allegations." *Warnick,* 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts." *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678).

A.  **PLAINTIFFS FAIL TO STATE A PLAUSIBLE CLAIM FOR VIOLATION OF THE EXCHANGE ACT AGAINST THOMAS SMITH AND GTR HOLDINGS (FIRST AND THIRD CAUSES OF ACTION)**

1.  **Pleading Standards under Rule 9(b) and the PSLRA.**

Under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (2024) (emphasis added). Rule 9(b) applies to all claims that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct." *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019). "To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Combs v. SafeMoon LLC*, Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), *citing Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

In two key ways, Congress heightened the pleading standard above that provided for in Rule 9(b) for federal securities fraud claims with the passage of the PSLRA. First, the PSLRA increased the burden on the pleading of the first element of a securities fraud claim—that the defendant made an untrue or misleading statement of material fact or failed to state a material fact necessary to make statements made not misleading. *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). For this element, the PSLRA requires that: the Complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed. 15 U.S.C. § 78u-4(b)(1) (2024).

Second, regarding the pleading of the "scienter" or intent to defraud element, the PSLRA superseded this part of Rule (9)(b) by imposing a more stringent rule of pleading:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

*Adams*, 340 F.3d at 1096 (quoting 15 U.S.C. § 78u-4(b)(2)) (emphasis added). Regarding the scienter element, the PSLRA requires scienter to be found with respect to each defendant and with respect to each alleged violation. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018). Further, the required "strong inference" of scienter must be more than merely reasonable or permissible – "it must be cogent, thus strong in light of other explanations. A complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310 (2007). To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct. *See id.* at 323–24.

### 2. Plaintiffs Fail to Satisfy the Pleading Standards under Rule 9(b) and the PSLRA.

The First Cause of Action for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, should be dismissed in its entirety with prejudice as to Thomas Smith and GTR Holdings because Plaintiffs have failed to allege well-pled facts to establish any violation. To state a claim under Section 10(b)/Rule 10b-5, a plaintiff must plead: "(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was

made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Here, Plaintiffs fail to adequately plead facts satisfying the heightened pleading standards described above, or that Thomas Smith acted with scienter.

For example, Plaintiff's SAC is replete with allegations directed to all or nearly all Defendants, without differentiation.[1] In paragraphs 293 through 332, Plaintiffs purport to allege a litany of misrepresentations and/or omissions against Defendants. Nearly every allegation is directly to all or some grouping of Defendants or Colliers/Long Parties, a practice known as "group pleading." Those allegations do not set forth the time or place of such misrepresentations, and "group pleading" against "Defendants" is impermissible under Rule 9(b) and the PSLRA. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA…."). Any claim of securities fraud for these alleged misrepresentations and/or omissions, therefore, must be dismissed.

Additionally, Plaintiffs fail to sufficiently plead facts establishing Thomas Smith or GTR Holdings acted with scienter with respect to any alleged misrepresentations (or omissions), which is an additional basis for dismissing the First Cause of Action. As stated above, Plaintiffs must

---

[1] Plaintiffs often allege actions of a group of Defendants, or their defined term of "Colliers/Long Parties." [*See e.g.* SAC at ¶¶ 62, 101, 115, 120, 122, 127, 131, 171, 188, 189, 190, 191, p. 14–35], among many other others. For context, "Colliers/Long Parties" is used over 100 times in the SAC to refer to alleged actions, representations, or omissions of over 15 Defendants. Simply grouping all or nearly all defendants into the defined term "Defendants" or "Colliers/Long Parties" does not satisfy the heightened pleading requirements of the PSLRA or the Federal Rules.

