WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
MEGAN M. LE, #19298
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Megan.Le@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC,*
*Colliers International Holdings (USA), and Colliers International Group*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST;<br><br>    Plaintiffs,<br><br>V.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW | **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S MOTION TO DISMISS**<br><br>Civil No. 2:25-cv-00162<br><br>Judge David Barlow |

168879481.1   1

| | |
|---|---|
| HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC; , <br><br> Defendants. | |

Despite now having had three tries, Plaintiffs' Second Amended Complaint ("SAC") is still wrought with deficiencies including (1) lack of jurisdiction; (2) failure to comply with the heightened pleading requirements of Rule 9 and the Private Securities Litigation Reform Act ("PSLRA"); (3) failure to comply with the statute of limitations; and (4) lack of standing.

Surprisingly, Plaintiffs still assert claims they previously admitted were barred. For example, Plaintiffs admitted that at the Early Pine Bluff Draper's claims under their second cause of action, failure to register, were not timely. [See Dkt 131, PLF Response, P. 10]. Yet, they still bring that claim now in their third Complaint. Similarly, Plaintiffs have zero explanation for John and Gayle Weber as well as Claudie Griffin's lack of standing to bring claims for financial elder abuse - admitting, again, the properties were purchased through entities. Yet, they now triple down on bringing these claims. There were also obvious issues with regard to Plaintiffs' state securities law causes of actions. Nonetheless, these allegations remain unchanged as Plaintiffs continue to include allegations for states that have no application to this case, such as Delaware or Massachusetts.

It is unclear what Plaintiffs were attempting accomplish in their SAC. If anything, the SAC only contains more errors than before. As such, Defendants Colliers International Intermountain, LLC, Colliers International Holdings (USA), and Colliers International Group ("Colliers Defendants"), hereby move that the Court dismiss various claims contained in Plaintiffs' SAC.

Colliers International Holdings and Colliers International Group move to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). Neither party is domiciled in Utah, and Plaintiffs have failed to establish sufficient minimum contacts. Plaintiffs instead rely on the nationwide service of process doctrine from 15 U.S.C. § 78aa and 18 U.S.C. § 1965. However, Plaintiffs' reliance on this doctrine is flawed because it relies on their ability to bring claims that are either time barred or for which they have failed to comply with the PSLRA.

Plaintiffs' First, Third, Fourth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Sixteenth, and Seventeenth Causes of Action are either allegations of fraud or rely on underlying allegations of fraud. As such, Plaintiffs are required to comply with the "who, what, when, where, and how" requirements of Federal Rule 9(b), which they have failed to do with respect to Colliers.

Additionally, Colliers Defendants move to dismiss the Pine Bluff and Draper Plaintiffs' First and Third Causes of Action due to failure to comply with the statutes of limitations. The pleadings demonstrate that these Plaintiffs had notice of the facts giving rise to their causes of action for years prior to filing the initial Complaint. Colliers Defendants also move to dismiss the Second cause of action as to all Plaintiffs for failure to comply with the statute of limitations.

Colliers Defendants also alternatively move to dismiss portions of Plaintiffs' Fourth, Fifth, and Sixth causes of action for failure to state claim upon which relief can be granted under the various state statutes. Colliers Defendants also request that the Court similarly dismiss Plaintiffs' Eighth and Fourteenth Causes of Action for failure to meet the statute of limitations.

Colliers Defendants also move to dismiss the Fourth, Fifth, and Sixth causes of action brought under state law because Tenant in Common ("TIC") agreements are not "securities" under Utah law and Plaintiffs failed to sufficiently plead alternative state statutes.

In addition, Colliers Defendants request that the Court dismiss Plaintiffs John and Gayle Weber's as well as Claudia Griffin's cause of action for elder abuse as they were not the purchasers of any property or securities. The Motion to dismiss is supported by the following Memorandum of Points and Authorities.

The Colliers Defendants' arguments are more thoroughly laid out in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Statement of Relevant Facts

The following facts are taken from Plaintiff's Second Amended Complaint and the Court's Docket:

1. According to the Amended Complaint, "Colliers International Holding USA, Inc. ('Colliers USA') is a Delaware Corporation that is the majority member of Colliers International Mountain LLC."[1]

2. Additionally, Colliers International Group, Inc. is a Canadian Corporation with its principal place of business in Toronto and is an owner of Colliers International Mountain according to the Complaint.[2]

---

[1] SAC, ¶ 1.

[2] SAC, ¶ 1.

