Bentley J. Tolk (btolk@parrbrown.com)
Rodger M. Burge (rburge@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone:  (801) 532-7840

*Attorneys for Defendant Kevin Long*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST,<br><br>Plaintiffs,<br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG | DEFENDANT KEVIN LONG'S MOTION TO DISMISS SECOND CAUSE OF ACTION<br><br><br><br><br><br>Civil No. 2:25-cv-00162-DB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; and ADP-MILLCREEK 3, LLC;,<br><br>            Defendants. | |

## RELIEF SOUGHT AND GROUNDS FOR THE RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1, Defendant Kevin G. Long ("Long") hereby moves the Court to dismiss with prejudice the Second Cause of Action ("2nd COA") in Plaintiffs' Second Amended Complaint [Dkt. 147] (the "Second Amended Complaint" or "SAC") as to Long. The grounds for the requested relief are that the 2nd COA fails as a matter of law because Plaintiffs fail to plead facts showing compliance with the time periods set forth in 15 U.S.C. § 77m, as part of a prima facie case under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act").

## INTRODUCTION

This case arises from Plaintiffs' purchases of tenant-in-common ("TIC") interests in various commercial real properties. The commercial properties at issue in this case are located in Pine Bluff, Arkansas (the "Pine Bluff Property"); Draper, Utah (the "Draper Property"); Lehi, Utah (the "Lehi Property"); and Crockett, Texas (the "Crockett Property"). In this lawsuit, Plaintiffs characterize these real property interests as "securities" and assert several claims under federal securities laws, in addition to various state law claims. Among the securities causes of action set forth in the Second Amended Complaint, Plaintiffs assert a claim under Section 12(a)(1) of the Securities Act, which provides a cause of action against sellers of securities who

offer or sell a security in violation of Section 5's registration requirements. This claim is subject to the 1-year statute of limitation and 3-year statute of repose found in Section 13 of the Securities Act. Unlike other statutes of limitation which are simply asserted as an affirmative defense, however, federal law requires a claimant to affirmatively plead compliance with the timeliness requirements of Section 13 as part of establishing a prim facie case under Section 12(a)(1). Here, based on the allegations contained in the Amended Complaint, Plaintiffs' 2nd COA is asserted well beyond the timeliness requirements of Section 13, and thus their Section 12(a)(1) claims must be dismissed with prejudice.

## STATEMENT OF RELEVANT FACTS

The following facts are taken from the Second Amended Complaint and the Court's docket:

1. "Starting by at least early 2020, the Colliers/Long Parties, under Long's direction, began marketing the Pine Bluff Property." [SAC, ¶ 184.]

2. "Starting by at least August 2020, the Colliers/Long Parties, under Long's direction, began marketing the Draper Property." [SAC, ¶ 185.]

3. "Starting by at least April 2022, the Colliers/Long Parties, under Long's direction, began marketing the Lehi and Crockett Properties." [SAC, ¶ 186.]

4. "Plaintiffs John and Gayle Weber through Club Fitness, Inc. purchased an 11.508% interest in the Pine Buff Property in about April 2020." [SAC, ¶ 376.a; Warranty Deed (Limited Liability Company), executed on April 17, 2020, attached hereto as Exhibit A.[1]]

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court may consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007), and other documents "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

3

5. "Plaintiffs Ross Weber and Yolanda Altagracia Cosme de Weber through Compostela Limited, LLC purchased a 2.515% interest in the Draper Property in about January 2021." [SAC, ¶ 376.b; Special Warranty Deed, executed on February 10, 2021, attached hereto as Exhibit B.]

6. "David Elton and Alyce Weber purchased a 2.5354% interest in the Draper Property in or about November 2021." [SAC, ¶ 376.c; Special Warranty Deed, executed on November 22, 2021, attached as Exhibit C.][2]

7. "James Blaisdell purchased a 2.963 interest in the Draper Property in or about January 2021." [SAC, ¶ 376.d; Special Warranty Deed, executed on January 6, 2021, attached hereto as Exhibit D.]

8. "Bryson and Kristine Ockey purchased a 14.0433% interest in the Lehi Property in about late 2022." [SAC, ¶ 376.e; Special Warranty Deed, executed on November 15, 2022, attached hereto as Exhibit E.]

9. "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 9.5356% interest in the Lehi Property in about late 2022." [Amended Complaint, ¶ 376.f; Special Warranty Deed, executed on November 21, 2022, attached hereto as Exhibit F.]

10. "Claudia Griffin and Eric Stamm through the Betty L. Griffin 1999 Revocable Trust purchased a 2.1041% interest in the Crockett Property in about late 2022." [SAC, ¶ 376.g; Special Warranty Deed, acknowledged on December 7, 2022, attached hereto as Exhibit G.]

11. Plaintiffs filed their original Complaint on March 4, 2025 (the "Complaint"). [Dkt. # 1.]

---

[2] Based on the Special Warranty Deed, the interest was only conveyed to David Elton.

