Brennan Moss (10267)
Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
415-534-7970
brennan@pbp.law

Robert E. Eggmann (pro hac vice motion forthcoming)
(ree@carmodymacdonald.com)
Lindsay Leible Combs (pro hac vice motion forthcoming)
(ltl@carmodymacdonald.com)
Chioma P. Chuku-Smith (pro hac vice motion forthcoming)
(cpc@carmodymacdonald.com)
Carmody MacDonald, P.C.
120 S. Central Ave
St. Louis, Mo 63130
314-854-8600

Attorneys for SARC Draper, LLC

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC., et al.,<br><br>    Defendant. | **MOTION TO DISMISS SECOND AMENDED COMPLAINT AS AGAINST SARC DRAPER, LLC**<br><br>Case No. 2:25-cv-00162-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

**MOTION TO DISMISS SECOND AMENDED COMPLAINT
AS AGAINST SARC DRAPER, LLC**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant SARC Draper, LLC ("SARC Draper") hereby moves the Court to dismiss with prejudice all counts asserted by Plaintiffs against SARC Draper, which consist of Counts 1, 2, 3, 4, 5, 6, 12, 13, 16, 17

and 18. The grounds for the requested relief on the federal causes of action are that:

    1. With respect to the First Cause of Action for violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder, Plaintiffs fail to satisfy the heightened pleading requirements under both Civil Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Because Plaintiffs have not alleged *any* representations made by SARC Draper, Plaintiff has failed to allege any of the required elements for a claimed violation of the Exchange Act.

    2. The Second Cause of Action for Sale of Unregistered Securities fails as Plaintiff does not establish facts demonstrating compliance with the applicable statute of limitations set forth in 15 U.S.C. § 77m.

    3. The Third Cause of Action for "Control Person Liability" under the Exchange Act, asserted against "All Defendants," fails because the Complaint is utterly devoid of any allegations that SARC Draper acted as a control person of any of the other parties to this litigation, and instead asserts only threadbare "group pleading" allegations.

    4. The Fourth, Fifth, and Sixth Causes of Action fail as a matter of law because the sale of TIC interests were not sales of a "security" under Utah law.

    5. The remaining Causes of Action (12, 13, 16, 17, and 18) fail, as they do not allege adequate facts to state a claim and instead contain only barebones recitation of the elements of the alleged offenses.

## INTRODUCTION AND FACTUAL BACKGROUND

This case involves fourteen (14) separate Plaintiffs, against thirty-five (35) separate Defendants, arising from numerous transactions in which Plaintiffs acquired tenant-in-common interests ("TIC interests") in eight (8) separate commercial real properties where the tenants on

those properties ultimately defaulted in their rent obligations. Consequently, where the Plaintiffs' claims largely sound in fraud, and thus are governed by heightened pleading requirements, it is imperative that Plaintiffs plead their claims with particularity to allow SARC Draper (and other Defendants) to understand and have notice of what exactly is complained against it (and each Defendant), so it can respond to the Complaint intelligently rather than being forced to give general "denials."

Plaintiffs' Complaint, however, largely constitutes a "group pleading" that impermissibly groups SARC Draper and the other Defendants together, without distinguishing the basis for SARC Draper's alleged culpability or liability. Moreover, the allegations that are asserted specifically against SARC Draper fail to explain how the alleged misrepresentations are false, or assert facts from which "scienter" can be inferred. The Complaint's causes of action against SARC Draper merely constitute threadbare recitals of the elements of each claim, supported only by conclusory statements. Thus, the facts set forth in support of those causes of action do not qualify as well-pleaded allegations. The transactions at issue in the Complaint do not, as a matter of Utah state law, involve a "security," which is fatal to Plaintiffs' state law securities-based causes of action. In addition, the Second Cause of Action fails because it does not (and cannot) plead compliance with the timeliness requirements set forth in Section 13 of the Securities Act. Finally, the Complaint is defective as to the remaining state law claims due again to the lack of particularity with which such claims are plead and the absence of detail of any actions taken by SARC Draper, and Plaintiffs' bare-bones Complaint must be dismissed as to SARC Draper.

