Bentley J. Tolk (btolk@parrbrown.com)
Rodger M. Burge (rburge@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840

*Attorneys for Defendant Kevin Long*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; | REPLY IN SUPPORT OF DEFENDANT KEVIN LONG'S MOTION TO DISMISS SECOND CAUSE OF ACTION<br><br><br><br>Civil No. 2:25-cv-00162-DB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; and ADP-MILLCREEK 3, LLC, <br><br> Defendants. | |

Defendant Kevin Long ("Long"), through his counsel, submits this Reply in Support of Defendant Kevin Long's Motion to Dismiss Second Cause of Action.

INTRODUCTION

In this lawsuit, plaintiffs have asserted eighteen (18) causes of action, most of which are based on alleged misrepresentations by Long (and the other defendants). Pursuant to this motion, Long asks the Court to dismiss one of those eighteen causes of action – the Second Cause of Action ("2nd COA") (sale of unregistered securities arising under Section 12(a)(1) of the Securities Act of 1933 (the "Securities Act")). The basis of the motion is that plaintiffs fail to meet their obligation to plead facts demonstrating compliance with the timeliness requirement governing the claim. In their opposition (the "Opposition" or "Opp."), they concede that the claim for all plaintiffs except Bryson J. and Kristine B. Ockey (the "Ockeys") and The Betty L. Griffin 1999 Revocable Trust (the "Griffin Trust") are untimely and do not oppose their dismissal. For the Ockeys and the Griffin Trust's Section 12(a)(1) claims, recognizing they are asserting their claim well after the one-year time period but within the three-year statute of repose, plaintiffs argue the doctrine of equitable tolling saves the 2nd COA. This argument fails where the great weight of authority holds that equitable tolling does not apply to Section 12(a)(1) claims under the Securities Act. Even if equitable tolling could apply (which it cannot), the

"wrongful conduct" allegedly triggering the doctrine has nothing to do with the status of any security being registered with the Securities Exchange Commission ("SEC"). The Motion should therefore be granted.

## ARGUMENT

I. THE 2ND COA FAILS AS A MATTER OF LAW BECAUSE PLAINTIFFS HAVE NOT PLED COMPLIANCE WITH THE TIMELINESS REQUIREMENTS OF SECTION 13.

Under the 2nd COA, plaintiffs claim Long is liable under Section 12(a)(1) of the Securities Act. That claim fails as a matter of law because plaintiffs did not file the Complaint within the one-year period from the alleged violation of Section 12(a)(1) as required under Section 13 of the Securities Act. Plaintiffs do not dispute, and thus admit, the authorities cited by Long in his Motion requiring plaintiffs to plead compliance with Section 13's timeliness requirements as part of their prima facie case under Section 12(a)(1). Further, in their Opposition, they concede to the dismissal of all Section 12(a)(1) claims under the 2nd COA except for the Ockeys and the Griffin Trust. [Opp. at p. 20 ("…the SAC pleads facts showing that the Lehi and Crockett Plaintiffs filed their Section 12(a)(1) claims within one year of discovering the alleged violations….)] For the Ockeys and the Griffin Trust, they argue the claims are timely under the doctrine of equitable tolling. [*Id.*] As explained below, equitable tolling does not apply to Section 12(a)(1) claims.

II. EQUITABLE TOLLING DOES NOT APPLY TO, OR SAVE, THE SECTION 12(a)(1) CLAIMS.

The federal statute of limitations of 15 U.S.C. § 77*m* "does not admit of equitable tolling." *In re Countrywide Fin. Corp. Sec. Litig.*, No. cv-07-05295, 2009 WL 934271, at *4 (C.D. Cal. April 6, 2009). While the Tenth Circuit does not appear to have addressed the issue, "… the First, Second, Third, Fifth, Sixth, and Eight Circuits have. The weight of the authority supports

finding that equitable tolling does not apply to Section 12(a)(1) claims, regardless of the circumstances." *Fabian v. LeMahieu*, No. 19-cv-00054, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019).

