Brian N. Platt (#17099)
bplatt@wnlaw.com
Chad E. Nydegger (#9964)
cnydegger@wnlaw.com
Ryan C. Morris (#19019)
rmorris@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Anthony J. Durone (*Pro Hac Vice*)
adurone@berkowitzoliver.com
Timothy D. Wallner (*Pro Hac Vice*)
twallner@berkowitzoliver.com
Shamoor Anis (*Pro Hac Vice forthcoming*)
sanis@berkowitzoliver.com
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816)561-7007
Facsimile:   (816) 561-1888

*Attorneys for Defendants Brent Smith, Thomas Smith, GTR Holdings,
and Millrock Investment Fund 1, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JOHN WEBER et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>COLLIERS INTERNATIONAL GROUP, INC. et al.,<br><br>Defendants. | **DEFENDANTS BRENT SMITH, THOMAS SMITH, GTR HOLDINGS, LLC, AND MILLROCK INVESTMENT FUND 1, LLC'S AMENDED REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00162-DBB-DBP<br><br>Judge David Barlow<br>Magistrate Judge Dustin B. Pead |

Repeatedly, Plaintiffs' Second Amended Complaint (Dkt. No. 147, "SAC"), spanning 750 paragraphs over nearly 200 pages, incorporates hundreds of paragraphs into each of its eighteen duplicative causes of action. Defendants Brent Smith, Thomas Smith, Millrock Investment Fund 1 LLC ("Millrock"), and GTR Holdings, LLC ("GTR Holdings") (collectively, "Millrock Defendants") are left guessing as to which allegations are directed at them and what specific misconduct they are accused of. So, the Millrock Defendants moved for targeted dismissals of the following causes of action I–VI, VIII, XII–XIII, and XVI–XVIII. *See* Dkt. No. 154 ("Motion") at 2. In their Omnibus Response (Dkt. No. 178), Plaintiffs gloss over the deficiencies in the SAC and fail to identify specific allegations against each of the Millrock Defendants. Because Plaintiffs cannot show how they have satisfied the pleading requirements of Rule 8, Rule 9(b), and the PSLRA, the Court should dismiss each of these causes of action.

I. **The First Cause of Action Fails to Allege Plausible Claims Against Defendants Thomas Smith and GTR Holdings**

In the First Cause of Action, Plaintiffs allege that Thomas Smith and GTR Holdings, among others, violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(B), and Rule 10b-5 codified at 17 C.F.R. § 240.10b-5. But, as explained in the Motion, the SAC fails to allege that (i) either Defendant "made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading" or (ii) "acted with scienter, that is, with intent to defraud or recklessness." Motion at 6–7 (quoting *Smallen v. The W. Union Co.*, 950 F.3d 1297, 1304 (10th Cir. 2020)).

A. **The SAC Fails to Allege Specific Deceptive or Manipulative Acts by Each Defendant Individually**

In their Response, Plaintiffs assert that defendants GTR Holdings and Thomas Smith are liable pursuant to Rule 10b-5 because they were part of a "scheme" to defraud Plaintiffs. Response

1

at 9–10.  When pleading a scheme to defraud, the Tenth Circuit has explained that a plaintiff must allege: "(1) that the defendant committed a deceptive or manipulative act, (2) in furtherance of the alleged scheme to defraud, (3) with scienter, and (4) reliance." *In re Overstock Sec. Litig.*, 119 F.4th 787, 801–02 (10th Cir. 2024) (citing *Plumber & Steamfitters Loc. Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 105 (2d Cir. 2021)). "To maintain a 10b–5(a) or (c) claim, a plaintiff must specify what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue." *Plumber*, 11 F.4th at 105.  Plaintiffs have failed to make any such allegations.

