Robert Harrington (12541)
Keith J. Saylin (20365)
**KUNZLER BEAN & ADAMSON, PC**
50 W Broadway, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646
Email: rharrington@kba.law
Email: thadfield@kba.law

*Attorneys for Defendant Jerald Adam Long and Long Holdings, LLC*

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

|  |  |
|---|---|
| JOHN WEBER, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC., et al.,<br><br>    Defendants. | **DEFENDANT JERALD ADAM LONG'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00162-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendants Jerald Adam Long and Long Holdings, LLC (together "Adam Long") hereby submit their Reply in Support of their Motion to Dismiss with prejudice Plaintiffs John Weber, et al.'s ("Plaintiffs") Second Amended Complaint (the "SAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR7-1. *See* Dkt. 147.

# TABLE OF CONTENTS

INTRODUCTION................................................................................................... 1

ARGUMENT ........................................................................................................ 2

I.    PLAINTIFFS FAILED TO PLEAD THEIR FEDERAL SECURITIES CLAIMS
      WITH PARTICULARITY AND HAVE FAILED TO SUFFICIENTLY ALLEGE
      SCIENTER. .................................................................................................. 2

      A.  Plaintiffs do not allege fraud with the requisite particularity.................................... 2

      B.  The SAC fails to allege that Adam Long acted with the requisite scienter and the
          First Cause of Action must be dismissed. ................................................ 4

      C.  Group Pleading is not permitted in situations such as here where the Defendants'
          actions are too attenuated to be alleged to them as a specified group................... 5

II.   THE SECOND CAUSE OF ACTION IS TIME-BARRED BECAUSE PLAINTIFFS
      KNEW OR SHOULD HAVE KNOWN OF THE ALLEGED VIOLATIONS
      THROUGH REASONABLE DILIGENCE AND FAIL TO ALLEGE ANY
      AFFIRMATIVE CONCEALMENT WARRANTING A LONGER LIMITATIONS
      PERIOD. ...................................................................................................... 6

III.  THE THIRD CAUSE OF ACTION MUST BE DISMISSED BECAUSE
      PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO INFER THAT ADAM
      LONG EXERCISED CONTROL OVER THE ALLEGED PRIMARY
      VIOLATOR. .................................................................................................. 7

IV.   PLAINTIFFS' STATE SECURITIES CLAIMS MUST BE DISMISSED BECAUSE
      TIC INVESTMENTS ARE NOT SECURITIES. .................................................. 8

V.    THE SEVENTH, EIGHTH, AND TENTH CAUSES OF ACTION FAIL TO
      PLEAD FRAUD WITH THE REQUISITE PARTICULARITY. ............................... 9

VI.   THE NINTH CAUSE OF ACTION FAILS TO PLEAD FACTS ESTABLISHING
      A FIDUCIARY RELATIONSHIP WITH ADAM LONG........................................ 10

VII.  PLAINTIFFS' ELEVENTH CAUSE OF ACTION MUST BE DISMISSED
      BECAUSE CLUB FITNESS, INC. AND THE BETTY L. GRIFFIN TRUST ARE
      NOT VULNERABLE ADULTS AND WEBER AND GRIFFIN DID NOT
      PERSONALLY SUFFER HARM. ..................................................................... 11

i

**VIII.    PLAINTIFFS' TWELFTH CAUSE OF ACTION FAILS TO ADEQUATELY ALLEGE AN UNDERLYING TORT.** .......................................................................... 13

**IX.    PLAINTIFFS' THIRTEENTH CAUSE OF ACTION ALSO FAILS TO ADEQUATELY ALLEGE AN UNDERLYING TORT.** ............................................. 13

**X.    PLAINTIFFS' RICO CLAIMS FAIL BECAUSE THEY ARE NOT PLEADED WITH PARTICULARITY AND DO NOT ALLEGE ANY SPECIFIC WRONGFUL ACTS BY ADAM LONG.** ....................................................................... 14

**XI.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS TO IDENTIFY A DIRECT BENEFIT CONFERRED ON ADAM LONG AND FAILS TO ALLEGE THAT ADAM LONG APPRECIATED A BENEFIT.** ............................................. 14

**XII.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST FOR THE REMAINING CLAIMS AND EACH MUST BE DISMISSED.** ............................... 15

**CONCLUSION** ............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Kinder-Morgan, Inc.*,
340 F.3d 1083 (10th Cir. 2003) ................................................................ 4

*Andersen v Homecomings Fin.,*
*LLC*, 2011 WL 3626828 (D. Utah 2011) ................................................ 10

