WILLIAM B. HELFAND #16686
DOUGLAS C. SMITH #10805
ANDREW WELCH, #14028
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121-2318
Telephone: 801.562.5555
Facsimile: 801.562.5510
Bill.Helfand@lewisbrisbois.com
Douglas.Smith@lewisbrisbois.com
Andrew.Welch@lewisbrisbois.com
*Attorneys for Defendant Colliers International Intermountain, LLC,*
*Colliers International Holdings (USA), and Colliers International Group*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST; <br><br> Plaintiffs, <br><br> V. <br><br> COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW | **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S REPLY ON THEIR MOTION TO DISMISS** <br><br> Civil No. 2:25-cv-00162 <br><br> Judge David Barlow |

173730594.1   1

| | |
|---|---|
| HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG HOLDINGS, LLC; KGL ADVISORS, LLC; MARY STREET; CAMS REALTY, LLC; MOUNTAIN WEST COMMERCIAL, LLC; STEVE CATON; SARC DRAPER, LLC; ROBERT M. LEVENSON BLACKACRE 1031 EXCHANGE SERVICES LLC; ADP-MILLCREEK 2, LLC; ADP-MILLCREEK 3, LLC; ,<br><br>    Defendants. | |

Plaintiffs' "Omnibus Memo" opposing the motions to dismiss the Second Amended Complaint ("SAC") perfectly encapsulates the SAC's failure to plead with the particularity required by Rule 9. Curiously, in response to Colliers' request that the Court dismiss the **Pine Bluff and Draper** Plaintiffs' First and Third Causes of Action for failure to meet the statute of limitations, Plaintiffs raise a concealment argument and then proceed cite to allegations regarding the **Lehi and Crockett Plaintiffs**.[1] Obviously, the allegations related to the claims of the Lehi and Crockett Plaintiffs cannot form the basis for causes of actions brought by the Pine Bluff and Draper Plaintiffs. Yet, that is precisely what Plaintiffs attempt to do. This example perfectly underscores the manner in which Plaintiffs treat the claims of every plaintiff against each separate defendant as interchangeable. In doing so, Plaintiffs have failed to comply with Rule 9 and Private Securities Litigation Reform Act ("PSLRA"). Rather than plead in compliance with Rule 9 and PLSRA, Plaintiffs instead request that the Court accept their "group pleadings."[2] Notably, the

---

[1] Compare Colliers MTD SAC, subsection III, P.13-14 with Plaintiffs' Omnibus Memo, subsection III (A), citing SAC ¶¶ 455-456, 483, 508 (discussing allegations regarding the Lehi and Crocket properties).

[2] See Omnibus Memo, Subsection II(D), P. 17-19.

Omnibus memo fails to address the arguments as to why Plaintiffs' federal state unregistered sale claims are time barred, and instead broadly pleads for the "discovery rule." Colliers MTD already addressed why the discovery rule is not a defense to the causes of action for which it seeks dismissal.[3] Moreover, Plaintiffs have done nothing to establish standing for the elder abuse claims, and their Omnibus Memo does not explain how the Webers have standing when the TIC interest in question was purchased by a corporation.

Despite now having had three opportunities to plead their claims, Plaintiffs' SAC remains wrought with deficiencies, including: (1) failure to comply with the heightened pleading requirements of Rule 9(b) and the PSLRA ; (2) failure to comply with the statute of limitations; (3) lack of standing; and (4) lack of jurisdiction.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

**I.     Plaintiffs' Opposition Confirms Noncompliance with Rule 9(b) and the PSLRA.**

    **A.     Plaintiff's Federal Securities Fraud Claims are insufficiently pled.**

Rule 9(b) requires that requires well-pleaded factual allegations that "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[4] Yet, Plaintiffs did none of this with respect to Colliers. In addition, the PSLRA's scienter pleading requirements are even "more stringent than [Rule] 9(b)" and impose a standard of pleading which is more strict.[5] The PSLRA requires scienter to be found with respect

---

[3] See Colliers MTD, Subsections III (P.13-15), IV (P. 16-17), VI (P. 19-22), VII (P. 22-23),

[4] *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000); *see also St. Mark's Hosp.,* 895 F.3d at 745.

