Justin T. Toth (8438)
Maria E. Windham (10761)
Nathan L. Jepson (17141)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: jtoth@rqn.com
      mwindham@rqn.com
      njepson@rqn.com

*Attorneys for Defendant Spencer Taylor*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WEBER; et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; et al.,<br><br>     Defendants. | **REPLY IN SUPPORT OF DEFENDANTS SPENCER TAYLOR AND SMART COVE, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Case No. 2:25-CV-00162-DBB<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 1

    I.    PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE
DISMISSED ................................................................................................... 1

        A.    Plaintiffs Failed to Plead Their Securities Fraud Claim with
Particularity ..................................................................................... 1

        B.    Plaintiffs' Claims Are Not Well Plead Under the PSLRA. ................... 3

    II.    PLAINTIFFS' CLAIMS FOR THE SALE OF UNREGISTERED
SECURITIES SHOULD BE DISMISSED ........................................................... 5

    III.    PLAINTIFFS' CONTROL PERSON LIABILITY CLAIM SHOULD
BE DISMISSED ............................................................................................. 6

    IV.    PLAINTIFFS' STATE SECURITIES LAW CLAIMS SHOULD BE
DISMISSED ................................................................................................... 6

    V.    PLAINTIFFS' SEVENTH, EIGHTH, AND TENTH CAUSES OF
ACTION SHOULD BE DISMISSED ................................................................. 8

    VI.    PLAINTIFFS' CONSPIRACY AND AIDING AND ABETTING
CLAIMS SHOULD BE DISMISSED ................................................................. 9

    VII.    PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM SHOULD
BE DISMISSED ............................................................................................. 9

    VIII.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE
DISMISSED ................................................................................................. 10

    IX.    PLAINTIFFS' ELDER ABUSE CLAIM SHOULD BE DISMISSED .......... 10

    X.    PLAINTIFFS' CIVIL RICO CLAIMS SHOULD BE DISMISSED ............ 11

CONCLUSION ................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1096 (10th Cir. 2003) ......................................... 6

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................... 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) .................................................................. 10

*City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1264 (10th Cir. 2001)............. 7

*Combs v. SafeMoon LLC*, 2024 WL 1347409, at *24 ........................................................ 9, 14, 15

*Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021)................................................................................. 12

*Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at *9 (D. Utah June 13, 2025)............................................................................................................................ 12

*Lorenzo v. Securities and Exchange Commission*, 587 U.S. 71, 73, 139 S. Ct. 1094, 1096, 203 L. Ed. 2d 484 (2019)............................................................................................................ 5

*Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022) ...................................................................................................................................... 11

*TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018)..................... 6

*TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018)............. 7

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007) ................................... 6, 7, 8

*Wilson v. Millcreek Com. Props., LLC,* 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025)....... 10

**Statutes**

Utah Code § 26B-6-201 ................................................................................................................. 14

Utah Code Ann. § 61-1-13(1)(ee)(ii) .............................................................................................. 9

Defendants Spencer Taylor and Smart Cove, LLC (collectively referred to as "Taylor"), by and through the undersigned counsel of record and pursuant to DUCivR 7-1, submit this Reply in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint (the "SAC").

## INTRODUCTION

Taylor's Motion to Dismiss (the "Motion") identifies "shotgun pleading" as a primary defect of the SAC because the SAC relies on generalized statements about what Defendants represented to Plaintiffs but does not include specific allegations against Taylor that support the claims asserted against him. This is true even with respect to Plaintiffs' fraud and securities related claims, which require a heightened pleading standard. Plaintiffs' Opposition to the Motion (the "Opposition") only serves to further illustrate this point. Plaintiffs continue to rely on vague, conclusory allegations that impermissibly group all Defendants together. The Court should grant the Motion and dismiss each claim against Taylor.

