THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC.; et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00162-DB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs move the court for additional time under Fed. R. Civ. P. 4(m) and for alternative service of multiple Defendants.[1] This includes Defendants "Robert M. Levenson; Blackacre 1031 Exchange Services, LLC ("Blackacre 1031"); David Josker; Gil Borok; Matthew Hawkins; Lew Cramer; Millcreek Commercial Properties, LLC; Millrock Investment Fund 1 Management, LLC; KGL Advisors, LLC; KGL Real Estate Development, PLLC; ADP-Millcreek 2, LLC; ADP-Millcreek 3, LLC; and Steve Caton (collectively, "the Unserved Defendants")."[2] Previously the court denied without prejudice Plaintiffs' Motions for Alternative Service for Robert Levenson[3] and Lew Cramer.[4] In those orders the court found Plaintiffs failed to meet the applicable standards for alternative service noting Plaintiffs provided no affidavit or declaration setting forth the efforts made to identify, locate, and serve the respective party. Or offering details regarding why the circumstances made it impractical to serve those individual Defendants.

---

[1] Motion for Alternative Service and Additional Time to Serve, ECF No. 173.

[2] *Id.* at 1.

[3] Memorandum Decision and Order Denying Motion for Alternative Service Robert Levenson, ECF No. 69.

[4] Memorandum Decision and Order Denying Motion for Alternative Service Lew Cramer, ECF No. 70

In the current motion, Plaintiffs again seek to serve Robert Levenson and Lew Cramer, along with other Defendants, via alternative means. The court addresses each of the individual Defendants below and as set forth herein, the court grants in part Plaintiffs' Motion.

**LEGAL STANDARDS**

Under the Federal Rules the court may allow service as permitted by Utah Law. *See* Fed. R. Civ. P. 4(e)(1). Utah law provides:

> If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[5]

Additionally, the alternative means of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[6]

A plaintiff must demonstrate reasonable diligence in attempting to serve a defendant to obtain leave to serve a defendant by alternative means.[7] "A determination of reasonable diligence … properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for

---

[5] Utah R. Civ. P.  4(d)(5)(A) ("Other Service").

[6] *Id.* at 4(d)(5)(B).

[7] *Bonneville Billing v. Whatley*, 949 P.2d 768, 773, 331 Utah Adv. Rep. 63, 1997 WL 745529 (Utah Ct. App. 1997) ("the rule requires that a plaintiff demonstrate by affidavit two things before alternative service will be granted when a person's identity or address is unknown: (1) the identity or location of the person to be served is unknown, and (2) the identity or location cannot be ascertained through reasonable diligence. It is not enough for the affidavit to aver generally these two facts, but it must also state the specific efforts made to identify, locate, or serve the party.").

them, and the number and type of sources of available information regarding their possible

whereabouts ...." [8]

This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities

to locate and serve a defendant. It does, however, require more than perfunctory performance."[9]

> The diligence to be pursued and shown by the affidavit is that which is reasonable
> under the circumstances and not all possible diligence which may be conceived.
> Nor is it that diligence which stops just short of the place where if it were
> continued might reasonably be expected to uncover an address or the fact of death
> of the person on whom service is sought.... [Reasonable diligence] is that
> diligence which is appropriate to accomplish the end sought and which is
> reasonably calculated to do so. If the end sought is the address of an out-of-state
> defendant it encompasses those steps most likely, under the circumstances, to
> accomplish that result.[10]

Finally, if a plaintiff falsely avers or intentionally misleads the court to believe they have

exercised the required diligence, when they have not, then a matter may be dismissed for lack of

jurisdiction.[11]

## DISCUSSION

Plaintiffs move for an order authorizing alternative service for certain Defendants that

despite their alleged best efforts, they have been unable to serve. Plaintiffs propose a variety of

methods in their request for alternative service to ensure that alternative service complies with

the Rules and due process. These include service via email to one or more email addresses,

service via regular first-class mail to one or more addresses associated with a Defendant, and

service via email to one or more attorneys known to represent the Defendant in separate but

---

[8] *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al.*, 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004)).

[9] *Id.*

[10] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950).

