Bentley J. Tolk (btolk@parrbrown.com)
Rodger M. Burge (rburge@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone:  (801) 532-7840

*Attorneys for Defendant Kevin Long*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN WEBER; GAYLE WEBER; CLUB FITNESS, INC.; PETER ROSS WEBER; YOLANDA ALTAGRACIA COSME DE WEBER; COMPOSTELA LIMITED, LLC; DAVID ELTON; ALYCE WEBER; JAMES BLAISDELL; BRYSON OCKEY; KRISTINE OCKEY; CLAUDIA GRIFFIN; ERIC STAMM; THE BETTY L. GRIFFIN 1999 REVOCABLE TRUST, | DEFENDANT KEVIN LONG'S ANSWER TO SECOND AMENDED COMPLAINT |
| Plaintiffs, | |
| v. | |
| COLLIERS INTERNATIONAL GROUP, INC.; COLLIERS INTERNATIONAL HOLDINGS (USA), INC.; COLLIERS INTERNATIONAL INTERMOUNTAIN, LLC; KEVIN LONG; MILLCREEK COMMERCIAL PROPERTIES, LLC; MILLROCK INVESTMENT FUND 1, LLC; MILLROCK INVESTMENT FUND 1 MANAGEMENT, LLC; BLAKE MCDOUGAL; SPENCER TAYLOR; SPENCER STRONG; BRENT SMITH; MARK MACHLIS; GREEN IVY REALTY, INC.; 13 INVESTMENTS, LLC; LADY MIRA BLUE MACHLIS; THOMAS SMITH; LEW CRAMER; MATTHEW HAWKINS; GIL BOROK; DAVID JOSKER; JERALD ADAM LONG; KGL REAL ESTATE DEVELOPMENT, PLLC; SMART COVE, LLC; GTR HOLDINGS, LLC; LONG | Civil No. 2:25-cv-00162-DB-DBP

District Judge David Barlow

Magistrate Judge Dustin B. Pead |

HOLDINGS, LLC; KGL ADVISORS, LLC;
MARY STREET; CAMS REALTY, LLC;
MOUNTAIN WEST COMMERCIAL, LLC;
STEVE CATON; SARC DRAPER, LLC;
ROBERT M. LEVENSON BLACKACRE
1031 EXCHANGE SERVICES LLC; ADP-
MILLCREEK 2, LLC; and ADP-
MILLCREEK 3, LLC;,

Defendants.

Defendant Kevin G. Long ("Long"), through his counsel of record, hereby answers the Second Amended Complaint (the "Complaint") filed by Plaintiffs in the above-captioned case and, without prejudice to his right to file an amended answer and/or counterclaims after additional discovery or investigation, admits, denies and/or avers as follows:

FIRST DEFENSE

Long responds as follows to the allegations contained in the numbered paragraphs of the Complaint:

INTRODUCTION

The "INTRODUCTION" section of the Complaint constitutes a narrative argument by Plaintiffs that is not a "short and plain" statement under Rule 8 and thus does not require a response from Long; to the extent a response is required, denies.

1.      Denies each and every allegation on the ground that Long lacks knowledge or information sufficient to form a belief about the truth of these allegations (hereinafter, "**Denies for lack of information**").

2.      Admits one or more of the "Colliers" parties markets and sells commercial property; denies all remaining allegations of the paragraph for lack of information.

3.      Denies for lack of information.

4.      Denies for lack of information.

5.      Denies for lack of information.

6.      The contents of the referenced website speak for themselves; denies all remaining allegations of the paragraph for lack of information.

7.      Denies for lack of information.

8.      Denies for lack of information.

9.      Denies for lack of information.

10.     Denies for lack of information.

11.     Denies for lack of information.

12.     The contents of the referenced website speak for themselves; denies all remaining allegations of the paragraph for lack of information.

13.     The contents of the referenced website speak for themselves; denies all remaining allegations of the paragraph for lack of information.

14.     Denies for lack of information.

15.     The contents of the referenced website speak for themselves; denies all remaining allegations of the paragraph for lack of information.

16.     Denies for lack of information.

17.     Denies for lack of information.

18.     Denies for lack of information.

19.     Denies for lack of information.

20.     Denies for lack of information.

21.    Admits Millcreek Commercial Properties, LLC ("Millcreek") was a Utah limited liability company that was previously voluntarily dissolved; denies all remaining allegations of the paragraph.

22.    Admits at certain times the listed entities were members of Millcreek; denies each and every remaining allegation in the paragraph for lack of information.

23.    Admits Millcreek was managed by KGL Real Estate Development, PLLC; denies all remaining allegations for lack of information.

24.    Admits.

25.    Denies for lack of information.

26.    Admits.

27.    Admits.

28.    Denies each and every allegation, except admits Long has worked as an associate broker for Colliers.

29.    Denies each and every allegation, except admits Long participated in the formation of Millcreek and Millrock Investment Fund I, LLC ("Millrock").

30.    Admits Long was Chief Executive Officer of Millcreek; denies each and every remaining allegation.

31.    The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, denies each and every allegation.

32.    The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, denies each and every allegation.

33.    Admits.

34.    Denies for lack of information.

35.     Denies for lack of information.

36.     Admits.

37.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, denies each and every allegation.

38.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, denies for lack of information.

39.     Denies for lack of information.

40.     Denies for lack of information.

41.     Admits.

42.     Denies.

43.     Denies.

44.     Admits.

45.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, Long responds that McDougal was a member of the Millcreek team at Colliers International Intermountain, LLC ("Colliers Intermountain") and held his real estate license at Colliers Intermountain; denies all remaining allegations of the paragraph for lack of information.

46.     The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, Long responds that McDougal was a member of the Millcreek team at Colliers International and held his real estate license at Colliers Intermountain; denies all remaining allegations of the paragraph for lack of information.

