**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| JOHN WEBER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, INC., et al.,<br><br>Defendants. | **ORDER GRANTING DEFAULT AS TO MOUNTAIN WEST COMMERCIAL LLC**<br><br>Case No.: 2:25-cv-00162-DBB-DBP<br><br>Judge: David Barlow<br><br>Magistrate Judge: Dustin B. Pead |

Before the Court is Plaintiffs' Motion for Entry of Default against Mountain West Commercial LLC.[1] This matter commenced in March of 2025.[2] The record in this matter confirms Mountain West Commercial, LLC was served, consistent with Fed. R. Civ. P. 4, with a copy of the First Amended Complaint but not the Second Amended Complaint.[3] After service, Mountain West Commercial LLC has failed to appear or otherwise defend. The record in this matter also confirms the Second Amended Complaint is the operative pleading.[4] There is no indication in the record whether the Second Amended Complaint was served on Mountain West Commercial LLC.

---

[1] ECF No. 257.
[2] ECF No. 1.
[3] ECF Nos. 26, 257. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (an "amended complaint filed pursuant to Rule 15(a) . . . supersedes the original."); *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, 734 (10th Cir. 2005) (unpublished) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*). *See also Dluhos v. Floating & Abandoned Vessel, Known as N.Y.,* 162 F.3d 63, 68 (2d Cir.1998) (quoting *Shields v. City Trust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)) (an amended complaint ordinarily supersedes the original and renders it of no legal effect); *Connectu LLC v. Zuckerberg,* 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint" and renders the prior complaint "a dead letter."); *In re Crysen/Montenay Energy Co.,* 226 F.3d 160, 162 (2d Cir. 2000) (same).
[4] ECF No. 147.

However, there is an exception to serving an amended complaint on a party who is in default. Under Fed. R. Civ. P. 5(a)(2), service may not be required on a defaulting party depending on the amendments that have been made.[5] Typically, service of an amended complaint is not required when amendments do not add new parties, alter the demand for judgment, change the amount of damages sought, or seek new declarations and injunctions.[6] Plaintiffs' Second Amended Complaint does not add new parties, alter the demand for judgment, change the amount of damages sought, or seek new declarations of injunctions.[7] In fact, there are no new allegations contained in the Second Amended Complaint related to Mountain West Commercial LLC. When Mountain West Commercial LLC received a copy of the First Amended Complaint, it was properly notified of the claims against it.

Accordingly, the Motion for Default as to Mountain West Commercial, LLC is hereby Granted. The Clerk of Court is instructed to enter a default certificate.

DATED this 10th day of November, 2026.

David Barlow
District Court Judge

---

[5] "Rule 5(a)(2) ensures that a party, having been served, is able to make an informed decision not to answer a complaint without fearing additional exposure to liability for claims raised only in subsequent complaints that are never served." *Bodied by Bella Boutique LLC v. Bodyed by Bella LLC*, 2023 WL 356238, at *4 (D. Utah Jan. 23, 2023) (quoting *Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008).

[6] *Bodyed by Bella*, 2023 WL 356238 at *4.

[7] ECF No. 80-2, p. 117.