"with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that [Thomas Smith and GTR Holdings] acted with the required state of mind." 15 U.S.C. § 78u- 4(b)(2)(A) (emphasis added). The "required" state of mind is an "intent to defraud" or "recklessness," which is defined as "conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Here, Plaintiffs fail to allege facts sufficient to prove "scienter" on Thomas Smith or GTR Holdings' part with respect to the allegations set forth in the SAC. In short, the SAC fails to sufficiently plead the existence of untrue statements or omissions by Thomas Smith or GTR Holdings that could provide a basis for liability under Section 10(b) and Rule 10b-5, and the First Cause of Action must be dismissed.

### 3. Plaintiffs Fail to Sufficiently Plead Any Untrue or Misleading Statements by Thomas Smith or GTR Holdings.

Plaintiffs fail to identify any alleged untrue or misleading statements specifically made or omitted by Thomas Smith or GTR Holdings in connection with Plaintiffs' purchase of the properties. In the SAC, the Plaintiffs reference various allegedly fraudulent misrepresentations and omissions, but Plaintiffs fail to set forth the "**time, place** and contents of the false representation," or "**the identity of the party making the false statements** and the consequences thereof," as required under applicable pleading standards. *Combs*, 2024 WL 1347409 at *4 (emphases added). For example, Plaintiffs allege certain misrepresentations and omissions by "Defendants." [SAC, ¶¶ 293–332.] Those allegations do not set forth the time or place of such misrepresentations, and "group pleading" against "Defendants" is impermissible under Rule 9(b) and the PSLRA. *See TDC Lending LLC v. Priv. Cap. Grp.*, 340 F.Supp.3d 1218, 1227 (D. Utah 2018) ("Group pleading…

is incompatible with the purpose of the PSLRA…."). Regarding any alleged misrepresentations or omissions by Thomas Smith or GTR Holdings in connection specifically with the transactions at issue, Plaintiffs make no mention of Thomas Smith or GTR Holdings making the alleged misrepresentations or omissions, except for impermissibly grouping Thomas Smith in with other Defendants.[2] [SAC, ¶¶ 293–302, p. 91].[3]

### 4. Plaintiffs' Third Cause of Action for Control Person Liability as to Thomas Smith and GTR Holdings Fails as a Matter of Law

In the Third Cause of Action, Plaintiffs purport to assert a claim for "control person liability" against Thomas Smith and GTR Holdings (and others). "[T]o state a prima facie case for control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024). Here, because the First Cause of Action fails as stated above, the Third Cause of Action for "control person liability" necessarily fails as a matter of law due to the lack of a "primary violation" *See TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F.Supp.3d 1218, 1231 (D. Utah 2018) ("TDC's control person liability theory first requires a showing that Private Capital committed a primary violation of the securities laws . . .

---

[2] To the extent any alleged representations by Millrock Defendants in the SAC are taken from Millcreek's website providing general business information to investors in tenant-in-common ("TIC") properties that Millcreek also markets, they are inadequate. [*See e.g.*, SAC, ¶¶ 182, 202 and 203, p. 35–39.] Those representations fail to provide the required "when." Moreover, the statements in paragraph 182 – "rest assured our portfolio is rock solid" and "we vigorously vet every property that we offer," all constitute "puffery," which is not actionable. *See City of Austin Police Retirement System v. Kinross Gold Corp.*, 957 F.Supp.2d 277, 297 (S.D.N.Y. 2013) (mining exploration company's statements as to extent and quality of due diligence it performed in anticipation of acquisition of West African gold mining operation were mere puffery, and as such not actionable as securities fraud); *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1064 (N.D. Cal. 2012) (statements technology company made in investment conference calls regarding its "strong partners" and "robust" product portfolio were merely expressions of confidence in the company's outlook, and, as puffery, not actionable).
[3] Due to the inconsistent numbering in Plaintiffs SAC, Millrock Defendants cite to both the paragraph and page number where appropriate to avoid confusion.

because TDC has not alleged a primary violation of securities laws, it cannot show that the Individual Defendants are liable as controllers of a primary violator."); *Hampton v. root9B Techs., Inc.*, 897 F.3d 1291, 1303 (10th Cir. 2018) ("[B]ecause we conclude that Mr. Hampton's § 10(b) claims fail, his § 20(a) claims necessarily fail; a § 20(a) claim must be premised on a primary violation of the securities laws, but no such violation has been established here."). The Third Cause of Action should thus be dismissed.