168879481.1 4

3.      "Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased an 11.508% interest in the Pine Buff Property in about April 2020."[3]

4.      John, Gayle, and Club Fitness are all located in Utah and are referred to as the Pine Bluff Plaintiffs in the Complaint.[4]

5.      "Plaintiffs Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited, LLC purchased a 2.515% interest in the Draper Property in about January 2021."[5]

6.      Ross is John and Gayle's son.[6]

7.      Compostella Limited, LLC is a Wyoming limited liability company, and Ross and Yolanda are its members.[7]

8.      "David Elton and Alyce Weber purchased a 2.5354% interest in the Draper Property in or about November 2021."[8]

9.      David and Alyce live in Washington.[9]

10.     "James Blaisdell purchased a 2.963 interest in the Draper Property in or about January 2021."[10]

11.     James is a resident of California.[11]

---

[3] SAC, ¶ 376.a.

[4] SAC, ¶¶ 80-83.

[5] SAC, ¶ 376.b.

[6] SAC, ¶ 84.

[7] SAC, ¶ 85.

[8] SAC, ¶ 376.c.

[9] SAC, ¶ 86.

[10] SAC, ¶ 376.d.

[11] SAC, ¶ 87.

12.     Collectively, the Amended Complaint refers to each plaintiff who bought a share in the Draper Property as the "Draper Plaintiffs."[12]

13.     "Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022."[13]

14.     "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property in about late 2022."[14]

15.     "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in about late 2022."[15]

16.     Claudia Griffin, Eric Stamm, and Betty L. Griffin 1999 Revocable Trust are all domiciled in Colorado.[16]

17.     According to paragraph 90 of the Amended Complaint, Claudia Griffin is 61 and Eric Stamm is 67 years of age.[17]

18.     The Amended Complaint states that in July 2021 Ross Weber and David Elton visited the Draper Property, and it was apparent then that the promised renovations were behind schedule.[18]

19.     In October 2021, Draper Property owners were told that the already late renovations would be complete by mid-late December 2021.[19]

---

[12] SAC, ¶ 88.

[13] SAC, ¶ 376.e.

[14] SAC, ¶376.f.

[15] SAC, ¶ 376.g.

[16] SAC, ¶¶ 90-91.

[17] SAC, ¶ 91.

[18] SAC, ¶ 396, 397.

[19] SAC, ¶ 400.

20.     By September 2022, the HSH parties defaulted at the Pine Bluff Property.[20]

21.     Similarly, by October 2022, the HSH defaulted at the Draper Property.[21]

22.     Plaintiff filed their first Complaint on March 4, 2025.[22]

## **Legal Argument**

**I.     The Court lacks personal jurisdiction over Colliers International Holdings and Colliers International Group, Inc.**

Due process requires minimum contacts between the forum state and defendants before a court can exercise personal jurisdiction.[23] For general jurisdiction, courts require that the defendant's affiliations with the forum state to be so continuous and systematic as to render them "essentially at home" in the state.[24] This can be established by where a corporation is domiciled or has its principal place of business.[25] Courts can also have specific jurisdiction where the defendant has directed activities toward the forum state so as to purposefully avail "itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."[26]

Neither Colliers International Holdings nor Colliers International Group are domiciled in or have their principal place of business in Utah, and Plaintiffs do not allege that they do. Nor do Plaintiffs allege that either of these entities directed activity towards the forum state of Utah.

---

[20] SAC, ¶ 405.

[21] SAC, ¶ 406.

[22] Dkt. 1.

[23] *Synergetics v. Marathon Ranching Co.*, 701 P.2d 1106, 1110 (Utah 1985).

[24] *Old Republic Insurance Company v. Continental Motors, Inc.*, 877 F.3d 895 (2017).

[25] *Id.*

[26] *MFS Series Trust III ex rel. MFS Municipal High Income Fund v. Grainger*, 96 P.3d 927, 931 ¶ 10 (Utah 2004).

Instead, Plaintiff has only alleged, that Colliers International Holdings is a majority member of Colliers International Mountain and that Colliers International Group controlled their activities. However, mere allegations of control person liability, without regard to minimum contacts, are insufficient to establish personal jurisdiction.[27]  Because Plaintiff has failed to plead minimum contacts with either entity, Colliers International Holdings and Colliers International Group are not proper defendants in this lawsuit and should be dismissed.

Plaintiffs ostensibly rely on the nationwide service of process rules found in 15 U.S.C. § 78aa and 18 U.S.C. § 1965. However, these rules only grant jurisdiction if Plaintiffs have viable federal securities and RICO claims.[28] Here, Plaintiffs have failed to plead their fraud claims with sufficient particularity under Rule 9 and the PSLRA, requiring dismissal of the federal securities RICO claims.  This strips the Court of personal jurisdiction over the Defendants Colliers International Holdings and Colliers International Group.

## II.     Plaintiffs' have failed to Comply with the heightened pleading requirements of Rule 9 and the PSLRA with regard to fraud.