12. Plaintiffs filed an Amended Complaint on March 25, 2025.  [Dkt. # 4.]

13. Plaintiffs filed a Second Amended Complaint on December 5, 2025. [Dkt. # 147.]

ARGUMENT

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted."  *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC*, No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).  In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A complaint that merely alleges a "possible" or "conceivable" claim is insufficient.  *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).  A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief.  *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be <u>well-pleaded</u> allegations." *Warnick,* 895 F.3d at 751 (emphasis in original).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts."  *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678).  Here, with respect to the 2nd COA, Plaintiffs fail to assert allegations giving rise to a cognizable claim against Long under Section 12(a)(1) of the Securities Act, and thus this Motion should be granted.

I. THE 2ND COA FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE NOT PLED COMPLIANCE WITH THE TIMELINESS REQUIREMENTS OF SECTION 13.

Under the 2nd COA, Plaintiffs claim Long is liable under Section 12(a)(1) of the Securities Act. That claim fails as a matter of law because Plaintiffs did not file the Complaint within the one-year period from the alleged violation of Section 12(a)(1) as required under Section 13 of the Securities Act.

Section 12(a)(1) provides the exclusive federal cause of action for failure to register public or private securities, and imposes liability on those who offer or sell securities without complying with the applicable statutory registration and prospectus requirements in Section 5 of the Securities Act. *See Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 916 (6th Cir. 2007); *see also Holland v. GEXA Corp.*, 161 F.App'x 364, 366 (5th Cir. 2005). To state a cause of action under Section 12(a)(1), a plaintiff must show: (i) a lack of a registration statement for the securities at issue; (ii) the offer or sale of securities;[3] and (iii) use of interstate transportation or communication in the offer or sale. *See e.g., Rocky Aspe Mgmt. 204 LLC v. Hanford Holdings, LLC*, 230 F.Supp. 3d 159, 165 (S.D.N.Y. 2017). Additionally, to establish a prima facie case under Section 12(a)(1), courts require a plaintiff to plead facts and show compliance with the timeliness requirements under Section 13 of the Securities Act. *See Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); *see also Mori v. Saito,* 2013 WL 1736527, at *3 (S.D.N.Y. Apr. 9, 2013); *Pullins v. Kimley*, 2008 WL 85871, at *9 (S.D. Ohio Jan. 7, 2008).

---

[3] In this lawsuit, Long disputes that the real estate transactions at issue involved any "security" under federal or state securities laws. For purposes of a motion under Rule 12(b)(6), however, Long acknowledges that the Court is required to accept as true the well-pled allegations of the Complaint.

Section 13 of the Securities Act provides both a statute of limitation and a statute of repose for Section 12(a)(1) claims, requiring a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public:

> No action shall be maintained to enforce any liability created under section 77k or 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, <u>or, if the action is to enforce a liability created under section [Section 12(a)(1)] of this title, unless brought within one year after the violation upon which it is based</u>. In no event shall any such action be brought to enforce a liability created under section 77k or [Section 12(a)(1)] of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale.

*See* 15 U.S.C. § 77m. (emphasis added). For purposes of the one-year period, most courts agree that the violation occurs when a prospective buyer actually purchases the securities. *See e.g.*, *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004). A few courts, however, have found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. *See e.g., Barnert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Neither this Court nor the Tenth Circuit Court of Appeals appears to have ruled on this issue. Regardless of which approach the Court takes in determining the triggering date, Plaintiffs failed to plead facts showing timely compliance with Section 13.

    A.   <u>Club Fitness, Inc. (John and Gayle Weber)</u>.

Plaintiffs allege that John and Gayle Weber, through Club Fitness, Inc., purchased an interest in the Pine Bluff Property "in or about April 2020." [SAC, ¶ 376.a.] More specifically, the Warranty Deed under which Club Fitness, Inc. took ownership of an interest in the Pine Bluff

Property was executed on April 17, 2020 and was recorded in Jefferson County, Arkansas on April 28, 2020.  [Exhibit "A."]  Plaintiffs filed their Complaint on March 4, 2025.  [Dkt. # 1.] Consequently, regardless of which event the Court uses to determine when the 2nd COA arose for Club Fitness, Inc., the claim is asserted well beyond Section 13's 1-year time period for bringing an action under Section 12(a)(1).[4]  Club Fitness, Inc.'s 2nd COA for sale of unregistered securities therefore fails as a matter of law.

    B.   <u>Compostella Limited, LLC (Ross Weber and Yolanda Altagracia Cosme de Weber)</u>.

Plaintiffs allege that Ross and Yolanda Altagracia Cosme de Weber, through Compostella Limited, LLC ("Compostella"), purchased an interest in the Draper Property "in about January 2021."  [SAC, ¶ 376.b.]  The Special Warranty Deed under which Compostella took title to the TIC interest was executed on February 10, 2021 and recorded in the Salt Lake County Recorder's Office on the same day.  [Exhibit "B."]  Any claim by Compostella for violation of Section 12(a)(1) is therefore time-barred where the Complaint was filed on March 4, 2025 – well-beyond Section 13's 1-year time period.[5]  Compostella's 2nd COA for sale of unregistered securities therefore fails as a matter of law.