## ARGUMENT

"Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint, standing alone, is legally insufficient to state a claim on which relief may be

granted." *IHC Health Servs., Inc. v. Tyco Integrated Sec., LLC,* No. 2:17-CV-00747-DN, 2018 WL 3429932, at *1 (D. Utah July 16, 2018) (citing *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)). In addition, to withstand a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim is insufficient. *Iqbal,* 556 U.S. at 679-80 (quoting *Twombly,* 550 U.S. at 570); *see also Warnick v. Cooley,* 895 F.3d 746, 751 (10th Cir. 2018). A plaintiff must allege sufficient factual matter that shows he or she is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Although pleadings at the motion to dismiss stage are liberally construed, before accepting a plaintiff's allegations as true, "they must be <u>well-pleaded</u> allegations." *Warnick,* 895 F.3d at 751 (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not count as well-pleaded facts." *Id.* (internal quotations omitted) (quoting *Iqbal,* 556 U.S. at 678). Here, Plaintiffs fail to assert allegations giving rise to a cognizable claim against SARC Draper, and thus this Motion should be granted.

1. **COUNT ONE FAILS TO STATE A CLAIM FOR VIOLATIONS OF SECURITIES LAWS**

Federal Rule of Civil Procedure 9(b) requires that a party "alleging fraud or mistake…must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b) (2024). Rule 9(b) applies to all claims that are "based on the same core allegations of deception, false misrepresentations, and fraudulent conduct." *Security Sys., Inc. v. Alder Holdings, LLC*, 421 F.Supp.3d 1186, 1194 (D. Utah 2019). "To satisfy Rule 9(b)'s heightened pleading standard, among other things, a pleading must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences

thereof.'" *Combs v. SafeMoon LLC*, Case No. 2:22-cv-00642-DBB-JCB, 2024 WL 1347409, *4 (D. Utah March 29, 2024), citing Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997).

Beyond the heightened pleading standard in Rule 9(b), the Private Securities Litigation Reform Act ("PLSRA") imposes a heightened requirement on pleadings involving allegations of securities fraud. Specifically, the PSLRA increases the pleading burden of the first element of a securities fraud claim: that the defendant made misleading or untrue statements of material fact. The PSLRA requires that the Complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed. 15 U.S.C.§ 78u-4(b)(1) (2024).

Additionally, as to the pleading of the "scienter" or intent to defraud element, the PSLRA superseded part Rule (9)(b) by imposing a more stringent rule of pleading:

> In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

See *Adams v. Kinder-Morgan, Inc*., 340 F.3d 1083, 1096, citing 15 U.S.C. § 78u-4(b)(1) (2024) (emphasis added). The PSLRA requires scienter to be found with respect to each defendant and with respect to each alleged violation. See *TDC Lending LLC v. Priv. Cap. Grp*., 340 F.Supp.3d 1218, 1227 (D. Utah 2018). Further, the required "strong inference" of scienter must be more than merely reasonable or permissible – "it must be cogent, thus strong in light of other explanations. A complaint will survive only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any plausible opposing inference one could draw from

the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To determine whether the plaintiff has alleged facts that give rise to the requisite "strong inference" of scienter, a court must consider plausible, nonculpable explanations for the defendant's conduct. See *Id*. at 323-4.

Plaintiffs' First Cause of Action for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, should be dismissed in its entirety with prejudice as to SARC Draper because Plaintiffs have failed to allege well-pled facts to establish any violation. Under Section 10(b)/Rule 10b-5, a plaintiff must plead: "(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is, with intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance." *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020). Here, Plaintiffs do not plead any of these necessary facts and thus fail to satisfy the heightened pleading standards described above. The PLSRA requires that the Plaintiff be specific in alleging each misleading statement made by the offending party and how such statement was misleading. Here, Plaintiffs do not make any statements that rise to this required level of specificity, and instead rely on barebones recitation of the elements of the offense. Additionally, there are no facts the plead the necessary element of scienter, as the claim does not even attempt to characterize the state of mind of SARC Draper. All of the allegations within this count directed collectively at all defendants, with nothing specific to SARC Draper. Those allegations do not set forth the time or place of such misrepresentations, among other pleading requirements under Rule 9(b) and the PSLRA.

2. **COUNT TWO OF THE COMPLAINT FAILS TO ALLEGE A VIOLATION UNDER SECTION 12(A) OF THE SECURITIES ACT**

Plaintiffs' Second Cause of Action alleges violation of Section 12(a) of the Securities Act. That claim was not brought within the requisite period imposed by Section 12(a)(1) and therefore fails as a matter of law.