Nearly every court to consider the issue of whether a 12(a)(1) claim is subject to equitable tolling has held that it is not. *See e.g., Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 553 (6th Cir. 2012) ("[C]ongress intended to negate equitable tolling in this context [of Section 12(a)(1)]."); *Cook v. Avien, Inc.,* 573 F.2d 685, 691 (1st Cir. 1978) ("We hold that, under the explicit language of [the statute], the limitations period runs from the date of the violation irrespective of whether the plaintiff knew of the violation."); *Gridley v. Cunningham,* 550 F.2d 551, 552–53 (8th Cir. 1977) (stating that a § 12(a)(1) claim must be brought within one year of the violation, finding that the statute of limitations period had passed, and not permitting the claim to proceed under Fed. R. Civ. P. 15(c) as an amendment relating back to an original contract claim); *Pell v. Weinstein*, 759 F. Supp. 1107, 1111 (M.D. Pa. 1991) ("[T]his Court also concludes that neither the discovery rule nor equitable tolling are applicable to the one-year limitation period governing nonregistration claims because the language of the statute militates against such an application.") (*aff'd without opinion*, 961 F.2d 1568 (3d Cir. 1992)); *Fedance v. Harris*, 1 F.4th 1278, 1289 (11th Cir. 2021) ("Because any misrepresentations on the part of Felton or Harris did not make Fedance or any putative class members ignorant of a potential section 12(a)(1) or section 15(a) claim, equitable tolling does not excuse the untimeliness of Fedance's complaint.") (citation omitted) (quotation omitted).

Specifically, courts have explained that when "Congress expressly mentioned a discovery rule for § 12(a)(2) claims but not for § 12(a)(1) . . . [it intended that] equitable tolling does not

4

apply to § 12(a)(1)." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d at 553.  Consequently, while Congress codified a "discovery rule" for actions under Section 12(a)(2), it intentionally <u>did</u> <u>not</u> provide a "discovery rule" for actions arising under Section 12(a)(1), demonstrating it was not concerned about when claimants "discovered" the violation.  This makes sense where registration statements are on file with, and publicly available for inspection at, the SEC.  Accordingly, any claimant can readily determine whether a registration statement has been filed for any claimed security.

Notwithstanding the clear abundance of authority to the contrary, plaintiffs rely on the *Aldrich* and *Herrera* decisions for their argument that equitable tolling "may apply" and "dismissal is improper unless untimeliness is clear from the face of the complaint." [Opp. at p. 21.]  Neither of those decisions, however, are applicable here.  The *Aldrich* case involved fraudulent misrepresentation and "manipulative devices" securities fraud claims – not claims for the sale of unregistered securities.  *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 (10th Cir. 1980) (identifying Section 10(b), 15 U.S.C. § 78(b)(b), and Rule 10b-5 as the securities provisions relied on by plaintiffs).  The case pre-dated the enactment of 28 U.S.C. § 1658, which is currently the operative statute of limitations for federal securities fraud claims.  *Id*. ("There is no federal statute of limitations applicable to the provisions of the securities acts under which plaintiffs seek relief…."). Consequently, the court borrowed Colorado's three-year statute of limitations applicable to fraud claims.  *Id*.  Here, Congress has enacted a specific statute of limitation [15 U.S.C. § 77*m*] governing Plaintiffs' Section 12(a)(1) claims, which explicitly incorporates a "discovery rule" for misrepresentation claims arising under Section 12(a)(2), but notably <u>does</u> <u>not</u> include such a rule for Section 12(a)(1) sale of unregistered

security claims. Consequently, if Congress intended a "tolling" or "discovery rule" to apply to such claims, it certainly knew how to provide for one but chose not to. *Alddrich* is inapposite and does not save plaintiffs' claims.

Similarly, *Herrera* was a § 1983 case that did not involve the express statute of limitation governing Plaintiffs' Section 12(a)(1) claims [15 U.S.C. § 77*m*], but like *Aldrich* required the federal court to look to state law to determine the applicable statute of limitations. *See Herrera v. City of Espanola*, 32 4th 980, 989 (10th Cir. 2022) ("Congress did not provide a statute of limitations for actions brought under § 1983…a federal court looks to the law of the forum state to determine the applicable statute of limitations for a § 1983 action."). Accordingly, the court adopted New Mexico's three-year statute of limitation governing personal injury claims. *Id.* Importantly, the court relied on federal case law to determine when a § 1983 claim arises, concluding "[a] civil rights action accrues when the plaintiff *knows or has reason to know* of the injury which is the basis of the action." *Id.* at 990 (citations omitted) (emphasis added). Here, unlike § 1983 claims which have a "discovery rule" built into the accrual of the claim, most courts agree that Section 12(a)(1) claims arise when a prospective buyer actually purchases the unregistered securities. *See e.g.*, *In re Biozoom, Inc. Sec. Litig.*, 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004).[1] *Herrera* is likewise inapposite and does not save Plaintiffs' claims.