First, Plaintiffs argue that the "SAC pleads actionable misrepresentations" because the SAC supposedly alleges that "Defendants marketed the TIC investments as safe, conservative income-producing assets supported by creditworthy tenants, long-term leases, and meaningful guarantees or insurance protections designed to mitigate risk."  Response at 9–10 (citing SAC ¶¶ 198–261).  Plaintiffs also argue that they have alleged misrepresentations in paragraphs 150, 198–205, 233–38, 369–414, and pages 62–97 of the Second Amended Complaint. *Id.* at 10.  But, despite identifying over 100 paragraphs, Plaintiffs are unable to point to a single statement or omission by either Thomas Smith or GTR Holdings.  Instead, these paragraphs make assertions about alleged wrongdoing by the "Colliers/Long Parties," which Plaintiffs have defined to include nearly every Defendant.  *See* SAC ¶ 62.  Group pleadings of this sort are prohibited by the PSLRA. *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA….").

Next, Plaintiffs argue that they have adequately pleaded Thomas Smith's role in ¶¶ 153–61 of the SAC.  Response at 14.  But Paragraphs 153–57 do not even mention Thomas Smith's

name, let alone specify his alleged misconduct. Paragraphs 158–61 allege that Thomas Smith's corporate responsibilities included "Oversight & Leadership," "Accountability oversight," that he was "the main financial partner for Millcreek and provided training to sales agents." But merely identifying a defendant's corporate responsibilities does not satisfy the PSLRA's pleading requirements. *See Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("[T]he PSLRA requires the plaintiffs to distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud. As such, corporate officers may not be held responsible for unattributed corporate statements solely on the basis of their titles, even if their general level of day-to-day involvement in the corporation's affairs is pleaded.").

Plaintiffs allege even fewer facts about GTR Holdings. Plaintiffs argue, in total, that: "The SAC further pleads GTR as a Millcreek member/affiliate integrated into the program structure." Response at 14. Plaintiffs thus effectively concede that they have not pleaded "a deceptive or manipulative act" by GTR Holdings and have instead merely pleaded generalities regarding GTR Holdings' corporate nature. This falls far short of the requirements for Rule 9(b) and the PSLRA.

### B. The SAC Fails to Allege Scienter

Under the PSLRA, in addition to pleading misstatements or omissions with specificity, Plaintiffs must also plead scienter with specificity. 15 U.S.C. § 78u- 4(b)(2)(A). To survive a motion to dismiss, Plaintiffs must "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that [Thomas Smith and GTR Holdings] acted with the required state of mind." *Id.* Notably, this is a higher pleading standard than Rule 9(b), which allows plaintiffs to allege scienter generally. Fed. R. Civ. P. 9(b).

Plaintiffs do not even attempt to identify where in the SAC they pleaded that either GTR Holdings or Thomas Smith acted with the "intent to defraud" or engaged in "conduct that is an

extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001). Instead, they argue, without any explanation or basis, that the paltry allegations specific to Thomas Smith and GTR Holdings identified above somehow "support a strong inference of scienter and primary liability under scheme-liability theory." Response at 14. But simply alleging that Thomas Smith had corporate responsibilities and the GTR Holdings was "affiliated" with Millcreek is insufficient to satisfy the PSLRA's heightened pleading standard for scienter. Indeed, these are exactly the kinds of conclusory allegations of scienter that the PSLRA prohibits.

Because Plaintiffs failed to plead any deceptive or manipulative acts by Thomas Smith or GTR Holdings and failed to plead facts supporting a strong inference that they performed these acts with the requisite scienter, the Court should dismiss the Second Cause of Action against them.

## II. The Third Cause of Action for Control Person Liability as to Thomas Smith and GTR Holdings Also Fails

"[T]o state a prima facie case for control person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *23 (D. Utah Mar. 29, 2024). Because Plaintiffs have failed to allege a violation of the securities law, Plaintiffs have also failed to state a cause of action for control person liability against Thomas Smith and GTR Holdings.

Further, as explained in the Motion, Plaintiffs have also failed to allege that either Thomas Smith or GTR Holdings exercised "control" over the primary violator. Motion at 10. "'Control' is defined as 'the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.'" *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998)

4

(quoting 17 C.F.R. § 230.405). And "'person' means a natural person, company, government, or political subdivision, agency, or instrumentality of a government." 15 U.S.C. § 78c(a)(9).