*Arena Land & Inv. Co. v. Petty*,
906 F. Supp. 1470 (D. Utah 1994) ............................................................ 2

*Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*,
372 F. Supp. 2d 615 (D. Utah 2005) ...................................................... 15

*Caroles v. Sabey*,
79 P.3d 974 (Utah Ct. App. 2003) .......................................................... 13

*City of Philadelphia v. Fleming Companies, Inc.*,
264 F.3d 1245 (10th Cir. 2001) ........................................................... 4, 5

*Combs v. SafeMoon LLC*,
2024 WL 1347409 ...................................................................................... 8

*Deposit Co. of Maryland v. Goran, LLC*,
2021 WL 2418624 (D. Utah June 14, 2021) .......................................... 10

*Estrada v. Mendoza*,
275 P.3d 1024, 1029 (Utah Ct. App. 2012) ........................................... 13

*Fabian v. LeMahieu*,
2019 WL 4918431 (N.D. Cal. Oct. 4, 2019) ............................................ 6

*First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*,
2016 WL 6902473, (D. Utah Nov. 23, 2016) ........................................ 10

*George v. Urban Settlement Servs.*,
833 F. 3d 1242 (10th Cir. 2016) ............................................................ 14

*Hansing v. Utah Dep't of Nat. Res.*,
2025 WL 1676532 (D. Utah June 13, 2025) .......................................... 13

*In re Level 3 Communications, Inc. Securities Litigation*,
667 F.3d 1331 (10th Cir. 2012) ................................................................ 2

*Jones v. Mackey Price Thompson & Ostler,*
    355 P. 3d 1000 (Utah 2015) ................................................................... 15

*Koch v. Koch Industries, Inc.,*
    203 F.3d 1202 (10th Cir. 2000) ............................................................ 2, 5

*Logan v. Bank of Am., N.A.,*
    2012 WL 5874364 (D. Utah Nov. 20, 2012) ............................................. 9

*Maher v. Durango Metals, Inc.,*
    144 F.3d 1302 (10th Cir. 1998) ................................................................ 7

*Nunez-Pena v. I.N.S.,*
    956 F.2d 223 (10th Cir. 1992) .................................................................. 1

*TDC Lending LLC v. Priv. Cap. Grp.,*
    340 F. Supp. 3d 1218 (D. Utah 2018) .................................................... 4, 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................................................................. 5

*U.S. ex rel. Lacy v. New Horizons, Inc.,*
    348 F. App'x 421 (10th Cir. 2009) ....................................................... 3, 14

*Williamson v. Farrell,*
    2024 UT App 111, ¶ 33 P.3d 214 .......................................................... 12

*Wilson v. Millcreek Com. Props., LLC,*
    *2025 WL 2256685 (D. Utah Aug 7, 2025)* ............................................. 8, 9

*Zurn Constructors, Inc. v. B.F. Goodrich Co.,*
    746 F. Supp. 1051 (D. Kan. 1990) ........................................................... 7

**Other Authorities**

Private Securities Litigation Reform Act of 1995 .................................... 1, 4, 5

**Rules**

DUCivR 7-1 .............................................................................................. 1

Federal Rule of Civil Procedure 9(b) ................................................... 1, 2, 4, 9

Federal Rule of Civil Procedure12(b)(6) ...................................................... 1

iv

**Codes**

U.S.C. § 77m .......................................................................................................... 6

U.S.C. § 78u–4(b)(1) ......................................................................................... 3, 4

U.S.C. § 26B–6–213(1) ......................................................................................... 11

U.S.C. § 76-5-111 ............................................................................................ 11, 12

U.S.C. § 26B-6-201 .................................................................................................. 12

# INTRODUCTION

Plaintiffs' Opposition to Adam Long's Motion to Dismiss ("Opposition" or "Opp'n") underscores precisely why dismissal is warranted. Rather than point to instances where Plaintiffs pleaded specific, actionable conduct attributable to Adam Long, Plaintiffs continue to lump multiple Defendants together as though they were a single, indistinguishable actor engaging in uniform conduct. They were not. This impermissible group pleading results in repeated failures to allege with particularity any facts showing what Adam Long himself said, did, or knew.

Plaintiffs' generalized pleading strategy appears as a shot of hope that at least some of their claims will survive against at least one of the several named Defendants. That tactic is not only improper under Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), but also fatal to their claims altogether, many of which require the facts to be alleged with particularity or a showing of Adam Long's individual state of mind sufficient to show a strong inference of scienter.