[5] *El Paso Firemen & Policemen's Pension Fund v. InnovAge Holding Corp.*, 709 F.Supp.3d 1296, 1329 (D. Col. 2023); *In re Molycorp, Inc. Securities Litigation.*, 157 F.Supp.3d 987, 1001 (D. Col. 2016).

to <u>each</u> defendant and with respect to <u>each</u> alleged violation.[6] "The heightened scienter standard thus helps distinguish between those in a corporation who acted with scienter and those who did not."[7]

Plaintiffs have failed to meet this standard. The vast majority of Plaintiffs' SAC impermissibly relies on "group pleadings,"[8] and Plaintiffs' Omnibus Memo concedes as much.[9] Plaintiffs characterize the SAC as alleging a "unified scheme to market and sell" TIC interests through "standardized misrepresentations and omissions," and they concede their theory rests on collective dissemination through "standardized offering materials, broker communications, and Colliers-led training sessions," rather than defendant-specific misstatements.[10] This concession underscores the Rule 9(b)/PSLRA failure.

This flaw is critical with respect to Colliers because, contrary to Plaintiffs' assertions, Rule 9 <u>does</u> require the Plaintiffs to identify "the identity of the party making the false statements and the consequences thereof."[11] As a corporate entity, Colliers speaks through agents, Rule 9(b) requires plaintiff to identify those agents.[12] As Colliers MTD already outlines, the few instances where Plaintiffs do identify a speaker of a particular misstatement, it is either unclear on whose

---

[6] *See TDC Lending LLC v. Priv. Cap. Grp.,* 340 F.Supp.3d 1218, 1227 (D. Utah 2018).

[7] *Id.*

[8] *See TDC Lending LLC v. Priv. Cap. Grp.,* 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) ("Group pleading, in contrast, allows a plaintiff to group defendants together without distinguishing the bases for each defendant's culpability. This is incompatible with the purpose of the PSLRA....").

[9] See Response at P.13-14.

[10] Omnibus Memo, at P. 14.

[11] Compare Omnibus Memo at P. 14 to *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1236 (10th Cir. 2000); *see also St. Mark's Hosp.,* 895 F.3d at 745.

[12] *W. Gas Processors, Ltd. v. Enron Gas Processing Co.*, No. 87–A–1472, 1988 WL 73307, at *4–5 (D.Colo. July 7, 1988); *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569 (D. Utah 2004).

behalf the person is acting, or if it is clear, it is never on behalf of Colliers. [13]  In doing so, the SAC fails to allege facts showing the Colliers acted with the requisite scienter.[14] The Response's defendant-specific discussion[15] is superficial and similarly relies on group pleading.

Plaintiffs' reliance on *Lorenzo* and *Malouf* are also misguided. Neither case addresses dismissal at the pleading stages.[16] As such, they are not authoritative as to what is required under Rule 9 at the pleading stage. Moreover, the SAC  does not identify how Colliers participated in furthering or disseminating fraud, and neither does Plaintiffs' Omnibus Memo. Plaintiffs' Omnibus memo merely points to use of Colliers logo on marketing materials, but a logo alone is insufficient.[17]

And even then, throughout Plaintiffs' omnibus memo, they go on to attribute the marketing materials to other parties (ie not Colliers). Plaintiffs state that the collective fraudulent conduct detailed in the SAC is "the collective fraudulent conduct, taking Plaintiffs' money under the Millrock name, based on false marketing materials **disseminated under the Millcreek name**."[18] "Defendants directly benefitted from Millcreek Marketing materials." [19] Accordingly, by failing

---

[13] See Colliers MTD, at P. 10-11.

[14] *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1099 (10th Cir. 2003) (scienter requires either intent to deceive or recklessness amounting to "an extreme departure from the standards of ordinary care"); *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1258 (10th Cir. 2001) (requiring a "strong inference" of scienter that is "cogent and at least as compelling as any opposing inference").

[15] Dkt. 178 at 13-17.

[16] 139 S. Ct. 1094 (2019); 933 F.3d 1248 (10th Cir. 2019).

[17] *Arena v. Wal-Mart Stores, Inc.*, 221 F.R.D. 569, 572 (2004) ("general references to [a corporation] are insufficient to identify the speaker of these statements.")