## ARGUMENT

### I.    PLAINTIFFS' SECURITIES FRAUD CLAIMS SHOULD BE DISMISSED

#### A.    Plaintiffs Failed to Plead Their Securities Fraud Claim with Particularity

Plaintiffs' First Cause of Action should be dismissed because it falls far short of the pleading standard. Securities fraud claims under Section 10(b) of the Securities and Exchange Act and Rule 10b-5 are required to be plead with particularity concerning each specific defendant. *See* Motion pp. 4-6. The SAC improperly relies on generalized allegations against the defendants as a group. Only a handful of statements are specifically attributed to Taylor, and none of them are

alleged to be false, much less knowingly false. *See* Motion pp. 4-6. This "shotgun" style pleading is insufficient to withstand a motion to dismiss. *Id.*

Without citing any valid legal authority, the Opposition attempts to minimize the pleading standard by arguing that "proof" and "atomization" of "every internal act or communication" is not required. *See* Opposition pp. 8, 17. However, the Court should disregard this attempt to mischaracterize a clear and well-established pleading standard that has been repeatedly recognized by this Court and the Tenth Circuit. Plaintiffs cannot sustain securities fraud claims against Taylor based on blanket allegations against Defendants without identifying which, if any, of them are responsible for specific material statements and omissions.

The Opposition cites *Lorenzo v. Securities and Exchange Commission*, 587 U.S. 71, 73, 139 S. Ct. 1094, 1096, 203 L. Ed. 2d 484 (2019) for the proposition that Plaintiffs' securities fraud claims are well plead because they allege Defendants were part of a scheme. Plaintiffs' reliance on *Lorenzo* is misplaced because the Court did not establish, or even consider, the pleading standard for securities fraud claims.

With respect to the handful of statements the SAC specifically attributes to Taylor in paragraph 300 (pp. 90-91), the SAC does not allege that any of them are false. *See* Motion pp. 21-22. For example, Taylor allegedly represented to Eric Stamm and Claudia Griffin "that the Crockett tenant had executed a long-term lease." But nowhere in the SAC do Plaintiffs allege that the Crockett tenant did not execute a long-term lease.

The Opposition's response is characteristically vague and conclusory, arguing that "Taylor's Statements about maintenance and upgrades and long-term leases are alleged to be false" and citing a broad set of paragraphs from the SAC without further explanation. *See* Opposition p. 16. But most of the cited paragraphs contain only allegations against Defendants generally and

nothing specific regarding Taylor, including paragraphs 309 (p. 68), 331 (p. 72), 488-490, and 502-503.

Paragraph 301 attempts to lump McDougal and Taylor together and alleges that their collective representations about a guarantor, equipment funds, whether the investment was worthwhile, and due diligence were "false and misleading." *See* SAC p. 91, ¶ 301. This argument in the Opposition only serves to illustrate Plaintiffs' failure to plead securities fraud claims with particularity and their improper reliance on group pleadings. Nowhere does the SAC actually set forthe the who, what, when, where, and how of Taylor making the alleged representations identified in paragraph 301.

### B.      Plaintiffs' Claims Are Not Well Plead Under the PSLRA.

Plaintiffs' securities fraud claims fail to satisfy any of the required elements under the PSLRA, including that Taylor acted with scienter. *See* Motion pp. 4-8. This requires that the complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1096 (10th Cir. 2003), *as amended on denial of reh'g* (Aug. 29, 2003) (citing 15 U.S.C. § 78u–4(b)(1)). *TDC Lending LLC v. Priv. Cap. Grp.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018).

Ignoring this demanding standard, the Opposition cites generally to broad swaths of the SAC (including the thirty-six-page range from page 61 to page 97) that it argues infer scienter. But these conclusory recitations of the supposed mental state of the collective "Collier/Long Parties," and assertions about what they collectively "knew or should have known" are insufficient to plead scienter with respect to Taylor. *See* Motion pp. 4-8.

Citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007), the Opposition urges the Court to infer scienter with respect to Taylor based on a "holistic" review of all

3

allegations in the SAC. *See* Opposition pp. 11-12. But *Tellabs* is inapposite because the Court did not (as the Opposition suggests) use allegations against one individual defendant to infer scienter against another. *Tellabs* involved just one corporate defendant and one individual defendant. In assessing the adequacy of scienter pleading against the only individual defendant, the Court explained that it considered all allegations in the complaint rather than "scrutinize[ing] each allegation in isolation." *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007).

That is precisely the analysis that Taylor urges the Court to follow in this case. As argued in the Motion, a careful analysis of the SAC reveals the lack of specific allegations against Taylor, and shows the SAC fails to adequately plead scienter against him. The Court should decline the invitation to misconstrue *Tellabs* to infer scienter against Taylor based on *all* the allegations in the SAC against *all* of the Defendants. The only allegations relevant to the Motion are those specifically alleged against Taylor, not allegations against other Defendants, and not general and conclusory allegations against the Defendants as a group.

To infer scienter, the Opposition also relies on the allegation that Taylor (through Smart Cove) was an owner of Millcreek. *See* Opposition p. 18. But this is also insufficient. As the Tenth Circuit found in *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1264 (10th Cir. 2001), "allegations that a securities fraud defendant, because of his position within the company, must have known a statement was false or misleading are precisely the types of inferences which courts, on numerous occasions, have determined to be inadequate to withstand Rule 9(b) scrutiny.") (cleaned up). *See also TDC Lending LLC v. Priv. Cap. Grp., Inc.*, 340 F. Supp. 3d 1218, 1227 (D. Utah 2018) (finding allegations that defendants "participated in drafting, formulating or approving it or supervised employees who did" insufficient under the PSLRA's heightened pleading standard for scienter.).

4

Finally, Plaintiffs' allegations of scienter against Taylor also fail because there is a nonfraudulent inference that is far more plausible, which is that Taylor acted based on the information available to him at the time and did not knowingly or recklessly mislead investors. *See Tellabs*, 551 U.S. 308, (2007). Accordingly, the Court should grant the Motion and dismiss Plaintiffs' securities fraud claims against Taylor.

## II.    PLAINTIFFS' CLAIMS FOR THE SALE OF UNREGISTERED SECURITIES SHOULD BE DISMISSED

Plaintiffs' Second Cause of Action alleges that the TIC interests Plaintiffs purchased were securities and that the alleged securities "were not registered by the filing of a registration statement." *See* SAC pp. 143-145. Plaintiffs' allegations are based on sales that took place in 2020, 2021, and 2022, but they did not file their original complaint until March 2025. *Id.* Therefore, Plaintiffs' claims are barred by the applicable one-year statute of limitations. *See* Motion pp. 8-9.

The Opposition argues that the statute of limitations did not begin to run until later based on the discovery rule. According to the Opposition, Defendants made a series of misrepresentations that prevented discovery, including with respect to the tenant's financial condition, default, bankruptcy, the general safety of Plaintiffs' TIC investments, and operations of Millcreek's TIC program. *See* Opposition pp. 19-24.

This argument fails because the wrongful conduct alleged has nothing to do with the status of any security being registered with the SEC. Plaintiffs could have determined at the time of purchase whether the TIC interests were registered securities. This could have been readily accomplished by reviewing the SEC's public filings. There is no allegation in the SAC that Taylor prevented Plaintiffs from performing this due diligence based on publicly available information.

Accordingly, Plaintiffs' Second Cause of Action for the sale of unregistered securities should be dismissed.

### III. PLAINTIFFS' CONTROL PERSON LIABILITY CLAIM SHOULD BE DISMISSED

Plaintiffs' Third Cause of Action alleging control person liability against Taylor should be dismissed because the SAC does not allege facts to plausibly show that Taylor had control over Millcreek Commercial, Colliers International, or any other Defendant. *See* Motion pp. 10-11.