[11] *Bonneville Billing*, 949 P.2d 768, 773; *Liebhardt v. Lawrence*, 40 Utah 243, 120 P. 215 (Utah 1911) (vacating a default judgment due to false affidavit utilized by the plaintiff).

related legal matters, or an attorney that represents a co-Defendant in this matter. Plaintiffs propose the following service methods for Defendants in their motion:

- Defendants Robert M. Levenson and Blackacre 1031 Exchange Services, LLC via:

  o Email to robert@blackacre1031.com and bobby@federal1031.com; and

  o First-class mail to a UPS Store mailbox known to be used by Mr. Levenson.

- Defendant David Josker via:

  o Email to david.josker@colliers.com;

  o First-class mail to Mr. Josker's known work address, at 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91367; and

  o Email to counsel of record for Mr. Josker's employer and co-Defendant Colliers International Holdings (USA), Inc.'s at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and Andrew.welch@lewisbrisbois.com

- Defendant Gil Borok served[12] via:

  o Email to gil.borok@colliers.com;

  o First-class mail to Mr. Borok's last known work address at 6324 Canoga Ave., Ste. 100, Woodland Hills, CA 91367; and

  o Email to counsel of record for Mr. Josker's employer and co-Defendant Colliers International Holdings (USA), Inc., at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and andrew.welch@lewisbrisbois.com

---

[12] Plaintiffs' Motion does not explicitly provide the means to serve Gil Borok like the other Defendants in the body of the Motion. However, it does set forth these methods in a proposed order that is attached to their Motion. ECF No. 173-2. Mr. Borok is mentioned with Mr. Josker as part of the Motion, and he is mentioned in the declaration filed by Plaintiffs. The court presumes it was an oversight by Plaintiffs to explicitly set forth the proposed methods for alternative service for Mr. Borok in the body of its Motion.

- Defendant Matthew Haskins via:

  - Email to matthew.hawkins@colliers.com;

  - First-class international mail to Mr. Hawkins' known work address, at 4000-1140 Bay St., Toronto, ON M5S 2Z4 Canada; and

  - Email to counsel of record for Mr. Hawkins' employer and co-Defendant Colliers International Group, Inc., at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and Andrew.welch@lewisbrisbois.com.

- Defendant Lew Cramer via:

  - Email to lew.cramer@missionary.org and lew.cramer@churchofjesuschrist.org;

  - First-class mail to the Church of Jesus Christ of Latter-Day Saints' Europe North Area Offices in the United Kingdom, located at A3 Glory Park Ave., Wooburn Green, High Wycombe HP10 0DF, UK; and

  - Email to his counsel of record in a separate but related action, at douglas.smith@lewisbrisbois.com, bill.helfand@lewisbrisbois.com, and Andrew.welch@lewisbrisbois.com.

- Defendant Millcreek Commercial Properties, LLC; Millrock Investment Fund Management, LLC; KGL Advisors, LLC; KGL Real Estate Development, PLLC; ADP-Millcreek 2, LLC; and ADP-Millcreek 3, LLC (collectively, "Kevin Long's Entities") via:

  - Email to kevin@millcreekcommercial.com and contact@kgladvisors.com;

  - First-class mail to Kevin Long's residential address, at 149 N 980 E, Lindon, UT 84042; and

- o Email to Kevin's counsel of record in the present action and several separate but related actions, at btolk@parrbrown.com, rburge@parrbrown.com, twelch@parrbrown.com, and cwilde@parrbrown.com.

- Defendant Steve Caton via:

  - o Email to steve@catoncommercial.com;

  - o First-class mail to four residential addresses believed to be used by him:

    - ▪ (1) 545 N McClurg Ct., Unit 4210, Chicago, IL 60611;

    - ▪ (2) 2625 Vermillion Ct., Naperville, IL 60565;

    - ▪ (3) 13324 Round Barn Rd., Plainfield, IL 60585;

    - ▪ (4) 23917 W Robert Ave., Plainfield, IL 60544;

  - o First-class mail to his known place of business, at 1296 Rickert Dr., Ste. 200, Naperville, IL 60540; and

  - o Email to his known counsel of record in a separate but related action, at ree@carmodymacdonald.com; nrw@carmodymacdonald.com, and jzz@carmodymacdonald.com.

In addition, Plaintiffs propose proof of service via email be provided through an email service such as RPost, which provides read receipts. Finally, Plaintiffs request extensions of time for those the court authorizes alternative service and for those the court denies the request.