47.     Admits.

48. The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, Long responds that Strong was a member of the Millcreek team at Colliers International and denies all remaining allegations of the paragraph for lack of information.

49. The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, Long responds that Strong was a member of the Millcreek team at Colliers International and denies all remaining allegations of the paragraph for lack of information.

50. Admits.

51. The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, Long responds that Taylor was a member of the Millcreek team at Colliers International and denies all remaining allegations of the paragraph for lack of information.

52. The paragraph purports to state a legal conclusion regarding agency, to which no response is required. To the extent a response is required, admits Spencer Taylor was a member of the investment board at Millrock and denies each and every remaining allegation of the paragraph.

53. Denies for lack of information.

54. Denies for lack of information.

55. Denies for lack of information.

56. Denies for lack of information.

57. Admits.

58. Denies.

59. Admits.

60.     Denies for lack of information.

61.     Denies.

62.     Admits that Plaintiffs so allege; denies each and every remaining allegation of the paragraph.

63.     Denies for lack of information.

64.     Admits Adam Long is a resident of Utah and is Long's son; denies each and every remaining allegation in the paragraph.

65.     Denies for lack of information.

66.     Denies for lack of information.

67.     Admits ADP-Millcreek 2 appears on certain transactional documents; denies each and every remaining allegation of the paragraph for lack of information.

68.     Denies for lack of information the status of ADP-Millcreek3, LLC and the identity of its registered agent; denies each and every remaining allegation of the paragraph.

69.     Denies for lack of information.

70.     Denies for lack of information.

71.     Denies for lack of information.

72.     Denies for lack of information.

73.     Denies for lack of information.

74.     Admits Mayr Street was the lease administrator for the referenced properties; denies each and every remaining allegation of the paragraph.

75.     Denies for lack of information.

76.     Denies for lack of information.

77.     Admits.

78.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, denies.

79.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, denies.

80.     Denies for lack of information.

81.     Denies for lack of information.

82.     Denies for lack of information.

83.     Denies for lack of information.

84.     Denies for lack of information.

85.     Denies for lack of information.

86.     Denies for lack of information.

87.     Denies for lack of information.

88.     Denies excepts admits Plaintiffs so allege.

89.     Denies for lack of information.

90.     Denies for lack of information.

91.     Denies for lack of information.

92.     Denies except admits Plaintiffs so allege.

93.     Denies except admits Plaintiffs so allege.

94.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, denies for lack of information.

95.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, denies for lack of information.

96.     The paragraph purports to state a legal conclusion to which no response is required. To the extent a response is required, denies for lack of information.

97.     Denies for lack of information.

98.     Denies.

99.     Admits except denies as to the Blytheville and Alpharetta properties.

100.     Admits Millrock contracted for construction activities on certain properties; denies all remaining allegations for lack of information.

101.     Denies for lack of information.

102.     Admits the lease documents for these properties speak for themselves; denies each and every remaining allegation of the paragraph.

103.     Denies for lack of information.

104.     Denies for lack of information.

105.     Denies for lack of information.

106.     Denies for lack of information.

107.     Denies for lack of information.

108.     Denies for lack of information.

109.     Denies for lack of information.

110.     Denies except admits Plaintiffs so allege.

111.     Denies except admits Plaintiffs so allege.

112.     Admits Pine Bluff and Blytheville properties were to be SARC surgery centers, and the other referenced properties were to be urgent care units; denies each and every remaining allegation of the paragraph.

113.    Admits the contents of the leases speak for themselves; denies each and every remaining allegation of the paragraph.

114.    Admits the contents of the lease speak for themselves, and that Neuragenex operated and paid rent for over a year; denies each and every remaining allegation of the paragraph.

115.    Admits the allegations of the paragraph purport to be taken from one or more documents, the contents of which speak for themselves; denies all remaining allegations of the paragraph for lack of information.

116.    Admits the contents of the lease speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

117.    Denies except admits Plaintiffs so allege.

118.    Denies except admits Plaintiffs so allege.

119.    [Admits].

120.    Admits the allegations of the paragraph purport to be taken from one or more documents, the contents of which speak for themselves; denies all remaining allegations of the paragraph for lack of information.

121.    Denies except admits Plaintiffs so allege.

122.    Admits the tenant had nine quality locations; denies each and every remaining allegation of the paragraph for lack of information.

123.    Denies except admits Plaintiffs so allege.

124.   Admits that TIC interests Plaintiffs purchased (directly or indirectly) were commercial properties with existing leases of space at the properties; denies each and every remaining allegation in the paragraph.

125.   Denies for lack of information.

126.   Denies for lack of information.

127.   Denies for lack of information.

128.   Denies for lack of information.

129.   Admits the contents of the leases speak for themselves; denies each and every remaining allegation of the paragraph.

130.   Denies for lack of information.

131.   Denies for lack of information.

132.   Denies for lack of information.

133.   Denies except admits Plaintiffs so allege.

134.   Admits.

135.   Admits.

136.   Admits.

137.   Admits.

138.   Admits the embedded image in the paragraph speaks for itself; denies all remaining allegations of the paragraph.

139.   Admits.

140.   Admits Colliers acquired CBC Advisors in or about 2017; denies all remaining allegations of the paragraph.

141.    Admits.

142.    Denies each and every allegation, except admits Long has worked as an associate broker for Colliers

143.    Admits Long was for a period of time a Senior Vice President of Colliers Intermountain and that the alleged electronic image of an email speaks for itself; denies each and every remaining allegation of the paragraph.

144.    Admits Long was for a period of time an Executive Vice President of Colliers Intermountain and that the alleged electronic image of an email speaks for itself; denies each and every remaining allegation.