Moreover, with respect to Thomas Smith and GTR Holdings, Plaintiffs "do not plausibly allege that they had control over the management or policies" at Millcreek. *See Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah). Likewise, Plaintiffs' generalized allegations that "Defendants" had control over Millcreek and Colliers fails to satisfy *Maher*. *See* SAC, ¶ 608. In cases like this, when a "plaintiff does not plead any facts from which it can reasonably be inferred the defendant was a control person," then "dismissal is [the] appropriate" remedy. *Maher,* 144 F.3d at 1306; *see also Combs v. SafeMoon LLC*, 2024 WL 1347409, at *25 (D. Utah Mar. 29, 2024) (same). Accordingly, Plaintiffs' control person liability claim should be dismissed.

## B.   PLAINTIFFS REMAINING CAUSES OF ACTION AGAINST THOMAS SMITH AND GTR HOLDINGS ARE NOT ADEQUATELY ALLEGED.

Plaintiffs include only nine specific allegations referencing Thomas Smith. Of those, one alleges his residency (¶ 41, p. 12), two assert legal conclusions regarding his alleged agency relationships, (¶¶ 42–43, p. 12), one merely defines the invented term "Colliers/Long Parties" to include Thomas Smith along with over a dozen other people and entities (¶ 62, p. 14), and three others are simply recitations of what others said about Thomas Smith (¶¶ 158–60, p. 30–31). Paragraph 161 is a catch-all allegation alleging nonspecific actions "on information and belief." Similarly, Paragraph 753(d) vaguely asserts that Thomas Smith, during an undefined time period,

provided "Oversight & Leadership" and "Accountability oversight." These are the totality of the allegations against Thomas Smith in Plaintiffs' 762 paragraph SAC.

Plaintiffs include only six specific allegations referencing GTR Holdings. Of those, one alleges its residency (¶ 39, p. 12); four assert legal conclusions regarding its alleged agency relationships (¶¶ 22, 40, 61, and 79, p. 10–17); and one merely defines the invented term "Colliers/Long Parties" to include GTR Holdings along with over a dozen other people and entities (¶62, p. 14). These are the totality of the allegations against GTR Holdings in Plaintiffs' 762 paragraph SAC.

These generalized allegations are wholly conclusory, amounting only to bare assertions that Thomas Smith and GTR Holdings reside in Utah and holds a financial interest in Millcreek and Millrock. With respect to paragraphs 158–160 of the SAC, Plaintiffs merely assert that Thomas Smith was mentioned in a presentation. The remaining allegations are formulaic recitations of elements and do not meet the basic pleading standards required to state a viable claim against Thomas Smith. These allegations, in combination with the improper group pleading used by Plaintiffs, do not state a claim against Thomas Smith.

### 1. Plaintiffs' Claim for Negligent Misrepresentation Against GTR Holdings Fails as a Matter of Law.

Plaintiffs' negligent misrepresentation claim (Eighth Cause of Action) is based on the same set of facts as their PLSRA and fraud claims. Under Utah law, "negligent misrepresentation constitutes a form of fraud," and thus "the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies to negligent misrepresentation claims." *Logan v. Bank of Am., N.A.*, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012); *see also Eldredge v. Security National Mortg. Co.*, 2012 WL 681786, at *5 (D. Utah Jan. 25, 2012), *report and recommendation adopted sub nom. Eldredge v. Sec. Nat. Mortg. Co.*, No. 2:11-CV-539 DS- PMW, 2012 WL

676401 (D. Utah Feb. 29, 2012) (dismissing negligent misrepresentation claim that failed to meet "the heightened pleading requirements of Rule (b).")