### A.  Plaintiffs First and Third Causes of Action Must be dismissed.

Securities fraud claims must be pleaded with particularity under Rule 9(b).[29] This requires well-pleaded factual allegations that "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[30]  In addition, the PSLRA's scienter pleading requirements are even "more stringent than

---

[27] *MFS Series Trust III* , 96 P.3d at 932-933 ¶ 20-21.

[28] *Foxfield Villa Associates, LLC v. Robben*, 967 F.3d 1082, 1103(10th Cir. 2020); *United States v. Botefuhr*, 309 F.3d 1263, 1274 (10th Cir. 2002*); Ornum v. American Medical Association*, 2017 WL 9481018 at *9 (D. Utah 2017).

[29] *In re Level 3 Commc'ns, Inc. Sec. Litig.,* 667 F.3d 1331, 1333 (10th Cir. 2012).

[30] *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000); *see also St. Mark's Hosp.,* 895 F.3d at 745.

[Rule] 9(b)" and impose a standard of pleading which is more strict.[31] The PSLRA requires scienter to be found with respect to <u>each</u> defendant and with respect to <u>each</u> alleged violation.[32] "The heightened scienter standard thus helps distinguish between those in a corporation who acted with scienter and those who did not."[33]

Plaintiffs have failed to meet this standard. The vast majority of Plaintiffs' SAC impermissibly relies on "group pleadings."[34] In attempting to describe alleged misconduct, Defendants impute the alleged wrongful actions to the "Colliers/Long Parties," a group including no less than eighteen total parties.[35] Plaintiffs cannot satisfy their burden by alleging blanket allegations against eighteen parties. This is an obvious failure to identify the specific persons making any alleged misrepresentations as required by Rule 9 and the PSLRA.[36]

In the rare and few instances Plaintiffs attempt to comply with either the PSLRA or Rule 9 to avoid group pleadings, they still fall short with regard to making any allegations against the Colliers Defendants. For example, Plaintiffs attempts to allege specific fraudulent misrepresentations on behalf of certain individuals such as Kevin Long, Blake McDougal, or Spencer Strong.[37] Notably, in each instance, Plaintiff fails to specify on which company's behalf

---

[31] *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, 709 F.Supp.3d 1296, 1329 (D. Col. 2023); *In re Molycorp, Inc. Securities Litigation.*, 157 F.Supp.3d 987, 1001 (D. Col. 2016).

[32] *See TDC Lending LLC v. Priv. Cap. Grp.,* 340 F.Supp.3d 1218, 1227 (D. Utah 2018).

[33] *Id.*

[34] *See TDC Lending LLC v. Priv. Cap. Grp.,* 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA....").

[35] SAC at ¶ 62.

[36] *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000).

[37] *See* respectively SAC pp. 73 ¶¶ 335 a-j, 340 a-d; 76 ¶¶ 341 a-d and 354 a-l; and 88 ¶¶ 299 a-n.

168879481.1  9

the individuals are speaking. This is crucial because the SAC alleges that each of these three individuals were also "an employee and agent of Millcreek" at "all relevant times."[38]

However, their authority and duties with respect to each company obviously differ. For example, as the SAC alleges, Long was Vice President at Colliers, but the "President and founder of Millcreek Commercial Properties."[39] The SAC further notes that Long, Strong and McDougal used email addresses from Collier's domain *and* Millcreek's domain.[40] However, at no point does the SAC state which email the individuals were using at the time of any alleged misrepresentations.

An analysis of these Defendants' statements Plaintiffs allege were misleading only further show the need for clarification. Most of the statements made by Long, Strong, or McDougal are clearly made on behalf made on behalf of Millcreek. According to Plaintiffs, Long stated that "Millcreek Commercial had thoroughly vetted the tenants at the Draper Property."[41] Strong stated that "We [Millcreek] are beginning to build out of Draper, UT…."[42] Blake McDougal stated "[Millcreek's approach gives you access and flexibility."[43]

In paragraphs 335 and 340, there are references to Long/Colliers, but the SAC made clear prior that the Long/Colliers parties refer to a collection of at least 18 people which would make the allegation a group pleading.[44] Moreover, the statement refers to Kevin representing that there would be renovations done at one of the properties, a statement that Plaintiffs fail to explain how

---

[38] SAC ¶¶'s 31, 45, and 48.

[39] SAC P. 4

[40] SAC P. 38 ¶ 199.

[41] SAC ¶ 340d.

[42] SAC ¶ 341a.

[43] P. 89 ¶ 299d.

[44] Compare SAC pp. 73 ¶¶ 335 a-j, 340 a-d to ¶62.

168879481.1  10

it was misleading. In the lone statement where Plaintiffs' allege McDougal referenced Colliers, there is no accompanying allegations as to when or how the representation was made.[45] Similarly in the lone statement where Plaintiffs ostensibly allege Strong was speaking on behalf of Colliers, there is nothing accompanying the allegation to suggest when or in what manner the statement was made.[46] Meaning the statement still fell short of Rule 9 and the PSLRA.