    C.   <u>David Elton (and Alyce Weber)</u>.

Plaintiffs allege that David Elton and Alyce Weber purchased an interest in the Draper Property "in or about November 2021."  [SAC, ¶ 376.c.]  The Special Warranty Deed conveying the TIC interest to David Elton was executed on November 22, 2021 and recorded in the Salt

---

[4] Club Fitness, Inc.'s claim is also barred under Section 13's 3-year statute of repose as well, where Plaintiffs' allege "[s]tarting by at least early 2020, the Colliers/Long Parties, under Long's direction, began marketing the Pine Bluff Property."  [SAC, ¶ 184.]

[5] Compostella's claim is also time-barred under Section 13's 3-year statute of repose as well, where Plaintiffs allege "[s]tarting by at least August 2020, the Colliers/Long Parties, under Long's direction, began marketing the Draper Property."  [SAC, ¶ 185.]

Lake County Recorder's Office on the same day. [Exhibit "C."] Consequently, where the Complaint was filed on March 4, 2025, any claim of David Elton and Alyce Weber under the 2nd COA is asserted well beyond Section 13's 1-year time period for bringing an action under Section 12(a)(1).[6]

    D.   James Blaisdell.

Plaintiffs allege that James Blaisdell purchased an interest in the Draper Property "in or about January 2021." [SAC, ¶ 376.d.] The Special Warranty Deed conveying the TIC interest to James Blaisdell was executed on January 6, 2021 and recorded in the Salt Lake County Recorder's Office on January 8, 2021. [Exhibit "D."] Consequently, where the Complaint was filed on March 4, 2025, any claim of James Blaisdell under the Second Cause of Action is asserted well beyond Section 13's 1-year time period for bringing an action under Section 12(a)(1).[7]

    E.   Bryson J. and Kristine B. Ockey.

Plaintiffs allege that Bryson J. and Kristine B. Ockey acquired a TIC interest in the Lehi Property "in about late 2022." [SAC, ¶ 376.e.] The Special Warranty Deed conveying the TIC interest to them was executed on November 15, 2022 and recorded in the Utah County Recorder's Office on November 16, 2022. [Exhibit "E."] The Complaint was not filed in this case until March 4, 2025, and thus any claim of the Ockey's for violation of Section 12(a)(1) is time-barred under Section 13's 1-year time period for asserting the claim.

---

[6] David Elton and Alyce Weber's claim is also barred under Section 13's 3-year statute of repose as well, where Plaintiffs allege "[s]tarting by at least August 2020, the Colliers/Long Parties, under Long's direction, began marketing the Draper Property." [SAC, ¶ 185.]

[7] James Blaisdell's claim is also barred under Section 13's 3-year statute of repose as well, where Plaintiffs allege "[s]tarting by at least August 2020, the Colliers/Long Parties, under Long's direction, began marketing the Draper Property." [SAC, ¶ 185.]

F.  <u>The Betty L. Griffin 1999 Revocable Trust (Claudia Griffin and Eric Stamm)</u>.

The Betty L. Griffin 1999 Revocable Trust (the "Trust") acquired TIC Interests in both the Lehi and Crockett Properties.  According to the Amended Complaint, the Trust acquired a TIC interest in the Lehi Property "in about late 2022." [SAC, ¶ 376.f.].  The Special Warranty Deed conveying the TIC interest to the Trust was executed on November 21, 2022 and recorded in the Utah County Recorder's Office on November 23, 2022.  [Exhibit "F."]  Likewise, Plaintiffs also allege that the Trust acquired a TIC interest in the Crockett Property "in about late 2022." [Amended Complaint, ¶ 376.g.]  The Special Warranty Deed conveying the TIC interest to the Trust was acknowledged on December 7, 2022 and recorded in Houston County on December 9, 2022.  [Exhibit "G."]  Accordingly, any claim of the Trust under the 2nd COA purportedly arising from its acquisition TIC interest in either property is time-barred where it is asserted in the Complaint (filed on March 4, 2205) well beyond Section 13's 1-year time period.

## CONCLUSION

For reasons set forth above, the Motion should be granted and the 2nd COA dismissed with prejudice.

DATED this 2nd day of January, 2026.

PARR BROWN GEE & LOVELESS, P.C.


By: <u>/s/ Rodger M. Burge</u>
    Bentley J. Tolk
    Rodger M. Burge
    Attorneys for Defendant Kevin Long

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2026 a true and correct copy of the foregoing DEFENDANT KEVIN LONG'S MOTION TO DISMISS SECOND CAUSE OF ACTION was filed with the Clerk of the Court using the CM/ECF system, providing notice thereof to all parties having made an appearance in this matter.

/s/ Wendy V. Tuckett