To state a cause of action under Section 12(a)(1), a plaintiff must show: (i) a lack of a registration statement for the securities at issue; (ii) the offer or sale of securities; and (iii) use of interstate transportation or communication in the offer or sale. See e.g., *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings, LLC*, 230 F.Supp. 3d 159, 165 (S.D.N.Y. 2017). Additionally, to establish a prima facie case under Section 12(a)(1), courts require a plaintiff to plead facts and show compliance with the timeliness requirements under Section 13 of the Securities Act. See *Toombs v. Leone*, 777 F.2d 465, 468 (9th Cir. 1985); see also *Mori v. Saito*, 2013 WL 1736527, at *3 (S.D.N.Y. Apr. 9, 2013); *Pullins v. Kimley*, 2008 WL 85871, at *9 (S.D. Ohio Jan. 7, 2008).

Section 13 of the Securities Act requires that a private investor to bring suit within: (i) one year after the violation on which the lawsuit is based; and (ii) no more than three years after the security was bona fide offered to the public. See 15 U.S.C. § 77m.

For purposes of the one-year period, the majority of Courts have found that the period runs from the date that the prospective buyer actually purchases the securities. See e.g., *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp.3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp.2d 658, 680 (E.D. Tex. 2004). Some Courts, however, have found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. See e.g., *Bamert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Regardless of which approach the Court takes in determining the triggering date, Plaintiffs failed to plead facts showing

timely compliance with Section 13. Even assuming that the sale of TIC interests was an unlawful sale of securities, the Complaint alleges no facts that would place the date of violation within a year a filing the Complaint. As to the Draper Property, the Complaint only alleges that the dates of the purchases were January and November of 2021 [Complaint, ¶ ¶ 376. c & d]. As the Complaint was filed on March 4, 2025, the claims under Section 12(a)(1) were not brought within a year after the alleged violation. Thus, the claims fail as a matter of law.

3. **COUNT THREE OF THE COMPLAINT FAILS AS A MATTER OF LAW AND FAILS TO STATE A CLAIM**

Plaintiffs' Third Cause of Action, which asserts a claim for "control person liability" against SARC Draper (and several other defendants) fails because the underlying claims asserted within the First and Second Causes of Action fail. Plaintiffs fail to establish a violation of securities laws, which Plaintiffs rely upon to assert "control person liability" over SARC Draper and the other defendants.

Even assuming that Plaintiffs could establish a violation of securities law in Counts One or Two, the allegations set forth in Count Three are merely "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not count as well-pleaded facts." *Warnick,* 895 F.3d at 751. As in other areas of Plaintiffs' Complaint, the allegations within Count Three constitute "group pleadings" and do not describe how SARC Draper, or any of the thirty-five defendants named within Count Three, qualify as a "control person," what specific type of control they exercised, or who they were controlling. It cannot reasonably be inferred how SARC Draper is a control person, as there are no specific facts alleged against it that could possibly lead to this conclusion. As such, Count Three should be dismissed.

4. **PLAINTIFFS' FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION FAIL AS A MATTER OF LAW UNDER UTAH'S UNIFORM SECURITIES ACT**

Plaintiffs bring three causes of action for violations of securities laws. These counts fail as a matter of law, as Utah's Uniform Securities Act ("UUSA") specifically excludes the sale of Tenancy in Common ("TIC") interests and other undivided, fractional property sales from the definition of a "security." The UUSA excludes the following from the definition of security:

> (II) an undivided fractionalized long-term estate in real property that consists of 10 or fewer owners; or
>
> (III) an undivided fractionalized long-term estate in real property that consists of more than 10 owners if, when the real property estate is subject to a management agreement:
> (Aa) the management agreement permits a simple majority of owners of the real property estate to not renew or to terminate the management agreement at the earlier of the end of the management agreement's current term, or 180 days after the day on which the owners give notice of termination to the manager; and
> (Bb) the management agreement prohibits, directly or indirectly, the lending of the proceeds earned from the real property estate or the use or pledge of its assets to a person or entity affiliated with or under common control of the manager.

Utah Code Ann. § 61-1-13(ee)(ii)(C). The sale of TIC interests at issue in this Complaint fall squarely within the exclusionary language of the UUSA. As the TIC interest sales are not "securities", Counts 4 through 6 must fail as a matter of law.

Plaintiffs' fourth cause of action arises under Utah Code Ann. § 61-1-1(2), which makes unlawful false statements made "in connection with the offer, sale, or purchase of any **security**." (Emphasis Added). The Plaintiffs wrongly suggest that the marketing and sale of the TICs constitute a violation of this provision; however, as previously described, the exclusionary language of § 61-1-13(ee)(ii)(C) specifically carves out TIC transactions and other undivided fractionalized interests in real property from the definition of a "security." Therefore, as a matter of law, no "security" was transferred as a part of the alleged transactions and thus Count 4 must fail.