---

[1] A few courts have found that the triggering date is the date of the last conduct constituting the alleged violation, which is usually the later of the date of the offer, sale, or delivery of an unregistered security. *See e.g., Barnert v. Pulte Home Corp.*, 2013 WL 12152406, at *11 (M.D. Fla. Sept. 5, 2013). Regardless, there is no "discovery rule" built into the accrual date of Section 12(a)(1) claims under federal case law as there is with § 1983 claims.

Moreover, Plaintiffs' reliance on *Herrera* is curious given their argument, citing *Aldrich*, that where "the complaint alleges affirmative concealment and delayed discovery… dismissal at the pleading stage is improper." [Opp. at p. 23.]  As explained above, tolling does not apply to Section 12(a)(1) claims.  Additionally, as the Tenth Circuit explained "[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Herrera*, 32 4th at 991 (citation omitted).  Similarly, "[i]f from the complaint, 'the dates on which the pertinent acts occurred are not in dispute, [then] the date a statute of limitations accrues is …a question of law' suitable for resolution at the motion to dismiss stage." *Id.*  Accordingly, the motion's seeking dismissal of the 2nd COA on the basis of untimeliness at the pleading stage is proper.

Finally, even if the doctrine of equitable tolling applied to Section 12(a)(1) claims (which it does not), it would not apply here under the facts of this case.  As previously stated, the lack of a registration statement for the tenant-in-common ("TIC") interests was readily determinable by plaintiffs at the time of their purchase through a review of the SEC's public filings.  Additionally, none of the "facts of concealment" asserted by plaintiffs in their Opposition would support applying equitable tolling to save the 2nd COA where these alleged "facts" all go to the claimed concealment *of fraudulent representations – not the lack of a registration statement for the TIC interests.*  For example, the factual allegations Plaintiffs cite as grounds for equitable tolling to apply are representations regarding pursuing the collection of rents [SAC ¶ 408]; representations regarding the tenant Neuragenex's financial condition and stability [SAC ¶¶ 453-460]; representations regarding the nature of the TIC interests, the tenant, a corporate guarantee of the underlying lease and a performance bond [SAC ¶¶ 476-483]; certain post-sale

7

conduct by the lease administrator, defendant Mary Street [SAC ¶¶ 516-519]; alleged failure to disclose tenant defaults, source of payment of rents, condition of the properties, loans to tenants, information relating to the performance bond [SAC ¶¶ 566-569]; and alleged failure to disclose (or concealing) the use of sales proceeds, capital call funds, and rents funds [SAC ¶¶ 590-591].

In short, there are <u>no</u> <u>allegations</u> that Long (or any defendant) misrepresented the TICs as being registered with the SEC, and that Plaintiffs did not discover (to their detriment) they were not registered with the SEC until after the one-year period under Section 13. Accordingly, even if the Court disregarded the great weight of authority holding equitable tolling does not apply to Section 12(a)(1) claims, the doctrine would not apply here where no misrepresentation of the existence of a registration statement was ever made. In any event, plaintiffs could readily confirm at any time prior to or after their purchase of the TIC interests whether the TICs were registered as securities with the SEC.

CONCLUSION

For reasons set forth above, the motion should be granted and the 2nd COA dismissed with prejudice.

DATED this 5th day of March, 2026.

        PARR BROWN GEE & LOVELESS, P.C.

        By: /s/ Rodger M. Burge
            Bentley J. Tolk
            Rodger M. Burge
            Attorneys for Defendant Kevin Long

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2026 a true and correct copy of the foregoing REPLY IN SUPPORT OF DEFENDANT KEVIN LONG'S MOTION TO DISMISS SECOND CAUSE OF ACTION was filed with the Clerk of the Court using the CM/ECF system, providing notice thereof to all parties having made an appearance in this matter.

/s/ Wendy V. Tuckett