With respect to Thomas Smith, Plaintiffs argue that "Millrock (owned and operated by Thomas Smith [and others]) . . . exercised control over the structure and promotion of the TIC program." Response at 25. This is simply untrue. The SAC never alleges, nor could it, that Thomas Smith "owned and operated" Millrock. Instead, the SAC alleges that "Tom Smith was an agent and representative of Millcreek" and "Millrock Investment Fund 1." SAC ¶¶ 42, 43. Even if taken as true, these allegations do not establish control. *Cf. Maher*, 144 F.3d at 1305.

Plaintiffs also argue that in the SAC, they allege that "Thomas Smith . . . exercised control through leadership roles and decision-making authority within the sales operation." Response at 25. This, once again, is false. The SAC alleges that Thomas Smith was involved with "Oversight & Leadership" and "Accountability oversight" for the "Colliers/Long TIC Program." SAC ¶¶ 158–59. Nowhere does the SAC allege that Thomas Smith had decision-making authority of any sales operation. Further, control person liability requires control over a "person." *Maher*, 144 F.3d at 1305 (emphasis added). But the "Colliers/Long TIC Program" is not a "person." Plaintiffs have defined "Colliers/Long TIC Program" as:

> Millcreek Commercial and its agents have conspired with third parties in a sophisticated scheme to fraudulently induce vulnerable, often elderly investors to purchase TIC investments in commercial properties located throughout the United States at grossly inflated prices (the "Colliers/Long TIC Program").

SAC ¶ 98. Though nebulous, "Colliers/Long TIC Program" appears to be a defined term referring to the entire alleged scheme. But it does not refer to any identifiable "natural person [or] company." 15 U.S.C. § 78c(a)(9). Accordingly, Plaintiffs fail to plead what "person" Thomas Smith allegedly controls. And even if Plaintiffs had identified a "person," Plaintiffs fail to plead

5

how having "Oversight & Leadership" or exercising "accountability oversight" means that Thomas Smith had any ability to affect the "direction of the management and policies" of a "primary violator." *Maher*, 144 F.3d at 1305.

Because Plaintiffs failed to plead a primary violation of the securities laws and failed to plead how Thomas Smith controlled any person who violated the securities law, the Court should dismiss the Third Cause of Action as to Thomas Smith and GTR Holdings.

### III. The Eighth Cause of Action Must Be Dismissed for Failure to State a Claim Against Defendant GTR Holdings

As the Motion explains, the Eighth Cause of Action alleges negligent misrepresentation by GTR Holdings (among others) but fails to specify ***what*** misrepresentations GTR Holdings made, ***where*** it made them, ***when*** they were made, and ***how*** GTR Holdings made them. *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006), abrogated on other grounds by *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262 (2019) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud."). Plaintiff responds that the SAC "ties" GTR Holdings to Millcreek so any alleged misconduct by Millcreek can be attributed to GTR Holdings. Response at 39. This is simply incorrect as a matter of law.

The SAC alleges that GTR Holdings, LLC, was a member of Millcreek Commercial Properties, LLC, a Utah limited liability company. SAC ¶ 22. Under Utah law, "[a] member or manager is not personally liable . . for a debt, obligation, or other liability of [a] limited liability company solely by reason of being or acting as a member or manager." Utah Code § 48-3a-304(a). So, Plaintiffs needed to allege specific misconduct by GTR Holdings to hold it liable for any negligent misrepresentations. Because the SAC alleges no specific negligent misrepresentation or misconduct by GTR Holdings, and only seeks to impose liability on GTR Holdings because it was

6

a member of Millcreek, Plaintiffs' eighth cause of action against GTR Holdings fails.