Faced with these deficiencies, Plaintiffs' Opposition attempts to cure them by introducing new assertions or theories not alleged within the four corners of the SAC. Plaintiffs similarly invite the Court to cure the deficiencies with far-fetched inferences. But a motion to dismiss is not defeated by speculation, post-hoc elaboration, or attempts to amend the complaint via an opposition. And the Court should not credit Plaintiffs' repeated conclusory statements of law, which on several accounts are unsupported by legal authority. *See eg.,* Opp'n at 8, 9, 12, 23, 25, 33, 34, 42, 43; *Nunez-Pena v. I.N.S.*, 956 F.2d 223, 225 (10th Cir. 1992) ("A litigant who mentions a point in passing and fails to press it by supporting it with pertinent authority, or by showing why it is sound despite the lack of supporting authority, forfeits the point.").

1

The actual claims against Adam Long outlined in the SAC fail in every respect. The federal securities claims rely on impermissible group pleading and conclusory allegations, offering no specific false statement or facts showing scienter beyond vague references to Adam Long's title or ownership. The derivative control-person claim is equally deficient, lacking any plausible allegation that Adam Long exercised control over a primary violator. The state-law claims cannot survive once the federal claims are dismissed, leaving no basis for the Court's federal question jurisdiction. The Court should grant Adam Long's Motion.

## ARGUMENT

Plaintiffs' Opposition does not cure the fundamental defects identified in the Motion to Dismiss. Plaintiffs continue to rely on vague, conclusory assertions that impermissibly group all Defendants together. Dismissal of each claim against Adam Long is warranted.

## I.  PLAINTIFFS FAILED TO PLEAD THEIR FEDERAL SECURITIES CLAIMS WITH PARTICULARITY AND HAVE FAILED TO SUFFICIENTLY ALLEGE SCIENTER.

### A.  *Plaintiffs do not allege fraud with the requisite particularity.*

Under Federal Rules of Civil Procedure Rule 9(b), securities fraud claims must be pleaded with particularity. *See In re Level 3 Communications, Inc. Securities Litigation*, 667 F.3d 1331, 1333 (10th Cir. 2012). This heightened standard requires factual allegations identifying the time, place, and content of the alleged misrepresentation, the speaker, and the resulting consequences, *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), as well as the specific defendants with whom a plaintiff dealt directly. *Arena Land & Inv. Co. v. Petty*, 906 F. Supp. 1470, 1476 (D. Utah 1994). A complaint must identify each allegedly misleading

statement, explain why it is misleading, and, if pleaded on information and belief, state with particularity the facts supporting that belief. 15 U.S.C. § 78u–4(b)(1).

Plaintiffs attempt to recast the well-established standard as a minimal hurdle, alluding that Defendants improperly elevate it by requiring "atomization" or a "defendant-by-defendant breakdown of every internal act or communication." Opp'n at 8, 17. That was never the standard, nor did Adam Long ever suggest that it was. *See generally*, Adam Long's MTD. The standard requires that a plaintiff plead fraud with sufficient particularity to give each defendant fair notice of the specific misrepresentations or omissions alleged and the circumstances surrounding them, including the who, what, when, where, and how, so that the claim can be meaningfully evaluated. *U.S. ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009) (citation omitted).

Plaintiffs have failed to do so. Their attempt to meet these requirements only assert that Adam Long was a partner with a "specific role" and an owner of various companies. Opp'n at 18. Plaintiffs appear to suggest that these titles alone suffice to infer his involvement in securities fraud and liability for all sixteen claims against him. Yet they fail to provide any specific facts identifying who specifically engaged in the behavior, what conduct occurred, and when, where, or how it occurred. *See generally*, SAC and *generally*, Opp'n.

Plaintiffs claim to satisfy the pleading requirements by broadly citing pages "62–92" of the SAC. Opp'n at 38. But pointing to 30 pages of general allegations is the opposite of "particularized" pleading and further shows that Plaintiffs are unable to offer any specified allegations showing that the elements of each claim were alleged with specificity. Thus, all Plaintiffs' fraud claims, including those based on an underlying fraud claim, must be dismissed.

*B. The SAC fails to allege that Adam Long acted with the requisite scienter and the First
Cause of Action must be dismissed.*

The SAC must also plead "scienter," or intent to defraud, and "[i]n a securities fraud

case, the appropriate level of scienter is 'a mental state embracing intent to deceive, manipulate,

or defraud,' or recklessness." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1105 (10th Cir.