[18] Omnibus Memo, at P. 18.

[19] Omnibus Memo, at P. 39

to specifically plead against Colliers, Plaintiffs' Omnibus Memo fails in saving their first and third causes of action against Colliers and Colliers is entitled to dismissal of those causes of action.

### B.      Plaintiffs' remaining fraud claims also fail.

The SAC's Fourth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Sixteenth, and Seventeenth Causes of Action are either allegations of fraud or rely on underlying fraud allegations, requiring compliance with Rule 9(b)'s enhanced pleading requirements.[20] Plaintiffs' Omnibus Memo attempts to defend their pleadings by pointing to general allegations of material misrepresentations and omissions, but it does not address the lack of specificity highlighted in Colliers MTD. Where Colliers points out that Plaintiffs' SAC fails to describe the "who, what , when, where, and how," as to each Defendant, Plaintiffs merely asserts that Colliers "operated an integrated brokerage and marketing platform that disseminated standardized representations about the TIC investments, trained and supervised sales agents, and processed commissions tied to the challenged sales."[21] The Omnibus Memo does not elaborate on who was making such representations on behalf Colliers, when, or when.[22] As such, these causes of action must be dismissed as well.

### II.      Plaintiffs Do Not Plead Delayed Discovery and so Fail to Extend the Applicable Federal Statute of Limitations; nor do they Defend Dismissing Causes of Action I and III as to the Pine Bluff and Draper Plaintiffs

Colliers' MTD clearly outlines how the Pine Bluff and Draper Plaintiffs had notice of their First and Third Causes of action for more than two years prior to filing the Complaint. Specifically, Colliers noted how there was signs as early as July of 2021, how the Plaintiffs conduced a visit,

---

[20] Colliers MTD, Subsection II(B), P. 11-13.

[21] Plaintiffs' Omnibus Memo, at P. 13.

[22] Id.

and how (at the latest) they should have known of their securities fraud claim by October 2022 when the HSH tenants defaulted.[23]

As to Pine Bluff and Draper, Plaintiffs' Omnibus Memo does not identify any SAC allegations that plausibly establish delayed discovery, nor do they respond to the argument that their claims are time-barred absent such allegations. Instead, the memorandum only makes vague assertions that the SAC alleged a continued cover up the alleged fraud.[24]  However, a closer analysis of Plaintiff's Omnibus Memo shows that Plaintiffs cite to allegations regarding the Lehi and Crocket properties as support for this response arguing against dismissal of the these causes of action.[25] Of course, the allegations of the Lehi and Crocket Plaintiffs (completely separate parties on completely different properties) cannot serve as the basis for the causes of action for the Pine Bluff and Draper Plaintiffs. Plaintiffs' attempt to do so only highlights the Plaintiffs' improper reliance on group pleadings and lack of particularity as to each Plaintiffs' allegations. This failure to address Colliers' argument regarding the Pine Bluff and Draper Plaintiffs waives opposition.[26] Accordingly, the Court must dismiss these claims.

## III.    The Discovery Rule Does Not Toll a Section 12(a)(1) Lack-of-Registration Claim.

Plaintiffs' Section 12(a)(1) claim is governed by Section 13's one-year limitations and three-year repose.[27] As to the Pine Bluff and Draper Plaintiffs, Plaintiffs Omnibus Memo offers

---

[23] See Colliers MTD at P. 14.

[24] Plaintiffs' Omnibus Memo, subsection III (A)-(B).

[25] Plaintiffs' Omnibus Memo, subsection III (A), citing SAC ¶¶ 455-456, 483, 508 (discussing allegations regarding the Lehi and Crocket properties).

[26] *See Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 622 (D. Utah 2005) (holding that "failure to respond in a timely fashion to an argument raised in a motion to dismiss can result in a waiver of opposition to that argument").