In the Opposition, Plaintiffs again rely on group pleading arguments, generally attributing conduct to "Millcreek and Millrock," "principals," "affiliated entities," and lists of individuals without further distinction. *See* Opposition pp. 24-25. The only specific mention of Taylor is that he was one of several individuals who "owned and operated" Millcreek and Millrock. *Id.* But this is insufficient to "plausibly suggest" that Taylor "had the power to direct the management and policies" of those entities. *See* Motion p. 10, *citing Combs v. SafeMoon LLC*, 2024 WL 1347409, at \*24. Accordingly, the Court should grant the Motion and dismiss Plaintiffs' control person liability claim.

### IV. PLAINTIFFS' STATE SECURITIES LAW CLAIMS SHOULD BE DISMISSED

Plaintiffs' Fourth, Fifth, and Sixth Causes of Action should be dismissed because the TIC interests at issue in this case are not securities under Utah law. Utah Code Ann. § 61-1-13(1)(ee)(ii) specifically exempts undivided, fractionalized, long-term interests in real property from the definition of a "security," which accurately describes the TIC interests at issue in this case. *See* Motion p. 11.

The Opposition argues that the state law claims are not subject to dismissal based on the ambiguity of their pleading. According to Plaintiffs, it is not clear whether Section 61-1-

6

13(1)(ee)(ii) is relevant because the SAC does not plead sufficient facts regarding the number of investors and the substance of the management agreement. *See* Motion pp. 33-34.

But this argument misunderstands Plaintiffs' duty to plausibly plead their own claims. It is Plaintiffs' burden to plausibly allege their securities violations claims, including whether the investments at issue are in fact securities under Utah law. *See* Motion p. 3. Ambiguity and omissions in Plaintiffs' pleading make their claims more susceptible to dismissal, not less.

The Opposition's argument also fails to recognize this Court's previous ruling in *Wilson v. Millcreek Com. Props., LLC,* 2025 WL 2256685, at *11 (D. Utah Aug. 7, 2025) holding that "common sense dictates that most TIC investments in real property are coupled with long-term leases … [and] [i]f the legislature meant to include TIC investments … regulated by the Utah Uniform Securities Act, then the legislature would have done so.". Based on the allegations in the SAC, Plaintiffs claims for state securities fraud are not legally plausible and should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (explaining that a complaint will only survive a motion to dismiss if it pleads "enough facts to state a claim for relief that is plausible on its face.").

To save their claims from dismissal, Plaintiffs also argue that the TIC interests are investment contracts under federal law, and are therefore "presumptively securities under Utah law, as well." *See* Opposition pp. 31-32. But again, this argument ignores clear distinctions in Utah law that exclude such TIC interests from the definition of a security, including Section 61-1-13(1)(ee)(ii) and this Court's prior ruling in *Wilson*.

## V.    PLAINTIFFS' SEVENTH, EIGHTH, AND TENTH CAUSES OF ACTION SHOULD BE DISMISSED

Plaintiffs' claims for common law fraud, fraudulent concealment, and negligent misrepresentation should each be dismissed because they fail to meet Rule 9(b)'s heightened pleading standard. *See* Motion pp. 12-14. With respect to each claim, the SAC relies on inadequate shotgun pleadings against the Defendants, rather than particularized allegations against Taylor. *Id.* The SAC fails to identify any false statements or omissions specifically made by Taylor upon which any Defendant allegedly relied to their detriment. *Id.* And it fails to plead facts that could establish a strong inference that any alleged act or omission of Taylor's was made with the required scienter. *Id.*

The Opposition does not substantively engage with the arguments raised in the Motion, and fails to offer any explanation for how the SAC meets the well-established standard Rule 9(b) pleading standard. Skirting the pleading issue altogether, the Opposition summarily concludes that the fraud "allegations satisfy Utah's fraud elements." *See* Opposition p. 38.