## I.  General Principles of Service

Before considering Plaintiffs' arguments and efforts towards each of the Defendants, the court considers Plaintiffs' proposed methods for service. First, Plaintiffs propose email service. "Numerous courts [including this court] have determined service of process by email meets

constitutional due process requirements.[13] Second, Plaintiffs propose alternative service via regular mail as opposed to certified mail. Courts have deemed regular mail sufficient to serve a party.[14] Finally, Plaintiffs propose alternative service via "email service upon attorneys known to represent the Unserved Defendants or their direct affiliates in this case or related litigation."[15] This court has recognized that type of alternative service as adequate.[16]

## II.     Respective Defendants

### A.  Defendants Robert M. Levenson and Blackacre 1031 Exchange Services, LLC

Plaintiffs provide that a process server was first sent to a Virgina address that was supposedly Mr. Levenson's residence or workplace. Yet, alternative service attempts failed. Plaintiffs have determined after further investigation that Mr. Levenson formed an LLC that utilizes an UPS Store mailbox. Finally, Plaintiffs have communicated with Mr. Levenson at certain email addresses.

The court finds Plaintiffs have met the reasonable diligence standard as to Mr. Levenson and Blackacre. Further the court finds email service to Mr. Levenson, along with first-class mail

---

[13] *Cricut, Inc. v. Shanghai Sishun E-Com. Co*., No. 2:24-CV-00747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025) (citing cases). *See, e.g., Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, Ltd., No. 2:24-cv-00961, 2025 WL 252810, at *4 (authorizing email service where Defendant publicly advertised their email address and email was "likely 'the only means of effecting service of process.'"); *Tycon Sys., Inc. v. Tycon Sec. Advantage Sys. LLC*, No. 2:24-cv-350, 2024 WL 2819287, at *1 (authorizing email service and recognizing that email can be "reasonably calculated to give actual notice to the defendants.")

[14] *Jones v. Flowers*, 547 U.S. 220, 222, 126 S. Ct. 1708, 1711, 164 L. Ed. 2d 415, 74 (2006) ("Certified mail makes actual notice more likely only if someone is there to sign for the letter or tell the mail carrier that the address is incorrect. Regular mail can be left until the person returns home, and might increase the chances of actual notice."); *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174, 2016 WL 8077930 (10th Cir. 2016) ("First-class mail sufficient to give notice):

[15] Motion at 21.

[16] *See, e.g., Cricut, Inc*. 2025 WL 1333004, at *3 (Authorizing alternative service including email to retained counsel, regardless of client authorization, in part because "[t]he[] attorneys have communicated with [the plaintiff]'s counsel by email and are clearly able to provide the complaints to the defendants."); *Dish Techs., L.L.C. v. Aylo Freesites Ltd*., No. 2:24-cv-00066, 2024 WL 2701601, at *2 (authorizing alternative service including email to retained counsel where there was "ample litigation history" over the same subject matter, and the Defendants "share[d] a close, collaborative working relationship.")

to the UPS store mailbox he utilizes comports with constitutional notions of due process because it is "reasonably calculated to provide notice and an opportunity to respond."[17] Plaintiffs' Motion is GRANTED as to these Defendants.

### B. Defendant David Josker and Gil Borok

These Defendants are "executives with the Colliers group of companies"[18] and are located in the Los Angeles, California metropolitan area. Plaintiffs provide that they have tried multiple times to serve each of these Defendants at their workplace being unable to find their residences. On at least one occasion, it appears Mr. Josker was present at his office, but a secretary informed the process server that he was unavailable. Similarly, Mr. Borok has been unknown to those at his workplace. Both Defendants are principals to Defendant Colliers International Holdings a Defendant in this case that has been served and is represented by counsel.

Given this backdrop, the court finds Plaintiffs have met the reasonable diligence standard to serve these Defendants and alternative service is warranted. The methods proposed by Plaintiffs – email to both Defendants, email to counsel of record for their employers and co-Defendant Colliers International Holdings, and first-class mail to their last known work address – are reasonably calculated to provide notice and an opportunity to respond. Therefore, those are sufficient means of alternative service. Plaintiffs Motion is GRANTED as to these Defendants.

---

[17] *The Neck Hammock, Inc v. Danezen.com*, No. 2:20-CV-287-DAK-DBP, 2020 WL 6364598, at *5 (D. Utah Oct. 29, 2020) (citation modified).

[18] Motion at 9.

### C. Defendants Matthew Haskins and Lew Cramer

These two Defendants present a different issue than the other Defendants because they are located outside of the United States. Mr. Haskins resides in Canda and Mr. Cramer is living in London, England.