145.    Admits organized Millrock Investment Fund 1 Management, LLC in or about April 2017 and participated in the formation of Millrock in April 2017; denies each and every remaining allegation of the paragraph.

146.    Admits Long participated in the formation of Millcreek in or about September 2019; denies each and every remaining allegation of the paragraph.

147.    Admits Long was President of Millcreek and that the alleged excerpt from a LinkedIn page speaks for itself; denies each and every remaining allegation of the paragraph.

148.    Denies each and every allegation of the paragraph, except admits the alleged excerpt from the Millcreek website speaks for itself.

149.    Admits the Colliers logo appeared on certain Millcreek marketing materials and communications; denies each and every remaining allegation of the paragraph.

150.    Admits an understanding was formalized in 2020 between Colliers Intermountain and Millcreek and Millrock regarding Millcreek's marketing of "TIC" interests in

Millrock properties; denies each and every remaining allegation of the paragraph for lack of information.

151.   Denies Long or Adam Long were ever individual owners of Millrock Investment Fund 1 Management and denies each and every remaining allegation of the paragraph for lack of information.

152.   Admits Adam Long worked with Lew Cramer and worked with sales agents of Colliers Intermountain; denies each and every remaining allegation of the paragraph.

153.   Denies for lack of information.

154.   Admits Millcreek, through certain agents, marketed TIC interests in Pine Bluff, Draper, and Properties by 2020; denies each and every remaining allegation of the paragraph.

155.   Admits.

156.   Denies for lack of information.

157.   Denies for lack of information.

158.   Denies.

159.   Denies.

160.   Denies for lack of information.

161.   Denies.

162.   Denies for lack of information.

163.   Denies for lack of information.

164.   Denies for lack of information.

165.   Denies for lack of information.

166.   Denies for lack of information.

167.   Denies for lack of information.

168.   Admits Long is not registered with FINRA to sell securities; denies each and every remaining allegation of the paragraph for lack of information.

169.   Admits Long is not licensed with the states of Texas or Arkansas to sell real estate; denies each and every remaining allegation of the paragraph for lack of information.

170.   The paragraph purports to state a legal conclusion regarding the status of the TIC interests as securities and registration/exemption requirements to which no response is required. To the extent a response is required, admits the TIC interests in the Pine Bluff, Draper, Lehi, and Crockett Properties were not registered as securities through the filing of a registration statement and denies each and every remaining allegation of the paragraph.

171.   Denies for lack of information.

172.   The paragraph purports to set forth a statement of law concerning IRS Section 1031 exchanges to which no response is required. To the extent a response is required, denies for lack of information.

173.   The paragraph purports to set forth a statement of law concerning IRS Section 1031 exchanges to which no response is required. To the extent a response is required, denies for lack of information.

174.   The paragraph purports to set forth a statement of law concerning IRS Section 1031 exchanges to which no response is required. To the extent a response is required, denies for lack of information.

175. Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

176. Denies for lack of information.

177. Denies for lack of information.

178. Admits Millcreek marketed TIC interests in commercial properties subject to leases; denies each and every remaining allegation of the paragraph for lack of information.

179. Admits Millcreek marketed TIC interests in commercial properties subject to leases; denies each and every remaining allegation of the paragraph for lack of information.

180. Admits leases on the TIC interest properties marketed by Millcreek were to provide owners rental income; denies each and every remaining allegation of the paragraph for lack of information.

181. Denies for lack of information.

182. Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

183. Denies.

184. Admits.

185. Admits.

186. Admits.

187.   Admits the contents of Millcreek's "offering memorandum" for the Pine Bluff Property speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

188.   Admits the contents of Millcreek's "offering memorandum" for the Pine Bluff Property speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

189.   Denies for lack of information.

190.   Denies for lack of information.

191.   Denies for lack of information.

192.   Denies for lack of information.

193.   Denies for lack of information.

194.   Denies for lack of information.

195.   Denies for lack of information.

196.   Denies for lack of information.

197.   Denies for lack of information.

198.   Denies for lack of information.

199.   Denies for lack of information.

200.   Denies for lack of information.

201.   Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

202.   Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

16

203.    Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

204.    Denies for lack of information.

205.    Denies for lack of information.

206.    Denies for lack of information.

207.    Denies for lack of information.

208.    Admits Millcreek certain marketing materials for "TIC properties" represented the leases as being "triple-net" leases; denies each and every remaining allegation of the paragraph for lack of information.

209.    Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

210.    Denies for lack of information.

211.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

212.    Denies for lack of information.

213.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

214.    Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

215.    Denies for lack of information.

216.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

217.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

218.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

219.    Denies for lack of information.

220.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

221.    Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

222.    Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

223.    Denies for lack of information.

224.    Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

225.    Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

226.    Denies for lack of information.

227.    Admits the contents of any Millcreek marketing materials speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

228.    Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

229. Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

230. Denies for lack of information.

231. Denies for lack of information.

232. Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

233. Denies for lack of information.

234. Admits.

235. Admits Colliers' logo was displayed on certain emails and Millcreek marketing materials; denies each and every remaining allegation of the paragraph for lack of information.

236. Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

237. Admits the contents of any Millcreek offering memoranda speak for themselves; denies each and every remaining allegation of the paragraph for lack of information.

238. Denies for lack of information.

239. Denies for lack of information.

240. Denies for lack of information except admits Plaintiffs so allege.

241. Denies for lack of information.

242. Denies for lack of information.

243. Denies for lack of information.

244. Admits the contents of any agreements between Millcreek and third-parties speak for themselves; denies all remaining allegations of the paragraph for lack of information.

245. Admits the contents of any agreements between Millcreek and third-parties speak for themselves; denies all remaining allegations of the paragraph for lack of information.