Plaintiffs' negligent misrepresentation claim suffers from the same fatal flaw as the fraud claims. The SAC does not set forth factual allegations identifying the "who, what, where, when and how" of any alleged negligent misrepresentation or omission by GTR Holdings. Likewise, Plaintiffs' generalized allegations that all of the Defendants owed Plaintiffs a duty to disclose any alleged omissions are insufficient to adequately plead a claim for negligent misrepresentation. The claim must therefore be dismissed as to GTR Holdings.

### 2. Plaintiffs' Remaining Claims for Tortious Conduct and the Aiding and Abetting of Such Conduct Fails as a Matter of Law as to Thomas Smith and GTR Holdings.

In the Twelfth and Thirteenth Causes of Action Plaintiffs purport to allege claims for conspiracy to engage in tortious conduct and aiding and abetting such tortious conduct.  Each of these claims fail as a matter of law because Plaintiffs fail to satisfy the pleading requirements under either Rules 9(b) or 8(a) in pleading claims due to their "group pleading" against Thomas Smith and GTR Holdings.

Rule 9(b) requires that, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.C.P. 9(b). When a claim within a complaint is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003).[4] Plaintiffs fails to meet Rule 9(b)'s requirement to plead with

---

[4] Additionally, because Plaintiffs' SAC sounds in fraud and fails to comply with Rule 9(b) pleading standards as to Thomas Smith and GTR Holdings, the Sixteenth and Seventeenth Causes of Action against Thomas Smith and GTR Holdings for violations of the Racketeer Influence and Corrupt Organizations Act ("RICO") Act must be dismissed. *See Stinson ex rel. U.S.v. Maynard*, 341 Fed. App. 413, 417 (10th Cir. 2009) (upholding district court dismissal of RICO claims due to Plaintiffs failure to comply with Rule 9(b)); *Story v. Seipel*, Case No. 2:22-cv-00486, 2024 WL 4436609

particularity their Twelfth, Thirteenth, Sixteenth, and Seventeeth Causes of Action as to Thomas Smith or GTR Holdings, and therefore, they must be dismissed.

### 3. Plaintiffs Claim for Unjust Enrichment as to Thomas Smith and GTR Holdings Fails as a Matter of Law.

The Eighteenth Cause of Action for unjust enrichment fails as a matter of law because Plaintiffs fail to adequately allege they conferred a benefit on Thomas Smith or GTR Holdings. "To support a claim for unjust enrichment, a plaintiff must allege facts supporting three elements: '(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'" *Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747 (quoting *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998)). Further, with respect to unjust enrichment claims against corporate representatives, the Utah Federal District Court has recognized that such claims fail when "the benefit, if any, was conferred on the corporation, and not the individual defendants." *Brumbelow v. L. Offs. Of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 622–23 (D. Utah 2005).

Here, the unjust enrichment claim is based on nothing more than generalized or "formulaic" allegations, including that "Plaintiffs" conferred a benefit on "Defendants" by purchasing the TIC interests in commercial properties marketed by Millcreek, "Defendants" received a benefit "in the form of commissions or other compensation," and "Defendants" benefited from "direct use" of the purchase price proceeds and "perpetuation of the overall scheme." [SAC, ¶¶ 757–62, p. 180–81.] These conclusory or "threadbare recitals" fail to identify any benefit conferred on Thomas Smith, or on GTR Holdings. Indeed, the allegations of the claim

---

(Oct. 24, 2024) (concluding that threadbare recitals of the elements of a cause of action, only supported by mere conclusory statements or legal conclusions are not sufficent to state a RICO claim).

do not rise above "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiffs fail to allege any facts demonstrating that they conferred a benefit on Thomas Smith or GTR Holdings and the unjust enrichment claim must be dismissed.

###    C.    PLAINTIFFS SECOND CAUSE OF ACTION AS TO THOMAS SMITH AND GTR HOLDINGS FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE FAILED TO COMPLY WITH SECTION 12(a)(1)'S TIMELINESS REQUIREMENT.