Plaintiffs cannot simply attribute to Colliers every statement made that was made when there are clearly multiple agencies. Such tactics are no different than relying on group pleadings which is impermissible.[47] Without stating specifically on whose behalf the individuals were working, it is impossible to know for which statements Plaintiffs allege Colliers is responsible. The pleadings contained in the SAC completely run afoul of the purposes of Rule 9, which is to provide notice to the Colliers Defendants for precisely what fraudulent conduct is alleged against them so they can formulate an appropriate defense.[48] The requirements of Rule 9 and the PSLRA are mandatory.[49] Plaintiffs' repeated failures to comply with these rules cannot be ignored. Their claims must be dismissed.

B. <u>The majority of Plaintiffs' remaining claims must fail due to Plaintiff's failure to comply with Rule 9 in pleading fraud against Colliers.</u>

Plaintiffs' Fourth and Fifth Causes of action related to securities fraud under state law statutes must fail for the same reasons laid out above. However, the application Plaintiffs' failure

---

[45] SAC P. 89, ¶ 299(j).

[46] SAC ¶ 354(a).

[47] *TDC Lending LLC v. Priv. Cap. Grp.,* 340 F. Supp. 3d 1218, 1227 (D. Utah 2018).

[48] *Koch Indus., Inc.,* 203 F.3d at 1236; *see also SEC v. Goldstone*, 952 F.Supp.2d 1060, 1108 (D. N.M. 2013).

[49] Fed. R. Civ. P. 9(b); *11500 Space Center LLC v. Private Capital Group Inc.*, 516 P.3d 750, 760 (Utah Ct. App. 2022).

to comply with Rule 9 does not end there.  Rule 9(b) **applies to all claims** that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct."[50] Here, Plaintiffs' Seventh (Common Law Fraud), Ninth (Breach of Fiduciary Duty), Tenth (Concealment), Twelfth (Conspiracy to Commit Tortious Conduct), Thirteenth (Aiding/Abetting Tortious Conduct), Sixteenth (RICO), and Seventeenth (RICO) are derivative of Plaintiff's allegations of securities fraud. Because Plaintiffs' securities fraud claims against Colliers fail under Rule 9, so too do these claims.

The lynchpin of these causes of action is the allegation the various parties committed fraud in connection with the sale of the TIC interests. This is obvious in reading the SAC. For example, regarding their Seventh Cause of Action (Common Law Fraud), Plaintiffs start with the allegation that "Defendants made false statements…"[51] Similarly, in alleging breach of fiduciary, Plaintiffs allege that Defendants breached their duty "by making materially false or misleading representations or omissions."[52] As such, these causes of action are barred due to Plaintiffs' inability to plead fraud against Colliers with the specificity required by Rule 9.

Courts have routinely held that Rule 9 applies to Plaintiffs' allegations of concealment or omission as well, rending Plaintiff's Tenth Cause of Action invalid.[53]

Plaintiffs' Twelfth (conspiracy to commit tortious conduct) and Thirteenth (aiding and abetting tortious conduct) causes of actions are unviable as well.  Both claims require the pleading

---

[50] *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019); *Purac Am. Inc. v. Birko Corp.*, 2015 WL 1598065, at \*6 (D. Colo. Apr. 8, 2015) (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 14 (1st Cir. 2009).

[51] SAC P. 155 ¶651.

[52] SAC P. 159 ¶679.

[53] *See, e.g. Koch*, 203 F.3d at 1235 (applying Rule 9(b) to a general fraud claim "alleg[ing] that the Defendants misrepresented and concealed information").

of an underlying tort, which in this case is fraud.[54]  As outlined extensively above, Plaintiffs have failed to adequately plead fraud against Colliers. And where Plaintiffs fail to plead fraud, dismissal of their aiding and abetting and civil conspiracy claims is appropriate.[55] The Utah Court of Appeals has emphasized that "if the acts alleged to constitute the underlying wrong provide no cause of action, then neither is there a cause of action for the conspiracy itself"[56]

Finally, Plaintiff's Sixteenth and Seventeenth (RICO claims) Causes of Action must be dismissed for failure to plead fraud against Colliers. The elements of a RICO claim are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.[57] The Tenth Circuit has made clear that predicate acts of wire or mail fraud must be plead with particularity required by Rule 9(b).[58]  Plaintiffs have failed to do so with respect to Colliers.