Likewise, Plaintiffs' fifth cause of action also fails because the TIC transactions were not

sales of securities. Within Count five, Plaintiffs claim that SARC Draper, along with over twenty other defendants, violated Utah Code Ann. § 61-1-3, which makes it unlawful to "transact business in this state as a broker-dealer or agent unless the person is licensed under this chapter." The term "agent" is defined within the UUSA as "an individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or **sales of securities**." Utah Code Ann. § 61-1-13(1)(b)(ii) (emphasis added). Once again, this claim fails because the TIC transactions described within the complaint were not sales of securities, as they are specifically exempted under the UUSA.

Lastly, Plaintiffs in Count Six attempt to bring an action under Utah Code Ann. § 61-1-22, which states:

> Every person who directly or indirectly controls a seller or buyer liable under Subsection (1), every partner, officer, or director of such a seller or buyer, every person occupying a similar status or performing similar functions, every employee of such a seller or buyer who materially aids in the sale or purchase, and every brokerdealer or agent who materially aids in the sale or purchase are also liable jointly and severally with and to the same extent as the seller or purchaser, unless the nonseller or nonpurchaser who is so liable sustains the burden of proof that the nonseller or nonpurchaser did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

By its own terms, Subsection (1) only applies to a person who offers, sells, or purchases "a security" in violation of the UUSA. § 61-1-22(1)(a). As a result, Count Six fails for the same reasons previously mentioned for Counts Four and Five.

5. **THE REMAINING CAUSES OF ACTION AGAINST SARC DRAPER ARE NOT PROPERLY ALLEGED.**

Plaintiffs' remaining Causes of Action are based on impermissible "group pleading" and fail to allege adequate facts to state a claim against SARC Draper.

Counts Twelve, Thirteen, and Sixteen and Seventeen sound in fraud and require the heightened pleading standard of Rule 9(b). See e.g. *Stinson ex rel. U.S. v. Maynard*, 341 Fed.

Appx. 413, 417 (10th Cir. 2009) (Upholding dismissal of RICO claims based on failure to comply with the heightened pleading standard of Rule 9(b)); See also *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 387 F.Supp.2d 1130, 1153 (D. Colo. 2005) ("To the extent the civil conspiracy claim is based on acts that are unlawful because they constitute fraud, ... the fraudulent acts must be pled under the standard of Rule 9(b)."). Plaintiffs' recitation of the elements of the offenses that they allege do not "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Combs v. SafeMoon LLC*, 2024 WL 1347409 at *4 (D. Utah March 29, 2024). These counts do not contain facts specific to SARC Draper and do not contain the necessary "who, what, when, where" required under Rule 9(b). There is not a single fact alleged within the entire petition relating to any representation made by SARC Draper to any of the Plaintiffs or any third party. As such, these counts fail under Rule 9)(b)

Finally, Count Eighteen for unjust enrichment also fails. These allegations again constitute a "group pleading" that impermissibly groups SARC Draper and the other Defendants together without distinguishing the basis for SARC Draper's alleged culpability or liability. The Complaint states that the defendants, all thirty-five, each "received a benefit from Plaintiffs" [Complaint, ¶¶ 746]. However, the Complaint does not make clear what that benefit was, when it was given, who it was given by, or who benefitted from it, aside from the general proposition that somehow all fourteen Plaintiffs enriched all thirty-five defendants. The threadbare Complaint once again fails to state a claim, and as such should be dismissed.

## CONCLUSION

For reasons set forth above, SARC Draper respectfully requests the Court grant its motion to dismiss.

DATED: January 2, 2026

/s/ Brennan H. Moss

Parkinson Benson Potter
2750 Rasmussen Rd., Suite H-107
Park City, UT 84098
415-534-7970
brennan@pbp.law

Robert E. Eggmann (pro hac vice motion forthcoming)
(ree@carmodymacdonald.com)
Lindsay Leible Combs (pro hac vice motion forthcoming)
(ltl@carmodymacdonald.com)
Chioma P. Chuku-Smith (pro hac vice motion forthcoming)
(cpc@carmodymacdonald.com)
Carmody MacDonald, P.C.
120 S. Central Ave
St. Louis, Mo 63130
314-854-8600

Attorneys for SARC Draper, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 2, 2026, the foregoing using the Court's electronic filing system, which gave notice to all counsel of record and to the pro se plaintiffs.


                                    /s/ Brennan H. Moss