IV. **The Twelfth, Thirteenth, Sixteenth, and Seventeenth Causes of Action Must Be Dismissed Because They Fail to State Plausible Claims Against Defendants Thomas Smith and GTR Holdings**

The Twelfth Cause of Action alleges conspiracy to induce fraud, and the Thirteenth Cause of Action alleges aiding and abetting fraud. SAC ¶¶ 703, 709. Both "secondary fraud claims require, as one of their essential elements, an underlying tort." *Coroles v. Sabey*, 2003 UT App 339, ¶ 36 (2003). "And insofar as the underlying tort is fraud, the fraud must be pleaded with particularity, even though in this context the fraud is simply an element of the claim rather than the claim itself." *Id.* Similarly, the Sixteenth and Seventeenth Causes of Action against Thomas Smith and GTR Holdings for violations of the Racketeer Influence and Corrupt Organizations Act ("RICO") also needed to satisfy the requirements of Rule 9(b). *See Stinson ex rel. U.S. v. Maynard*, 341 Fed. App. 413, 417 (10th Cir. 2009) (upholding district court dismissal of RICO claims due to Plaintiffs failure to comply with Rule 9(b)); *Story v. Seipel*, Case No. 2:22-cv-00486, 2024 WL 4436609 (Oct. 24, 2024) (concluding that threadbare recitals of the elements of a cause of action, only supported by mere conclusory statements or legal conclusions are not sufficient to state a RICO claim). So, to adequately plead that Thomas Smith and GTR Holdings conspired to defraud (12th Cause of Action), aided and abetted fraud (13th Cause of Action), or violated RICO (16th and 17th Causes of Action), Plaintiffs needed to set forth the "who, what, when, where and how' of the alleged fraud." *Sikkenga*, 472 F.3d at 726–27. As discussed in Section III above and in the Motion (at 8–10), Plaintiffs have failed to do so. The Court must therefore dismiss the Twelfth, Thirteenth, Sixteenth, and Seventeenth Causes of Action against Thomas Smith and GTR Holdings.

V. **The Eighteenth Cause of Action Must Be Dismissed Because It Fails to Properly Allege an Unjust Enrichment Claim Against Defendants Thomas Smith and GTR Holdings**

7

In the Eighteenth Cause of Action, the SAC simply states that "Defendants" received a benefit and were therefore unjustly enriched. Motion at 13–14. But, to adequately plead unjust enrichment against Thomas Smith and GTR Holdings, Plaintiffs needed to plead what benefit was conferred upon *these specific defendants*; appreciation or knowledge *by these specific defendants* of the benefit; and acceptance of the benefit by *these specific defendants* under circumstances rendering it inequitable for them to retain the benefit. *See Hess v. Johnson*, 2007 UT App 213, ¶ 20 (2007). Plaintiffs' entire response is one sentence long: "Plaintiffs allege they paid purchase proceeds and fees embedded in the offerings, that Millrock-affiliated actors (including Thomas Smith, Spencer Taylor, and Adam Long – each partners in Millcreek and/or Millrock) structured, financed, and benefited from those proceeds, and that retention is unjust given the alleged statutory and common-law violations." Response at 44. Thus, by their own admission, Plaintiffs have only alleged unjust enrichment by "Millrock-affiliated actors," which does not include GTR Holdings. And Plaintiffs fail to identify any allegations that either Thomas Smith or GTR Holdings appreciated or had knowledge that they received this benefit or that these defendants accepted the benefit under circumstances rendering the retention of that benefit inequitable. The Court should thus dismiss the Eighteenth Cause of Action against them.

VI. **The Second Cause of Action Against All Millrock Defendants Must Be Dismissed Because it is Untimely**

Plaintiffs concede that their Second Cause of Action for sale of unregistered securities pursuant to Section 12(a)(1) of the Securities Act is untimely. Response at 20–21. And there is no dispute that the Court should dismiss allegations relating to sale of the Pine Bluff Property and the Draper Property. *Id.* at 20 (only seeking to maintain the Second Cause of Action for the Lehi and Crockett Properties). Plaintiffs argue that claims relating to the Lehi Properties and the Crockett Properties should not be dismissed because Plaintiffs did not discover those violations

8

until later and are thus subject to equitable tolling. *Id*. at 20–24. But "equitable tolling does not apply to Section 12(a)(1) claims, regardless of the circumstances." *Fabian v. LeMahieu*, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019); *See* Dkt. No. 96 at 4–5 (collecting cases explaining that equitable tolling is unavailable for Section 12(a)(1) claims). This is because "the fact that the statute plainly fails to include a discovery rule for § 12(a)(1)—when juxtaposed with a provision within the same sentence specifically allowing it for § 12(a)(2)—shows that Congress intended to negate equitable tolling in this context." *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 553 (6th Cir. 2012). So, it is irrelevant when Plaintiffs discovered the alleged violation. Because tolling is not available for Section 12(a)(1) claims, the Court should dismiss the Second Cause of Action.