2003) (citation omitted). The PSLRA imposes a more demanding standard than Federal Rules of

Civil Procedure Rule 9(b) by requiring that, for each alleged violation, the complaint "state with

particularity facts giving rise to a strong inference that the defendant acted with the required state

of mind." *Adams*, 340 F.3d at 1096, (citing 15 U.S.C. § 78u–4(b)(1)). *TDC Lending LLC v. Priv.

Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018). Notably, allegations that a defendant

must have known a statement was false simply because of his corporate position are insufficient.

*City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1263–64 (10th Cir. 2001).

Plaintiffs' scienter theory fails under the PSLRA's demanding standard. Their Opposition

asks the Court to *infer* scienter based on generalized allegations that "Defendants" held "central

roles," "access to information," and "continued promotion of the investments[.]" Opp'n at 7. But

such allegations are insufficient as a matter of law, particularly where, as here, the SAC does not

identify *any* specific misrepresentation by Adam Long or facts showing his knowledge of falsity.

The SAC paragraphs Plaintiffs cite—pages 61–97 and ¶¶ 22, 39, 53, 65, 722—do not reference

Adam Long's statements or his mental state. At most, Plaintiffs ask the Court to infer that Adam

Long must have known of the alleged misconduct because of his alleged position or title in the

company. The SAC conveniently omits any timeline regarding the positions Adam Long

allegedly held or when the relevant information would have been available to someone in those

positions. The PSLRA and Tenth Circuit precedent reject precisely that type of inference. *See Fleming Cos.*, 264 F.3d at 1263–64.

Even viewed holistically under *Tellabs*, 551 U.S. 308, (2007), Plaintiffs' allegations do not create an inference of scienter that is as compelling as the far more plausible nonfraudulent explanation that Adam Long did not knowingly or recklessly mislead investors. The possibility that he possessed knowledge or the requisite scienter to mislead investors cannot rest solely on his position, ownership interest, or relationship with other Defendants. Accordingly, the SAC fails to plead scienter with the particularity required by the PSLRA, and the First Cause of Action must be dismissed.

### C.  Group Pleading is not permitted in situations such as here where the Defendants' actions are too attenuated to be alleged to them as a specified group.

Plaintiffs' Opposition repackages the same impermissible group pleading the PSLRA forbids. *TDC Lending*, 340 F. Supp. 3d at 1227. Plaintiffs' cited allegations describe a generalized "scheme," ownership interests, and overlapping business roles, but none identify any specific misrepresentation made, approved, or disseminated by Adam Long. Allegations that various Defendants jointly planned a program, held equity in entities, or participated in marketing efforts do not satisfy Rule 9(b) or the PSLRA's requirement that scienter and fraudulent conduct be pleaded with particularity as to each defendant. *See TDC Lending*, 340 F. Supp. 3d at 1227. Nor do Plaintiffs' citations in their Opposition to SAC ¶¶ , 22, 33–43, 53–54, 64–66, 145–159, 370–385, or 722 identify any statement by Adam Long, let alone the "time, place, or content" of a misrepresentation attributable to him. *Koch*, 203 F.3d at 1236. Describing collective conduct among business partners cannot substitute for particularized allegations of Adam Long's own fraudulent acts, and the First Cause of Action must therefore be dismissed.

## II. THE SECOND CAUSE OF ACTION IS TIME-BARRED BECAUSE PLAINTIFFS KNEW OR SHOULD HAVE KNOWN OF THE ALLEGED VIOLATIONS THROUGH REASONABLE DILIGENCE AND FAIL TO ALLEGE ANY AFFIRMATIVE CONCEALMENT WARRANTING A LONGER LIMITATIONS PERIOD.

The Second Cause of Action warrants dismissal for several reasons. First, while Plaintiffs contend that they did not discover the alleged violation within the one-year period, Opp'n at 21–23, this argument is only available where a party could not have discovered the information despite "*the exercise of reasonable diligence*" to learn the alleged information. 15 U.S.C. § 77m (emphasis added). The SAC alleges that the challenged sales occurred in 2020, 2021, and November 2022 (SAC ¶ 376), yet this action was not filed until March 2025. Dkt. No. 1. The alleged defects—"tenant defaults, bankruptcies, and contradictory information," Opp'n at 21—are objective, publicly ascertainable information that could have been discovered at the time of sale through reasonable diligence. Plaintiffs attempt to argue that they exercised diligence is refuted by the information that was available to them years prior.