[27] 15 U.S.C. § 77m.

no defense to Colliers' MTD. In response to Colliers' MTD Plaintiffs' Second Cause of Action (federal sale of an unregistered security under Section 12(a)(1)), Plaintiffs attempt to invoke the discovery rule.[28] However, the discovery rule does not apply to unregistered sales.[29]  While Section 77(m) explicitly outlines that claim for fraud under section 12(a)(2) must be brought within one year of the discovery of an untrue statement, it explicitly states that a claim for section 12(a)(1) must be brought within a year of the violation.[30] And, as already addressed in Colliers' MTD, most courts, including other circuit courts and Utah federal district courts, agree that the violation occurs when the buyer actually purchases the unregistered security for purposes of the one year period.[31]

Since Plaintiffs cannot invoke a discovery rule to toll a claim premised on an objective, binary violation (unregistered sale). Plaintiffs' SAC confirms the claim accrued at the time of sale regarding the Lehi and Crockett Plaintiffs. The Lehi and Crockett TIC purchases occurred in November 2022 and that they filed in March 2025 (outside of the statute of limitation).[32] Moreover, even if Plaintiffs could invoke the discovery rule, the SAC alleges no facts constituting concealment as to whether the TIC investments were registered as securities. Plaintiffs' memorandum posits post-sale reassurances and selective disclosures[33] but those allegations, even

---

[28] See Omnibus Memo, subsection III(B).

[29] 15 U.S.C. § 77m.

[30] Id. ("if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based.")

[31] *See e.g., Cook v. Avien, Inc.,* 573 F.2d 685, 691 (1st Cir.1978); *Doran v. Petroleum Mgmt. Corp.*, 576 F.2d 91 (5th Cir. 1978); *In re Biozoom, Inc. Sec. Litig.,* 93 F.Supp. 3d 801, 810 (N.D. Ohio 2015); *Padillia v. Winger*, No. 2:11CV897DAK, 2012 WL 1379228 at * 5 (D. Utah Apr. 20, 2012); *In re Elec. Data Sys. Corp. "ERISA" Litig.,* 305 F.Supp. 2d 658, 680 (E.D. Tex. 2004).

[32] Compare SAC ¶ 376 with Dkt. 1.

[33] Plaintiffs' Omnibus Memo, at P. 22

if accepted, go to fraud—not to whether the offers/sales were registered—and therefore cannot toll a strict-liability registration claim.

## IV.    Plaintiffs' Omnibus Memo fails defend against Colliers request that the Court dismiss Plaintiffs' remaining State Law Claims.

In its MTD, Colliers outlined how Plaintiffs vaguely cite to multiple states' securities statutes in a footnote, and that such vagary is insufficient to maintain a claim.[34] Colliers argued that because Plaintiffs do not explain the theory of liability under any of these statutes, or how Colliers' conduct might violate such statutes, Plaintiffs failed to meet their burden under Rule 9.[35] Plaintiffs' 48-page Omnibus Memo does not even attempt to address this argument, effectively conceding the issue.[36] Accordingly, to the extent any additional state securities law claims (beyond Utah's) were brought by the SAC, they must be dismissed.

## V.    TIC Interests Are Not Securities Under Utah Law.

Utah's statute contains its own definition and a carveout that excludes certain fractional real-estate interests if statutory conditions are met, and courts have found that TIC investments fit this carveout.[37]  Plaintiffs try to invert their burden, by arguing that Colliers does not argue that the TIC investments are not securities under federal law.[38]  However, that is not relevant. Plaintiffs'

---

[34] Colliers MTD, at P. 18

[35] *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991); *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025); *See Baston v. Rim San Antonio Acquisition, LLC*, 2016 WL 6901312 at *16 (S.D.N.Y. Nov. 22, 2016).

[36] See Omnibus Memo, P.3-4 (Table of Contents); *See Brumbelow v. L. Offs. of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 622 (D. Utah 2005) (holding that "failure to respond in a timely fashion to an argument raised in a motion to dismiss can result in a waiver of opposition to that argument").

[37] *Wilson v. Millcreek Properties*, LLC, No. 2:24-cv-00624-TC-CMR, 2025 WL 2256685 at *12 (D. Utah Aug. 7, 2025).

[38] Omnibus Memo, at P. 31-32.

Fourth, Fifth, and Sixth Causes of Action were brought <u>solely</u> under the Utah Uniform Securities Act, which is governed by Utah law.[39] Plaintiffs cannot assert claims under state law and then pretend Colliers concedes an issue on grounds that that are irrelevant to this claim. . Plaintiff's attempt to conflate those issues only further demonstrates Plaintiffs' disregard for the nuances and particularities of each claim they allege as well as the Rule 9 requirements.