Defendants misunderstand their responsibility to the Court and instead attempt to save their claims from dismissal by generally referencing broad swaths of the SAC, including the thirty-page range from page 62 to page 92. *See* Opposition p. 38. As articulated by the Tenth Circuit, "judges are not like pigs, hunting for truffles buried in briefs," rather it is Plaintiffs' responsibility to "ferret out and articulate" support for their legal theories. *See Rocky Mountain Wild, Inc. v. United States Forest Serv.*, 56 F.4th 913, 927 (10th Cir. 2022).

Plaintiffs' Seventh, Eighth, and Tenth Causes of Action must be dismissed against Taylor because the SAC offers only shotgun, conclusory allegations, rather than specific and

8

particularized allegations against Taylor, as required under the Rule 9(b) pleading standard for fraud-based claims.

## VI.   PLAINTIFFS' CONSPIRACY AND AIDING AND ABETTING CLAIMS SHOULD BE DISMISSED

Plaintiffs' Twelfth Cause of Action for Conspiracy to Engage in Tortious Conduct and Thirteenth Cause of Action for Aiding and Abetting Tortious Conduct should each be dismissed because they are not "viable independent causes of action" and are not supported by any valid underlying tort. *See* Motion p. 14, *citing Hansing v. Utah Dep't of Nat. Res.*, No. 2:24-CV-480, 2025 WL 1676532, at *9 (D. Utah June 13, 2025).

Plaintiffs' claims for conspiracy and aiding and abetting each rely on Plaintiffs' underlying fraud allegations. *See id.;* SAC ¶¶ 705, 711. For the reasons stated above in Section V, each of Plaintiffs' fraud claims should be dismissed. Because Plaintiffs' claims for conspiracy and aiding and abetting are not viable independent causes of action, they must also be dismissed. *See* Motion p. 14.

## VII.   PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM SHOULD BE DISMISSED

Plaintiffs' Ninth Cause of action for breach of fiduciary duty should be dismissed against Taylor for failure to state a claim. Plaintiffs have not alleged any facts to show there was a fiduciary relationship between Taylor and Plaintiffs. *See* Motion pp. 12-13.

The Opposition asks the Court to infer a fiduciary relationship between Taylor and Plaintiffs because Taylor exchanged emails with two of the Plaintiffs, and (through Smart Cove) was an alleged owner and supervisor of Millcreek. *See* Opposition pp. 40-42. But these alleged facts do not create a fiduciary relationship because they do not give rise to any "peculiar

9

confidence" placed in Taylor. *See* Motion pp. 14-16, *citing Fid. & Deposit Co. of Maryland v. Goran, LLC*, No. 2:17-CV-00604-TC-JCB, 2021 WL 2418624, at *2 (D. Utah June 14, 2021).

The SAC falls well short of pleading a fiduciary claim against Taylor and the Court should grant the Motion.

### VIII.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiffs' unjust enrichment claim against Taylor again relies on generalized allegations against Defendants and should be dismissed. *See* Motion pp. 16-17. These include allegations that "Plaintiffs" conferred a benefit on "Defendants" by investing in the Colliers/Long TIC Properties, that "Defendants" received a benefit "in the form of commissions or other compensation," and that "Defendants" benefited from "direct use" of investment proceeds and "perpetuation of the overall scheme." *Id.*; SAC, ¶¶ 757, 758.

The Opposition does not substantively respond to the legal arguments raised in Motion. Instead, Plaintiffs offer another group-based, shotgun-style argument. The only purported benefit conferred on Defendants that Plaintiffs cite are paragraphs 22, 370–375, 385, 395, 432, 451, 533c, 581–583. *See* Opposition p. 44. But these paragraphs do not identify any benefit conferred on Taylor. In fact, Taylor is never specifically mentioned in any of the cited paragraphs. Once again, such "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are not sufficient to support Plaintiffs' claims. *Ashcroft v. Iqbal,* 556 U.S. 662, 678. Therefore, the Court should grant the Motion.