Rule 4(f) governs service of an individual outside the United States and permits service as follows:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or

(3) by other means not prohibited by international agreement, as the court orders.[19]

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rules 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[20] The key inquiry under Rule 4(f)(3) is whether the requested method of service is prohibited by international agreement, such as the Hague Convention.[21] A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of

---

[19] Fed. R. Civ. P. 4(f).

[20] *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, 2020 WL 6364598 (D. Utah Oct. 29, 2020).

[21] *See Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.*V., 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *Neck Hammock*, 2020 WL 6364598, at *5.

due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[22]

Defendant Hawkins is an executive of the Colliers parent companies. Plaintiffs have searched for property records and retained an international process server to serve him at his office in Toronto. The process server was unsuccessful on three attempts but did serve Hawkins's employer Colliers International Group, Inc.

Defendant Cramer is living in London, England while supposedly serving as a volunteer for his Church. Plaintiffs "reasonably believe" he uses certain email addresses and may receive mail at a certain office.

The court is not persuaded by Plaintiffs' arguments regarding these two Defendants. Plaintiffs provide very little analysis under Rule 4(f) or what the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents provides for service of these Defendants. Plaintiffs aver that hiring an international server to serve Hawkins comports with Rule 4 but provide next to nothing regarding whether their proposed alternative forms of service are permissible in Canada. Further, the court's research has found that email service in England is fraught with unique challenges and bound by certain requirements, none of which are addressed by Plaintiffs.[23]

Given the unique nature of these Defendants and Plaintiffs failure to address these Defendants under the differing standards, Plaintiffs' Motion for Alternative Service as to these two Defendants is DENIED.

---

[22] *Neck Hammock*, 2020 WL 6364598, at *5.

[23] *See, e.g., Chehaib v. King's College London Hospital NHS Foundation Trust & Ors* [2024] EWHC 2 (KB) (finding that serving a claim form by email without explicit prior consent for electronic service was invalid); *McAlpine Ltd v Richardson Roofing Co Ltd* [2022] EWHC 982 (TCC) (holding the claimant had invalidly served the particulars of a claim that were sent by email).

**D. Defendant Millcreek Commercial Properties, LLC; Millrock Investment Fund Management, LLC; KGL Advisors, LLC; KGL Real Estate Development, PLLC; ADP-Millcreek 2, LLC; and ADP-Millcreek 3, LLC (collectively, "Kevin Long's Entities)"**

Plaintiffs' research provides that the Kevin Long Entities are closely associated with Kevin Long. He is the registered agent or sole principal, or believed to be such, for these Defendants. In his individual capacity Mr. Long has already waived service and is represented by counsel in this matter. Plaintiffs' process server has "made no less than ten attempts to serve him on behalf of his entities at his home".[24] Each time has been a failure.

Based on Plaintiffs' affidavit, the court agrees that Mr. Long appears to be evading service on behalf of his entities. Thus, alternative service is warranted and the proposed methods set forth by Plaintiffs are the court finds, reasonably calculated to provide notice and an opportunity to respond. Plaintiffs' Motion as to these Defendants is GRANTED.

**E. Defendant Steve Caton**

Plaintiffs have struggled to ascertain Mr. Caton's current residence or place of business despite "extensive research." Plaintiffs did discover a post office box, but it is in a state where Mr. Caton does not reside. Mr. Caton does advertise his business email address. Plaintiffs note that recently, additional locations for Mr. Caton have been discovered and "additional service is being accordingly attempted there."[25]

---

[24] Motion at 13.

[25] Motion at 14.

11

Because the extent of Plaintiffs "extensive research" is unclear, and because Plaintiffs have recently discovered additional information, where they are attempting service, the court will deny Plaintiffs' Motion for Alternative Service as to Mr. Caton at this time.

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' Motion for Alternative Service and Additional Time to Serve is GRANTED IN PART AND DENIED IN PART. The court will afford Plaintiffs an additional 45 days from the date of this order to effectuate service by the means set forth above and, in their Motion, for those Defendants that the court grants alternative service. Plaintiffs are to utilize an email service such as RPost, which provides read receipts. Plaintiffs shall have 60 days from the date of this order to effectuate service for those Defendants that the court denied alternative service.

IT IS SO ORDERED.

DATED this 13 May 2026.

Dustin B. Pead
United States Magistrate Judge