246. Denies for lack of information.

247. Denies for lack of information.

248. Denies for lack of information.

249. Denies for lack of information.

250. Denies for lack of information.

251. Denies for lack of information.

252. Admits.

253. Denies for lack of information.

254. Denies except admits Plaintiffs so allege.

255. Admits Millrock entered into agreements for the development of certain properties; denies each and every remaining allegation of the paragraph for lack of information.

256. Denies for lack of information.

257. Denies for lack of information.

258. Denies for lack of information.

259. Denies.

260.   Denies.

261.   Denies.

262.   Denies for lack of information.

263.   Denies for lack of information.

264.   Denies for lack of information.

265.   Denies.

266.   Admits.

267.   Admits.

268.   Denies for lack of information.

269.   Admits Millrock and SARC Draper LLC developed and/or owned commercial properties in which TIC interests were marketed and sold by Millcreek; denies each and every remaining allegation in the paragraph for lack of information.

270.   Admits Millrock and SARC Draper received purchase price proceeds from the sales of certain TIC interests, and Millcreek was paid a marketing by these entities in connection with their sales of certain TIC interests; denies each and every remaining allegation in the paragraph.

271.   Denies for lack of information.

272.   Denies for lack of information.

273.   Denies for lack of information.

274.   Denies for lack of information.

275.   Denies for lack of information.

276.   Denies for lack of information.

277.    Denies.

278.    Denies for lack of information.

279.    Denies.

280.    Denies for lack of information.

281.    Admits.

282.    Denies for lack of information.

283.    Denies.

284.    Denies for lack of information.

285.    Denies.

286.    Denies for lack of information.

287.    Denies.

288.    Denies for lack of information.

289.    Denies.

290.    Denies for lack of information.

291.    Denies for lack of information.

292.    Denies.

293.    Denies Long provided any written marketing materials to plaintiffs except as to the Webers, and as to the Webers denies for lack of information; denies each and every remaining allegation in the paragraph for lack of information.

294.    Denies Long provided any written marketing materials to plaintiffs except as to the Webers, and as to the Webers denies for lack of information; denies each and every remaining allegation in the paragraph for lack of information.

295. Denies except admits Plaintiffs so allege.

296. Admits information from tenants and/or "Developer Parties" were obtained in preparation of certain Millcreek marketing materials; denies each and every remaining allegation in the paragraph for lack of information.

297. Admits Long reviewed certain Millcreek marketing materials; denies each and every remaining allegation in the paragraph for lack of information.

298. Denies Long provided any written marketing materials to plaintiffs except as to the Webers, and as to the Webers denies for lack of information; denies each and every remaining allegation in the paragraph for lack of information.

299. Denies Long restated any representations in the "Marketing Materials" to any plaintiffs; denies each and every remaining allegation in the paragraph for lack of information.

300. Admits the contents of any marketing materials for the Pine Bluff Property speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

301. Denies for lack of information.

302. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

303. Admits the contents of any marketing materials for the Draper Property speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

304.    Denies for lack of information.

305.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

306.    Admits the contents of any marketing materials for the Lehi Property speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

307.    Denies for lack of information.

308.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

309.    Admits the contents of any marketing materials for the Crockett Property speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

310.    Denies for lack of information.

311.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

312.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

313.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

314.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

315.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

316.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

317.    Denies and affirmatively alleges that Plaintiffs were directed to reports on file with the SEC, which contained financial statements; denies each and every remaining allegation of the paragraph for lack of information.

318.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

319.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

320. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

321. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

322. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

323. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

324. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

325. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

326. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

327.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

328.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

329.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

330.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

331.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

332.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

333.    Denies for lack of information.

334.    Denies for lack of information.

335.    Admits the contents of any emails from Long speak for themselves; denies each and every remaining allegation for lack of information.

336.  Denies for lack of information.

337.  The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

338.  Denies for lack of information.

339.  Denies for lack of information.

340.  Admits the contents of any emails from Long speak for themselves; denies each and every remaining allegation for lack of information.

341.  Denies for lack of information.

342.  Denies for lack of information.

343.  The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

344.  Denies for lack of information.

345.  The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

346.  Denies for lack of information.

347.  Denies for lack of information.

348.  Denies for lack of information.

349.  Denies for lack of information.

350.  Denies for lack of information.

351.  Denies for lack of information.

352.  Denies for lack of information.

353.  Denies for lack of information.

354.  Denies for lack of information.

355.  Denies for lack of information.

356.  Denies for lack of information.

284.  Denies for lack of information.

285.  Denies for lack of information.

286.  Admits the contents of any "Marketing Materials" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

287.  Denies for lack of information.

288.  Denies for lack of information.

289.  Denies for lack of information.

290.  Denies for lack of information.

291.  The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

292.  Denies for lack of information.

293.  Denies for lack of information.

294.  The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

295.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

296.    Denies for lack of information.

297.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

298.    Denies for lack of information.

299.    Denies for lack of information.

300.    Denies for lack of information.

301.    Denies for lack of information.

302.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies for lack of information.

357.    Admits Plaintiffs, or trusts/business entities controlled by them, purchased TIC interests in the referenced properties; denies each and every remaining allegation in the paragraph for lack of information.

358.    Denies for lack of information.

359.    Denies for lack of information.

360.    Denies for lack of information.

361.    Denies for lack of information.

362.    Denies for lack of information.

363.   Denies for lack of information.

364.   Denies for lack of information except admits Plaintiffs so allege.

365.   Admits one or more commission payments were paid to broker/agents in connection with the purchase and sale of one or more of the TIC interests at issue; denies each and every remaining allegation in the paragraph for lack of information.