Plaintiffs allege Millrock and GTR Holdings are liable under Section 12(a)(1) of the Securities Act. That claim fails as a matter of law because Plaintiffs did not file the original Complaint within the one-year period from the alleged violation of Section 12(a)(1) as required under Section 13 of the Securities Act.

Section 12(a)(1) provides the exclusive federal cause of action for failure to register public or private securities, and imposes liability on those who offer or sell securities without complying with the applicable statutory registration and prospectus requirements in Section 5 of the Securities Act. *See Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 916 (6th Cir. 2007); *see also Holland v. GEXA Corp.*, 161 F.App'x 364, 366 (5th Cir. 2005). To state a cause of action under Section 12(a)(1), a plaintiff must show: (i) a lack of a registration statement for the securities at issue; (ii) the offer or sale of securities;[5] and (iii) use of interstate transportation or communication in the offer or sale. *See e.g., Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings, LLC*, 230 F.Supp. 3d 159, 165 (S.D.N.Y. 2017). Additionally, to establish a prima facie case under Section 12(a)(1), courts require a plaintiff to plead facts and show compliance with the timeliness requirements

---

[5] In this lawsuit, Millrock Defendants dispute that the real estate transactions at issue involved any "security" under federal or state securities laws. But, even assuming that the transactions at issue involve securities under federal securities law for purposes of this Motion, the Court must dismiss the Second Cause of Action for being untimely.

under Section 13 of the Securities Act. *See Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); *see also Mori v. Saito,* 2013 WL 1736527, at *3 (S.D.N.Y. Apr. 9, 2013); *Pullins v. Kimley*, 2008 WL 85871, at *9 (S.D. Ohio Jan. 7, 2008).

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public:

> No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, <u>or, if the action is to enforce a liability created under [Section 12(a)(1)] of this title, unless brought within one year after the violation upon which it is based.</u>  In no event shall any such action be brought to enforce a liability created under section 77k or [Section 12(a)(1)] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

*See* 15 U.S.C. § 77m. (emphasis added). For purposes of the one-year period, most courts agree that the violation occurs when a prospective buyer actually purchases the securities. *See e.g.*, *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp.3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp.2d 658, 680 (E.D. Tex. 2004). A few courts, however, have found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. *See, e.g.*, *Bamert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Neither this Court nor the Tenth Circuit Court of Appeals appears to have ruled on this issue. Regardless of which approach the Court takes in determining the triggering date, Plaintiffs failed to plead facts

showing timely compliance with Section 13.[6]

### 1.    Plaintiffs' Concede that Claims for All Early 2020–21 Purchasers are Time-Barred and Must Be Dismissed

Plaintiffs filed their original Complaint on March 4, 2025. [Dkt. 1.]  In their SAC, Plaintiffs allege that:

- John and Gayle Weber, through Club Fitness, Inc., purchased an interest in the Pine Bluff Property "in or about April 2020." [SAC, ¶ 376.a, p. 95.]

- Ross and Yolanda Altagracia Cosme de Weber, through Compostella Limited, LLC ("Compostella"), purchased an interest in the Draper Property "in about January 2021." [SAC, ¶ 376.b, p. 95.]

- David Elton and Alyce Weber purchased an interest in the Draper Property "in or about November 2021." [SAC, ¶ 376.c, p. 95.]

- James Blaisdell purchased an interest in the Draper Property "in or about January 2021." [SAC, ¶ 376.d, p. 95.]

Plaintiffs "do not oppose dismissal of the § 12(a)(1) claim[s] for [these] early 2020–2021 purchasers (Weber/Club Fitness; Elton; Blaisdell) based on the three-year response, which is not subject to equitable tolling."  Dkt. 132 at 15.  Thus, there is no dispute that these § 12(a)(1) claims should be dismissed as untimely.