III.   **The Pine Bluff and Draper Plaintiffs' First and Third Causes of Action must be dismissed for failure to comply with the statute of limitations.**

Under 28 U.S.C.A. § 1658 (b), "a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of:" (1) 2 years after discovery of the violation or (2) 5 years after the violation.[59] The statute begins to run "once the plaintiff did discover or a **reasonably diligent plaintiff** would have discover[ed] the facts constituting the

---

[54] *Jackson v. Volvo Trucks North America, Inc.,* 462 F.3d 1234 (2006); *Galindo v. Taylor*, 723 F.Supp.3d 1008 (D. Kan. 2024).

[55] *Chappell v. SkyWest Airlines, Inc.*, 2021 WL 5882256 at * 3 (D. Utah 2021).

[56] *Puttuck v. Gendron*, 199 P.3d 971 (Utah Ct. App. 2008).

[57] *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016).

[58] *Id.* at 1248.

[59] *See Merk & Co., Inc. v. Reynolds*, 559 U.S. 633, 650 (2012).

violation—whichever comes first."[60] And there is also "inquiry notice," which refers to the discovery of facts that would lead a reasonably diligent investor to investigate further.[61] In other words, the statute requires that an investor exercise reasonable diligence, and the statute of limitations begins to run once the investor, in the exercise of reasonable diligence, should have discovered the facts underlying the alleged fraud.[62] The objective of a statute of limitations is to **encourage investors to file suit as soon as possible**.[63]

Here, the Pine Bluff and Draper plaintiffs unquestionably failed to file within the statute of limitations. By their own admission, there were signs of something amiss as early as July 2021, when it became clear that promised renovations at the Draper Property were behind schedule.[64] This event certainly triggered inquiry notice because it would have been the first of a series of representations which Plaintiffs allege were not honored. The inquiry notice is also evidenced by the fact that Plaintiffs Ross Weber and David Elton specifically conducted an inquiry by visiting the property at this time.[65] Plaintiffs also note that many of the communications regarding John and Gayle's investment (through Club Fitness, Inc.) were handled through Ross Weber.[66]

If not by July 2021, the Plaintiffs should have known that the alleged fraud occurred no later than October 2022, at which point the HSH tenants defaulted on both the Pine Bluff and Draper properties.[67] This notice-triggering event would have occurred more than a year after

---

[60] *Id.* at 653 (emphasis added).

[61] *Id.* at 635.

[62] *Sterlin v. Biomune Systems*, 154 F.3d 1191, 1201 (10th Cir. 1998).

[63] *Id.* at 1202 (emphasis added).

[64] SAC, ¶ 396, 397.

[65] *Id.*

[66] SAC ¶ 334.

[67] SAC ¶ 406.

Plaintiffs already demonstrated they had inquiry notice as to the operation running amiss. Any reasonable investor would have discovered an alleged securities fraud violation by this point in time.

Moreover, one of Plaintiffs' core allegations is that the property was sold at an over-inflated value. This of course is based on Plaintiffs' purchasing their share for a higher price than Millrock paid for the properties. The price Millrock paid for the Pine Bluff property is public record.[68] Courts have routinely held that plaintiffs are on constructive notice about publicly available information.[69] Here, Plaintiffs Ross Weber, as well as his parents, John and Gayle would have been on constructive notice about the price inflation of the Pine Bluff Property at the time John and Gayle (through Club Fitness) purchased their share in Pine Pluff and at the time Ross purchased his share at Draper.

Between constructive notice at the time of sale for the Pine Bluff Property, inquiry notice in July 2021, and then the subsequent default in October 2022, October 2022 is the absolute latest for when the Draper and Pine Bluff Plaintiffs cause of action accrued. Yet, they did not file a complaint for two and a half years. As such, their first and third causes of action must be dismissed for failure to comply with the statute of limitations.

//

//

---

[68] SAC ¶ 429.

[69] *Sterlin v. Biomune Systems, Inc.*, 114 F.Supp.2d 1163, 1176 (D. Utah 2000)(reasonably diligent investor would have been aware of public information and therefore discover facts underlying fraud before statute of limitations lapsed); *Snyder v. Newhard, Cook & Co., Inc.*, 764 F.Supp. 612, 618 (D. Colo. 1991).

168879481.1   15

**IV.    All Plaintiffs' Second Cause of Action, for violation of Section 12 of the Securities Act (selling an unregistered security), must be dismissed for failure to comply with the statute of limitations.**

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public.[70] For purposes of the one-year period, most courts agree that the violation occurs when a prospective buyer actually purchases the securities.[71]

Plaintiffs filed their first Complaint on March 4, 2025.[72] Yet, according to the Second Amended Complaint, Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased their interest Pine Buff Property in April 2020, nearly five years prior to the filing of this lawsuit.[73] Plaintiffs Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited, LLC purchased their interest in the property in about January 2021, well over four years prior to the initial Complaint.[74] David Elton and Alyce Weber purchased their interest in November 2021, almost 3.5 years before the initial Complaint was filed.[75] James Blaisdell purchased his interest in January 2021.[76] Bryson and Kristine Ockey, as well as Claudia Griffin and Eric Stamm through

---

[70] *See* 15 U.S.C. § 77m. (emphasis added).