**VII.    The Fourth and Fifth Causes of Action Fail as a Matter of Law Because the Interests at Issue Are Not Securities Under Utah Law**

In the Fourth and Fifth Causes of Action, Plaintiffs allege violations of Utah state securities laws. It is axiomatic that to plead violations of state securities law, Plaintiffs need to first plead that there are state securities at issue. *Wilson v. Millcreek Com. Props., LLC*, No. 2:24-CV-00624-TC-CMR, 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025) ("The Utah Uniform Securities Act regulates only the sale of 'securities,' which includes notes, stocks, bonds, investment contracts, commodities contracts, and several other financial instruments."). And under Utah law, securities do not include TIC investments except in one, narrow, circumstance: where the TIC property has more than 10 owners and is governed by a management agreement which grants specific rights to the owners and prohibits certain use of proceeds earned. *See id.* (citing Utah Code § 61-1-13(ee)(ii)(C)(II)–(III)). The SAC fails to allege any facts from which the Court can conclude that the TIC interests at issue fall within the narrow carveout set forth in § 61-1-13(ee).

Plaintiffs attempt to shift the burden onto Defendants by arguing that Defendants need to affirmatively show that the TICs at issue are not securities. Response at 34–36. This flips the

9

analysis on its head. Plaintiffs are alleging a violation of the Utah Uniform Securities Act. They need to state sufficient facts to allege a violation of each element of the offense, including sufficient facts to show that the TIC interests here are securities. *See Wilson*, 2025 WL 2256685, at *11 (dismissing Utah state-law securities claims holding that TIC interests bundled with long-term leases are not "securities" under state law). They have failed to do so. It is not the Millrock Defendants' job to cure the deficiencies in Plaintiffs' SAC. Accordingly, the Court should dismiss the Fourth and Fifth Causes of Action for failing to state a claim.

**VIII. The Sixth Cause of Action Fails Against the Millrock Defendants Because Plaintiffs Do Not Adequately Allege an Underlying Tort**

Utah law only imposes secondary liability for aiding and abetting securities fraud when a primary violator has committed securities fraud. *See* Utah Code § 61-1-22 ("Every person who directly or indirectly controls a seller or buyer liable under Subsection (1), every partner, officer, or director of such a seller or buyer, every person occupying a similar status or performing similar functions, every employee of such a seller or buyer who materially aids in the sale or purchase, and every broker-dealer or agent who materially aids in the sale or purchase are also liable jointly and severally with and to the same extent as the seller or purchaser . . . ."). As explained in Section VII above, Plaintiffs have failed to allege a state securities violation. Therefore, they have also failed to allege materially aiding and abetting state securities fraud. The Court should dismiss the Sixth Cause of Action in its entirety.

**IX. Conclusion**

For the forgoing reasons and as set forth in the Motion, the Court should dismiss the First, Third, Twelfth, Thirteenth, Seventeenth, and Eighteenth Causes of Action as to Thomas Smith and GTR Holdings; Second, Fourth, Fifth, and Sixth Causes of Action as to all Millrock Defendants; and the Eighth and Sixteenth Causes of Action as to GTR Holdings.

DATED this 13th day of March, 2026.

                        **WORKMAN NYDEGGER**

                        By: */s/ Brian N. Platt*
                        Brian N. Platt
                        Chad E. Nydegger
                        Ryan C. Morris

                        **BERKOWITZ OLIVER LLP**
                        Anthony J. Durone
                        Timothy D. Wallner
                        Shamoor Anis

                        *Attorneys for Millrock Defendants*