Second, Plaintiffs' attempt to rely on equitable tolling fails because the SAC does not plausibly allege affirmative acts that concealed the securities' registration status, nor is equitable tolling of that statute of limitations period available to a plaintiff in a 15 U.S.C. § 77*m* claim. *Fabian v. LeMahieu*, 2019 WL 4918431, at *8 (N.D. Cal. Oct. 4, 2019) ("The weight of the authority supports finding that equitable tolling does not apply to Section 12(a)(1) claims, regardless of the circumstances.") (citations omitted). But even if it was, generalized allegations that Adam Long "was an active participant in the program… participated in the planning , structuring, and execution of the TIC offering," and "owned Millrock Investment Fund 1, LLC" and therefore "derived a direct financial benefit" from its conduct do not establish that

Defendants prevented Plaintiffs from discovering whether the interests were registered or Defendants otherwise violated the statute. Opp'n at 15. Conclusory assertions of concealment are insufficient to avoid dismissal. *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F. Supp. 1051, 1056 (D. Kan. 1990) ("conclusory allegations [are] wholly insufficient to toll the statute of limitations under the doctrine of fraudulent concealment.").

Third, Plaintiffs cannot rely on the three-year statute of limitations reserved for exceptional circumstances. The information they now claim was concealed could have been discovered through the exercise of reasonable diligence, and the SAC does not allege that Adam Long engaged in any plausible affirmative act to conceal it. Because no exceptional circumstances are alleged, the Court should dismiss the Second Cause of Action against Adam Long.

### III. THE THIRD CAUSE OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO INFER THAT ADAM LONG EXERCISED CONTROL OVER THE ALLEGED PRIMARY VIOLATOR.

Plaintiffs' Third Cause of Action fails because they do not plausibly allege either (1) a primary violation of the securities laws, or (2) control over the primary violator by Adam Long. *See e.g., Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1305 (10th Cir. 1998). Control requires the possession of the power to direct or cause the direction of the management and policies of the primary violator—not merely an ownership interest or an employment relationship.

Plaintiffs plead no specific facts demonstrating that Adam Long possessed such authority. Instead, they again rely on group pleading, repeatedly attributing conduct to "Defendants," "principals," or affiliated entities, and citing allegations in the SAC that "Millcreek and Millrock … exercised control over the brokerage operations, marketing practices, and agent training,"

without distinguishing Adam Long's individual role. Opp'n at 25. Under Plaintiffs' theory, any owner or individual holding a leadership position would be liable for any securities fraud allegedly committed by the company. Allegations that Adam Long held a leadership or decision-making role are conclusory and untethered to facts showing that he directed the management or policies of the alleged primary violator or exercised control over the specific conduct at issue. Courts routinely dismiss control-person claims where plaintiffs fail to allege particularized facts showing actual control. *See Combs v. SafeMoon LLC*, 2024 WL 1347409, at *24 ("the mere allegation that an individual was the founder of a company, developed a product, or launched a product does not by itself plausibly suggest that that individual had the power to direct the management and policies of a company"). The Motion should therefore be granted.

## IV.    PLAINTIFFS' STATE SECURITIES CLAIMS MUST BE DISMISSED BECAUSE TIC INVESTMENTS ARE NOT SECURITIES.

Plaintiffs' Fourth, Fifth, and Sixth Causes of Action are squarely barred under Utah law. No strained or "unreasonable inferences" are required to reach this conclusion. Opp'n at 31. Utah courts already resolved this issue in *Wilson v. Millcreek Com. Props., LLC,* when the District of Utah explained that "common sense dictates that most TIC investments in real property are coupled with long-term leases … [and] [i]f the legislature meant to include TIC investments … regulated by the Utah Uniform Securities Act, then the legislature would have done so." 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025). Accordingly, these claims are legally implausible.

Plaintiffs attempt to sidestep this limitation by arguing that their state-law claims were simultaneously asserted under federal law. Opp'n at 31. They were not. SAC, ¶¶ 627–650. The Fourth, Fifth, and Sixth Causes of Action were brought solely under the Utah Uniform Securities

Act, which is governed by Utah law. Plaintiffs cannot assert claims under state law and then express surprise that Adam Long did not argue that they are also barred under federal law.

Finally, Plaintiffs contend that these claims cannot be dismissed at this stage because the Court cannot determine whether the TIC Interests qualify as securities on a motion to dismiss. Opp'n at 25. Plaintiffs invite the Court to disregard well-established Utah law and effectively rewrite the statute. As the *Wilson* court made clear, claims arising under the Utah Uniform Securities Act fail when plaintiffs cannot demonstrate that they purchased securities subject to the Act. 2025 WL 2256685, at *11. Because Plaintiffs cannot establish that the TIC Interest are securities, there is no need to prolong litigation against Adam Long. The Fourth, Fifth, and Sixth Causes of Action should be dismissed.