## VI.    Plaintiffs' Reliance on the Discovery Rule does not save their time-barred state law claims.

A recurring trend in Plaintiffs' 48-page Omnibus Memo is that they gloss over the nuances of the individual arguments being made. In response to Colliers MTD, Plaintiffs broadly assert the discovery rule for when the statute of limitations tolls.[40] In taking this unsystematic approach with their response, Plaintiffs fail to address the actual arguments Colliers has made. For a majority of the state law claims, where Colliers requested dismissal due to the lapse of the statute of limitations, the discovery rule does not apply.[41] And where the discovery rule does apply, Colliers MTD has already addressed why it does not save the claim.[42]  In such instances, Plaintiff's Omnibus Memo fails to refute Colliers MTD.

For example, in Arkansas, the statute of limitations for sale of an unregistered security or for sale by an unregistered broker is three years and begins to run on the date of the sale.[43][44]  The

---

[39] SAC, ¶¶ 627–650.

[40] Omnibus Response, at P. 26.

[41] Colliers MTD, at Subsection VI(A) A.C.A. §  23-42-106(g); *Wells v. Hill*, 239 Ark. 979 (1965) (analyzing the statute of limitations under an earlier version of the statute); Subsection VI(B) Cal.Corp.Code § 25507; *Bowden v. Robinson*, 67 Cal.App.3d 705 (1977); subsections VI(C)-(F)

[42] Colliers MTD, subsection VI(D).

[43] A.C.A. §  23-42-106(g).

[44] *Wells v. Hill*, 239 Ark. 979 (1965) (analyzing the statute of limitations under an earlier version of the statute).

Pine Bluff Plaintiffs bought their interest in 2020 and brought this case five years later. [45] Therefore, it is barred. [46]

Similarly, the California counterpart, Section 25110 (which prohibits the sale of unqualified securities) must be brought within two years of the violation or one year after discovery of the facts constituting the violation, **whichever occurs first.**[47] Thus, James Blaisdell's purchase of an allegedly unregistered TIC interest in 2021 is barred because he waited until 2025 to bring this Complaint.[48] Notably the Omnibus Memo does not address this.

And actions brought for fraudulent sales of securities must be brought within 2 years of discovery of the facts given rise to a violation.[49] In California, inquiry notice can trigger the statute of limitations if no inquiry is made or if inquiry is made, when a reasonably diligent investor would have discovered they had been defrauded.[50] Moreover, Colliers MTD meticulously details how the Draper Plaintiffs had inquiry notice as early as July 2021 and should have had actual notice as early as October 2022.[51] Plaintiffs' Omnibus Memo offers no fact arguments or caselaw to counter this argument.[52] As a result, James did not bring this case within the statute of limitations for any California state securities claims.

---

[45] SAC ¶ 376a

[46] SAC P. 95 ¶ 376a ("Plaintiffs… through Club Fitness, Inc., purchased a 11.508% interest in the Pine Bluff Property on or about April 2020.").

[47] *See* Cal.Corp.Code § 25507; *Bowden v. Robinson*, 67 Cal.App.3d 705 (1977).

[48] SAC ¶¶ 87, 376d.

[49] Cal.Corp.Code § 25506.

[50] *Deveny v. Entropin, Inc.,* 139 Cal.App.4th 408, 428 (Cal. Ct. App. 2006).

[51] Infra, P. 7.

[52] Omnibus Memo, at P. 16.

Under Colorado law, claims for selling an unregistered security or for sale by an unregistered broker must be brought within 2 years of the sale.[53] The only Plaintiffs with any connection to Colorado are Eric Stamm, Claudia Griffin, and the Betty L. Griffin Revocable Trust, who purchased their TIC investment in "late 2022."[54] Since the claim was brought in 2025, this is outside of the 2 year statute of limitation and these plaintiffs cannot maintain a securities action for either of these theories under Colorado law.

Any action for Utah securities law violations must be brought within 5 years of the violation or two years of the discovery of the violation.[55] As noted above, the Pine Bluff and Draper plaintiffs should have discovered any fraud by as early as October of 2022 but waited until March 2025 to bring this action.[56] Thus, the statute of limitations has lapsed with regards to these plaintiffs as well.