### IX.    PLAINTIFFS' ELDER ABUSE CLAIM SHOULD BE DISMISSED

Plaintiffs Eleventh Cause of Action for elder abuse should be dismissed because the SAC fails to plead financial exploitation of a vulnerable adult against Spencer Taylor. Relying again on

improper group pleading and conclusory allegations, the SAC fails to allege sufficient facts to show Plaintiffs have standing as individual vulnerable adults. In addition, Plaintiffs' claims (as to the Elder Webers) are barred by the three-year statute of limitations. *See* Motion pp. 17-23.

The only argument raised in the Opposition is that a claim for elder abuse can arise in this case regardless of who actually purchased TIC interests. *See* Opposition pp. 44-45. Presumably, this argument is intended to address the fact that several of the alleged elder investors in this matter invested not as "vulnerable adults," but through corporate entities or trusts which cannot be considered either elderly or incapacitated. *See* Motion pp. 17-23. At bottom, this argument asks the Court to stretch the definition of "vulnerable adult" to include corporate entities and trusts. But this is contrary to the plain language of the statute, which clearly defines an "elder adult" as "an *individual* 65 years or older." Utah Code § 26B-6-201 (emphasis added). *See also Williamson v. Farrell*, 2024 UT App 111, ¶ 33, 557 P.3d 214.

In a footnote, the Opposition concedes that the SAC pleads different ages for Claudia Griffin, including both "61" and "65." *See* Opposition pp. 44, fn. 8. Plaintiffs provide state that a notice of errata is forthcoming, but none appears to have been filed with the Court on this issue.

Plaintiffs' allegations do not establish standing, personal harm, or that Taylor is a perpetrator of financial exploitation. Plaintiffs cannot sustain their claims for elder abuse and the Court should grant the Motion.

## X.      PLAINTIFFS' CIVIL RICO CLAIMS SHOULD BE DISMISSED

Plaintiffs' civil claims under the federal RICO statute in their Fifteenth, Sixteenth, and Seventeen causes of action fail to state claims against Taylor because rely on general allegations that are insufficient to meet the pleading standard. *See* Motion pp. 23-26.

In addition, Plaintiffs are barred from asserting federal RICO claims against Taylor by the PSLRA, which prevents pleading of offenses as predicate acts under civil RICO "if such offenses are based on conduct that would have been actionable as securities fraud." *See* Motion pp. 25-26, *citing* H.R. Rep. No. 104-369, at 47 (1995); *Combs v. SafeMoon LLC*, 2024 WL 1347409, at *26 (D. Utah Mar. 29, 2024).

The Opposition does not squarely address the legal authority cited in the Motion. Instead, it refers to Federal Rule of Civil Procedure 8 for the general proposition that alternative claims can be asserted at the pleading stage. *See* Opposition p. 45-47. With respect to RICO claims, this is precisely the approach considered and rejected by this Court in *Combs*. *See* Motion pp. 25-26. Applying the PSLRA bar to dismiss RICO claims at the pleading stage, this Court advised that "[i]f at a later stage in this case, the court determines that the Safemoon token is not a security, it will permit Plaintiffs to amend their pleadings to re-allege a RICO Claim." *See Combs*, 2024 WL 1347409, at *26.

The SAC fails to assert RICO claims against Taylor with particularity, and Plaintiffs RICO claims are barred by the PSLRA. Therefore, the Court should grant the Motion.

## CONCLUSION

BASED ON THE FOREGOING, defendant Spencer Taylor respectfully requests that the Court dismiss all claims against him in Plaintiffs' Amended Complaint.

DATED this 27th day of March 2026.

**RAY QUINNEY & NEBEKER P.C.**

 */s/ Nathan L. Jepson*

Justin T. Toth
Maria E. Windham
Nathan L. Jepson

*Attorneys for Defendant Spencer Taylor*

## CERTIFICATE OF SERVICE

I hereby certify on this 27th day of March 2026, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF DEFENDANTS SPENCER TAYLOR AND SMART COVE, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be filed via the Court's electronic filing system, which automatically provides notice to counsel of record.

*/s/ Ryan J. Lowe*

14