366.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

367.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

368.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

369.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

370.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

371.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

372.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

373.   Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

374. Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

375. Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

376. Admits the contents of any "closing documents" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

377. Denies for lack of information.

378. Admits.

379. Admits.

380. Admits the contents of any settlement statements speak for themselves; denies each and every remaining allegation for lack of information.

381. Denies for lack of information.

382. Denies for lack of information.

383. Denies for lack of information.

384. Denies for lack of information.

385. Denies for lack of information.

386. Deny for lack of information.

387. Deny for lack of information.

388. Admits ADP paid some rents on the Draper property; denies each and every remaining allegation for lack of information.

389. [Admits HSMG claimed cash flow problems during 2022; denies each and every remaining allegation in the paragraph for lack of information.]

390.    Admits the contents of any "Millrock/HSMG Agreement" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

391.    Admits the contents of any "Millrock/HSMG Agreement" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

392.    Admits the contents of any "Millrock/HSMG Agreement" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

393.    Denies.

394.    Admits the contents of any "Millrock/HSMG Agreement" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

395.    Admits the contents of any "Millrock/HSMG Agreement" speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

396.    Denies for lack of information.

397.    Denies for lack of information.

398.    Denies for lack of information.

399.    Denies for lack of information.

400.    Denies for lack of information.

401.    Denies for lack of information.

402.    Denies for lack of information.

403.    Denies for lack of information.

404.    Denies for lack of information.

405.    Admits.

406.    Admits.

33

407.    Denies for lack of information.

408.    Denies.

409.    Admits the contents of the referenced lease speak for themselves; denies each and

every remaining allegation in the paragraph for lack of information.

410.    Denies for lack of information.

411.    Admits the contents of the referenced lease speak for themselves; denies each and

every remaining allegation in the paragraph for lack of information.

412.    Denies for lack of information.

413.    Denies.

414.    Denies.

415.    Denies for lack of information.

416.    Denies for lack of information.

417.    Denies for lack of information.

418.    Admits.

419.    Denies.

420.    Denies.

421.    Denies.

422.    Admits.

423.    Denies for lack of information.

424.    Admits.

425.    Denies for lack of information.

426.    Denies for lack of information.

427. Denies for lack of information.

428. Admits the contents of any offering memoranda speak for themselves; denies each and every remaining allegation for lack of information.

429. Denies for lack of information.

430. Admits the contents of any offering memoranda speak for themselves; denies each and every remaining allegation for lack of information.

431. Denies for lack of information.

432. Denies for lack of information.

433. Denies for lack of information.

434. Denies for lack of information.

435. Denies for lack of information.

436. Admits a new tenant has occupied the Draper property starting in 2024; denies each and every remaining allegation of the paragraph for lack of information.

437. Denies.

438. Denies for lack of information.

439. Denies for lack of information.

440. Denies.

441. Denies.

442. The contents of the referenced email speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

443. Denies.

444. Admits Club Fitness, Inc. and ADP-Millcreek 3, LLC purchased the Pine Bluff property; denies each and every remaining allegation of the paragraph.

445. Admits Club Fitness, Inc. paid $1.5M of the Pine Bluff property purchase price; denies each and every remaining allegation of the paragraph.

446. Denies for lack of information.

447. Admits Club Fitness, Inc.'s TIC interest was not solely based on the property acquisition price; denies each and every remaining allegation of the paragraph.

448. Denies.

449. Admits the contents of any county parcel records for the Pine Bluff property speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

450. Admits the contents of any chain of title documents speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

451. Admits the contents of any purchase and sales agreements or settlement statements speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

452. Admits.

453. Admits.

454. Admits.

455. Denies for lack of information.

456. Admits the contents of the referenced email speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

36

457.   Denies for lack of information.

458.   Denies for lack of information.

459.   Admits Neuragenex announced in 2024 that it was filing for bankruptcy; denies each and every remaining allegation in the paragraph for lack of information.

460.   Admits.

461.   Admits the contents of any such email speak for themselves; denies each and every remaining allegation for lack of information.

462.   Denies for lack of information.

463.   Admits the contents of the referenced marketing materials, "paperwork," settlement statement and escrow instructions speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

464.   Denies for lack of information.

465.   Denies for lack of information.

466.   Admits the contents of any offering memoranda speak for themselves; denies each and every other remaining allegation in the paragraph for lack of information.

467.   Denies for lack of information.

468.   Denies for lack of information.

469.   Denies for lack of information.

470.   Denies for lack of information.

471.   Denies.

472.   Admits.

473.   Denies for lack of information.

474.  Denies for lack of information.

475.  Denies for lack of information.

476.  Denies for lack of information.

477.  Denies for lack of information.

478.  Denies for lack of information.

479.  Denies for lack of information.

480.  Denies for lack of information.

481.  Denies for lack of information.

482.  Denies for lack of information.

483.  Denies for lack of information.

484.  Denies for lack of information.

485.  Admits Pulse told Long the delay was due to the sudden death of Pulse's CEO;

denies each and every remaining allegation of the paragraph for lack of information.

486.  Admits the contents of the lease speak for themselves; denies each and every

remaining allegation for lack of information.

487.  Denies for lack of information.

488.  Admits the contents of any offering memoranda speak for themselves; denies each

and every remaining allegation in the paragraph for lack of information.

489.  Admits the contents of the referenced emails speak for themselves; denies each

and every remaining allegation in the paragraph for lack of information.

490.  Denies for lack of information.

491.  Denies for lack of information.

492. Admits.

493. Denies.

494. Admits Millcreek did not hold any interest in the Crockett property; denies each
and every remaining allegation of the paragraph for lack of information.

495. Admits the contents of county recorder parcel records speak for themselves;
denies each and every remaining allegation in the paragraph for lack of information.

496. Denies for lack of information.

497. Denies for lack of information.

498. Admits the contents of any offering memoranda speak for themselves; denies each
and every remaining allegation in the paragraph for lack of information.