### 2.    Claims Related to the Later Purchased Interests Are Also Time-Barred.

Plaintiffs allege that Bryson J. and Kristine B. Ockey acquired a TIC interest in the Lehi Property "in about late 2022." [SAC, ¶ 376.e, p. 95.] Further, according to the SAC, the Betty L.

---

[6] Copies of the Deeds were attached to Defendant Long's Memorandum in support of their Motion to Dismiss, and are incorporated here. *See* Dkt. 40.

Griffin 1999 Revocable Trust (the "Trust") acquired TIC Interests in both the Lehi and Crockett Properties "in about late 2022." [SAC, ¶ 376.f, g p. 95–96.] Because the original Complaint in this case was not filed until March 4, 2025, all § 12(a)(1) claims related to the late 2022 purchases are time-barred under Section 13's 1-year time-period for asserting the claim.

In prior pleadings, Plaintiffs have argued that the statute of limitations for their §12(a)(1) claims for these late 2022 purchases should be equitably tolled due to Defendants' alleged concealment of the supposed fraud. *See* Dkt. 132 at 15–16. But as Defendant Kevin Long explained in his Opposition to Motion for Leave to File Second Amended Complaint (Dkt. 96), while the Tenth Circuit has not yet addressed the issue, "the First, Second, Third, Fifth, Sixth, and Eighth Circuits have. The weight of the authority supports finding that equitable tolling does not apply to Section 12(a)(1) claims, regardless of the circumstances." *Fabian v. LeMahieu*, No. 19-cv-00054, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019); *see* Dkt. 96 at 4–5 (collecting cases explaining that equitable tolling is unavailable for Section 12(a)(1) claims). Accordingly, because equitable tolling is not available for Section 12(a)(1) claims, the Court should dismiss the Second Cause of Action in its entirety.

### D.   PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION ARISING UNDER STATE SECURITIES LAW FAIL AS A MATTER OF LAW.

Plaintiffs' Fourth Cause of Action for state law securities fraud (against all Millrock Defendants), Fifth Cause of Action (against Millrock and GTR Holdings) for state law securities violation for sale by an unlicensed broker or investment advisor, and Sixth Cause of Action for materially aiding state-law securities fraud (against all Millrock Defendants) fail because TIC interests are expressly exempted from the definition of a "security" under the Utah Uniform Securities Act (the "UUSA"). Section 61-1-1 of the UUSA, the statutory provision cited by Plaintiffs in the Fourth Cause of Action, SAC, ¶¶ 627–38, p. 148–51, states:

> It is unlawful for any person, **in connection with the offer, sale, or purchase of a security**, directly or indirectly to:
>
> (1) employ any device, scheme, or artifice to defraud;
> (2) make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
> (3) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Utah Code Ann. § 61-1-1 (emphasis added). Similarly, Section 61-1-3 of the UUSA, the statutory provision cited by Plaintiffs in the Fifth Cause of Action, SAC, ¶¶ 639–45, p. 151–53 states "[i]t is unlawful for a person to transact business in this state as a broker-dealer or agent unless the person is licensed under this chapter." Utah Code Ann. § 61-1-3(1). The UUSA defines an "agent" as "an individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities." *Id.* § 61-1-13(1)(b)(ii).

Lastly, Section 61-1-22 of the UUSA, the statutory provision cited by in the Sixth Cause of Action, SAC, ¶¶ 646–50, p. 153–55, states:

> Every person who directly or indirectly controls a seller or buyer **liable under Subsection (1),** every partner, officer, or director of such a seller or buyer, every person occupying a similar status or performing similar functions, every employee of such a seller or buyer who materially aids in the sale or purchase, and every brokerdealer or agent who materially aids in the sale or purchase are also liable jointly and severally with and to the same extent as the seller or purchaser, unless the nonseller or nonpurchaser who is so liable sustains the burden of proof that the nonseller or nonpurchaser did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

Utah Code Ann. § 61-1-22(4)(a) (emphasis added). By its own terms, Subsection (1) only applies to a person who offers, sells, or purchases "a security" in violation of the UUSA. *Id.* § 61-1-22(1)(a).