[71] *See e.g., In re Biozoom, Inc. Sec. Litig.,* 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *Padillia v. Winger*, No. 2:11CV897DAK, 2012 WL 1379228 at * 5 (D. Utah Apr. 20, 2012); *In re Elec. Data Sys. Corp. "ERISA" Litig.,* 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004).

[72] Dkt. 1.

[73] SAC, ¶ 376.a.

[74] SAC, ¶ 376.b.

[75] SAC, ¶ 376.c.

[76] SAC, ¶ 376.

the Betty L. Griffin 1999 Revocable Trust, purchased their interests in "late 2022," well over two years prior to the filing of any complaint.[77]

Plaintiffs cannot rely on the "discovery rule" for tolling of nonregistration claims. Plaintiffs, each of them, failed to file their claim for sale of an unregistered security within the 1-year statute of limitation provided in Section 13 of the Securities Act. This claim, therefore, must be dismissed.

**V.      Plaintiffs' Fourth, Fifth, and Sixth Causes of Action fail because Utah state securities law exempts TIC agreements and Plaintiffs fail to sufficiently plead other state statutes.**

A.   <u>TIC Agreements are not a securities under Utah law.</u>

Under Utah law, TIC agreements are not securities. Under the Utah Uniform Security Act, "security" includes notes, bonds, stocks, investment contracts, and other financial instruments. However, the Utah legislature has specifically excluded the sale of certain assets of the definition of a "security", including:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or

> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:(Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.[78]

---

[77] SAC, ¶ 376.e;  ¶376.f.

[78] Utah Code Ann. § 61-1-13(ee)(ii)(C).

TIC agreements plainly fall under this latter category; therefore, Utah state securities statutes do not apply, and Plaintiffs have no state cause of action.[79]

B.  <u>Plaintiffs fail to specify what other state law claims apply.</u>

Rule 9(b) requires a Plaintiff making an allegation of fraud to state with particularity the circumstances giving rise to the fraud. To meet the requirements of Rule 9(b), a plaintiff must "indicate the state statutes under which they seek relief."[80] This is crucial to due process because the relevant states' laws vary as to their elements for claims asserted for primary liability versus indirect liability.[81] Thus, simply referencing only the state or chapter or article of the statute is not enough.[82]

Here, Plaintiffs do lay out their theory for liability of all Defendants under Utah law. However, they reference state statutes in only a footnote, stating "Applicable state law regarding securities fraud includes at least the following statutes: California, § 25401; Massachusetts, Mass. Gen. Laws Ch. 110A § 101; Delaware, DE Code § 73-201; Washington, RCW § 21.20.010; Arkansas, AR Code § 23-42-507; Wyoming, Wyo. Stat. § 17-4-501; Colorado, Colo. Rev. Stat. § 11-51-501; Utah, § 61-1-1."[83] They do not explain the theories or requirements of each state claim. Without these pleadings, Plaintiffs' provide no notice for which state statutes they allege

---

[79] *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

[80] *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991); *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

[81] *See Baston v. Rim San Antonio Acquisition, LLC*, 2016 WL 6901312 at *16 (S.D.N.Y. Nov. 22, 2016).

[82] *Id.*

[83] SAC, p. 146, Fn. 1.

Colliers violated or how. Such cursory and bare-bone pleadings cannot possibly meet the heightened requirements of Rule 9(b).[84]

## VI.   The various vaguely referenced state securities claims should also be dismissed for failure to state a cause of action upon which relief can be granted.

### A.   Plaintiffs cannot maintain a cause of action for selling an unregistered security or sale by an unregistered broker under Arkansas law.

The statute of limitations for selling an unregistered security or for sale of a security by an unlicensed broker in Arkansas is three years.[85] The statute begins to run from the date of the sale.[86] The Pine Bluff property is located in Arkansas which would be the only nexus for Arkansas law applying to this case. The only purchaser of an interest in the Pine Bluff Property was Club Fitness.[87] Club Fitness purchased its interest in April of 2020, almost five years prior to this lawsuit and well after the statute of limitations lapsed.[88]

### B.   Plaintiffs failed to meet the statute of limitations for any California securities law violations.

Actions brought for violation of Section 25110 (which prohibits the sale of unqualified securities) and for control person liability must be brought within two years of the violation or one year after discovery of the facts constituting the violation, whichever occurs first.[89] Similarly, actions brought for fraudulent sales of securities must be brought within 2 years of discovery of

---

[84] Fed. R. Civ. P. 9(b).