## V.    THE SEVENTH, EIGHTH, AND TENTH CAUSES OF ACTION FAIL TO PLEAD FRAUD WITH THE REQUISITE PARTICULARITY.

Plaintiffs' claims for common-law fraud, fraudulent concealment, and negligent misrepresentation are subject to a heightened pleading standard and must be pleaded with particularity to survive a motion to dismiss. Fed. R. Civ. P. 9(b); *Logan v. Bank of Am., N.A.*, 2012 WL 5874364, at *3 (D. Utah Nov. 20, 2012) ("negligent misrepresentation constitutes a form of fraud, therefore, the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure applies."). Plaintiffs have failed to do so.

As discussed above, Plaintiffs attempt to satisfy the particularity requirement for common-law fraud and fraudulent concealment not by citing specific allegations, but by generally referencing pages "62–92" of the SAC. *See* Opp'n at 38. This thirty-page citation merely invites the Court to sift through the pleading in search of allegations that might support Plaintiffs' fraud claims, which falls well short of the heightened pleading standard required. At

most, the allegations Plaintiffs cite in their Opposition assert only that Adam Long is a member of Long Holdings LLC, which in turn is a member of Millcreek Commercial Properties, LLC; that those entities allegedly engaged in "joint marketing, communications, social media, and transactional commission payments," which Adam Long purportedly authorized; and that he served as a manager, worked in the Canada executive office, and mentored sales agents. Opp'n at 15; SAC ¶¶ 22, 61, 65–66, 151–52. Under no circumstances do these allegations plead fraud— much less plead it with the particularity required by law.

Moreover, the SAC does not allege that Adam Long misrepresented material facts, that Plaintiffs reasonably relied on any such misrepresentations, that he had "a pecuniary interest in the transaction," that he was "in a superior position to know the material facts," or that he "should have reasonably foreseen" Plaintiffs' reliance on the alleged representations. *See e.g., Andersen v Homecomings Fin., LLC*, 2011 WL 3626828 (D. Utah 2011). If no facts were represented by Adam Long, there could be no reliance by the Plaintiffs.

Plaintiffs' Seventh, Eighth, and Tenth Causes of Action must be dismissed because the SAC offers only conclusory allegations rather than specific, particularized facts.

## VI. THE NINTH CAUSE OF ACTION FAILS TO PLEAD FACTS ESTABLISHING A FIDUCIARY RELATIONSHIP WITH ADAM LONG.

To survive a motion to dismiss, among other things, a plaintiff must establish the existence of a fiduciary relationship. *E.g. First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, 2016 WL 6902473, at *25 (D. Utah Nov. 23, 2016). A fiduciary relationship exists only where there is a "position of peculiar confidence" in which one party has a duty to act primarily for another's benefit and occupies a position of superiority or influence over the other. *Fid. & Deposit Co. of Maryland v. Goran, LLC*, 2021 WL 2418624, at *2 (D. Utah June 14, 2021).

The SAC falls well short of this standard. Plaintiffs contend that a fiduciary relationship arises whenever an owner of a company is "in a position to influence how the investments were presented to investors."[1] Opp'n at 41. From that premise, Plaintiffs ask the Court to infer that Adam Long must therefore have "assumed advisory and influential roles with respect to Plaintiffs' investment decisions." Opp'n at 42. But this conclusory leap does not plead the type of relationship Utah law requires. Plaintiffs allege no facts showing a "position of peculiar confidence," any duty by Adam Long to act primarily for Plaintiffs' benefit, or any relationship of superiority or control over Plaintiffs' interests. The circumstances alleged do not create a fiduciary duty, and the Ninth Cause of Action must be dismissed.