**VII.   Plaintiffs Cite No Authority Establishing Standing for Their Elder-Abuse Claim.**

It appears from the Omnibus Memo that Plaintiffs do not understand Colliers argument. The statute limits Elder-Abuse claims to vulnerable adults, **not separate business entities**. It is clear from Plaintiffs' SAC that John and Gayle Weber's interest in the Pine Bluff property, was actually purchased by Club Fitness, Inc., a corporation.[57]  The claims arising from this purchase, therefore, belong to Club Fitness. As such, the Weber plaintiffs lack standing.

---

[53] C.R.S.A. § 11-51-604(8).

[54] SAC ¶ 376(f).

[55] U.C.A. 1953 § 61-1-22 (7).

[56] Infra, P. 7.

[57] SAC ¶ 376(a).

As to Claudia Griffin, the SAC explicitly alleges that she is only 61[58], and therefore, she does not have standing to bring an elder abuse claim under UT ST § 62A-3-301, as elder adults are defined as those above 65. Moreover, the SAC does not define who is the beneficiary of the trust, so it is not clear for whose benefit such a claim would be brought.[59]  Neither the Webers nor Claudia Griffin have standing to bring an elder abuse claim.

## VIII.   Plaintiffs' Omnibus Memo fails to cure the Court's lack of jurisdiction over Colliers.

Neither Colliers International Holdings nor Colliers International Group are domiciled in or have their principal place of business in Utah, and Plaintiffs <u>do not</u> allege that they do.[60] Nor do Plaintiffs allege that either of these entities directed activity towards the forum state of Utah, beyond there being four Colliers offices in Utah.[61] Plaintiffs ostensibly rely on the nationwide service of process rules found in 15 U.S.C. § 78aa and 18 U.S.C. § 1965.[62] However, these rules only grant jurisdiction if Plaintiffs have viable federal securities and RICO claims.[63] Here, Plaintiffs have failed to plead their fraud claims with sufficient particularity under Rule 9 and the PSLRA, requiring dismissal of the federal securities RICO claims. This strips the Court of personal jurisdiction over the Defendants Colliers International Holdings and Colliers International Group under those statutes, which are the only purported basis to claim jurisdiction over them. Defendants

---

[58] SAC ¶ 90.

[59] SAC ¶ 91

[60] SAC ¶ 1.

[61] SAC ¶ 4

[62] Plaintiffs' Omnibus Memo, Subsection VI.

[63] *Foxfield Villa Associates, LLC v. Robben*, 967 F.3d 1082, 1103(10th Cir. 2020); *United States v. Botefuhr*, 309 F.3d 1263, 1274 (10th Cir. 2002*); Ornum v. American Medical Association*, 2017 WL 9481018 at *9 (D. Utah 2017).

Colliers International Holdings and Colliers International Group therefore must be dismissed from this action.

**IX.    Conclusion.**

Plaintiff's 48-page Omnibus Memo illustrates their lack of compliance with Rule 9's enhanced pleading requirements. The memo itself relies on group pleadings, and Plaintiffs' concede that their SAC also impermissibly relies on the same. Plaintiffs' omnibus memo completely fails to address Colliers' arguments for dismissing the Pine Bluff and Draper Plaintiffs' claims, the claims for unregistered sales of securities, the various, vaguely pled state securities law claims, and the lack of standing to bring an elder abuse claim. Finally, Plaintiffs' failure to properly plead any federal claims strips the court of jurisdiction where the only basis is nationwide service of process.

Accordingly, Colliers respectfully requests that its MTD be granted.

DATED:  March 20, 2025          **LEWIS BRISBOIS BISGAARD & SMITH LLP**


By:  */s/ Douglas C. Smith*
William B. Helfand
Douglas C. Smith
Andrew Welch
*Attorneys for Defendants Colliers*
*International Intermountain, LLC,*
*Colliers International Holdings (USA), and*
*Colliers International Group*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2026, I caused a true and correct copy of the foregoing **DEFENDANTS COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; AND COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC'S REPLY ON THEIR MOTION TO DISMISS** to be electronically filed via the CM/ECF system, which sent notification of such filing to all counsel of record in this case.

/s/ Belle Wade

173730594.1  15