499. Denies for lack of information.

500. Admits the contents of any offering memoranda speak for themselves; denies each
and every remaining allegation in the paragraph for lack of information.

501. Denies for lack of information.

502. Denies for lack of information.

503. Denies for lack of information.

504. Denies for lack of information.

505. Denies for lack of information.

506. Denies for lack of information.

507. Denies for lack of information.

508. Denies for lack of information.

509. Admits Mary Street/CAMS was a lease administrator on the properties at issue; denies each and every remaining allegation in the paragraph for lack of information.

510. Admits the contents of any marketing materials speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

511. Denies.

512. Denies.

513. Admits Long has had a business association with Mary Street; denies each and every remaining allegation in the paragraph for lack of information.

514. Denies.

515. Denies for lack of information.

516. Denies for lack of information.

517. Denies for lack of information.

518. Denies for lack of information.

519. Denies for lack of information.

520. Admits MSMM, LLC was secured as a replacement tenant and the contents of the lease speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

521. Admits the contents of the referenced lease speak for themselves; denies each and every remaining allegation in the paragraph for lack of information.

522. Denies for lack of information.

523. Denies for lack of information.

524. Denies for lack of information.

525.    Denies for lack of information.

526.    Admits a suit has been filed against Talisman; denies each and every remaining

allegation in the paragraph.

527.    Denies for lack of information.

528.    Denies for lack of information.

529.    Denies for lack of information.

530.    Denies for lack of information.

531.    Denies for lack of information.

532.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the tax treatment of their TIC Interest purchases to

which no response is required; to the extent a response is required, denies for lack of

information.

533.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the tax treatment of their TIC Interest purchases to

which no response is required; to the extent a response is required, denies for lack of

information.

534.    Denies for lack of information.

535.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the tax treatment of their TIC Interest purchases to

which no response is required; to the extent a response is required, denies for lack of

information.

536. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

537. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

538. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

539. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

540. Denies.

541. Denies.

542. Denies for lack of information.

543. Denies.

544. Denies for lack of information.

545. Denies for lack of information.

546. Denies for lack of information.

547. Denies for lack of information.

548. Denies.

549. Denies.

550. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

551. Denies.

552. Denies for lack of information.

553. Denies for lack of information.

554. Denies for lack of information.

555. Denies for lack of information.

556. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

557. Denies for lack of information.

558. Denies for lack of information.

559. Denies for lack of information.

560. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

561. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

562. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

563. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

564. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

565. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

566. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies.

567. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies.

568. Denies.

569. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

570.   Admits Mary Street/CAMS was the lease administrator on certain TIC interest properties; denies 3each and every remaining allegation in the paragraph for lack of information.

571.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies.

572.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies.

573.   Denies for lack of information.

574.   Denies for lack of information.

575.   Denies for lack of information.

576.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

577.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

578.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

579. The allegations in the paragraph purport to set forth one or more legal conclusions or statements to which no response is required; to the extent a response is required, denies for lack of information.

580. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

581. Admits the contents of the referenced settlement speak for themselves and that Colliers received commissions in connection with the sale of certain TIC interests; denies each and every other remaining allegation in the paragraph for lack of information.

582. Denies for lack of information.

583. Denies for lack of information.

584. Denies for lack of information.

585. Denies.

586. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

587. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

588. Denies.

589. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

590. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

591. Denies for lack of information.

592. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

593. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

594. Denies for lack of information.

595. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

596. Denies for lack of information.

597. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies.

598. Denies.

599.    Denies.

600.    Denies.

601.    Denies for lack of information.

602.    Denies for lack of information.

603.    Denies.

604.    Denies for lack of information.

605.    Denies.

606.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal securities law to which no response is

required; to the extent a response is required, denies.

607.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal securities law to which no response is

required; to the extent a response is required, denies.

608.    Denies for lack of information.

609.    Denies.

610.    The Second Cause of Action was dismissed by the Court by way of its Order,

dated June 8, 2026, and thus no response is required. To the extent a response is

required, denies.

611.    The Second Cause of Action was dismissed by the Court by way of its Order,

dated June 8, 2026, and thus no response is required. To the extent a response is

required, denies.

612.    The Second Cause of Action was dismissed by the Court by way of its Order, dated June 8, 2026, and thus no response is required. To the extent a response is required, denies.

613.    The Second Cause of Action was dismissed by the Court by way of its Order, dated June 8, 2026, and thus no response is required. To the extent a response is required, denies.

614.    The Second Cause of Action was dismissed by the Court by way of its Order, dated June 8, 2026, and thus no response is required. To the extent a response is required, denies.

615.    The Second Cause of Action was dismissed by the Court by way of its Order, dated June 8, 2026, and thus no response is required. To the extent a response is required, denies.

616.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies.

617.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies for lack of information.

618.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies for lack of information.

619.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies for lack of information.

620.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies for lack of information.

621.    Denies for lack of information.

622.    Denies for lack of information.

623.    Denies for lack of information.

624.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies for lack of information.

625.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal securities law to which no response is required; to the extent a response is required, denies.

626.    Denies.

627.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

628.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

629. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

630. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

631. Denies for lack of information.

632. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

633. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

634. Denies for lack of information.

635. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

636. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

637. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

638. Denies.

639. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

640. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

641. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

642. Denies for lack of information.

643. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

644. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding state securities law to which no response is required; to the extent a response is required, denies.

645. Denies.

646.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding state securities law to which no response is required; to

the extent a response is required, denies.

647.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding state securities law to which no response is required; to

the extent a response is required, denies.

648.    Denies.

649.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding state securities law to which no response is required; to

the extent a response is required, denies.