Therefore, to invoke the protections of Sections 61-1-1, 61-1-3, and 61-1-22 of the UUSA, the transaction at issue must involve purchase or sale of security. Utah Code Ann. §§ 61-1-1; 61-1-3(1); 61-1-13(1)(b)(ii). TIC interests are expressly exempted from the definition of a "security" under the UUSA:

> "Security" does not include:
>
> […]
>
> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or
>
> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement: (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[7]

Here, the SAC alleges that Plaintiffs were fraudulently induced to purchase TIC interests, or undivided and fractionalized interests, in the Colliers/Long TIC Properties, which were subject to a management agreement (*See* SAC, ¶¶ 510–11, p. 117):

a.      Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased an 11.508% interest in the Pine Bluff Property in about April 2020.

b.      Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited

---

[7] *Id.* § 61-1-13(ee)(ii)(C)(II)–(III). In the 2005 General Session, the Utah Legislature passed Senate bill 64, which added this subsection and specifically exempted TIC interests from the definition of a "security" under the UUSA. *See* UTAH STATE LEGISLATURE, S.B. 64 Real Estate Transactions and Securities, S.B. 64 Enrolled, available at https://le.utah.gov/~2005/bills/static/SB0064.html.

purchased a 2.515% interest in the Draper Property in about January 2021.

      c.     David Elton and Alyce Weber purchased a 2.5354% interest in the Draper Property in or about November 2021.

      d.     James Blaisdell purchased a 2.963% interest in the Draper Property in or about January 2021.

      e.     Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022.

      f.     Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property in about late 2022.

      g.     Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in about late 2022. SAC, at ¶ 376, p. 95-6.

Additionally, in the marketing materials attached to the SAC, Millcreek explained the TIC interest as "an undivided percentage of a single piece of property." *Id.*, Exhibit 1 p.2, Exhibit 4 p.2.

Based on the foregoing, the TIC interests purchased by Plaintiffs are "undivided fractionalized long-term estate[s] in real property" that are expressly excluded from the definition of a security and do not fall under the protections provided in the UUSA. Utah Code Ann. § 61-1-1. Therefore, Plaintiffs Fourth, Fifth, and Sixth Causes of Action fail to state a claim upon which relief may be granted and should be dismissed.

    **E.**    **PLAINTIFFS' SIXTH CAUSE OF ACTION ALSO FAILS FOR LACK OF AN UNDERLYING TORT.**

Plaintiffs' Sixth Cause of Action for materially aiding and abetting state law securities fraud (directed to all Millrock Defendants) also fails because the primary fraud claims fail. A claim for materially aiding and abetting securities fraud "require[s], as one of [the] essential elements, an

underlying tort." *See Caroles v. Sabey*, 2003 UT App 339, ¶ 36, 79 P.3d 974. "Therefore, to sufficiently plead their secondary fraud claim[], Plaintiffs were obligated to adequately plead the existence of such a tort" *Id.*

As explained above in Section IV, Plaintiffs have failed to plead state law securities violations because TIC interests are exempted from the definition of a security under the UUSA. Therefore, Plaintiffs' secondary fraud claims for materially aiding and abetting state law securities fraud additionally fails due to Plaintiffs' failure to adequately plead the primary violation.

## III.    CONCLUSION

For reasons set forth above, the Millrock Defendants respectfully request the Court grant their partial motion to dismiss.

DATED this 19th day of December, 2025

**WORKMAN NYDEGGER**

By: /s/ Brian N. Platt
Brian N. Platt
Chad E. Nydegger
Ryan C. Morris

**BERKOWITZ OLIVER LLP**
Anthony J. Durone
Timothy D. Wallner

*Attorneys for Millrock Defendants*