[85] A.C.A. §  23-42-106(g).

[86] *Wells v. Hill*, 239 Ark. 979 (1965) (analyzing the statute of limitations under an earlier version of the statute).

[87] SAC P. 95 ¶ 376a ("Plaintiffs… through Club Fitness, Inc., purchased a 11.508% interest in the Pine Bluff Property on or about April 2020.").

[88] *Id*.

[89] *See* Cal.Corp.Code § 25507; *Bowden v. Robinson*, 67 Cal.App.3d 705 (1977).

the facts given rise to a violation.[90] In California, inquiry notice can trigger the statute of limitations if no inquiry is made or if inquiry is made, when a reasonably diligent investor would have discovered they had been defrauded.[91]

James Blaisdell is the only California plaintiff in this case, and he purchased a share in the Draper property in January 2021.[92] As discussed above, the Draper Plaintiffs had inquiry notice as early as July 2021 and should have had actual notice as early as October 2022.[93] As a result, James did not bring this case within the statute of limitations for any California state securities claims.

C. Plaintiffs cannot maintain a cause of action for selling an unregistered security or sale by an unregistered broker under Colorado law.

Under Colorado law, claims for selling an unregistered security or for sale by an unregistered broker must be brought within 2 years of the sale.[94] The only Plaintiffs with any connection to Colorado are Eric Stamm, Claudi Griffin, and the Betty L. Griffin Revocable Trust.[95] The Trust made its purchase in "late 2022," nearly two and a half years before this suit was brought. These plaintiffs cannot maintain a securities action for either of these theories under Colorado law.

D. Plaintiffs failed to plead sufficient facts to maintain a Delaware securities claim of any kind.

The Delaware Securities Act applies only when there is a "sufficient nexus" between Delaware and the securities transaction at issue.[96] The Court of Chancery has routinely emphasized

---

[90] Cal.Corp.Code § 25506.

[91] *Deveny v. Entropin, Inc.,* 139 Cal.App.4th 408, 428 (Cal. Ct. App. 2006).

[92] SAC ¶¶ 87, 376d.

[93] Supra. Section III.

[94] C.R.S.A. § 11-51-604(8).

[95] SAC ¶ 376(f).

[96] *FdG Logistics LLC v. A&R Logistics Holdings, Inc.*, 131 A.3d 842, 853-854 (Del. Ch. 2016).

that the Act does not automatically apply to transactions involving Delaware corporations or those governed by Delaware law under a choice-of-law provision.[97]

Here, Plaintiffs have alleged no nexus to Delaware to trigger Delaware securities laws, beyond maybe the fact the Colliers International Mountain and Colliers International Holdings are incorporated there. Plaintiffs do not allege that any part of the negotiations, marketing, or completion of the sale of the TIC agreements occurred in Delaware. Under Delaware law, Plaintiffs' Amended Complaint is insufficient to state a cause of action for any securities violations.

### E.   Massachusetts law has zero application to this lawsuit.

Plaintiffs plainly do not plead a single fact that would state a cause of action under Massachusetts law. Plaintiff do not allege any party is domiciled in Massachusetts or that any part of any transaction took place there. The only mention of Massachusetts is in footnote one on page 146 of the Amended Complaint, where Plaintiffs ostensibly attempt to plead a cause of action under the state's law. Any cause of action under Massachusetts law should be dismissed pursuant to Rule 12(b)(6).

### F.   Plaintiffs failed to meet Utah's statute of limitations for selling an unregistered security or sale by an unlicensed broker.

Any action for Utah securities law violations must be brought within 5 years of the violation or two years of the discovery of the violation.[98] As noted above, the Pine Bluff and Draper plaintiffs should have discovered any fraud by as early as October of 2022 but waited until March 2025 to bring this action. The statute of limitations has lapsed with regards to these plaintiffs.

---

[97] *Id.*;  *see also Vichi v. Koninklijke Philips Elecs. N.V.*, 2009 WL 4345724, at *19 (Del. Ch. Dec. 1, 2009); *Eurofins Panlabs, Inc. v. Ricerca Biosciences, LLC*, 2014 WL 2457515, at *18 (Del. Ch. May 30, 2014).

[98] U.C.A. 1953 § 61-1-22 (7).

G. Plaintiffs failed to meet the statute of limitations for any Wyoming securities law violations.

Under WY ST § 17-4-509(k)(i), the statute of limitations for a private right of action for both selling an unregistered security and for sale by an unlicensed broker is 1 year from when the violation occurs. Similarly, a claim for securities fraud must be brought within two years of discovery of the facts giving rise to a violation.[99]

Not a single Plaintiff brought this lawsuit within 1 year of the purchase of their TIC interest.[100] The only Plaintiff with any alleged connection to Wyoming or any right to invoke Wyoming securities laws is Compostella Limited, LLC. As discussed above, Peter Ross Weber, who acted to purchase the securities through Compostella, had inquiry notice of fraud as early as July 2021 and should have discovered fraud by as early as October 2022.[101] The Wyoming statute of limitations lapsed long before this case was brought in Mach of 2025, so the causes of action must be dismissed.