**VII.    PLAINTIFFS' ELEVENTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE CLUB FITNESS, INC. AND THE BETTY L. GRIFFIN TRUST ARE NOT VULNERABLE ADULTS AND WEBER AND GRIFFIN DID NOT PERSONALLY SUFFER HARM.**

Plaintiffs' attempt to broaden the description of a "vulnerable adult" is contrary to the statute itself. Utah law limits the private right of action for elder abuse to "vulnerable adult[s] who suffe[r] harm or financial loss as a result of exploitation," Utah Code § 26B–6–213(1). Plaintiffs incorrectly rely on Utah Code § 76-5-111.4(2) to define what a "vulnerable adult" includes. *See* Opp'n at 44. That provision describes conduct constituting a violation, not the definition of a vulnerable adult. Utah Code § 76-5-111.4 itself directs the reader to the definition of a vulnerable adult provided in § 76-5-111, which states:

> "Vulnerable adult" means an elder adult, or a dependent adult who has a mental or physical impairment which substantially affects that *individual's* ability to:
> > (A)    provide personal protection;

---

[1] Plaintiffs cite no authority supporting this expansive theory.

      (B)    provide necessities such as food, shelter, clothing, or medical or other health care;
      (C)    obtain services necessary for health, safety, or welfare;
      (D)    carry out the activities of daily living;
      (E)    manage the adult's own resources; or
      (F)    comprehend the nature and consequences of remaining in a situation of abuse, neglect, or exploitation.

Utah Code § 76-5-111 (1)(a)(xiv) (emphasis added). The definition itself makes clear that a vulnerable adult must be an "*individual*." Trusts and corporations therefore cannot qualify as vulnerable adults and are necessarily excluded from the statute's protection. Nor could a trust or company reasonably be classified as "an elder adult" or a "dependent adult" requiring personal protection, the necessities of life, or the capacity to comprehend the consequences of abuse or exploitation. The TIC interests at issue were purchased by separate legal entities—Club Fitness, Inc., and the Betty L. Griffin Trust. SAC ¶ 376. Those entities are not vulnerable adults, and because the face of the SAC alleges no personal loss suffered by the individuals themselves, Plaintiffs cannot stretch the statute to say otherwise.

Nor can Plaintiffs transform corporate or trust losses into individual harm through bare allegations that Plaintiffs' funds were "used" in these purchases or that Defendants targeted seniors. A corporation or trust cannot be a "vulnerable adult," and only actual financial loss *suffered personally by an individual* states a claim. *See Williamson v. Farrell*, 2024 UT App 111, ¶ 33, 557 P.3d 214 (emphasizing that a vulnerable adult is an "elder adult" which "is defined as 'an individual 65 years or older'" (citing Utah Code § 26B-6-201)). Plaintiffs' allegations in the SAC do not establish personal harm and cannot sustain an elder abuse claim. The Eleventh Cause of Action against Adam Long must be dismissed.

## VIII.   PLAINTIFFS' TWELFTH CAUSE OF ACTION FAILS TO ADEQUATELY ALLEGE AN UNDERLYING TORT.

Plaintiffs' Opposition misses the central defect in their claim. While they cite general principles of civil conspiracy and point to allegations of coordinated conduct, they ignore the settled rule that a conspiracy claim requires a viable underlying tort. See *Estrada v. Mendoza*, 275 P.3d 1024, 1029 (Utah Ct. App. 2012). Plaintiffs cannot avoid this requirement by simply reciting allegations that Adam Long was an owner of a company or in a controller position. *See* Plaintiffs' citations to the SAC in their Opp'n at 43. Where the alleged unlawful objective is fraud, it must be pleaded with particularity. See *Caroles v. Sabey*, 79 P.3d 974, 983 (Utah Ct. App. 2003). Because it fails to do so, the Twelfth Cause of Action must be dismissed.

## IX.   PLAINTIFFS' THIRTEENTH CAUSE OF ACTION ALSO FAILS TO ADEQUATELY ALLEGE AN UNDERLYING TORT.

Plaintiffs' Thirteenth Cause of Action also fails because it depends entirely on an adequately pleaded underlying tort. Aiding and abetting is not a stand-alone claim and cannot survive absent a viable underlying tort. *Hansing v. Utah Dep't of Nat. Res.*, 2025 WL 1676532, at *9 (D. Utah June 13, 2025). Here, Plaintiffs base their aiding-and-abetting theory on the SAC's fraud allegations, but those allegations do not satisfy the heightened pleading standard required for fraud.[2] General assertions that Defendants approved marketing materials, trained

---

[2] In their Opposition, Plaintiffs cite to and rely on "*Giles v. Mineral Res. Int'l, Inc.*, 2014 UT App 143, ¶ 23." (Opp'n at 43.). However, upon reasonable search and belief, no such case exists. That citation instead corresponds to *State v. Ruiz*, 2014 UT App 143, 329 P.3d 836, as corrected (Apr. 9, 2024), which has nothing to do with aiding-and-abetting. Moreover, a reasonable search identifies *Giles v. Min. Res. Int'l, Inc.*, 2014 UT App 37, 320 P.3d 684 and *Giles v. Min. Res. Int'l, Inc.*, 2014 UT App 259, 338 P.3d 825, neither of which discusses aiding and abetting as Plaintiffs contend.

brokers, or facilitated transactions do not remedy that deficiency. Opp'n at 43. Because Plaintiffs

have failed to adequately plead the underlying fraud, the Thirteenth Cause of Action fails.