650.    Denies.

651.    Denies for lack of information.

652.    Denies.

653.    Denies.

654.    Denies.

655.    Denies for lack of information.

656.    Denies.

657.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law to which no response is required; to the extent a response is

required, denies.

658.    Denies for lack of information.

659.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

660.   Denies.

661.   Denies.

662.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

663.   Denies.

664.   Denies.

665.   Denies for lack of information.

666.   Denies for lack of information.

667.   Denies for lack of information.

668.   Denies.

669.   Denies for lack of information.

670.   Denies.

671.   Denies for lack of information.

672.   Denies for lack of information.

673.   The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

674.   Denies for lack of information.

675.    Denies.

676.    Denies.

677.    Denies for lack of information.

678.    Denies.

679.    Denies.

680.    Denies.

681.    Denies.

682.    Denies.

683.    Denies for lack of information.

684.    Denies for lack of information.

685.    Denies for lack of information.

686.    Denies for lack of information.

687.    Denies for lack of information.

688.    Denies.

689.    Denies for lack of information.

690.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law to which no response is required; to the extent a response is

required, denies.

691.    Denies.

692.    Denies.

693.    Denies.

694.    Denies.

695.    Denies.

696.    Admits Colliers received commissions, and Millcreek received marketing fees, in connection with the purchase and sale of certain TIC interests; denies each and every remaining allegation in the paragraph for lack of information.

697.    Denies for lack of information.

698.    Denies for lack of information.

699.    Denies.

700.    Denies.

701.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

702.    Denies.

703.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

704.    Denies.

705.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law to which no response is required; to the extent a response is required, denies.

706.    Denies.

707.    Denies.

708.    Denies for lack of information.

709.   Denies for lack of information.

710.   Denies.

711.   Denies.

712.   Denies.

713.   The Fourteenth Cause of Action is not asserted against Long, and thus no response is required; to the extent a response is required, denies.

714.   The Fourteenth Cause of Action is not asserted against Long, and thus no response is required; to the extent a response is required, denies.

715.   The Fourteenth Cause of Action is not asserted against Long, and thus no response is required; to the extent a response is required, denies.

716.   The Fourteenth Cause of Action is not asserted against Long, and thus no response is required; to the extent a response is required, denies.

717.   The Fourteenth Cause of Action is not asserted against Long, and thus no response is required; to the extent a response is required, denies.

718.   Denies except admits Plaintiffs so allege.

719.   Admits.

720.   Admits the contents of Millcreek's website speak for themselves; denies each and every remaining allegation of the paragraph.

721.   Admits Long is a principal of KGL Real Estate Development; denies each and every remaining allegation of the paragraph.

722.   Denies for lack of information.

723.   Denies for lack of information.

724.    Denies for lack of information.

725.    Denies for lack of information.

726.    Denies for lack of information.

727.    Denies for lack of information.

728.    Denies for lack of information.

729.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal "RICO" law to which no response is

required; to the extent a response is required, denies.

730.    Denies for lack of information.

731.    Denies.

732.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal "RICO" law to which no response is

required; to the extent a response is required, denies.

733.    Denies for lack of information.

734.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal "RICO" law to which no response is

required; to the extent a response is required, denies for lack of information.

735.    Denies for lack of information.

736.    The allegations in the paragraph purport to set forth one or more legal conclusions

or statements of law regarding the federal "RICO" law to which no response is

required; to the extent a response is required, denies for lack of information.

737.    Denies for lack of information.

738.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies for lack of information.

739.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

740.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

741.    Denies.

742.    Denies except admits Plaintiffs so allege.

743.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

744.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

745.    Denies except admits Plaintiffs so allege.

746.    Denies for lack of information.

747.    The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

748. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

749. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

750. Denies.

751. Denies except admits Plaintiffs so allege.

752. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

753. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

754. Denies.

755. The allegations in the paragraph purport to set forth one or more legal conclusions or statements of law regarding the federal "RICO" law to which no response is required; to the extent a response is required, denies.

756. Denies.

757. Denies for lack of information.

758. Denies.

759. Denies.

760.   Denies.

761.   Denies.

762.   Denies.

RESPONSE TO PRAYER FOR RELEIF

WHEREFORE, Long demands that the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby; that Long be awarded his costs, expenses, and attorney's fees incurred in connection with this matter; and for such other and further relief as the Court may determine is just and appropriate. Long denies the allegations contained in the Complaint's Prayer for Relief.

SECOND DEFENSE

To the extent Long is alleged to be a control person under Section 20(a) of the Exchange Act, Long acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation and causes of action.

THIRD DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is subject to offset in the amount of any benefits, and the amount of any tax benefits, actually received by Plaintiffs.

FOURTH DEFENSE

The named Plaintiffs are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as they were expressly advised in public filings and otherwise regarding the material facts and risks concerning their investments. Plaintiffs knew or should have known the financial condition of the relevant lessees and the risks associated with triple-net leases and lessees under such leases failing.  In failing to consider these risks, Plaintiffs assumed the risk that such person or entity might be damaged by purchasing or acquiring TIC interests.  Plaintiffs therefore are estopped from recovering any relief.

## SIXTH DEFENSE

The purported damages, if any, allegedly sustained by Plaintiffs were, in whole or in part, proximately caused by or contributed to market conditions and/or the conduct of others, or both, rather than any conduct of Long.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, where the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain and, as such, were available to Plaintiffs.  Accordingly, Plaintiffs could not rely upon such alleged misstatements or omissions and were not damaged by the alleged misrepresentations or omissions.

## EIGHTH DEFENSE

Plaintiffs were negligent and did not exercise due care to discover the existence of some or all of the facts alleged in the Complaint upon which they assert liability against Long.  Thus, the actual and proximate cause of the damage, if any, to Plaintiffs, in whole or in part, is their

62

contributory or comparative negligence and their failure to exercise reasonable care, and/or the actions and/or omissions of third parties over which Long had no control.