**VII.    Plaintiffs John Weber, Gayle Wber, Club Fitness, Peter Ross Weber, Yolanda Wever, Compostella Limited, LLC and James Blaisdell's Eighth and Fourteenth Causes of Action, for Negligent Misrepresentation and Negligence must be dismissed for failure to meet the statute of limitations.**

Under Utah Code Annotated § 78B-2-307(3), a cause of action for negligence has a statute of limitations of four years.[102] In Utah, the cause of action accrues once the event giving rise to injury occurs.[103] Here, any negligent misrepresentation by Colliers that induced Plaintiffs to the buy the TIC shares occurred prior to the sale, but the sale is where the actual damage occurs. Thus,

---

[99] WY ST § 17-4-509(k)(ii).

[100] Compare SAC ¶376 a-g to Dkt. 1, the original Complaint.

[101] Supra Section III.

[102] *Muir v. Wasatch Front Waste & Recycling District*, 547 P.3d 863 (Utah Ct. App. 2024).

[103] *Rabo Agrifinance, Inc. v. Bliss*, 227 F.Supp.3d 1249, 1254 (D. Utah 2017).

the cause of action would accrue at the time of the sale. Each of the above Plaintiffs, as noted in Section IV, closed on their interest prior to or in January 2021.[104] The alleged negligence and/or negligent misrepresentation occurred more than four years prior to the filing of the initial complaint (March 2025) and the statute of limitations accordingly lapsed.

### VIII. Plaintiffs John Weber, Gayle Weber, and Claudia Griffin cannot maintain their actions for elder abuse.

Utah Code § 26B-6-213 explicitly limits the private right of action for elder abuse to vulnerable adults who suffer harm or financial loss due to exploitation. The Amended Complaint states that John and Gayle purchased their TIC "**through Club Fitness, Inc.,**" meaning Club Fitness Inc. is the owner of the TIC.[105] Any loss or harm suffered as a result of purchasing the TIC belongs to Club Fitness, a corporation. And corporations do not have standing to bring a claim for elder abuse.

Similarly, Claudia Griffin was not the purchaser of the TIC. Instead, the Betty L. Griffin Trust, a separate legal entity, is the owner of the TIC.[106] For this reason alone, Claudia's claim for elder abuse should be dismissed. In addition, Claudia Griffin's age is unclear in the Second Amended Complaint. In paragraph 90, she is referred to as 61 but under the cause of action, she is alleged to be above 65. These contradictory pleadings are insufficient under Rule 9(b). While the Second Amended Complaint could, in theory, be a typo in paragraph 90 and Claudia could be 67 instead of 61, the Amended Complaint does not state her actual date of birth. This fact is critical because the sale took place over two and a half years before the action was brought. Even if Claudia was 67 on the date of the initial Complaint (though it is entirely unclear), she could have been

---

[104] SAC ¶¶376 a-g.

[105] SAC, ¶ 376.a. (emphasis added).

[106] SAC ¶¶376 f-g.

below 65 and thus exempt from Utah's elder abuse statute on the date of the transaction. This failure to sufficiently plead Claudia's age is grounds for dismissal of her elder abuse claim as well.

<u>Conclusion</u>

Significant portions of Plaintiffs' Amended Complaint fail to properly state a cause of action upon which relief can be granted. As such, for the foregoing reasons state above, Colliers Defendants respectfully request that the Court (1) dismiss Colliers International Holdings and Colliers International Group as defendants; (2) dismiss the Pine Bluff and Draper Plaintiffs' First and Third causes of action; (3) dismiss all Plaintiffs' Second cause of action; (4) dismiss all Plaintiffs' Fourth, Fifth, and Sixth causes of action for the reasons outlined in Section IV of this motion or, alternatively, dismiss Plaintiffs' various state law claims for the reasons outlined in Section V of the Complaint; (5) dismiss the Pine Bluff and Draper Plaintiffs' Eighth and Fourteenth causes of action for failure to comply with the statute of limitations; and (6) dismiss Plaintiffs John Weber, Gayle Weber, and Claudia Griffin's causes of action for elder abuse.

DATED:  December 19, 2025                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:  */s/ Douglas C. Smith*
       William B. Helfand
       Douglas C. Smith
       Megan M. Le
       *Attorneys for Defendants Colliers International Intermountain, LLC, Colliers International Holdings (USA), and Colliers International Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S MOTION TO DISMISS** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

/s/ Belle Wade

168879481.1  25