X.    **PLAINTIFFS' RICO CLAIMS FAIL BECAUSE THEY ARE NOT PLEADED WITH PARTICULARITY AND DO NOT ALLEGE ANY SPECIFIC WRONGFUL ACTS BY ADAM LONG.**

Plaintiffs' attempt to rescue their RICO claims by pointing to general managerial roles

and ownership interests in the enterprise ignores the strict pleading requirements for fraud-based

RICO claims. Their cited paragraphs from the SAC—¶¶ 151–153, 581–596, and 723–730—

merely describe Adam Long's ownership, managerial roles, or the general business structure of

Axia Partners, LLC. None of these allegations provide the particularized facts required by

Federal Rule of Civil Procedure 9(b) to show that Adam Long personally committed predicate

acts of fraud or otherwise conducted the enterprise through a pattern of racketeering activity. *See*

*George v. Urban Settlement Servs.*, 833 F. 3d 1242, 1254 (10th Cir. 2016). Conclusory assertions

that he was in a senior position, trained the sales team, or that his contributions must have

resulted in interstate money transfers fail to identify the "who, what, when, where, and how" of

any fraudulent acts. *U.S. ex rel. Lacy*, 348 F. App'x at 424. Without specific, concrete allegations

of Adam Long's individual participation in fraud, the Fifteenth, Sixteenth, and Seventeenth,

Causes of Action cannot survive and must be dismissed.

XI.    **PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS TO IDENTIFY A DIRECT BENEFIT CONFERRED ON ADAM LONG AND FAILS TO ALLEGE THAT ADAM LONG APPRECIATED A BENEFIT.**

Plaintiffs' unjust enrichment claim against Adam Long fails for multiple independent

reasons. First, the only purported benefit the Plaintiffs cite to in the SAC—¶¶ 22, 370–375, 385,

395, 432, 451, 533c, 581–583—refer only to commissions or assignments paid to Colliers,

Millcreek, or Millrock, none of which could be conferred *directly* on Adam Long. SAC ¶¶ 1, 21, 29[3]; *see Jones v. Mackey Price Thompson & Ostler*, 2015 UT 60, ¶ 65 ("A defendant is liable under the unjust enrichment prong of quantum meruit *only if he or she received a direct benefit from the plaintiff.*") (emphasis added). Second, the allegations are group-based, attributing benefits generally to "Defendants" or the corporate entities, which is insufficient to establish a claim against an individual. Finally, even if Plaintiffs had included entities owned or controlled by Adam Long, any benefits allegedly conferred on those entities cannot support an unjust enrichment claim against him personally. *Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 623 (D. Utah 2005) (holding summary judgment is appropriate in favor of the individual defendants on an unjust enrichment claim where "the benefit, if any, was conferred on the corporation, and not the individual defendants."). Because the SAC fails to allege that Adam Long individually received or acknowledged a direct benefit, the claim must be dismissed.

## XII.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST FOR THE REMAINING CLAIMS AND EACH MUST BE DISMISSED.

Plaintiffs' federal-question jurisdiction depends entirely on the First, Second, and Third Causes of Action, and if those claims are dismissed, this Court lacks subject-matter jurisdiction over the remaining claims. Plaintiffs do not oppose this argument and thus effectively concede its validity.

## CONCLUSION

For the foregoing reasons, Plaintiffs' SAC must be dismissed as to Adam Long with prejudice.

---

[3] "Long," referenced in ¶ 29 of the SAC refers to Kevin G. Long, not Adam Long.

DATED this 13th day of March, 2026

**KUNZLER BEAN & ADAMSON, PC**

*/s/ Robert P. Harrington*
Robert P. Harrington
Keith J. Saylin

*Attorneys for Defendant Jerald Adam Long*

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I filed a true and correct copy of the foregoing

**DEFENDANT JERALD ADAM LONG'S REPLY IN SUPPORT OF HIS MOTION TO**

**DISMISS** via the Court's electronic case filing system, which effectuated service on all parties

of record.

_/s/ Michelle Hansen_____
Michelle Hansen