## NINTH DEFENSE

If any false or misleading statement was made, or any material fact required to be stated or necessary to make any statement made not misleading was omitted (which Long denies), then the Plaintiffs were aware of that misstatement or omission and/or did not rely upon it.

## TENTH DEFENSE

With respect to Plaintiffs' claims under Section 10(b) of the Exchange Act, any recovery for damages allegedly incurred by Plaintiffs is limited to the percentage of responsibility of Long in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to the alleged damages of Plaintiffs, pursuant to the Proportionate Liability provisions of Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f).

## ELEVENTH DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

## TWELFTH DEFENSE

Plaintiffs did not rely upon any of the statements and/or omissions alleged to have been false or misleading, and would have acquired the TIC interests even if, at the time they acquired them, they knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Long's liability purportedly rests.

## THIRTEENTH DEFENSE

The claims of Plaintiffs are barred in whole or in part by the doctrines of accord and satisfaction, waiver, estoppel, release, laches, ratification, wrongful conduct, bad faith, failure to equity, and/or unclean hands.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Long acted in good faith and in conformity with all applicable statutes and all applicable rules.

## FIFTEENTH DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, Utah Code §§ 61-1-22(7)(a), 78B-2-305(3), 78B-2-307(1) and (3), and 78B-2-309(1)(b), as well as the four-year statute of limitations governing "RICO" claims arising under 18 U.S.C. § 1962.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, where the alleged securities and the transactions at issue, insofar as they are deemed securities, are exempt from any state or federal registration requirements.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, where the alleged securities are not "securities," as defined under federal or state law.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Utah Code §§ 78B-5-817 through -823.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to comply with the pleading and substantive requirements of the Private Securities Litigation Reform Act of 1995.

## TWENTIETH DEFENSE

Long denies generally and specifically each and every allegation contained in the Complaint which Long does not specifically herein admit.  Long denies that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

## TWENTY-FIRST DEFENSE

The Complaint, and each cause of action stated therein, fails to state a claim upon which relief can be granted.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, where Long complied with all relevant statutes, rules, and regulations.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the economic loss doctrine.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claim for punitive damages is barred where it fails to meet the legal or factual standard for punitive damages against Long.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims sounding in fraud are barred, in whole or in part, by their failure to plead such claims with the requisite particularity.

TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, where Long was not a party to the agreements entered into by plaintiffs, and thus is not subject to liability for Plaintiffs' claims arising from, or relating to, those agreements.

TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the terms of the agreements they entered into, relating to the transactions at issue in this lawsuit.

TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by a failure or lack of consideration.

TWENTY-NINTH DEFENSE

Plaintiffs' Second and Third Causes of Action fail, in whole or in part, as a matter of law because plaintiffs have not pled facts showing compliance with 15 U.S.C. § 77m.

THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the basis that Long owed no duty to plaintiffs, and Long had no fiduciary relationship with any of the Plaintiffs.

THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Long lacked the necessary knowledge, intent, willfulness, or scienter for him to be liable to plaintiffs.

THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the provisions of the state securities laws cited by Plaintiffs in the Complaint of California, Delaware, Massachusetts, Washington, Arkansas, Wyoming, Colorado and/or Utah, including, but not limited to:

California, Corporation Code §§ 25001, 25003, 25004, 25206, 25009, 25009.1, 25100, 24100.1, 25101, 25101.1, 25102, 25102.1, 25103, 25104, 25105, 25210, 25506, 25507; Title 6 Del. Code §§ 73-103, -207, -301, -605; Mass. Gen. Laws, Ch. 110A § 402; Utah Code Ann. §§ 61-1-1-13, -14, -31; RCW §§ 21.20.010, .040, .310, .320-21, .325, 430; Arkansas Code §§ 23-42-101, -105, -106, -110, -501, -503, -504, -507, -509; Wyo. Stat. §§ 17-4-101, -201, -202, -204, -401, -402, -404, -501, -506, -509; and Colo. Rev. Stat. §§ 11-51-201, -307, -308, -401, -402, -501, -604.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because plaintiffs have failed to join one or more necessary and indispensable parties.

## THIRTY-FOURTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, where Plaintiffs have not been injured as a result of any actions by Long in their business or property.

## THIRTY-FIFTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, insofar as they rely on conduct that would be actionable as fraud in the purchase or sale of securities as a predicate act.

## THIRTY-SIXTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, under the "investment injury rule."

## THIRTY-SEVENTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, under the "person-enterprise distinctness" requirement.

## THIRTY-EIGHTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, where they failed to allege a qualifying pattern of racketeering activity.

## THIRTY-NINTH DEFENSE

Plaintiffs claims purportedly arising under 18 U.S.C. § 1964 are barred, in whole or in part, by the absence of any qualifying agreement by Long to further or facilitate alleged conspiracy objectives.

## FORTIETH DEFENSE

Long reserves the right to assert additional defenses to Plaintiffs' claims as this case proceeds.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, Long demands that the Complaint be dismissed as against him, that he be awarded his costs and attorney fees, and for such other and further relief as the court deems appropriate.

DATED this 10th day of July, 2026.

PARR BROWN GEE & LOVELESS, P.C.

By: /s/ Rodger M. Burge
Bentley J. Tolk
Rodger M. Burge
Attorneys for Defendant Kevin Long

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of July, 2026, a true and correct copy of the

foregoing DEFENDANT KEVIN LONG'S ANSWER TO SECOND AMENDED COMPLAINT

was served via the Court's electronic filing system on counsel of record.


<u>/s/ Rodger M. Burge</u>